IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CRYOVAC, INC., | ) | |
| | ) | |
| Plaintiff/Counter-Defendant. | ) | Civil Action No. 04-1278 |
| | ) | |
| vs. | ) | Hon. Kent A. Jordan |
| | ) | |
| PECHINEY PLASTIC PACKAGING, INC., | ) | **Confidential Filed Under Seal** |
| | ) | |
| Defendant/Counter-Plaintiff. | ) | |
| | ) | |

**PECHINEY'S MOTION TO EXCLUDE DECLARATION OF JEFFREY GARDNER**

Pechiney Plastic Packaging, Inc. ("Pechiney") hereby moves this Court for an Order excluding the Declaration of Jeffrey Gardner ("Gardner Declaration") filed in support of Plaintiff's Reply Brief in Support of its Motion for Leave to File an Amended Complaint ("Reply Brief") and those portions of the Reply Brief that rely on the Gardner Declaration. In support of its motion, Pechiney states as follows:

1. On March 15, 2005, Cryovac filed its Motion for Leave to File an Amended Complaint ("Motion to Amend") to add, among other things, a tortious interference with contract claim, but did not attach a copy of the alleged contract to its Motion. *See* D.I. 47. A week later, Pechiney posed a straightforward request to Cryovac that it produce a copy of the "written four-year supply agreement" between Cryovac and National Beef that was referred to in Cryovac's proposed Amended Complaint so that Pechiney could review the agreement in connection with Pechiney's opposition to Cryovac's Motion. *See* D.I. 50 at 2.

2. In response to Pechiney's request for a copy of the alleged contract, Cryovac produced

When Pechiney attached this "contract" to its brief in opposition to Cryovac's Motion to Amend, Cryovac objected on the grounds that the           that Cryovac had itself produced was not "undisputedly authentic" evidence of the contract because there were additional contract negotiations beyond           Cryovac offered no authority for the proposition that the existence of additional contract negotiations somehow undermines the authenticity of a document produced as evidence of a contract.

3.   In support of its attack on the authenticity of the           that Cryovac had produced to Pechiney as the alleged contract, Cryovac submitted a Declaration of Jeffrey Gardner, a Cryovac sales executive. In his Declaration, Gardner stated that at the time of the           the parties to the alleged contract had that included           and that Gardner had sent a          in response to the           *See* D.I. 55. Gardner failed to attach either of these alleged documents to his Declaration.

4.   The Gardner Declaration should be excluded from consideration because: (1) unlike the           the Gardner Declaration constitutes "matter outside the pleadings" and should therefore be excluded from consideration under Rule 12(b)(6) of the Federal Rules of Civil Procedure; and (ii) even if the Court converted Pechiney's opposition to Cryovac's Motion to Amend to a summary judgment motion (as Cryovac suggests in its Reply Brief but which would be improper here because Pechiney has not filed a Rule 12(b)(6) motion to dismiss), the Gardner Declaration fails to attach the two referenced contract documents.

5.   Under Rule 12(b), the Gardner Declaration should be excluded from consideration by this Court in ruling on Cryovac's Motion to Amend because it is "matter

outside the pleadings." *See* Fed. R. Civ. P. Rule 12(b). In deciding a motion to dismiss, "courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guaranty Corp. v. White Consolidated Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

6. In its Reply Brief, Cryovac does not dispute that the proper standard by which this Court must decide whether to allow Plaintiff's Motion to Amend – a motion that Pechiney has opposed as futile – is the same standard of legal sufficiency as applies to a Rule 12(b)(6) motion to dismiss. *See* D.I. 55 at 2. Nor does Cryovac dispute that under well-settled law in the Third Circuit a "court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Benefit Guaranty Corp.*, 998 F.2d at 1196; *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) ("an exception to the general rule is that a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment")(internal quotations and citation omitted).

7. The _____ submitted with Pechiney's Opposition falls within this exception because this _____ is integral to Cryovac's allegations that Pechiney tortiously interfered with this purported "contract." The reason for allowing this Court to consider the _____ is that otherwise a plaintiff like Cryovac "with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied." *Pension Benefit Guaranty*, 998 F.2d at 1196; *see also Burlington Coat*, 114 F.3d at 1426 ("Plaintiffs cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or explicitly cite them"); *see also Cobra Capital LLC v. RF Nitro Communs., Inc.*, 266 F. Supp. 2d 432, 437-39 (M.D.N.C. 2002), *adopted by, dismissed by, Cobra*

*Capital, LLC v. RF Nitro Communs., Inc.*, 266 F. Supp. 2d 432, 2003 U.S. Dist. LEXIS 9319 (M.D.N.C. Mar. 17, 2003) (dismissing tortious interference with contract claim after court reviewed contract attached to complaint and concluded that plaintiff "has not alleged the existence of a valid contract with which [defendant] could have tortiously interfered.").

8.  By contrast, the Gardner Declaration does *not* fall within the exception announced in *Pension Benefit Guaranty* because Cryovac's proposed tortious interference with contract claim is not "based on" the Gardner Declaration nor is the Gardner Declaration explicitly relied upon in Cryovac's Amended Complaint. Rather, Cryovac's tortious interference claim is based on the documents described in, but not attached to, the Gardner Declaration – the


and Gardner's

Neither of these documents have been submitted by Cryovac in connection with its Motion to Amend.

9.  Moreover, Cryovac loses sight of the fact that although the *standard* for evaluating whether Cryovac's proposed amendment is futile is the same as that applied in a Rule 12(b)(6) motion to dismiss, a Rule 12(b)(6) motion to dismiss has not been filed by Pechiney. Thus, in order for this Court to convert Pechiney's Opposition into a motion for summary judgment, it first would need to convert Pechiney's Opposition to Cryovac's Motion to Amend into a Rule 12(b)(6) motion to dismiss. Cryovac has cited no authority by which this Court may convert an opposition to a Rule 15 motion to amend to a Rule 12(b)(6) motion to dismiss in order to then convert it to a Rule 56 motion for summary judgment.

10.   Finally, even if Pechiney's Opposition were able to be converted to a summary judgment motion, the Gardner Declaration should still be excluded, for two reasons. First, Rule 12(b) provides that a motion to dismiss will be treated as a motion for summary judgment if "matters outside the pleadings are *presented to* and not excluded by the court," but the Declaration fails to submit the two referenced contract negotiation documents. Fed. R. Civ. P. Rule 12(b)(emphasis added); *see also Blashke v. Standard*, 1988 U.S. Dist. LEXIS 16972, *17-18 (N.D. Ga. Apr. 18, 1988)(although Rule 12(b)(6) motion relied on matter outside pleading, none had been made part of record by any party and court declined to treat motion as a motion for summary judgment). Since the two documents referenced in the Gardner Declaration have only been paraphrased, not presented, the Declaration should not be considered, even in a summary judgment context. Second, the Declaration also violates Rule 56(e), which requires that "Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." *See* Fed. R. Civ. P. 56(e).

WHEREFORE, Pechiney respectfully requests that this Court exclude the Gardner Declaration and those portions of Plaintiff's Reply Brief in Support of its Motion for Leave to File an Amended Complaint that rely on the Gardner Declaration.

    Respectfully submitted,

    PECHINEY PLASTIC PACKAGING, INC.

Dated: April 12, 2005    By: _____
    N. Richard Powers (#494)

N. Richard Powers (#494)
Rudolf E. Hutz (#484)
CONNOLLY BOVE LODGE & HUTZ
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207
Tel: (302)888-6266

Donald R. Cassling (Admitted *pro hac vice*)
Steven R. Trybus (Admitted *pro hac vice*)
Shelley Malinowski (Admitted *pro hac vice*)
Brian P. O'Donnell (Admitted *pro hac vice*)
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL 60611
Telephone: (312)222-9350

## CERTIFICATE OF SERVICE

I, N. Richard Powers, hereby certify that I caused true and correct copies of Pechiney's Motion to Exclude Declaration of Jeffrey Gardner to be served this 12th day of April, 2005 via hand delivery on:

> John W. Shaw, Esq.
> Karen E. Keller, Esq.
> YOUNG, CONAWAY, STARGATT,
> & TAYLOR, LLP
> The Brandywine Building, 17th Floor
> 1000 West Street
> Wilmington, Delaware 19801
> Fax: (302) 576-3334

and via Federal Express on:

> Ford F. Farabow, Esq.
> Joann M. Neth, Esq.
> Michael J. Flibbert, Esq.
> Courtney B. Meeker, Esq.
> FINNEGAN, HENDERSON, FARABOW,
> & GARRETT & DUNNER, LLP
> 1300 I Street, N.W.
> Washington, D.C. 20005-3315
> Fax: (202) 408-4400

_____
N. Richard Powers