IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYOVAC, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No.: 04-1278-KAJ |
| ) | |
| PECHINEY PLASTIC PACKAGING INC., ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S ANSWERING BRIEF IN OPPOSITION TO DEFENDANT'S
MOTION TO EXCLUDE THE DECLARATION OF JEFFREY GARDNER**

After defendant Pechiney Plastic Packaging Inc. ("Pechiney") requested that plaintiff Cryovac, Inc. ("Cryovac") produce evidence of the National Beef contract on an expedited basis – without disclosing that the purpose of its request was to support the assertion that no contract in fact existed – Pechiney forced Cryovac to respond to a meritless opposition to its motion to amend. Now Pechiney has again unnecessarily multiplied the proceedings by filing what is in essence an improper sur-reply brief in the guise of a "motion to exclude."

Pechiney's motion to exclude primarily restates and reargues the reasons why the Court should consider National Beef's January 14, 2004 e-mail in evaluating Cryovac's motion to amend. To the extent Pechiney uses these reasons as grounds to exclude the Gardner Declaration, Cryovac opposes Pechiney's motion as set forth below:

**The Parties Agree that the Amendment Should Be Permitted Unless
Pechiney Shows Beyond Doubt that Cryovac Cannot Prove Any Set of
Facts Sufficient to Prove that It Formed a Contract with National Beef.**

1. Pechiney agrees that "leave to amend will be denied as futile only . . . if it appears beyond doubt that the plaintiff can plead no set of facts that would entitle him to

relief." Milanese v. Rust-Oleum Corp., 244 F.3d 104, 110 (2d Cir. 2001). See also Wheeler v. Hampton Twp., 399 F.3d 238, 242 (3d Cir. 2005) ("Dismissal for failure to state a claim is appropriate only if it 'appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'") (quoting Conley v. Gibson, 335 U.S. 41, 45-46 (1957)). Pechiney's motion, however, ignores this very standard by asking the Court to exclude evidence directly relevant to the question of whether Cryovac can prove a set of facts that will entitle it to relief at trial.

**The Gardner Declaration Demonstrates that the January 14, 2004 E-Mail Is Not Undisputedly Authentic because the January 14, 2004 E-Mail Does not Reflect All of the Documents on Which Cryovac's Contract Allegation Is Based.**

2. Pechiney first argues that the January 14, 2004 e-mail from National Beef may be considered in deciding the motion to amend because it is "undisputedly authentic." D.I. 56 ¶2. Pechiney misapprehends the law. The phrase "undisputedly authentic", as used by the Third Circuit in this context, does not refer to admissibility under Federal Rule of Evidence 901. Rather, it means that the document in question accurately portrays the "full context" of the evidence on the subject at issue. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (consideration of matters outside the pleadings permitted so that court can examine the "full context" of the "documents on which [plaintiff's] claim is based") (emphasis added).

3. The Gardner Declaration is proper support for Cryovac's motion to amend because it demonstrates that National Beef's January 14, 2004 e-mail does not completely represent the National Beef contract. The Gardner Declaration shows -- at an appropriate

level of detail before document production began[1] – that there does exist a "'set of facts in support of [Cryovac's] claim which would entitle [Cryovac] to relief.'" Wheeler v. Hampton Twp., 399 F.3d at 242. Because determining whether any set of facts exists from which Cryovac could recover at trial is the task facing the Court, there is no reason to exclude a testimonial declaration based on first hand knowledge.

4. Pechiney next argues (D.I. 56 ¶¶5-7) that the Court may consider National Beef's January 14, 2004 e-mail because Cryovac's claims are based on the e-mail, but that the Court may not consider any of the other evidence on which Cryovac's claims also are based. This argument, too, is wrong; Cryovac's "claim is based," In re Burlington Coat Factory Sec. Litig., 114 F.3d at 1426, on more than just the January 14, 2004 e-mail.

5. The Gardner Declaration makes this clear. The other documents on which Cryovac's claim is based include the written terms to which National Beef agreed in the January 14, 2004 e-mail, the confirming e-mail sent by Mr. Gardner, and other documents from the nearly two months of negotiations between the parties. These documents have been, or will shortly be, produced. The Gardner Declaration directly rebuts Pechiney's assertion that the only evidence of the National Beef/Cryovac contract consists of the January 14, 2004 e-mail, and for this reason should not be excluded.

**Pechiney Cites No Case in which a Party Asserted that the Record Did Not Completely Reflect the Contract in Question.**

6. In the cases cited by Pechiney to support consideration of the January 14, 2004 e-mail, the parties neither disputed that the papers considered by the court were complete copies of the relevant contract (or, in the securities cases, of the alleged

---

[1] At the time Pechiney asked for evidence of the contract with National Beef, the parties had not yet begun document production. On the date of this answering brief, the parties are just in the middle of document production, and depositions have not yet commenced.

3

misrepresentations), nor asserted that the court required additional factual materials to evaluate the viability of the claims alleged in the pleadings. For example, in Cobra Capital (a case that should have been cited in Pechiney's answering brief on the motion to amend) there was no dispute about whether all relevant evidence related to the existence of a contract was before the court, thereby making Cobra Capital inapposite from this case. See Cobra Capital LLC v. RF Nitro Communications, Inc., 266 F. Supp. 2d 432, 437-39 (M.D.N.C. 2002), adopted by, dismissed by, Cobra, 266 F. Supp. 2d 432, 2003 U.S. Dist. LEXIS 9319 (M.D.N.C. Mar. 17, 2003).

7. Because Pechiney's cases do not reflect the procedural posture of this case, they provide little or no instruction as to whether or not the Gardner Declaration should be excluded. Again, Pechiney is asking the Court to decide whether or not Cryovac can prove a "set of facts in support of [its] claim which would entitle [it] to relief," Wheeler v. Hampton Twp., 399 F.3d at 242, on an incomplete record.

**After Invoking Rule 12(b)(6) So That It Could Rely on the January 14, 2004 E-Mail, Pechiney Wants to Deny Cryovac the Benefits of Rule 12(b)(6)**

8. Pechiney next argues that it has not filed a Rule 12(b)(6) motion and that, as a result, Cryovac is not entitled to the procedural protections of a Rule 12(b)(6) analysis. D.I. 56 ¶9. Incredibly, Pechiney makes this argument at the same time Pechiney invokes Rule 12(b)(6) so that it can rely on the January 14, 2004 e-mail.

9. Contrary to Pechiney's brief, there are numerous cases that analyze a motion to amend under the standards of Rule 56 where the party opposing the motion relied on evidence outside the pleadings, including a case from this Court. See, e.g., Azarbal v. Medical Center of Delaware, Inc., 724 F. Supp. 279, 284 n.11 (D. Del. 1989); see also Tartaglione v.

Pugliese, 2002 U.S. Dist. LEXIS 20191, at *2 (S.D.N.Y. Oct. 23, 2002)[2] ("By order dated October 2, 2002, I granted plaintiff's motion to amend his complaint pursuant to F.R.C.P. 15(a), notified the parties that I planned to convert defendants' motion to dismiss into a motion for summary judgment pursuant to F.R.C.P. 56(c), and permitted supplementation of the record."), aff'd, 89 Fed. Appx. 304 (2d Cir. 2004); Seiple v. Community Hosp., 1998 U.S. Dist. LEXIS 8850 (E.D. Pa. June 16, 1998) (where defendant submitted evidence of contract terms to support assertion that Rule 15(a) motion to amend was futile, the court granted the motion to amend and converted defendants' motion to motion for summary judgment); Dogan Enters., Inc. v. Hubsher, 1987 U.S. Dist. LEXIS 16803, at *1-2, 2 n.1 (E.D.N.Y. Nov. 4, 1987) (treating opposition to Rule 15(a) motion to amend as a motion for summary judgment under Rule 12(b)); DeLoraine v. MEBA Pension Trust, 1973 U.S. Dist. LEXIS 13281, at *3 (S.D.N.Y. June 8, 1973) (granting motion to amend and, "[s]ince plaintiff [] submitted an additional two pages [sic] affidavit," treating motion to dismiss proposed amended complaint as motion for summary judgment).[3]

10.     Indeed, allowing a party moving to amend to invoke the procedural protections of Rule 12(b) is unsurprising, because "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962).

---

[2]     Unreported opinions are attached in alphabetical order.

[3]     The courts also have the power to exclude all evidence outside the pleadings on a motion to amend. Cyprus Amax Minerals Co. v. Asarco Inc., 2003 U.S. Dist. LEXIS 15981, at *2 n.2 (S.D.N.Y. Sept. 11, 2003) (where both parties submitted materials outside the complaint, but an incomplete record overall, the court applied the Rule 12(b)(6) standard instead of the Rule 56 standard "because the parties have not 'fully briefed the issue whether the proposed amended complaint could raise a genuine issue of fact and have [not] presented all relevant evidence in support of their positions.'") (quoting Milanese v. Rust-Oleum Corp. 244 F.3d 104 at 110) (alterations in original).

WP3:1106062.1                                                                                                              63527.1001

There is no reason that Pechiney should be permitted to exclude evidence of Cryovac's contract with National Beef simply because it opposed Cryovac's motion to amend as futile, rather than consenting to the amendment and later moving to dismiss under Rule 12(b)(6).

### Rule 56 Does Not Support Exclusion Because the Gardner Declaration Was Not Filed in Opposition to a Summary Judgment Motion.

11. Pechiney then argues that the Gardner Declaration should be excluded if Pechiney's opposition is converted into a motion for summary judgment. Cryovac, however, did not submit the Gardner Declaration for Rule 56 purposes, but rather only to show that additional evidence can and will be presented if the Court is inclined to adjudicate the merits of the existence of a contract between National Beef and Cryovac at this time. Cryovac expressly noted this in its reply brief (D.I. 55 Argument III) at the same place it noted that the Court must provide notice and the opportunity to present a complete record before it can convert Pechiney's opposition to the motion to amend into a motion for summary judgment. See, e.g., In re Rockefeller Ctr. Props., Inc. Sec. Litig., 184 F.3d 280, 287-88 (3d Cir. 1999). Pechiney never acknowledges these statements.

12. Rule 56(e) does not bar consideration of the Gardner Declaration because the Gardner Declaration was not filed in opposition to a summary judgment motion. Rule 56(e) applies – under the express language of the rule – to motions "made and supported as provided in this rule." Pechiney's opposition to the motion to amend was not filed under Rule 56 – as Pechiney itself took pains to point out, D.I. 56 ¶ 9 – thereby placing the Gardner Declaration outside the ambit of the rule. And, if Pechiney does file a summary judgment motion (or if the Court provides notice that it intends to treat Pechiney's motion as a motion for summary judgment under Rule 12(b)), then Cryovac will file a complete record that complies with all rules related to motions for summary judgment. Until that time, there is no

rule that prevents the Court from considering the Gardner Declaration. Compare Fed. R. Civ. P. 1 (stating that the rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action").

13. In sum, if matters outside the pleadings are considered, all matters outside the pleadings should be considered in deciding whether Cryovac can state a claim upon which relief may be granted; Pechiney should not be allowed to narrow the nature and type of evidence considered based on its own assertions as to relevance. On the other hand, if no evidence outside the pleadings is permitted, the Court should grant the motion to amend outright, as the amended complaint clearly states a claim on the merits. In either event, Pechiney's motion to exclude should be denied.

Respectfully submitted,

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Michéle Sherretta (No. 4651)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
(302) 571-6600
   *Attorneys for Plaintiff Cryovac, Inc.*

Of Counsel:

Ford F. Farabow, Jr.
Joann M. Neth
Michael J. Flibbert
Courtney B. Meeker
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
1300 I Street, N.W.
Washington, D.C. 20005-3315
(202) 408-4000

Dated: April 26, 2005

WP3:1106062.1

63527.1001

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such document is available for viewing and downloading to the following counsel of record:

> N. Richard Powers, Esquire
> Connolly Bove Lodge & Hutz LLP
> The Nemours Building
> 1007 North Orange Street
> P. O. Box 2207
> Wilmington, DE 19899

I further certify that on April 26, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated.

**BY FEDERAL EXPRESS**

> Steven R. Trybus, Esquire
> Jenner & Block LLP
> One IBM Plaza
> Chicago, IL 60611-7603

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ John W. Shaw

John W. Shaw (No. 3362)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
jshaw@ycst.com

Attorneys for Plaintiff Cryovac, Inc.

WP3:1106623.1

63527.1001