IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| CRYOVAC, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PECHINEY PLASTIC PACKAGING INC., )<br>)<br>Defendant. )<br>) | Civil Action No.: 04-1278-KAJ<br><br>**JURY TRIAL DEMANDED** |

## AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Cryovac, Inc. ("Cryovac"), by its undersigned counsel, demands a jury trial on all issues triable to a jury in this matter and brings this action for patent infringement and tortious interference with contract and prospective contractual relations against Defendant Pechiney Plastic Packaging Inc. ("Pechiney"). For its complaint, Cryovac alleges as follows:

### NATURE OF THE ACTION

1. This action relates to Cryovac's U.S. Patent No. 4,755,419 directed to coextruded multiple layer oriented films used in packaging materials.

### PARTIES AND JURISDICTION

2. Cryovac is a Delaware corporation having a place of business at 100 Rogers Bridge Road, Bldg. A, Duncan, South Carolina 29334. Cryovac is engaged in the business of researching, developing, manufacturing, and selling packaging products, including coextruded multiple layer oriented films, in the United States.

3. Pechiney is a Delaware corporation having its principal place of business at 8770 West Bryn Mawr Avenue, Chicago, Illinois 60631. Pechiney is engaged in the business of manufacturing and selling packaging products, including infringing coextruded multiple layer oriented films, in the United States.

4. This patent infringement action arises under the patent laws of the United States, Title 35, United States Code.

5. This Court has jurisdiction over the subject matter of this case under 28 U.S.C. §§ 1331, 1367 and 1338(a).

6. Venue properly lies in this judicial district under 28 U.S.C. §§ 1391 and 1400.

7. This Court has personal jurisdiction over Pechiney.

**COUNT I: INFRINGEMENT OF U.S. PATENT NO. 4,755,419**

8. On July 5, 1988, United States Letters Patent No. 4,755,419 ("the '419 patent"), entitled "Oxygen Barrier Oriented Shrink Film," was duly and legally issued to W.R. Grace & Co.-Conn. by the United States Patent and Trademark Office. The '419 patent was assigned to Cryovac, dated effective March 21, 1998, and since that time Cryovac has been and remains the owner of the '419 patent. A copy of the '419 patent is attached hereto as Exhibit A.

9. The '419 patent discloses and claims certain coextruded multiple layer oriented films.

10. Subsequent to the issuance of the '419 patent, Pechiney has made, used, offered to sell, and sold coextruded multiple layer oriented films in the United States, including food packaging bags sold under the tradename "ClearShield."

11. Pechiney has infringed at least claim 11 of the '419 patent under 35 U.S.C. § 271(a). Pechiney's infringing activities include its manufacture, use, offer for sale, and sale of its "ClearShield" bags in the United States subsequent to the issuance of the '419 patent.

12. Pechiney has no license or other authorization to use the inventions described and claimed in the '419 patent.

13. Cryovac has been damaged in an amount not yet determined as a consequence of the infringing activities of Pechiney complained of herein. Cryovac has also been irreparably harmed by Pechiney's patent infringement. Cryovac will continue to suffer damages and irreparable harm until this Court permanently enjoins Pechiney from further infringement of the '419 patent.

### COUNT II : TORTIOUS INTERFERENCE WITH CONTRACT

14. In December 2003 and January 2004, Cryovac negotiated a written four-year supply agreement with one of its customers, National Beef, and formed a binding four-year supply agreement with National Beef for various food packaging products on January 14, 2004.

15. The contract between Cryovac and National Beef was valid and enforceable.

16. After National Beef and Cryovac formed their agreement, Pechiney induced National Beef to breach its agreement with Cryovac and to enter into a four-year supply agreement with Pechiney instead.

17. On information and belief, Pechiney's agreement with National Beef requires Pechiney to sell coextruded multiple layer oriented film products under the tradename "ClearShield" that infringe the '419 patent.

18. On information and belief, Pechiney was aware of the existence of the claims of the '419 patent when it made its offer to National Beef.

19. On information and belief, Pechiney knew about Cryovac's negotiations and four-year supply contract with National Beef and intentionally induced National Beef to breach its contract with Cryovac.

20. On information and belief, National Beef would not have breached its

agreement with Cryovac but for Pechiney's offer to supply products that infringe the '419 patent.

21. Pechiney intentionally and without justification induced and caused National Beef to breach of its supply contract with Cryovac.

22. Cryovac was damaged as a result of Pechiney's conduct.

## COUNT III: TORTIOUS INTERFERENCE WITH PROSPECTIVE CONTRACTUAL RELATIONS

23. To the extent that Pechiney denies that Cryovac and National Beef entered into an enforceable and binding four-year supply agreement for various food packaging products on January 14, 2004, Cryovac had a reasonable expectation that National Beef would enter into a four-year supply agreement for various food packaging products as of January 14, 2004, and as of the date that Pechiney induced National Beef to enter into a four-year supply agreement with Pechiney instead of Cryovac.

24. On information and belief, Pechiney's agreement with National Beef requires Pechiney to sell coextruded multiple layer oriented film products under the tradename "ClearShield" that infringe the '419 patent.

25. On information and belief, Pechiney was aware of the existence of the claims of the '419 patent when it made its offer to National Beef.

26. On information and belief, Pechiney knew about Cryovac's negotiations and potential four-year supply contract with National Beef and intentionally interfered with Cryovac's opportunity for a business relationship with National Beef.

27. On information and belief, National Beef would not have breached its agreement with Cryovac but for Pechiney's offer to supply products that infringe the '419 patent.

4

28. Pechiney intentionally and without justification interfered with Cryovac's prospective business relationship and contract with National Beef.

29. Cryovac was damaged as the proximate result of Pechiney's conduct.

## PRAYER FOR RELIEF

WHEREFORE, Cryovac demands judgment against Pechiney as follows:

(a) declaring that Pechiney has infringed the '419 patent under 35 U.S.C. § 271(a);

(b) permanently enjoining Pechiney pursuant to 35 U.S.C. § 283, together with its officers, agents, servants, employees, and attorneys, and those in active concert or participation with them, from the manufacture, use, offer for sale, sale, or importation of Pechiney's infringing bag products in the United States until the expiration of the '419 patent;

(c) ordering Pechiney to account for and pay to Cryovac all damages caused to Cryovac by reason of Pechiney's infringement of the '419 patent, together with pre-judgment interest on all damages;

(d) declaring that Pechiney tortiously interfered with Cryovac's contract or prospective contractual relations with National Beef;

(e) ordering Pechiney to account for and pay to Cryovac all damages caused to Cryovac by reason of Pechiney's tortious conduct;

(f) gr anting Cryovac prejudgment interest on all recovered sums; and

(g) granting Cryovac reasonable attorney fees pursuant to 35 U.S.C. § 285, costs of suit, and such further and additional relief as this Court deems just and proper.

## JURY DEMAND

Cryovac demands a jury trial on all issues triable to a jury in this matter.

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

*/s/ Karen E. Keller*
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
(302) 571-6600
*Attorneys for Plaintiff Cryovac, Inc.*

Of counsel:

Ford F. Farabow, Jr.
Joann M. Neth
Michael J. Flibbert
Courtney B. Meeker
Mark J. Feldstein
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
1300 I Street, N.W.
Washington, D.C. 20005-3315
(202) 408-4000


Dated: July 21, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such document is available for viewing and downloading to the following counsel of record:

>N. Richard Powers, Esquire
>Connolly Bove Lodge & Hutz LLP
>The Nemours Building
>1007 North Orange Street
>P. O. Box 2207
>Wilmington, DE  19899

I further certify that on July 21, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated.

**BY FEDERAL EXPRESS**

>Steven R. Trybus, Esquire
>Jenner & Block LLP
>One IBM Plaza
>Chicago, IL  60611-7603

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Karen E. Keller
Karen E. Keller (No. 4489)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600
kkeller@ycst.com

Attorneys for Plaintiff Cryovac, Inc.