IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CRYOVAC, INC. | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | Civil Action No. 04-1278 |
| | ) | |
| v. | ) | |
| | ) | Hon. Kent A. Jordan |
| PECHINEY PLASTIC PACKAGING, INC. | ) | |
| | ) | |
| Defendant/Counter-Plaintiff | ) | |
| | ) | |

## ANSWER TO AMENDED COMPLAINT

Defendant/Counter-Plaintiff Pechiney Plastic Packaging, Inc. ("Pechiney"), hereby submits its Answer and Affirmative Defenses to the Amended Complaint filed by Plaintiff/Counter-Defendant Cryovac, Inc. ("Cryovac") on July 21, 2005, and its Counterclaims against Cryovac for declaratory judgment.

### NATURE OF THE ACTION

1.      This action relates to Cryovac's U.S. Patent No. 4,755,419 directed to coextruded multiple layer oriented films in packaging materials.

**ANSWER:**   Pechiney admits that this action relates to U.S. Patent No. 4,755,419. Pechiney denies the remaining allegations set forth in paragraph 1 of the Complaint.

### PARTIES AND JURISDICTION

2.      Cryovac is a Delaware corporation having a place of business at 100 Rogers Bridge Road, Bldg. A, Duncan, South Carolina 29334.  Cryovac is engaged in the business of researching, developing, manufacturing, and selling packaging products, including coextruded multiple layer oriented films, in the United States.

**ANSWER:**   Pechiney admits the allegations set forth in paragraph 2 of the Complaint.

3. Pechiney is a Delaware corporation having its principal place of business at 8770 West Bryn Mawr Avenue, Chicago, Illinois 60631. Pechiney is engaged in the business of manufacturing and selling packaging products, including infringing coextruded multiple layer oriented films, in the United States.

**ANSWER:** Pechiney admits that it is a Delaware corporation having its principal place of business at 8770 West Bryn Mawr Avenue, Chicago, Illinois 60631 and that Pechiney is engaged in the business of manufacturing and selling packaging products, including coextruded multiple layer oriented films, in the United States. Pechiney denies the remaining allegations set forth in paragraph 3 of the Complaint.

4. This patent infringement action arises under the patent laws of the United States, Title 35, United States Code.

**ANSWER:** Pechiney admits that the claims alleged in the Complaint against Pechiney are for infringement arising under the patent laws of the United States, Title 35, United States Code, but Pechiney denies it has committed any act of infringement.

5. This Court has jurisdiction over the subject matter of this case under 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:** Pechiney admits the allegations set forth in paragraph 5 of the Complaint, except that Pechiney denies committing any acts violating any rights of Cryovac on which jurisdiction, as alleged, is dependent.

6. Venue properly lies in this judicial district under 28 U.S.C. §§ 1391 and 1400.

**ANSWER:** Pechiney admits the allegations set forth in paragraph 6 of the Complaint, except that Pechiney denies committing any acts violating any rights of Cryovac on which venue, as alleged, is dependent.

7. This Court has personal jurisdiction over Pechiney.

**ANSWER:**    Pechiney admits the allegations set forth in paragraph 7 of the Complaint, except that Pechiney denies committing any acts of infringement complained of by Cryovac in this District or elsewhere.

### COUNT I: INFRINGEMENT OF U.S. PATENT NO. 4,755,419

8.    On July 5, 1988, United States Letters Patent No. 4,755,419 ("the '419 patent"), entitled "Oxygen Barrier Oriented Shrink Film," was duly and legally issued to W.R. Grace & Co.-Conn. by the United States Patent and Trademark Office. The '419 patent was assigned to Cyrovac, dated effective March 21, 1988, and since that time Cyrovac has been and remains the owner of the '419 patent. A copy of the '419 patent is attached hereto as Exhibit A.

**ANSWER:**    Pechiney admits that the United States Patent Office issued U.S. Patent No. 4,755,419 on July 5, 1988 and that W.R. Grace & Co., Cryovac Div. appears as the Assignee on the face of the patent. Pechiney further admits that a copy of the '419 patent is attached as Exhibit A to the Complaint. Pechiney denies the remaining allegations set forth in paragraph 8 of the Complaint.

9.    The '419 patent discloses and claims certain coextruded multiple layer oriented films.

**ANSWER:**    Pechiney admits that the '419 patent discloses certain coextruded multiple layer oriented films, but denies that the claims of the '419 patent require only coextruded multiple layer oriented films and further denies that any of the claims of the '419 patent are valid.

10.    Subsequent to the issuance of the '419 patent, Pechiney has made, used, offered to sell, and sold coextruded multiple layer oriented films in the United States, including food packaging bags sold under the tradename "ClearShield."

**ANSWER:**    Pechiney admits the allegations set forth in paragraph 10 of the Complaint.

11.    Pechiney has infringed at least claim 11 of the '419 patent under 35 U.S.C. § 271(a). Pechiney's infringing activities include its manufacture, use, offer for sale, and sale of its "ClearShield" bags in the United States subsequent to the issuance of the '419 patent.

**ANSWER:**    Pechiney denies the allegations set forth in paragraph 11 of the Complaint.

12. Pechiney has no license or other authorization to use the inventions described and claimed in the '419 patent.

**ANSWER:** Pechiney admits that it does not have a license or other authorization to use the '419 patent, but denies that such a license or authorization is required. Further answering, Pechiney denies that any patentable inventions are described or claimed in the '419 patent and further denies any and all remaining allegations set forth in paragraph 12 of the Complaint.

13. Cryovac has been damaged in an amount not yet determined as a consequence of the infringing activities of Pechiney complained of herein. Cyrovac has also been irreparably harmed by Pechiney's patent infringement. Cryovac will continue to suffer damages and irreparable harm until this Court permanently enjoins Pechiney from further infringement of the '419 patent.

**ANSWER:** Pechiney denies the allegations set forth in paragraph 13 of the Complaint.

### COUNT II: TORTIOUS INTERFERENCE WITH CONTRACT

14. In December 2003 and January 2004, Cryovac negotiated a written four-year supply agreement with one of its customers, National Beef, and formed a binding four-year supply agreement with National Beef for various food packaging products on January 14, 2004.

**ANSWER:** Pechiney denies the allegations set forth in paragraph 14 of the Complaint.

15. The contract between Cryovac and National Beef was valid and enforceable.

**ANSWER:** Pechiney denies the allegations set forth in paragraph 15 of the Complaint.

16. After National Beef and Cryovac formed their agreement, Pechiney induced National Beef to breach its agreement with Cryovac and to enter into a four-year supply agreement with Pechiney instead.

**ANSWER:** Pechiney denies the allegations set forth in paragraph 16 of the Complaint.

17. On information and belief, Pechiney's agreement with National Beef requires Pechiney to sell coextruded multiple layer oriented film products under the tradename "ClearShield" that infringe the '419 patent.

**ANSWER:** Pechiney denies the allegations set forth in paragraph 17 of the Complaint.

18. On information and belief, Pechiney was aware of the existence of the claims of the '419 patent when it made its offer to National Beef.

**ANSWER:** Pechiney admits that it was aware of the existence of the claims of the '419 patent before it negotiated with National Beef regarding ClearShield™ food packaging bags, but otherwise denies the allegations set forth in paragraph 18 of the Complaint.

19. On information and belief, Pechiney knew about Cryovac's negotiations and four-year supply contract with National Beef and intentionally induced National Beef to breach its contract with Cryovac.

**ANSWER:** Pechiney denies the allegations set forth in paragraph 19 of the Complaint.

20. On information and belief, National Beef would not have breached its agreement with Cryovac but for Pechiney's offer to supply products that infringe the '419 patent.

**ANSWER:** Pechiney denies the allegations set forth in paragraph 20 of the Complaint.

21. Pechiney intentionally and without justification induced and caused National Beef to breach of its supply contract with Cryovac.

**ANSWER:** Pechiney denies the allegations set forth in paragraph 21 of the Complaint.

22. Cryovac was damaged as a result of Pechiney's conduct.

**ANSWER:** Pechiney denies the allegations set forth in paragraph 22 of the Complaint.

## COUNT III: TORTIOUS INTERFERENCE WITH PROSPECTIVE CONTRACTUAL RELATIONS

23. To the extent that Pechiney denies that Cryovac and National Beef entered into an enforceable and binding four-year supply agreement for various food packaging products on January 14, 2004, Cryovac had a reasonable expectation that National Beef would enter into a four-year supply agreement for various food packaging products as of January 14, 2004, and as of the date that Pechiney induced National Beef to enter into a four-year supply agreement with Pechiney instead of Cryovac.

**ANSWER:** Pechiney denies the allegations set forth in paragraph 23 of the Complaint.

24. On information and belief, Pechiney's agreement with National Beef requires Pechiney to sell coextruded multiple layer oriented film products under the tradename "ClearShield" that infringe the '419 patent.

**ANSWER:** Pechiney denies the allegations set forth in paragraph 24 of the Complaint.

25. On information and belief, Pechiney was aware of the existence of the claims of the '419 patent when it made its offer to National Beef.

**ANSWER:** Pechiney admits that it was aware of the existence of the claims of the '419 patent before it negotiated with National Beef regarding ClearShield™ food packaging bags, but otherwise denies the allegations set forth in paragraph 25 of the Complaint.

26. On information and belief, Pechiney knew about Cryovac's negotiations and potential four-year supply contract with National Beef and intentionally interfered with Cryovac's opportunity for a business relationship with National Beef.

**ANSWER:** Pechiney denies the allegations set forth in paragraph 26 of the Complaint.

27. On information and belief, National Beef would not have breached its agreement with Cryovac but for Pechiney's offer to supply products that infringe the '419 patent.

**ANSWER:** Pechiney denies the allegations set forth in paragraph 27 of the Complaint.

28. Pechiney intentionally and without justification interfered with Cryovac's prospective business relationship and contract with National Beef.

**ANSWER:** Pechiney denies the allegations set forth in paragraph 28 of the Complaint.

29. Cryovac was damaged as the proximate result of Pechiney's conduct.

**ANSWER:** Pechiney denies the allegations set forth in paragraph 29 of the Complaint.

## AFFIRMATIVE DEFENSES

Pechiney asserts the following affirmative defenses:

### First Affirmative Defense
### (No Direct Infringement)

As a first and separate affirmative defense, Pechiney has not infringed and is not infringing any valid and enforceable claim of the '419 patent.

### Second Affirmative Defense
### (No Contributory Infringement)

As a second and separate affirmative defense, Pechiney has not contributed to and is not contributing to the infringement of any valid and enforceable claim of the '419 patent.

### Third Affirmative Defense
### (No Induced Infringement)

As a third and separate affirmative defense, Pechiney has not induced and is not inducing the infringement of any valid and enforceable claim of the '419 patent.

### Fourth Affirmative Defense
### (File Wrapper Estoppel)

As a fourth and separate affirmative defense, upon information and belief and by reason of proceedings in the United States Patent and Trademark Office during the prosecution of the application that resulted in the '419 patent, as shown by its file history, and by reason of the amendment, cancellation or abandonment of claims, and the admissions and other statements made therein by or on behalf of the patentee, Cryovac is estopped from claiming a construction of the '419 patent that would cause any valid or enforceable claim thereof to cover or include any product manufactured, used, sold, or offered for sale by Pechiney.

### Fifth Affirmative Defense
### (35 U.S.C. § 101 et seq.)

As a fifth and separate affirmative defense, upon information and belief, the claims of the '419 patent are invalid because they fail to meet one or more of the conditions for patentability set forth in 35 U.S.C. § 101 et seq.

### Sixth Affirmative Defense
### (Failure to State a Claim)

As a sixth and separate affirmative defense, upon information and belief, the Complaint and each purported claim alleged therein fails to state facts upon which relief can be granted against Pechiney.

### Seventh Affirmative Defense
### (Justification and Privilege)

As a seventh and separate affirmative defense, Pechiney's dealings with National Beef are proper and were justified and privileged.

### Eighth Affirmative Defense
### (Lack of Causation)

As an eighth and separate affirmative defense, any National Beef business lost by Cryovac was not caused by Pechiney but rather was due to Cryovac's own actions.

### Ninth Affirmative Defense
### (Lack of Willfulness)

As a ninth and separate affirmative defense, Cryovac cannot rely on Pechiney's alleged infringement of the '419 patent-in-suit to prove tortious interference because even if Pechiney is found to infringe Pechiney's infringement is not willful, and Cryovac has not alleged that it was willful.

## PRAYER FOR RELIEF

WHEREFORE, Pechiney prays for the following relief:

A. The entry of judgment dismissing the Complaint with prejudice;

B. For a judgment declaring that Pechiney has neither infringed, actively induced infringement, nor contributorily infringed any valid claim of the '419 patent;

C. For a judgment declaring that the claims of the '419 patent are each invalid;

D. For a judgment declaring this an exceptional case under Title 35, United States Code Section 285 and awarding Pechiney its reasonable attorney fees;

E. For a judgment declaring that Pechiney did not tortiously interfere with Cryovac's contract or prospective contractual relations with National Beef or, alternatively, that Pechiney's conduct with respect to National Beef was justified or privileged.

F. For an award of costs and interest to be assessed against Cryovac; and

G. For such other and further relief as the Court may deem just and proper.

## COUNTERCLAIMS

Pechiney's Counterclaims set forth in its Answer, Affirmative Defenses and Counterclaims filed on November 9, 2005, have not been amended and, thus, Pechiney believes that the current pleading does not require Pechiney to replead the same. To the extent that the Court requires the counterclaims to be repled herein, Pechiney incorporates by reference each and every one of its Counterclaims in its Answer, Affirmative Defenses and Counterclaims filed on November 9, 2005.

9

**PRAYER FOR RELIEF**

Pechiney incorporates by reference each and every Prayer included in its Counterclaims Prayer for Relief in its Answer, Affirmative Defenses and Counterclaims filed on November 9, 2005.

                  Respectfully submitted,

                  PECHINEY PLASTIC PACKAGING, INC.

Date: August 1, 2005          By: /s/ N. Richard Powers
                                      N. Richard Powers (#494)
                                      Rudolf E. Hutz (#484)
                                      CONNOLLY BOVE LODGE & HUTZ
                                      1007 North Orange Street
                                      P.O. Box 2207
                                      Wilmington, Delaware 19899-2207
                                      Tel: 302.888.6266

                                      Donald R. Cassling (Admitted *pro hac vice*)
                                      Steven R. Trybus (Admitted *pro hac vice*)
                                      Shelley Smith (Admitted *pro hac vice*)
                                      Brian P. O'Donnell (Admitted *pro hac vice*)
                                      JENNER & BLOCK LLP
                                      One IBM Plaza
                                      Chicago, Illinois 60611
                                      Tel: 312.222.9350

                                      *Attorneys for Defendant/Counter-Plaintiff*
                                      *Pechiney Plastic Packaging, Inc.*

1289403

## CERTIFICATE OF SERVICE

I, N. Richard Powers, an attorney, certify that I caused a copy of the foregoing **ANSWER TO AMENDED COMPLAINT** to be served on the following via e-mail and first class mail, postage pre-paid, on August 1, 2005 upon:

JohnW. Shaw, Esq.
Karen E. Keller, Esq.
YOUNG, CONAWAY, STARGATT & TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street'
Wilmington, Delaware 19801
Fax: (302) 576-3334

Ford F. Farabow, Esq.
Joann M. Neth, Esq.
Michael J. Flibbert, Esq.
Courtney B. Meeker, Esq.
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
Fax: (202) 408-4400

:  /s/ N. Richard Powers
N. Richard Powers (#494)