IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYOVAC, INC., ) | |
| ) | |
| Plaintiff/Counter-Defendant. ) | C.A. No. 04-1278-KAJ |
| ) | |
| vs. ) | **CONFIDENTIAL & SUBJECT TO** |
| ) | **PROTECTIVE ORDER** |
| PECHINEY PLASTIC PACKAGING, INC. ) | |
| ) | |
| Defendant/Counter-Plaintiff. ) | |
| ) | |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE
## SECOND AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15(a), plaintiff Cryovac, Inc. ("Cryovac") hereby moves for leave to file a Second Amended Complaint. As required by District Court of Delaware Local Rule 15.1, two copies of the proposed Second Amended Complaint are attached as Exhibits 1 and 2 to this motion. In addition, a black line copy of the Second Amended Complaint showing the changes is attached as Exhibit 3.

Cryovac waives its opening brief and states as follows in support of its motion:

1.  Plaintiff filed this action for patent infringement on September 20, 2004 against Pechiney Plastic Packaging Inc. ("Pechiney").

2.  On November 9, 2004 Pechiney filed its Answer and Counterclaims to Cryovac's Complaint.

3.  Cryovac replied to Pechiney's counterclaims on November 29, 2004.

4.  Plaintiff's Motion for Leave to File Amended Complaint was granted on July 21, 2005, and the Amended Complaint was entered.

5.      The Scheduling Order sets the discovery cut-off in this case for August 19, 2005; trial is not set to begin for almost another year, on June 19, 2006. (D.I. 22). The deadline for amending pleadings was March 15, 2005. Both parties continue to file and respond to document requests, interrogatories, and requests for admissions; depositions began less than three weeks ago.

6.      Cryovac's initial Complaint set forth one count for patent infringement. Cryovac's Amended Complaint, entered July 21, 2005, added a count for tortuous interference with a contract and a count for tortuous interference with prospective contractual relations. The proposed Second Amended Complaint adds a claim for willful infringement of claim 11 of U.S. Patent No. 4,755,419 ("the '419 patent").

7.      Rule 15(a) of the Federal Rules of Civil Procedure states that leave to amend pleadings "shall be freely given when justice so requires." As the Third Circuit has made clear, "it is an abuse of discretion to deny leave to amend unless plaintiff's delay in seeking amendment is undue, made in bad faith, [or] prejudicial to the opposing party." *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000) (internal quotation omitted).

8.      Although this request to amend the complaint comes after the Scheduling Order's original cut-off date, the Court is free to allow the amendment if the moving party (Cryovac) shows "good cause" for doing so. Fed. R. Civ. P. 16(b). This court held in *Enzo Life Sciences, Inc. v. Digene Corp.*, 270 F. Supp. 2d 484 (D. Del. 2003), that amending an answer to add a counterclaim after the scheduling order deadline was permissible because the moving party filed its amendment soon after it felt it was able to satisfy the pleading requirements of Fed. R. Civ. P. 9(b) and Rule 11. In *Enzo,* as here, new information, obtained or confirmed through documents produced after the cut-off date and depositions occurring after the cut-off date, showed a strong

case for making an additional claim. *Id. at* 486-87, 489. This Court ruled: "Given that the Court has already determined that there was no undue delay or a likelihood of prejudice to [the opposing party], the Court concludes that [the moving party] has satisfied the "good cause" requirement of Rule 16 [of the F.R.C.P.], and accordingly, the Motion to Amend should be granted." *Id.* at 490.

9. As demonstrated below, Cryovac--like the moving party in *Enzo*--acted immediately after important new documents (Pechiney's opinions of counsel) and information (Mr. Taylor's deposition testimony) were provided by the defendants. Thus, Cryovac has established a good-faith basis for filing the additional willful infringement claim, and Pechiney would not be prejudiced by allowing the amendment. Therefore, Cryovac has satisfied both Fed. R. Civ. P. Rule 15(a) and 16(b), and the motion for leave to amend should be granted.

### No Undue Delay by Cryovac in Filing the Amended Complaint

10. Cryovac did not unduly delay filing this Second Amended Complaint. When Cryovac became aware of additional facts, which supported a claim of willful infringement, Cryovac promptly filed this motion for leave to amend to add the claim.

11. First, Cryovac only just received the opinions of counsel from Pechiney *four days ago*, on Monday, July 25, 2005.[1] Opinions of counsel may be, of course, crucial in making a willful infringement determination. Cryovac filed this amended complaint as soon as it had considered the opinions of counsel, which made it clear that Pechiney did not meet its obligations to avoid the known patent rights of others and could not reasonably rely on its opinions of counsel as a defense to willful infringement.

---

[1] The documents were mailed by Pechiney on July 22 and received by Cryovac on July 25. See Exhibit 4.

12.    These very recently produced opinions show that Pechiney was aware of Cryovac's '419 patent and sought an opinion of counsel regarding infringement prior to marketing their infringing product (ClearShield). Pechiney also got two other opinions of counsel long *after* infringement began and after this infringement suit had been filed. (See Exhibit 5.)

13.     [redacted]² [redacted] (Id.) [redacted] (See Proposed Second Amended Complaint ¶¶ 35-42.) [redacted] (Compare Exhibit 5, Opinion dated 4/28/03, at PPPI 012793 to Exhibit 6, ClearShield product specification, at PPPI 010926.)

14.    No reasonable person could have relied on these three opinions of counsel for a good-faith belief that Pechiney's ClearShield product did not infringe claim 11 of the '419 patent. The two 2005 opinions are much too late to be relied upon since they came after the product had already been sold, and the 2003 opinion is totally conclusory and insufficient.

15.    Second, Cryovac recently deposed William Taylor, Pechiney's VP general manager of meat and dairy flexible packaging; the transcript of Mr. Taylor's deposition just

---

² Exhibit 5, Opinion dated 4/28/03, at PPPI 012729. (Information not pertaining to the '419 patent was redacted from the copy of this opinion that was produced to Cryovac.)

arrived *yesterday*, July 28, 2005. (See Exhibit 7.) At the deposition, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ (Exhibit 7 at pp. 32, 138.) ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ (Exhibit 7 at p. 139.)

16. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ (Exhibit 7 at pp. 168-69.) ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ (Exhibit 7 at p. 169.)

17. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

DB01:1777937.1                                                                                                        063527.1001



(Exhibit 7 at p. 137.) ... (Exhibit 7 at pp. 130-31.)

18. Cryovac promptly filed this Motion and Second Amended Complaint once it obtained Pechiney's opinions of counsel (just four days ago) and Mr. Taylor's deposition testimony (which transcript arrived yesterday), which both strongly indicate that Pechiney willfully infringed the known patent rights of Cryovac.

### No Prejudice to Pechiney by Allowing the Amended Complaint

19. Allowing Cryovac's proposed amendment will not unfairly prejudice Pechiney at this point in the case.

20. First, Cryovac does not anticipate needing any significant additional discovery regarding the recently produced opinions of counsel. The opinions speak for themselves.

21. Second, discovery requests, interrogatories, requests for admission, and depositions are ongoing for both parties, and the close of discovery is more than three weeks away. Any additional discovery requests by Pechiney to Cryovac regarding the charge of willful infringement can be filed and responded to during this ongoing discovery. Thus, Pechiney will have ample time and opportunity to prepare its defenses, if any, to the additional claim of willful infringement.

DB01:1777937.1    063527.1001

22. Finally, Pechiney should not be prejudiced by the addition of this claim because Pechiney obviously already knew about its opinions of counsel before producing them to Cryovac earlier this week. Likewise, the recent testimony about ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ deposition testimony coming from one of Pechiney's own managers.

23. Thus, Pechiney would not be unfairly prejudiced by allowing Cryovac to amend its complaint at this point in the case, based on information Pechiney already possessed but only recently produced.

24. Pursuant to Local Rule 7.1.1, counsel for Cryovac has conferred with counsel for Pechiney. Pechiney does not consent to this amendment.

25. Therefore, since Cryovac has just recently received documents and testimony supporting a valid claim for willful infringement of the '419 patent, and since Pechiney will not be prejudiced by amending the complaint at this time, Cryovac respectfully requests leave to amend its first amended complaint to add a claim for willful infringement.

26. A proposed Order is attached.

WHEREFORE, Cryovac respectfully requests that this Court:

(i) Grant Cryovac's Motion for Leave to File Second Amended Complaint, and

(ii) Deem Cryovac's Second Amended Complaint, attached hereto, as having been filed and served as of the date of this Court's decision to allow Cryovac's Motion.

Respectfully submitted,

Dated: July 29, 2005

*/s/ Karen E. Keller*
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
YOUNG CONAWAY STARGATT &
 TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
(302) 571-6689

Of counsel:
Ford F. Farabow, Jr.
Joann M. Neth
Mark J. Feldstein
Rebecca D. Hess
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
(202) 408-4000

Attorneys for Plaintiff Cryovac, Inc.

REDACTED -- PUBLIC VERSION, filed 8/5/05

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYOVAC, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PECHINEY PLASTIC PACKAGING INC., )<br>)<br>Defendant. ) | Civil Action No.: 04-1278-KAJ |

## ORDER

At Wilmington this _____ day of _____, 2005, having considered PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT, and finding that there is no prejudice in granting leave to amend to Cryovac, Inc., IT IS HEREBY ORDERED that:

(i) PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT is GRANTED, and

(ii) Cryovac's [PROPOSED] SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT, attached as Exhibit 1 to its motion, shall be deemed filed and served as of the date of this ORDER.

_____
United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYOVAC, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PECHINEY PLASTIC PACKAGING INC., )<br>)<br>Defendant. )<br>) | Civil Action No.: 04-1278-KAJ |

### Local Rule 7.1.1 Disclosure

I, Karen E. Keller, Esquire, hereby certify pursuant to Local Rule 7.1.1, that counsel for the Plaintiff has made a reasonable effort to reach agreement with counsel for Defendant Pechiney Plastic Packaging, Inc. on the matters set forth in the foregoing motion.

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

*/s/ Karen E. Keller*
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
(302) 571-6600
*Attorneys for Plaintiff Cryovac, Inc.*

Of counsel:

Ford F. Farabow, Jr.
Joann M. Neth
Michael J. Flibbert
Courtney B. Meeker

WP3:1133026.1                                                                 63527.1001

Mark J. Feldstein
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
1300 I Street, N.W.
Washington, D.C. 20005-3315
(202) 408-4000


Dated: July 29, 2005