REDACTED -- PUBLIC VERSION, filed 8/5/05

# EXHIBIT 1

REDACTED -- PUBLIC VERSION, filed 8/5/05

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CRYOVAC, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 04-1278-KAJ |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| PECHINEY PLASTIC PACKAGING INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Cryovac, Inc. ("Cryovac"), by its undersigned counsel, demands a jury trial on all issues triable to a jury in this matter and brings this action for patent infringement, tortuous interference with contract and prospective contractual relations, and willful patent infringement against Defendant Pechiney Plastic Packaging Inc. ("Pechiney"). For its complaint, Cryovac alleges as follows:

### NATURE OF THE ACTION

1.      This action relates to Cryovac's U.S. Patent No. 4,755,419 directed to coextruded multiple layer oriented films used in packaging materials.

### PARTIES AND JURISDICTION

2.      Cryovac is a Delaware corporation having a place of business at 100 Rogers Bridge Road, Bldg. A, Duncan, South Carolina 29334. Cryovac is engaged in the business of researching, developing, manufacturing, and selling packaging products, including coextruded multiple layer oriented films, in the United States.

3.    Pechiney is a Delaware corporation having its principal place of business at 8770 West Bryn Mawr Avenue, Chicago, Illinois 60631.  Pechiney is engaged in the business of manufacturing and selling packaging products, including infringing coextruded multiple layer oriented films, in the United States.

4.    This patent infringement action arises under the patent laws of the United States, Title 35, United States Code.

5.    This Court has jurisdiction over the subject matter of this case under 28 U.S.C. §§ 1331, 1367 and 1338(a).

6.    Venue properly lies in this judicial district under 28 U.S.C. §§ 1391 and 1400.

7.    This Court has personal jurisdiction over Pechiney.

## COUNT I:  INFRINGEMENT OF U.S. PATENT NO. 4,755,419

8.    On July 5, 1988, United States Letters Patent No. 4,755,419 ("the '419 patent"), entitled "Oxygen Barrier Oriented Shrink Film," was duly and legally issued to W.R. Grace & Co.-Conn. by the United States Patent and Trademark Office.  The '419 patent was assigned to Cryovac, dated effective March 21, 1998, and since that time Cryovac has been and remains the owner of the '419 patent.  A copy of the '419 patent is attached hereto as Exhibit A.

9.    The '419 patent discloses and claims certain coextruded multiple layer oriented films.

10.    Subsequent to the issuance of the '419 patent, Pechiney has made, used, offered to sell, and sold coextruded multiple layer oriented films in the United States, including food packaging bags sold under the tradename "ClearShield."

11.    Pechiney has infringed at least claim 11 of the '419 patent under 35 U.S.C. § 271(a).  Pechiney's infringing activities include its manufacture, use, offer for sale, and sale of its "ClearShield" bags in the United States subsequent to the issuance of the '419 patent.

2

12.     Pechiney has no license or other authorization to use the inventions described and claimed in the '419 patent.

13.     Cryovac has been damaged in an amount not yet determined as a consequence of the infringing activities of Pechiney complained of herein. Cryovac has also been irreparably harmed by Pechiney's patent infringement. Cryovac will continue to suffer damages and irreparable harm until this Court permanently enjoins Pechiney from further infringement of the '419 patent.

### COUNT II: TORTIOUS INTERFERENCE WITH CONTRACT

14.     In December 2003 and January 2004, Cryovac negotiated a written four-year supply agreement with one of its customers, National Beef, and formed a binding four-year supply agreement with National Beef for various food packaging products on January 14, 2004.

15.     The contract between Cryovac and National Beef was valid and enforceable.

16.     After National Beef and Cryovac formed their agreement, Pechiney induced National Beef to breach its agreement with Cryovac and to enter into a four-year supply agreement with Pechiney instead.

17.     On information and belief, Pechiney's agreement with National Beef requires Pechiney to sell coextruded multiple layer oriented film products under the tradename "ClearShield" that infringe the '419 patent.

18.     On information and belief, Pechiney was aware of the existence of the claims of the '419 patent when it made its offer to National Beef.

19.     On information and belief, Pechiney knew about Cryovac's negotiations and four-year supply contract with National Beef and intentionally induced National Beef to breach its contract with Cryovac.

20.    On information and belief, National Beef would not have breached its agreement with Cryovac but for Pechiney's offer to supply products that infringe the '419 patent.

21.    Pechiney intentionally and without justification induced and caused National Beef to breach of its supply contract with Cryovac.

22.    Cryovac was damaged as a result of Pechiney's conduct.

### COUNT III:  TORTIOUS INTERFERENCE WITH PROSPECTIVE CONTRACTUAL RELATIONS

23.    To the extent that Pechiney denies that Cryovac and National Beef entered into an enforceable and binding four-year supply agreement for various food packaging products on January 14, 2004.  Cryovac had a reasonable expectation that National Beef would enter into a four-year supply agreement for various food packaging products as of January 14, 2004, and as of the date that Pechiney induced National Beef to enter into a four-year supply agreement with Pechiney instead of Cryovac.

24.    On information and belief, Pechiney's agreement with National Beef requires Pechiney to sell coextruded multiple layer oriented film products under the tradename "ClearShield" that infringe the '419 patent

25.    On information and belief, Pechiney was aware of the existence of the claims of the '419 patent when it made its offer to National Beef.

26.    On information and belief, Pechiney knew about Cryovac's negotiations and potential four-year supply contract with National Beef and intentionally interfered with Cryovac's opportunity for a business relationship with National Beef.

27.    On information and belief, National Beef would not have breached its agreement with Cryovac but for Pechiney's offer to supply products that infringe the '419 patent.

4

REDACTED -- PUBLIC VERSION, filed 8/5/05

28.     Pechiney intentionally and without justification interfered with Cryovac's prospective business relationship and contract with National Beef.

29.     Cryovac was damaged as the proximate result of Pechiney's conduct.

### COUNT IV:  WILLFUL INFRINGEMENT OF THE '419 PATENT

30.     Pechiney had knowledge of Cryovac's '419 patent prior to its infringing activity, including its manufacture, use, offer for sale, and sale of its "ClearShield" bags in the United States subsequent to the issuance of the '419 patent.

31.     Pechiney recognized prior to its infringing activity that its infringement would cause severe damage to Cryovac and its business.

32.     Pechiney knew that Cryovac's '419 patent likely would be asserted against its infringing ClearShield product.

33.     Pechiney began its infringing activity without taking reasonable precautions to avoid infringement of the '419 patent.

34.     Pechiney did not obtain a competent opinion of counsel prior to its infringing activity.

35.     The only opinion of counsel Pechiney obtained prior to selling its ClearShield product ███████████████████████████████

36.     The only opinion of counsel Pechiney obtained prior to selling its ClearShield product concluded that ███████████████████████████████████████████████
███████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
██████████████████

5

37.    Claim 11 of the '419 patent, however, does not require that 

38.    The only opinion of counsel Pechiney obtained prior to selling its ClearShield product concluded that ████████████████████████████████████████████

39.    Claim 11 of the '419 patent, however, does not require that ████████

40.    The only opinion of counsel Pechiney obtained prior to selling its ClearShield product ████████████████████████████████████

41.    Claim 11 of the '419 patent does not include ████████████████

42.    The only opinion of counsel Pechiney obtained prior to selling its ClearShield product ████████████████████████████████████████

43.    The only opinion of counsel Pechiney obtained prior to selling its ClearShield product ████████████████████████████████████

44.    Pechiney did not have a reasonable or good-faith basis for believing that its ClearShield product did not infringe Claim 11 of the '419 patent prior to the launch of its ClearShield product.

## PRAYER FOR RELIEF

WHEREFORE, Cryovac demands judgment against Pechiney as follows:

    (a)    declaring that Pechiney has infringed the '419 patent under 35 U.S.C. § 271(a);

    (b)    permanently enjoining Pechiney pursuant to 35 U.S.C. § 283, together with its officers, agents, servants, employees, and attorneys, and those in active concert or participation with them, from the manufacture, use, offer for sale, sale, or importation of Pechiney's infringing bag products in the United States until the expiration of the '419 patent;

    (c)    ordering Pechiney to account for and pay to Cryovac all damages caused to Cryovac by reason of Pechiney's infringement of the '419 patent, together with pre-judgment interest on all damages;

    (d)    declaring that Pechiney has willfully infringed the '419 patent;

    (e)    ordering Pechiney to account for and pay to Cryovac increased damages, as provided in 35 U.S.C. § 284 for willful infringement;

    (f)    declaring that Pechiney tortiously interfered with Cryovac's contract or prospective contractual relations with National Beef;

    (g)    ordering Pechiney to account for and pay to Cryovac all damages caused to Cryovac by reason of Pechiney's tortious conduct;

    (h)    granting Cryovac prejudgment interest on all recovered sums; and

    (i)    granting Cryovac reasonable attorney fees pursuant to 35 U.S.C. § 285, costs of suit, and such further and additional relief as this Court deems just and proper.

## JURY DEMAND

Cryovac demands a jury trial on all issues triable to a jury in this matter.

> YOUNG CONAWAY STARGATT &
> TAYLOR, LLP
>
> _____
> John W. Shaw (No. 3362)
> Karen E. Keller (No. 4489)
> The Brandywine Building, 17th Floor
> 1000 West Street
> Wilmington, Delaware 19801
> (302) 571-6600
> *Attorneys for Plaintiff Cryovac, Inc.*

Of counsel:

Ford F. Farabow, Jr.
Joann M. Neth
Michael J. Flibbert
Courtney B. Meeker
Mark J. Feldstein
Rebecca D. Hess
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
1300 I Street, N.W.
Washington, D.C. 20005-3315
(202) 408-4000

Dated: July 29, 2005

8

REDACTED -- PUBLIC VERSION, filed 8/5/05

# EXHIBIT 2

REDACTED -- PUBLIC VERSION, filed 8/5/05

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| CRYOVAC, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 04-1278-KAJ |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| PECHINEY PLASTIC PACKAGING INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Cryovac, Inc. ("Cryovac"), by its undersigned counsel, demands a jury trial on all issues triable to a jury in this matter and brings this action for patent infringement, tortuous interference with contract and prospective contractual relations, and willful patent infringement against Defendant Pechiney Plastic Packaging Inc. ("Pechiney"). For its complaint, Cryovac alleges as follows:

### NATURE OF THE ACTION

1.      This action relates to Cryovac's U.S. Patent No. 4,755,419 directed to coextruded multiple layer oriented films used in packaging materials.

### PARTIES AND JURISDICTION

2.      Cryovac is a Delaware corporation having a place of business at 100 Rogers Bridge Road, Bldg. A, Duncan, South Carolina 29334. Cryovac is engaged in the business of researching, developing, manufacturing, and selling packaging products, including coextruded multiple layer oriented films, in the United States.

REDACTED -- PUBLIC VERSION, filed 8/5/05

3.    Pechiney is a Delaware corporation having its principal place of business at 8770 West Bryn Mawr Avenue, Chicago, Illinois 60631.  Pechiney is engaged in the business of manufacturing and selling packaging products, including infringing coextruded multiple layer oriented films, in the United States.

4.    This patent infringement action arises under the patent laws of the United States, Title 35, United States Code.

5.    This Court has jurisdiction over the subject matter of this case under 28 U.S.C. §§ 1331, 1367 and 1338(a).

6.    Venue properly lies in this judicial district under 28 U.S.C. §§ 1391 and 1400.

7.    This Court has personal jurisdiction over Pechiney.

### COUNT I:  INFRINGEMENT OF U.S. PATENT NO. 4,755,419

8.    On July 5, 1988, United States Letters Patent No. 4,755,419 ("the '419 patent"), entitled "Oxygen Barrier Oriented Shrink Film," was duly and legally issued to W.R. Grace & Co.-Conn. by the United States Patent and Trademark Office.  The '419 patent was assigned to Cryovac, dated effective March 21, 1998, and since that time Cryovac has been and remains the owner of the '419 patent.  A copy of the '419 patent is attached hereto as Exhibit A.

9.    The '419 patent discloses and claims certain coextruded multiple layer oriented films.

10.    Subsequent to the issuance of the '419 patent, Pechiney has made, used, offered to sell, and sold coextruded multiple layer oriented films in the United States, including food packaging bags sold under the tradename "ClearShield."

11.    Pechiney has infringed at least claim 11 of the '419 patent under 35 U.S.C. § 271(a). Pechiney's infringing activities include its manufacture, use, offer for sale, and sale of its "ClearShield" bags in the United States subsequent to the issuance of the '419 patent.

2

12.     Pechiney has no license or other authorization to use the inventions described and claimed in the '419 patent.

13.     Cryovac has been damaged in an amount not yet determined as a consequence of the infringing activities of Pechiney complained of herein.  Cryovac has also been irreparably harmed by Pechiney's patent infringement.  Cryovac will continue to suffer damages and irreparable harm until this Court permanently enjoins Pechiney from further infringement of the '419 patent.

## COUNT II:  TORTIOUS INTERFERENCE WITH CONTRACT

14.     In December 2003 and January 2004, Cryovac negotiated a written four-year supply agreement with one of its customers, National Beef, and formed a binding four-year supply agreement with National Beef for various food packaging products on January 14, 2004.

15.     The contract between Cryovac and National Beef was valid and enforceable.

16.     After National Beef and Cryovac formed their agreement, Pechiney induced National Beef to breach its agreement with Cryovac and to enter into a four-year supply agreement with Pechiney instead.

17.     On information and belief, Pechiney's agreement with National Beef requires Pechiney to sell coextruded multiple layer oriented film products under the tradename "ClearShield" that infringe the '419 patent.

18.     On information and belief, Pechiney was aware of the existence of the claims of the '419 patent when it made its offer to National Beef.

19.     On information and belief, Pechiney knew about Cryovac's negotiations and four-year supply contract with National Beef and intentionally induced National Beef to breach its contract with Cryovac.

3

20.    On information and belief, National Beef would not have breached its agreement with Cryovac but for Pechiney's offer to supply products that infringe the '419 patent.

21.    Pechiney intentionally and without justification induced and caused National Beef to breach of its supply contract with Cryovac.

22.    Cryovac was damaged as a result of Pechiney' s conduct.

## COUNT III: TORTIOUS INTERFERENCE WITH PROSPECTIVE CONTRACTUAL RELATIONS

23.    To the extent that Pechiney denies that Cryovac and National Beef entered into an enforceable and binding four-year supply agreement for various food packaging products on January 14, 2004.  Cryovac had a reasonable expectation that National Beef would enter into a four-year supply agreement for various food packaging products as of January 14, 2004, and as of the date that Pechiney induced National Beef to enter into a four-year supply agreement with Pechiney instead of Cryovac.

24.    On information and belief, Pechiney's agreement with National Beef requires Pechiney to sell coextruded multiple layer oriented film products under the tradename "ClearShield" that infringe the '419 patent

25.    On information and belief, Pechiney was aware of the existence of the claims of the '419 patent when it made its offer to National Beef.

26.    On information and belief, Pechiney knew about Cryovac's negotiations and potential four-year supply contract with National Beef and intentionally interfered with Cryovac's opportunity for a business relationship with National Beef.

27.    On information and belief, National Beef would not have breached its agreement with Cryovac but for Pechiney's offer to supply products that infringe the '419 patent.

4

28.     Pechiney intentionally and without justification interfered with Cryovac's prospective business relationship and contract with National Beef.

29.     Cryovac was damaged as the proximate result of Pechiney's conduct.

## COUNT IV:  WILLFUL INFRINGEMENT OF THE '419 PATENT

30.     Pechiney had knowledge of Cryovac's '419 patent prior to its infringing activity, including its manufacture, use, offer for sale, and sale of its "ClearShield" bags in the United States subsequent to the issuance of the '419 patent.

31.     Pechiney recognized prior to its infringing activity that its infringement would cause severe damage to Cryovac and its business.

32.     Pechiney knew that Cryovac's '419 patent likely would be asserted against its infringing ClearShield product.

33.     Pechiney began its infringing activity without taking reasonable precautions to avoid infringement of the '419 patent.

34.     Pechiney did not obtain a competent opinion of counsel prior to its infringing activity.

35.     The only opinion of counsel Pechiney obtained prior to selling its ClearShield product ████████████████████████████

36.     The only opinion of counsel Pechiney obtained prior to selling its ClearShield product concluded that ████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████

5

37.     Claim 11 of the '419 patent, however, does not require that 



38.     The only opinion of counsel Pechiney obtained prior to selling its ClearShield product concluded that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

39.     Claim 11 of the '419 patent, however, does not require that ▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

40.     The only opinion of counsel Pechiney obtained prior to selling its ClearShield product ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

41.     Claim 11 of the '419 patent does not include ▓▓▓▓▓▓▓▓▓▓▓

42.     The only opinion of counsel Pechiney obtained prior to selling its ClearShield product i▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓

43.     The only opinion of counsel Pechiney obtained prior to selling its ClearShield product ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓

44.     Pechiney did not have a reasonable or good-faith basis for believing that its ClearShield product did not infringe Claim 11 of the '419 patent prior to the launch of its ClearShield product.

6

## PRAYER FOR RELIEF

WHEREFORE, Cryovac demands judgment against Pechiney as follows:

(a)    declaring that Pechiney has infringed the '419 patent under 35 U.S.C. § 271(a);

(b)    permanently enjoining Pechiney pursuant to 35 U.S.C. § 283, together with its officers, agents, servants, employees, and attorneys, and those in active concert or participation with them, from the manufacture, use, offer for sale, sale, or importation of Pechiney's infringing bag products in the United States until the expiration of the '419 patent;

(c)    ordering Pechiney to account for and pay to Cryovac all damages caused to Cryovac by reason of Pechiney's infringement of the '419 patent, together with pre-judgment interest on all damages;

(d)    declaring that Pechiney has willfully infringed the '419 patent;

(e)    ordering Pechiney to account for and pay to Cryovac increased damages, as provided in 35 U.S.C. § 284 for willful infringement;

(f)    declaring that Pechiney tortiously interfered with Cryovac's contract or prospective contractual relations with National Beef;

(g)    ordering Pechiney to account for and pay to Cryovac all damages caused to Cryovac by reason of Pechiney's tortious conduct;

(h)    granting Cryovac prejudgment interest on all recovered sums; and

(i)    granting Cryovac reasonable attorney fees pursuant to 35 U.S.C. § 285, costs of suit, and such further and additional relief as this Court deems just and proper.

## JURY DEMAND

Cryovac demands a jury trial on all issues triable to a jury in this matter.

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
(302) 571-6600
*Attorneys for Plaintiff Cryovac, Inc.*

Of counsel:

Ford F. Farabow, Jr.
Joann M. Neth
Michael J. Flibbert
Courtney B. Meeker
Mark J. Feldstein
Rebecca D. Hess
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
1300 I Street, N.W.
Washington, D.C. 20005-3315
(202) 408-4000

Dated: July 29, 2005

8

REDACTED -- PUBLIC VERSION, filed 8/5/05

# EXHIBIT  3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CRYOVAC, INC.,                                )
                                             )
                    Plaintiff,                )        Civil Action No. 04-1278-KAJ
                                             )
        v.                                    )        **JURY TRIAL DEMANDED**
                                             )
PECHINEY PLASTIC PACKAGING INC.,              )
                                             )
                    Defendant.                )
                                             )

## [PROPOSED] SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Cryovac, Inc. ("Cryovac"), by its undersigned counsel, demands a jury trial on all issues triable to a jury in this matter and brings this action for patent infringement, tortuous interference with contract and prospective contractual relations, and willful patent infringement against Defendant Pechiney Plastic Packaging Inc. ("Pechiney"). For its complaint, Cryovac alleges as follows:

### NATURE OF THE ACTION

1.      This action relates to Cryovac's U.S. Patent No. 4,755,419 directed to coextruded multiple layer oriented films used in packaging materials.

### PARTIES AND JURISDICTION

2.      Cryovac is a Delaware corporation having a place of business at 100 Rogers Bridge Road, Bldg. A, Duncan, South Carolina 29334. Cryovac is engaged in the business of researching, developing, manufacturing, and selling packaging products, including coextruded multiple layer oriented films, in the United States.

3.    Pechiney is a Delaware corporation having its principal place of business at 8770 West Bryn Mawr Avenue, Chicago, Illinois 60631. Pechiney is engaged in the business of manufacturing and selling packaging products, including infringing coextruded multiple layer oriented films, in the United States.

4.    This patent infringement action arises under the patent laws of the United States, Title 35, United States Code.

5.    This Court has jurisdiction over the subject matter of this case under 28 U.S.C. §§ 1331, 1367 and 1338(a).

6.    Venue properly lies in this judicial district under 28 U.S.C. §§ 1391 and 1400.

7.    This Court has personal jurisdiction over Pechiney.

**COUNT I:  INFRINGEMENT OF U.S. PATENT NO. 4,755,419**

8.    On July 5, 1988, United States Letters Patent No. 4,755,419 ("the '419 patent"), entitled "Oxygen Barrier Oriented Shrink Film," was duly and legally issued to W.R. Grace & Co.-Conn. by the United States Patent and Trademark Office. The '419 patent was assigned to Cryovac, dated effective March 21, 1998, and since that time Cryovac has been and remains the owner of the '419 patent. A copy of the '419 patent is attached hereto as Exhibit A.

9.    The '419 patent discloses and claims certain coextruded multiple layer oriented films.

10.    Subsequent to the issuance of the '419 patent, Pechiney has made, used, offered to sell, and sold coextruded multiple layer oriented films in the United States, including food packaging bags sold under the tradename "ClearShield."

11.    Pechiney has infringed at least claim 11 of the '419 patent under 35 U.S.C. § 271(a). Pechiney's infringing activities include its manufacture, use, offer for sale, and sale of its "ClearShield" bags in the United States subsequent to the issuance of the '419 patent.

2

12.    Pechiney has no license or other authorization to use the inventions described and claimed in the '419 patent.

13.    Cryovac has been damaged in an amount not yet determined as a consequence of the infringing activities of Pechiney complained of herein.  Cryovac has also been irreparably harmed by Pechiney's patent infringement.  Cryovac will continue to suffer damages and irreparable harm until this Court permanently enjoins Pechiney from further infringement of the '419 patent.

## COUNT II:  TORTIOUS INTERFERENCE WITH CONTRACT

14.    In December 2003 and January 2004, Cryovac negotiated a written four-year supply agreement with one of its customers, National Beef, and formed a binding four-year supply agreement with National Beef for various food packaging products on January 14, 2004.

15.    The contract between Cryovac and National Beef was valid and enforceable.

16.    After National Beef and Cryovac formed their agreement, Pechiney induced National Beef to breach its agreement with Cryovac and to enter into a four-year supply agreement with Pechiney instead.

17.    On information and belief, Pechiney's agreement with National Beef requires Pechiney to sell coextruded multiple layer oriented film products under the tradename "ClearShield" that infringe the '419 patent.

18.    On information and belief, Pechiney was aware of the existence of the claims of the '419 patent when it made its offer to National Beef.

19.    On information and belief, Pechiney knew about Cryovac's negotiations and four-year supply contract with National Beef and intentionally induced National Beef to breach its contract with Cryovac.

3

20.     On information and belief, National Beef would not have breached its agreement with Cryovac but for Pechiney's offer to supply products that infringe the '419 patent.

21.     Pechiney intentionally and without justification induced and caused National Beef to breach of its supply contract with Cryovac.

22.     Cryovac was damaged as a result of Pechiney's conduct.

## COUNT III:  TORTIOUS INTERFERENCE WITH PROSPECTIVE CONTRACTUAL RELATIONS

23.     To the extent that Pechiney denies that Cryovac and National Beef entered into an enforceable and binding four-year supply agreement for various food packaging products on January 14, 2004.  Cryovac had a reasonable expectation that National Beef would enter into a four-year supply agreement for various food packaging products as of January 14, 2004, and as of the date that Pechiney induced National Beef to enter into a four-year supply agreement with Pechiney instead of Cryovac.

24.     On information and belief, Pechiney's agreement with National Beef requires Pechiney to sell coextruded multiple layer oriented film products under the tradename "ClearShield" that infringe the '419 patent

25.     On information and belief, Pechiney was aware of the existence of the claims of the '419 patent when it made its offer to National Beef.

26.     On information and belief, Pechiney knew about Cryovac's negotiations and potential four-year supply contract with National Beef and intentionally interfered with Cryovac's opportunity for a business relationship with National Beef.

27.     On information and belief, National Beef would not have breached its agreement with Cryovac but for Pechiney's offer to supply products that infringe the '419 patent.

4

28. Pechiney intentionally and without justification interfered with Cryovac's prospective business relationship and contract with National Beef.

29. Cryovac was damaged as the proximate result of Pechiney's conduct.

## COUNT IV: WILLFUL INFRINGEMENT OF THE '419 PATENT

30. Pechiney had knowledge of Cryovac's '419 patent prior to its infringing activity, including its manufacture, use, offer for sale, and sale of its "ClearShield" bags in the United States subsequent to the issuance of the '419 patent.

31. Pechiney recognized prior to its infringing activity that its infringement would cause severe damage to Cryovac and its business.

32. Pechiney knew that Cryovac's '419 patent likely would be asserted against its infringing ClearShield product.

33. Pechiney began its infringing activity without taking reasonable precautions to avoid infringement of the '419 patent.

34. Pechiney did not obtain a competent opinion of counsel prior to its infringing activity.

35. The only opinion of counsel Pechiney obtained prior to selling its ClearShield product

36. The only opinion of counsel Pechiney obtained prior to selling its ClearShield product concluded that



5



37.    Claim 11 of the '419 patent, however, does not require that █████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

38.    The only opinion of counsel Pechiney obtained prior to selling its ClearShield product concluded that █████████████████████████████████████████████████████████████████████████████████████████

39.    Claim 11 of the '419 patent, however, does not require that ████████████████████████████████████████

40.    The only opinion of counsel Pechiney obtained prior to selling its ClearShield product ████████████████████████████████████████████

41.    Claim 11 of the '419 patent does not include █████████████████████

42.    The only opinion of counsel Pechiney obtained prior to selling its ClearShield product ███████████████████████████████████████████████████████████████████████

43.    The only opinion of counsel Pechiney obtained prior to selling its ClearShield product ████████████████████████████████████████████████

44.    Pechiney did not have a reasonable or good-faith basis for believing that its ClearShield product did not infringe Claim 11 of the '419 patent prior to the launch of its ClearShield product.

### PRAYER FOR RELIEF

WHEREFORE, Cryovac demands judgment against Pechiney as follows:

(a)    declaring that Pechiney has infringed the '419 patent under 35 U.S.C. § 271(a);

(b)    permanently enjoining Pechiney pursuant to 35 U.S.C. § 283, together with its officers, agents, servants, employees, and attorneys, and those in active concert or participation with them, from the manufacture, use, offer for sale, sale, or importation of Pechiney's infringing bag products in the United States until the expiration of the '419 patent;

(c)    ordering Pechiney to account for and pay to Cryovac all damages caused to Cryovac by reason of Pechiney's infringement of the '419 patent, together with pre-judgment interest on all damages;

(d)    declaring that Pechiney has willfully infringed the '419 patent;

(e)    ordering Pechiney to account for and pay to Cryovac increased damages, as provided in 35 U.S.C. § 284 for willful infringement;

(f)    declaring that Pechiney tortiously interfered with Cryovac's contract or prospective contractual relations with National Beef;

(g)    ordering Pechiney to account for and pay to Cryovac all damages caused to Cryovac by reason of Pechiney's tortious conduct;

(h)    granting Cryovac prejudgment interest on all recovered sums; and

(i)    granting Cryovac reasonable attorney fees pursuant to 35 U.S.C. § 285, costs of suit, and such further and additional relief as this Court deems just and proper.

## JURY DEMAND

Cryovac demands a jury trial on all issues triable to a jury in this matter.

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

_____
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
(302) 571-6600
*Attorneys for Plaintiff Cryovac, Inc.*

Of counsel:

Ford F. Farabow, Jr.
Joann M. Neth
Michael J. Flibbert
Courtney B. Meeker
Mark J. Feldstein
Rebecca D. Hess
FINNEGAN, HENDERSON, FARABOW,
    GARRETT & DUNNER, L.L.P.
1300 I Street, N.W.
Washington, D.C. 20005-3315
(202) 408-4000

Dated: July 29, 2005

REDACTED -- PUBLIC VERSION, filed 8/5/05

# EXHIBIT   4

REDACTED -- PUBLIC VERSION, filed 8/5/05

# JENNER&BLOCK

July 22, 2005

Jenner & Block LLP    Chicago
One IBM Plaza    Dallas
Chicago, IL 60611-7603    Washington, DC
Tel 312 222-9350
www.jenner.com

*Via Federal Express*

Brian P. O'Donnell
Tel 312 840-7464
Fax 312 840-7564
bodonnell@jenner.com

Joann M. Neth, Esq.
Finnegan Henderson, Farabow
    Garrett & Dunner, LLP
901 New York Ave, N.W.
Washington, D.C. 20001-4413

Re:    <u>Cryovac, Inc. v. Pechiney Plastic Packaging Inc.</u>

Dear Joann:

Enclosed please find hardcopy documents along with one CD-ROM containing electronic documents responsive to Cryovac's Document Requests. The electronic documents are numbered PPPI-E 110633-111178 and the hardcopy documents are numbered PPPI 012697-013228. Please note that these documents have been designated as "Confidential Subject to Protective Order" in accordance with the Protective Order entered in this case.

Sincerely,

Brian O'Donnell

Brian P. O'Donnell

Encls.

REDACTED -- PUBLIC VERSION, filed 8/5/05

Track Shipments
## Detailed Results

ⓘ Quick Help



| Tracking number | 697182158353 | Reference | 39339-10277 |
| Signed for by | L.BROWN | Destination | Washington, DC |
| Ship date | Jul 22, 2005 | Delivered to | Mailroom |
| Delivery date | Jul 25, 2005 9:24 AM | Service type | Priority Overnight |
| | | Weight | 1.0 lbs. |
| Status | Delivered | | |

| Date/Time | | Activity | Location | Details |
|---|---|---|---|---|
| Jul 25, 2005 | 9:24 AM | Delivered | Washington, DC | |
| | 7:36 AM | On FedEx vehicle for delivery | WASHINGTON, DC | |
| | 7:14 AM | At local FedEx facility | WASHINGTON, DC | |
| Jul 23, 2005 | 6:32 AM | At dest sort facility | DULLES, VA | |
| | 3:09 AM | Departed FedEx location | INDIANAPOLIS, IN | |
| Jul 22, 2005 | 11:10 PM | Departed FedEx location | CHICAGO, IL | |
| | 10:13 PM | Arrived at FedEx location | CHICAGO, IL | |
| | 8:47 PM | Left origin | CHICAGO, IL | |
| | 7:44 PM | Picked up | CHICAGO, IL | |
| | 4:12 PM | Package data transmitted to FedEx | | |

[ Signature proof ]   [ Email results ]   [ Track more shipments ]

### Subscribe to tracking updates (optional)

Your Name: [                    ]     Your Email Address: [                    ]

| Email address | Language | | Exception updates | Delivery updates |
|---|---|---|---|---|
| [          ] | English | | ☐ | ☐ |
| [          ] | English | | ☐ | ☐ |
| [          ] | English | | ☐ | ☐ |
| [          ] | English | | ☐ | ☐ |

Select format: ⦿ HTML  ○ Text  ○ Wireless
Add personal message:
Not available for Wireless or
non-English characters.

[                                        ]

☐ By selecting this check box and the Submit button, I agree to these Terms and Conditions     [ Submit ]

REDACTED -- PUBLIC VERSION, filed 8/5/05

# EXHIBIT 5

REDACTED -- PUBLIC VERSION, filed 8/5/05

# REDACTED

REDACTED -- PUBLIC VERSION, filed 8/5/05

# EXHIBIT 6

REDACTED -- PUBLIC VERSION, filed 8/5/05

# REDACTED

REDACTED -- PUBLIC VERSION, filed 8/5/05

# EXHIBIT 7

REDACTED -- PUBLIC VERSION, filed 8/5/05

# REDACTED