IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYOVAC, INC., | ) |
| | ) |
| Plaintiff/Counter-Defendant. | ) C.A. No.: 04-1278 (KAJ) |
| | ) |
| vs. | ) |
| | ) |
| PECHINEY PLASTIC PACKAGING, INC., | ) |
| | ) |
| Defendant/Counter-Plaintiff. | ) |

## NOTICE OF SUBPOENA

TO: N. Richard Powers           Donald R. Cassling
    Rudolf E. Hutz              Steven R. Trybus
    CONNOLLY BOVE LODGE         Shelley Malinowski
      & HUTZ LLP                Brian P. O'Donnell
    The Nemours Building        JENNER & BLOCK LLP
    1007 North Orange Street    One IBM Plaza
    P.O. Box 2207               Chicago, IL 60611-7603
    Wilmington, DE 19899

PLEASE TAKE NOTICE that counsel for CRYOVAC, INC. has served the attached subpoena directed to National Beef Packaging Company, LLC, c/o Rex Sharp, 12200 N. Ambassador Drive, Kansas City, MO 64163.

Dated: August 8, 2005

*/s/ Michele Sherretta*

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Michele Sherretta (No. 4651)
YOUNG CONAWAY STARGATT &
  TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
(302) 571-6689

Of counsel:
Ford F. Farabow, Jr.
Joann M. Neth
Michael J. Flibbert
Courtney B. Meeker
Mark J. Feldstein
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
(202) 408-4000

Attorneys for Plaintiff Cryovac, Inc.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI

CRYOVAC, INC.

V.

PECHINEY PLASTIC PACKAGING, INC.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: [1] 04-1278-KAJ (Pending in the District of Delaware)

TO: National Beef Packaging Company, LLC
c/o Rex Sharp
12200 N. Ambassador Drive
Kansas City, MO 64163

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. **Please see topics for deposition in attached Schedule A.**

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Offices of KUTAK ROCK, LLP, 444 West 47th Street, Kansas City, MO 4112-1914 | August 19, 2005, 9:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **Documents as requested in attached Schedule B.**

| PLACE | DATE AND TIME |
|---|---|
| Offices of KUTAK ROCK, LLP, 444 West 47th Street, Kansas City, MO 4112-1914 | August 19, 2005, 9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure. 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Michele Sherretta* | August 5, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Michele Sherretta, Esquire, Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 17th Floor, PO Box 391, Wilmington, DE 19899-1031

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
ATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
  (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
  (2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
  (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
  (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
    (i) fails to allow reasonable time for compliance;
    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
    (iv) subjects a person to undue burden.
  (B) If a subpoena
    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.
(d) DUTIES IN RESPONDING TO SUBPOENA.
  (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
  (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A - DEPOSITION TOPICS

**TOPIC NO. 1**

National Beef's relationship with Cryovac, including, but not limited to, any agreements with Cryovac for the supply of food packaging products.

**TOPIC NO. 2**

National Beef's relationship with Pechiney, including, but not limited to, any agreements with Pechiney for the supply of food packaging products.

## SCHEDULE B – DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 1**

All documents that describe or discuss any agreement between National Beef and Cryovac for the supply of food packaging products.

**REQUEST FOR PRODUCTION NO. 2**

All documents that describe or discuss any agreement between National Beef and Pechiney for the supply of food packaging products.

**REQUEST FOR PRODUCTION NO.3**

All documents that reflect, constitute, discuss, evidence, or refer to any negotiations or communications in 2002, 2003, or 2004 between National Beef and Cryovac concerning the negotiation of terms under which Cryovac would supply any food packaging needs of National Beef.

**REQUEST FOR PRODUCTION NO. 4**

All documents that reflect, constitute, discuss, evidence, or refer to any negotiations or communications in 2003 or 2004 between National Beef and Pechiney concerning the negotiation of terms under which Cryovac would supply any food packaging needs of National Beef.

**REQUEST FOR PRODUCTION NO. 5**

All documents that reflect, constitute, evidence, or refer to any communications between National Beef, or any of its attorneys, agents or representatives, with Pechiney or any of its attorneys, agents or representatives relating to the present lawsuit between Cryovac and Pechiney.

**REQUEST FOR PRODUCTION NO. 6**

All documents requested in the subpoena of National Beef dated August 2, 2005 and served by Pechiney Plastic Packaging, Inc.

## **DEFINITIONS AND INSTRUCTIONS**

All definitions set forth in Pechiney's Requests for Production of Documents and Things directed to Terry Wilkerson are incorporated herein and apply to these requests.