IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Redacted Version - Publicly Filed

CRYOVAC, INC., )
)
    Plaintiff/Counter-Defendant. )   Civil Action No. 04-1278-KAJ
)
vs. )
)
PECHINEY PLASTIC PACKAGING, INC. )   CONFIDENTIAL & SUBJECT TO
)   PROTECTIVE ORDER
    Defendant/Counter-Plaintiff. )
)

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS MOTION
FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

YOUNG CONAWAY STARGATT &
  TAYLOR, LLP
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Michele Sherreta (No. 4651)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
(302) 571-6689

*Attorneys for Plaintiff Cryovac, Inc.*

Of counsel:

Ford F. Farabow, Jr.
Joann M. Neth
Courtney Meeker
Mark J. Feldstein
Rebecca D. Hess
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
(202) 408-4000

Dated August 26, 2005

## TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................. 1

II. ARGUMENT ......................................................................................................... 1

    A. Granting Cryovac's Motion Would *Not* Change the Court's Existing Case Schedule ............................................................................. 1

    B. Cryovac's Motion is Timely ................................................................... 2

    C. Pechiney's Legal Opinions Evidence Willfulness .................................. 6

    D. Pechiney Would Not be Unduly Prejudiced by Allowing the Amended Complaint ................................................................................ 7

III. CONCLUSION ..................................................................................................... 9

## TABLE OF AUTHORITIES

### CASES

*Adams v. Gould Inc.*,
   739 F.2d 858 (3rd Cir. 1984) ...........................................................................................1, 6, 7

*Coventry v. U.S. Steel Corp. PA Human Relations Commission*,
   856 F.2d 514 (3rd Cir. 1988) ...................................................................................................7, 8

*Critikon, Inc. v. Becton Dickinson Vascular Access, Inc.*,
   120 F.3d 1253 (Fed. Cir. 1997)..............................................................................................4, 5

*Jurgens v. CBK, Ltd.*,
   80 F.3d 1566 (Fed. Cir. 1996)................................................................................................4, 7

*Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmBH v. Dana Corp.*,
   383 F.3d 1337 (Fed. Cir. 2004) .............................................................................................5, 7

*Studiengesellschaft Kohle mbH v. Dart Industries, Inc.*,
   666 F. Supp. 674 (D.Del. 1987) ............................................................................................4, 6

*Underwater Devices Inc. v. Morrison-Knudsen Co.*,
   717 F.2d 1380 (Fed. Cir. 1983) .............................................................................................5, 6

### STATUTES AND RULES

FED. R. CIV. P. 15(a) ...............................................................................................................1

FED. R. CIV. P. 16(b) ...............................................................................................................1

I.  **INTRODUCTION**

Plaintiff Cryovac, Inc. ("Cryovac") hereby replies to Defendant Pechiney Plastic Packaging, Inc.'s ("Pechiney") Memorandum in Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint ("Opposition").

In its Motion For Leave to File Second Amended Complaint ("Motion"), Cryovac satisfied the requirements of FED. R. CIV. P. Rules 15(a) and 16(b) by establishing a good-faith basis for filing its Motion to add an additional claim of willful infringement and by showing that there was no undue delay, or undue burden to Pechiney, in doing so. In its Opposition, Pechiney acknowledges that Cryovac could not base its claim of willful infringement on the mere *existence* of Pechiney's legal opinions. Only after Pechiney's recent, voluntary production of these legal opinions was Cryovac able to affirmatively determine that Pechiney's opinions were ██████████████████████████ At that time, Cryovac filed its Motion.

Pechiney has not demonstrated that it would be unduly prejudiced by the addition of a claim of willful infringement. Therefore, because Pechiney has not demonstrated undue delay, bad faith on the part of Cryovac, or prejudice to itself as the result of the delay, Cryovac's Motion should be granted "under the liberal pleading philosophy of the federal rules as incorporated in Rule 15(a)." *Adams v. Gould Inc.*, 739 F.2d 858, 867-68 (3rd Cir. 1984).

II.  **ARGUMENT**

    A.  **Granting Cryovac's Motion Would *Not* Change the Court's Existing Case Schedule**

The current Scheduling Order in this case would *not* need to be altered if the Court grants Cryovac's Motion. Pechiney presents a strawman argument that allowing Cryovac to add a claim for willful infringement "may" require an extension of both the discovery period and "the case schedule as a whole." (Opposition at p. 4.) This is simply not true. Willful infringement is

a claim directed solely at the accused infringer *Pechiney's* own conduct, not Cryovac's. As such, Pechiney should not need any discovery from *Cryovac* regarding Pechiney's own documents and decisions;[1] nor should Pechiney need additional discovery on its own ███ non-infringement opinion, or Pechiney's decision to rely on that opinion. Obviously Pechiney was already aware of the information and issues relevant to this willfulness claim long before Pechiney decided to produce the key document(s) so late in discovery. (See Section D *infra*.) Moreover, Pechiney did not identify in its Opposition *any* specific additional discovery it would need or want to collect for its "advice-of-counsel defense." (Opposition at p. 4.) Pechiney's only suggestion for additional discovery was that "Cryovac will undoubtedly want" to take the depositions of people from France. (*Id.*) On the contrary, *Cryovac does not require or seek any additional discovery regarding its willfulness claim*. (*See* Motion at p. 6 and Section D *infra*.) Pechiney should not need any further discovery and has not articulated any specific discovery needs related to the additional claim, so there is no reason to extend the discovery period. Thus, granting Cryovac's Motion would not disrupt the Court's trial calendar and would not cause any delays in the existing Scheduling Order.

B.   **Cryovac's Motion is Timely**

Contrary to the arguments in Pechiney's Opposition, Cryovac's Motion was timely. Just four days elapsed from the time Cryovac received Pechiney's pre-litigation opinion of counsel on Monday, July 25, 2005, to Cryovac's prompt filing of its Motion on Friday, July 29, 2005.

---

[1] Indeed, in the three weeks between the time Cryovac filed its Motion and the close of discovery on August 19, Pechiney did not seek any information or documents from Cryovac relating to this additional claim, or Pechiney's "advice-of-counsel defense," since the information relevant to such a claim and/or defense is already in Pechiney's possession.

2

It is now evident from discovery in this case that Pechiney ▓▓▓ ▓▓▓ Opposition at p. 3), ▓▓▓ ▓▓▓ (Motion Exhibit 7, ▓▓▓ Tr. 130:19-131:7.) Pechiney recognized that it ▓▓▓ ▓▓▓ (*See id.* at 138:8-21.) As detailed in Cryovac's Motion, ▓▓▓ ▓▓▓ . (Motion at pp. 4-6, citing Exhibit 7.) ▓▓▓ ▓▓▓ Tr. 295:14-296:6 [attached as Exhibit A]; ▓▓▓ depo exhibit 11 at PPPI 001998 [attached as Exhibit B]; Motion Exhibit 7, ▓▓▓ Tr. 137:4-139:20 ▓▓▓ depo exhibit 15 at PPPI 002977 [attached as Exhibit C].)

After Cryovac filed its Motion, a Pechiney witness gave additional testimony that supports a claim of willful infringement. When ▓▓▓ ▓▓▓ depo exhibit 2 [attached as Exhibit D]; ▓▓▓ rough Tr. at pp. 8-10 [attached as Exhibit E][2].) ▓▓▓ further admitted that ▓▓▓ (*Id.*)

However, as Pechiney's Opposition points out, Pechiney had put Cryovac on notice that it had obtained legal opinions. It was not until Pechiney's voluntary production of the legal

---

[2] Portions of the rough transcript from ▓▓▓'s August 23, 2005 deposition are cited herein and attached as Exhibit E. Because the deposition just occurred this week, the official version of the transcript has not arrived yet from the court reporter.

opinions (received by Cryovac July 25, 2005) that Cryovac was able to determine that the opinions were ██████████████████████████████████████████████ ██████████████████████████████████████████████ thus, providing Cryovac a basis for a claim of willful infringement.

"To reasonably rely on an opinion, [to avoid willful infringement,] it must be authoritative, not just conclusory, and objective." *Jurgens v. CBK, Ltd.*, 80 F.3d 1566, 1572 (Fed. Cir. 1996). Reliance on an incompetent opinion is not acceptable, *see id*, and as detailed in Cryovac's Motion, ██████████████████████. (*See* Motion at p. 4.) The ██████████████████████████████████████████████ ██████████████████████████████████████████████ ██████████████████████. Specifically, ████████████ ██████████████████████████████. ████████ depo exhibits 6 and 7[3] [attached as Exhibit F].) Yet ████████████████████████. In fact, ██████████████████████████████████████████████ ████████████████ (*See* Motion Exhibit 5 at PPPI 012728-29.) Most of the statements ██ ██████████████████████████████████████████████ ██████████. ████████████████████████ rejected by the Federal Circuit and this Court. *See Critikon, Inc. v. Becton Dickinson Vascular Access, Inc.*, 120 F.3d 1253, 1259-60 (Fed. Cir. 1997) (four opinion letters were inadequate since they were "superficial and conclusory in nature," provided "no analysis of the specific patent claims, no interpretation of claim language, . . . and no meaningful discussion of the prosecution history"); *Studiengesellschaft Kohle mbH v. Dart Indus., Inc.*, 666 F. Supp. 674 (D.Del. 1987) ("An

---

[3] Cryovac only received these documents from Pechiney the day before Cryovac filed its Motion.

4

opinion containing mere bald, conclusory statements of non-infringement will not satisfy the duty of due care." citing *Underwater Devices Inc. v. Morrison-Knudsen Co.*, 717 F.2d 1380, 1390 (Fed. Cir. 1983).

Even more importantly, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. (*See* Motion Exhibit 5 at PPPI 012788 (▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓).) ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. (*See* '419 specification at col. 5, lns. 19 to 22; col. 5, lns. 41 to 45; and col. 6 at lines 65 to 67 [attached as Exhibit G].) ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *See Critikon, Inc.*, 120 F.3d at 1259 (Defendant obtained eight opinions of counsel, but "the district court could only rely on those four opinions received prior to marketing



5

its infringing catheter product in determining the reasonableness of [Defendant's] actions");
*Studiengesellschaft*, 666 F. Supp. at 694 (D.Del. 1987) ("The proper reading of *Underwater Devices* is that only the pre-infringement opinions were relevant for the purposes of determining willfulness."). The fact that ████████████████████████████████████
████████████████████████████████████████████████████████████████████

In summary, Cryovac obtained full evidence of the willful nature of Pechiney's infringement on July 25, 2005 when Cryovac received Pechiney's ████████████ "opinion," and had a good-faith basis for a willful infringement claim. Cryovac moved promptly to amend at that time. "The passage of time, without more, does not require that a motion to amend a complaint be denied . . . ." *Adams*, 739 F.2d at 868 (citation omitted).

C. **Pechiney's Legal Opinions Evidence Willfulness**

Pechiney incorrectly relies on the Federal Circuit's decision in *Knorr-Bremse* for the proposition that its legal opinions cannot provide a basis for a claim of willfulness. (*See* Opposition at pp. 3-4, *citing Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmBH v. Dana Corp.*, 383 F.3d 1337, 1347 (Fed. Cir. 2004).)

Pechiney quotes *Knorr-Bremse* as stating that "[a]n adverse inference that a legal opinion was or would have been unfavorable shall not be drawn from invocation of the attorney-client and/or work product privileges or from failure to consult with counsel." (Opposition at p. 3, *quoting Knorr-Bremse*, 383 F.3d at 1347.) This holding is irrelevant here. Pechiney has *produced* the legal opinions and is *not* "invoking attorney-client and/or work product privileges." Here ████████████████████████████████████████████████████████████
████████████████████████████████████████ (*See* ████████████ depo testimony, cited *supra*.)

6

In accordance with *Knorr-Bremse*, Cryovac was not allowed to infer that the contents of the opinion were unfavorable based on Pechiney's reliance on the attorney-client and/or work product privileges. However, upon Pechiney's voluntary production of these opinions, it is undeniable that Pechiney "consulted with counsel" and received ████████████ ████████████████████████████████████████ *See Jurgens*, 80 F.3d at 1572-73 ("If infringers could rely on any opinion to defeat willful infringement, no matter how incompetent, insulation from increased damages would be complete.")

### D. Pechiney Would Not be Unduly Prejudiced by Allowing the Amended Complaint

Furthermore, Pechiney has not demonstrated that it would be unduly prejudiced by the addition of a willfulness claim. *See Adams*, 739 F.2d at 869 (holding that defendants would not be prejudiced by allowing amendment of the complaint where defendant asserted "no particular prejudice" except for additional attorneys' fees and argued that there must be finality in the litigation process and that allowing amendment would delay the end of the case); *Coventry v. U.S. Steel Corp. PA Human Relations Commission*, 856 F.2d 514, 518, 520 (3rd Cir. 1988) (holding that the district court's denial of a motion to amend the complaint "after considerable proceedings in the case had transpired," absent identification of any "particular prejudice," was in error; also finding that where the presence of the case on the court's "trial list" did not demonstrate that delay would result, nor was there a specific demonstration that such a delay would cause undue prejudice to the defendant).

Pechiney also argues that this "entirely new theory" of willfulness would require Pechiney to pursue additional defenses. Instead, the reverse is true. Pechiney is already familiar with the evidence surrounding this proposed claim based on Pechiney's own conduct -- conduct which Pechiney considered before choosing to rely on the legal opinions and producing them

7

within four weeks of the close of discovery. Pechiney already has in *its* possession (without further discovery) any facts it might want to use to respond to a willful infringement claim. As stated in its initial Motion and in Section A above, Cryovac does not require additional discovery from Pechiney to support its willfulness claim; the testimony of ▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓ opinion, and the documents produced with it, speak for themselves. Furthermore, the proposed claim is directly related to the claim of infringement already at issue in the case. For these reasons, pursuit of any defense would not require additional discovery by Pechiney and would not unduly prejudice Pechiney. *See Coventry*, 856 F.2d at 519 (holding that even if additional discovery were necessary due to the amendment, it would not have been unduly burdensome because it would have concerned the same subject matter as an issue already in the case and about which discovery had already occurred).

Finally, to the extent that Pechiney suffers any prejudice, it will be by its own hand. Pechiney, not Cryovac, obtained and relied upon on an ▓▓▓▓▓ opinion of counsel prior to launching its infringing Clearshield® product. Pechiney, not Cryovac, withheld this document, which had been requested at the start of the discovery phase. (*See* Pechiney's Response to Cryovac's First Set of Requests (Nos. 1-62) for the Production of Documents and Things, served March 4, 2005, Response No. 25 [attached as Exhibit H].) Pechiney, not Cryovac, decided to waive privilege and produce its opinions of counsel less than four weeks before the close of discovery. Pechiney could have produced its opinions much earlier but chose not to, and now attempts to blame Cryovac for its own choices. Thus, Pechiney has not demonstrated that it would be unduly burdened by the addition of this claim.

III. **CONCLUSION**

For the reasons set forth herein and in Cryovac's Motion, Cryovac respectfully requests that this Court grant its motion to file a second amended complaint.

Respectfully submitted,

Dated: August 26, 2005

*/s/ Karen E. Keller*
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
YOUNG CONAWAY STARGATT &
  TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
(302) 571-6689

Of counsel:
Ford F. Farabow, Jr.
Joann M. Neth
Mark J. Feldstein
Courtney B. Meeker
Rebecca D. Hess
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
(202) 408-4000

Attorneys for Plaintiff Cryovac, Inc.

9

## CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such document is available for viewing and downloading to the following counsel of record:

>N. Richard Powers, Esquire
>Connolly Bove Lodge & Hutz LLP
>The Nemours Building
>1007 North Orange Street
>P. O. Box 2207
>Wilmington, DE  19899

I further certify that on September 1, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated.

**BY FEDERAL EXPRESS**

>Steven R. Trybus, Esquire
>Jenner & Block LLP
>One IBM Plaza
>Chicago, IL  60611-7603

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Karen E. Keller*
Karen E. Keller (No. 4489)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600
kkeller@ycst.com

Attorneys for Plaintiff Cryovac, Inc.