# EXHIBIT H

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CRYOVAC, INC.,                                    )
                                                  )
        Plaintiff/Counter-Defendant.              )        Civil Action No. 04-1278
                                                  )
                vs.                               )        Hon. Kent A. Jordan
                                                  )
PECHINEY PLASTIC PACKAGING,                       )
INC.,                                             )
                                                  )
        Defendant/Counter-Plaintiff.             )

**PECHINEY PLASTIC PACKAGING INC.'S RESPONSE TO CRYOVAC'S
FIRST SET OF REQUESTS (NOS. 1-62) FOR THE PRODUCTION
OF DOCUMENTS AND THINGS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant/counter-plaintiff,

Pechiney Plastic Packaging, Inc. ("Pechiney"), by its attorneys, responds as follows to Cryovac,

Inc.'s ("Cryovac") First Set of Requests (Nos. 1-62) for the Production of Documents and Things

served on December 15, 2004.

Pechiney's responses shall not be deemed to constitute admissions (a) that any particular

document or thing is relevant, non-privileged or admissible into evidence, or (b) that any

statement or characterization in a request is accurate or complete.

No incidental or implied admissions are intended by the responses herein. The fact that

Pechiney has answered or objected to any request should not be taken as an admission that

Pechiney accepts or admits the existence of any documents or things presumed by such a request.

The fact that Pechiney has answered part or all of any request is not intended to be, and shall not

be construed to be, a waiver by Pechiney of any part of any objection to any request.

These responses are made solely for the purposes of this action. Each response is subject

to all objections as to competence, relevance, materiality, propriety and admissibility, and to any

and all other objections on any grounds that would require exclusion of any statements contained herein if such document request were asked of, or statements contained herein were made by, a witness present and testifying in court, all of which objections and grounds are expressly reserved and may be interposed at the time of trial.

The following responses are based upon information and writings presently available to and located by Pechiney and its attorneys. Pechiney has not completed its investigation of the facts relating to this case, has not completed discovery in this action, and has not completed preparation for trial. The responses given herein are without prejudice to Pechiney's right to produce any subsequently discovered documents or to revise these responses if further discovery so indicates.

## GENERAL OBJECTIONS

1.     Pechiney objects to each and every request as unduly burdensome and oppressive to the extent that it purports to require Pechiney to search its facilities and inquire of Pechiney employees other than those facilities and employees that would reasonably be expected to have responsive documents or information. Pechiney's responses are based upon: (1) a reasonable search, given the time allocated to Pechiney to respond to the requests, of facilities and files that could reasonably be expected to contain responsive documents, and (2) inquiries of Pechiney employees and/or representatives who could reasonably be expected to possess knowledge of the existence and/or location of such documents.

2.     Pechiney objects to each request to the extent that it purports to impose any requirement or discovery obligation on Pechiney other than those set forth in the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Delaware.

3.    Pechiney objects to each and every request to the extent that it purports to call for documents protected by the attorney-client privilege, the work product doctrine or any other privilege or exemption. Any inadvertent disclosure of such documents shall not be deemed a waiver of any applicable privilege or exemption.

4.    Pechiney objects to each and every request to the extent that it calls for the production of documents not within the possession, custody, or control of Pechiney. The responses given herein are based upon documents within Pechiney's possession, custody, or control, and Pechiney's knowledge of the same.

5.    Pechiney objects to each and every request to the extent that it calls for the production of documents containing confidential business information, trade secrets, or commercially sensitive information of Pechiney. Pechiney will produce such documents with the understanding that access to such documents will be restricted pursuant to the terms of the Joint Stipulated Protective Order Pursuant to Rule 26(c).

6.    Pechiney objects to each and every request to the extent that it seeks production of "all documents" responsive to any request category on the grounds that such request is overly broad and unduly burdensome. Pechiney will interpret the phrase "all documents," or phrases of similar import, to mean those documents Pechiney and its counsel were able to locate using reasonable diligence and judgment concerning the whereabouts of responsive documents. Such phraseology should not be construed as a representation that each and every document in the possession of Pechiney has been or will be produced in connection with these responses or any production pursuant thereto. This objection will not be used to limit Pechiney's obligations under the Federal Rules of Civil Procedure. Each request will be considered separately in making a determination about where to look for responsive documents.

## OBJECTIONS TO DEFINITIONS OF TERMS AND INSTRUCTIONS

1.    Pechiney objects to the "Definitions of Terms" and "Instructions" contained in the requests and to each and every request to the extent that they purport to impose any requirement or discovery obligations on Pechiney other than those set forth in the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Delaware.

2.    Pechiney objects to Definition No. 1 on the grounds that it is unduly burdensome, overbroad, vague, ambiguous, and seeks production of documents outside of Pechiney's possession, custody, or control.  Pechiney will construe the term "Pechiney" to mean Pechiney Plastic Packaging, Inc.

3.    Pechiney objects to Definition No. 8 on the grounds that the definition is overbroad, vague and ambiguous.  Pechiney will construe "Accused Product(s)" to mean products sold under the trademark ClearShield™.

## RESPONSES TO SPECIFIC DOCUMENT REQUESTS

Pechiney expressly incorporates the above General Objections and the above Objections to Definitions of Terms and Instructions (collectively, the "General Objections") as though set forth fully in response to each of the following individual document requests, and, to the extent that those objections are not raised in any particular response, Pechiney does not waive them.  A response to a request shall not be deemed a waiver of any applicable specific or General Objection to a request.

## DOCUMENT REQUEST NO. 1:

All research and development records relating to any Accused Product, including but not limited to all laboratory notebooks, invention records, test results, experiments, studies, analyses, formulation descriptions, project team reports, progress reports, technical reports, ingredient descriptions, and research reports or summaries relating to any Accused Product.

**RESPONSE TO DOCUMENT REQUEST NO. 1:**

In addition to the foregoing General Objections, Pechiney objects to this request as being vague and ambiguous with respect to the terms "formulation descriptions" and "ingredient descriptions." Pechiney also objects to this request to the extent it seeks documents that are neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, after a reasonable search Pechiney will produce non-privileged documents relating to the research and development of ClearShield™ product that are within Pechiney's possession, custody or control.

**DOCUMENT REQUEST NO. 2:**

One representative sample of each Accused Product made, used, sold, offered for sale, or imported into the United States by Pechiney.

**RESPONSE TO DOCUMENT REQUEST NO. 2:**

Subject to and without waiving its General Objections, Pechiney will produce representative samples of ClearShield™ product.

**DOCUMENT REQUEST NO. 3:**

All reports, studies, chemical analyses, test data or results, competitive analyses or summaries, market analyses or summaries, or reports to management, relating to any Accused Product.

**RESPONSE TO DOCUMENT REQUEST NO. 3:**

In addition to the foregoing General Objections, Pechiney objects to this request to the extent it is duplicative of Request No. 1. Pechiney also objects to this request to the extent it seeks documents that are neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. Pechiney further objects to this request on grounds that it seeks documents that are protected from discovery by the attorney-client and/or work product doctrine. Subject to and without waiving its objections, after a reasonable search

Pechiney will produce non-privileged reports, studies, chemical analyses, test data, competitive

and market analyses and reports to management relating to ClearShield™ product that are within

Pechiney's possession, custody or control.

## DOCUMENT REQUEST NO. 4:

Documents and things sufficient to identify each Accused Product made, used, sold, offered for sale, or imported into the United States by Pechiney on or after January 1, 2002, including but not limited to an identification of the ingredients and chemical composition of each layer of such Accused Product and all documents and things relating to any variations or changes in those ingredients or chemical composition.

## RESPONSE TO DOCUMENT REQUEST NO. 4:

In addition to the foregoing General Objections, Pechiney objects to this request to the

extent it is duplicative of Request Nos. 1 and 3. Pechiney also objects to this request to the

extent it seeks documents that are neither relevant to any claim or defense nor reasonably

calculated to lead to the discovery of admissible evidence. Subject to and without waiving its

objections, after a reasonable search Pechiney will produce non-privileged documents and things

sufficient to identify each ClearShield™ product made, used, sold, offered for sale, or imported

into the United States that are within Pechiney's possession, custody or control.

## DOCUMENT REQUEST NO. 5:

All documents and things relating to any actual or potential specification, formulation or reformulation of any Accused Product.

## RESPONSE TO DOCUMENT REQUEST NO. 5:

In addition to the foregoing General Objections, Pechiney objects to this request to the

extent it is duplicative of Request Nos. 1, 3 and 4. Pechiney also objects to this request to the

extent it seeks documents that are neither relevant to any claim or defense nor reasonably

calculated to lead to the discovery of admissible evidence. Subject to and without waiving its

objections, after a reasonable search Pechiney will produce non-privileged documents and things

relating to any actual or potential specification, formulation or reformulation of ClearShield™ product that are within Pechiney's possession, custody or control..

## DOCUMENT REQUEST NO. 6:

One representative sample of each product label, packaging, advertising, customer brochure(s) and/or descriptive materials accompanying or relating to each Accused Product.

## RESPONSE TO DOCUMENT REQUEST NO. 6:

Subject to and without waiving its General Objections, after a reasonable search Pechiney will produce non-privileged representative samples of each product, label, packaging, advertising, and customer brochure(s) relating to ClearShield™ product that are within Pechiney's possession, custody or control.

## DOCUMENT REQUEST NO. 7:

All documents and things relating to the identity, function or purpose of each ingredient in each of the at least seven layers of each Accused Product.

## RESPONSE TO DOCUMENT REQUEST NO. 7:

In addition to the foregoing General Objections, Pechiney objects to this request to the extent it is duplicative of Request Nos. 1, 3, 4 and 5. Pechiney also objects to this request to the extent it seeks documents that are neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, after a reasonable search Pechiney will produce non-privileged documents and things relating to the identify, function or purpose of each ingredient in ClearShield™ product that are within Pechiney's possession, custody or control.

## DOCUMENT REQUEST NO. 8:

All documents and things relating to the ingredients in each of the at least seven layers of any Accused Product, including but not limited to all product literature, brochures, and technical literature relating to the ingredients.

## RESPONSE TO DOCUMENT REQUEST NO. 8:

In addition to the foregoing General Objections, Pechiney objects to this request to the extent it is duplicative of Request Nos. 1, 3, 4, 5 and 7. Pechiney also objects to this request to the extent it seeks documents that are neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, after a reasonable search Pechiney will produce non-privileged documents and things relating to the ingredients in ClearShield™ product that are within Pechiney's possession, custody or control.

## DOCUMENT REQUEST NO. 9:

All documents and things created by or for Pechiney relating to the '419 patent.

## RESPONSE TO DOCUMENT REQUEST NO. 9:

In addition to the foregoing General Objections, Pechiney objects to this request on the ground that it seeks documents that are protected from discovery by the attorney-client and/or work product doctrine. Pechiney also objects to this request to the extent it seeks documents that are neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, after a reasonable search Pechiney will produce non-privileged documents and things created by or for Pechiney relating to the '419 patent that are within Pechiney's possession, custody or control.

## DOCUMENT REQUEST NO. 10:

All documents and things relating to Pechiney's denial of infringement of the '419 patent, either literally or under the doctrine of equivalents, in Paragraph 11 of its Answer.

## RESPONSE TO DOCUMENT REQUEST NO. 10:

In addition to the foregoing General Objections, Pechiney objects to this request on the ground that it seeks documents that are protected from discovery by the attorney-client and/or

work product doctrine. Subject to and without waiving its objections, after a reasonable search Pechiney will produce non-privileged documents and things relating to Pechiney's denial of infringement of the '419 patent that are within Pechiney's possession, custody or control.

## DOCUMENT REQUEST NO. 11:

All documents and things relating to Pechiney's denial in Paragraph 13 of its Answer, including but not limited to any documents or things supporting its denials of damages to Cryovac.

## RESPONSE TO DOCUMENT REQUEST NO. 11:

In addition to the foregoing General Objections, Pechiney objects to this request on the ground that it seeks documents that are protected from discovery by the attorney-client and/or work product doctrine. Subject to and without waiving its objections, after a reasonable search Pechiney will produce non-privileged documents and things relating to Pechiney's denial in Paragraph 13 of its Answer that are within Pechiney's possession, custody or control.

## DOCUMENT REQUEST NO. 12:

All documents and things relating to Pechiney's allegations in Paragraph 17 of its Counterclaims that claim 11 of the '419 patent is invalid under 35 U.S.C. § 101 et seq., including but not limited to all prior art and other evidence that Pechiney alleges renders that claim invalid on any ground.

## RESPONSE TO DOCUMENT REQUEST NO. 12:

In addition to the foregoing General Objections, Pechiney objects to this request on the ground that it seeks documents that are protected from discovery by the attorney-client and/or work product doctrine. Subject to and without waiving its objections, after a reasonable search Pechiney will produce non-privileged documents and things relating to Pechiney's allegations in Paragraph 17 of its Counterclaim that claim 11 of the '419 patent is invalid that are within Pechiney's possession, custody or control.

**DOCUMENT REQUEST NO. 13:**

Charts, pyramids, diagrams, or other documents and things sufficient to describe Pechiney's organizational structure and to identify all persons responsible for managing the research, development, product formulation or design, testing, evaluation, manufacture, and production of the Accused Products, from January 1, 2002 to the present.

**RESPONSE TO DOCUMENT REQUEST NO. 13:**

In addition to the foregoing General Objections, Pechiney objects to this request as vague and ambiguous with respect to the term "pyramids." Pechiney also objects to this request to the extent it seeks documents that are neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, after a reasonable search Pechiney will produce non-privileged documents sufficient to identify Pechiney's organizational structure and to identify persons responsible for managing the research, development, product formulation, testing, evaluation, manufacture, and production of ClearShield™ product that are within Pechiney's possession, custody or control.

**DOCUMENT REQUEST NO. 14:**

Charts, pyramids, diagrams, or other documents and things sufficient to describe Pechiney's organizational structure and to identify all persons responsible for managing the marketing, advertising, distribution, accounting, financial reporting/analysis, and sales relating to the Accused Products, from January 1, 2002 to the present.

**RESPONSE TO DOCUMENT REQUEST NO. 14:**

In addition to the foregoing General Objections, Pechiney objects to this request as vague and ambiguous with respect to the term "pyramids." Pechiney also objects to this request to the extent it seeks documents that are neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, after a reasonable search Pechiney will produce non-privileged documents and things sufficient to describe Pechiney's organizational structure and to identify persons responsible for

-10-

managing the marketing, advertising, distribution, accounting, financial reporting/analysis, and

sales relating to ClearShield™ product that are within Pechiney's possession, custody or control.

## DOCUMENT REQUEST NO. 15:

All annual and quarterly profit and loss statements (audited and unaudited) relating to or including any Accused Product.

## RESPONSE TO DOCUMENT REQUEST NO. 15:

Subject to and without waiving its General Objections, after a reasonable search Pechiney

will produce non-privileged annual and quarterly profit and loss statements relating to

ClearShield™ product that are within Pechiney's possession, custody or control.

## DOCUMENT REQUEST NO. 16:

All business, financial, or marketing plans, or projections thereof, relating to or including any Accused Product.

## RESPONSE TO DOCUMENT REQUEST NO. 16:

In addition to the foregoing General Objections, Pechiney objects to this request to the

extent it seeks documents that are neither relevant to any claim or defense nor reasonably

calculated to lead to the discovery of admissible evidence. Subject to and without waiving its

objections, after a reasonable search Pechiney will produce non-privileged business, financial, or

marketing plans relating to ClearShield™ product that are within Pechiney's possession, custody

or control.

## DOCUMENT REQUEST NO. 17:

All competitive assessments or analyses created by or for Pechiney relating to or including any Accused Product, including but not limited to all product comparisons and competition surveys or analyses that refer to any Accused Product.

## RESPONSE TO DOCUMENT REQUEST NO. 17:

In addition to the foregoing General Objections, Pechiney objects to this request as vague

and ambiguous with respect to the terms "competitive assessments" and "competition surveys."

Pechiney also objects to this request to the extent it seeks documents that are neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, after a reasonable search Pechiney will produce non-privileged competitive assessments or analyses relating to ClearShield™ product that are within Pechiney's possession, custody or control.

DOCUMENT REQUEST NO. 18:

All documents and things, including but not limited to all reports, studies, competitive analyses or summaries, market analyses or summaries, or reports to or from management, that refer, within the same document or thing, both to an Accused Product and to Cryovac or its products, or to the '419 patent or its subject matter.

RESPONSE TO DOCUMENT REQUEST NO. 18:

In addition to the foregoing General Objections, Pechiney objects to this request on the ground that it seeks documents that are protected from discovery by the attorney-client and/or work product doctrine. Subject to and without waiving its objections, after a reasonable search Pechiney will produce non-privileged documents and things that refer, within the same document, both to ClearShield™ product and to Cryovac, or its products, or the '419 patent or its subject matter that are within Pechiney's possession, custody or control.

DOCUMENT REQUEST NO. 19:

All documents and things constituting agreements or contracts, or draft agreements or contracts, including but not limited to patent indemnity agreements or joint defense agreements, confidentiality agreements, distribution agreements, supply agreements or sales contracts, license agreements, or insurance agreements between Pechiney and any third party relating to any Accused Product.

RESPONSE TO DOCUMENT REQUEST NO. 19:

In addition to the foregoing General Objections, Pechiney objects to this request on the ground that it seeks documents that are protected from discovery by the attorney-client and/or work product doctrine. Pechiney also objects to this request to the extent it seeks documents that

-12-

are neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, after a reasonable search Pechiney will produce non-privileged agreements or contracts between Pechiney and third parties relating to ClearShield™ product that are within Pechiney's possession, custody or control.

**DOCUMENT REQUEST NO. 20:**

All documents and things constituting agreements or contracts, or draft agreements or contracts, including but not limited to patent indemnity agreements or joint defense agreements, confidentiality agreements, distribution agreements, supply agreements or sales contracts, license agreements, or insurance agreements between Pechiney and any third party relating to the '419 patent.

**RESPONSE TO DOCUMENT REQUEST NO. 20:**

In addition to the foregoing General Objections, Pechiney objects to this request on the ground that it seeks documents that are protected from discovery by the attorney-client and/or work product doctrine. Pechiney also objects to this request to the extent it seeks documents that are neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, after a reasonable search Pechiney will produce non-privileged agreements or contracts between Pechiney and third parties relating to the '419 patent that are within Pechiney's possession, custody or control.

**DOCUMENT REQUEST NO. 21:**

All documents and things relating to any steps that Pechiney has taken to determine whether any Accused Product would infringe any claim of the '419 patent.

**RESPONSE TO DOCUMENT REQUEST NO. 21:**

In addition to the foregoing General Objections, Pechiney objects to this request on the ground that it seeks documents that are protected from discovery by the attorney-client and/or work product doctrine. Subject to and without waiving its objections, after a reasonable search

Pechiney will produce non-privileged documents and things relating to steps Pechiney has taken to determine whether ClearShield™ product would infringe any claim of the '419 patent that are within Pechiney's possession, custody or control.

## DOCUMENT REQUEST NO. 22:

All documents and things relating to Pechiney's knowledge of the '419 patent, including but not limited to all documents relating to the date(s) Pechiney first learned of the '419 patent.

## RESPONSE TO DOCUMENT REQUEST NO. 22:

Subject to and without waiving its General Objections, after a reasonable search Pechiney will produce non-privileged documents and things relating to Pechiney's knowledge of the '419 patent that are within Pechiney's possession, custody or control.

## DOCUMENT REQUEST NO. 23:

All documents and things relating to any search, study, investigation, analysis, review, or report relating to the scope, patentability, validity, enforceability and/or infringement of any claim of the '419 patent.

## RESPONSE TO DOCUMENT REQUEST NO. 23:

In addition to the foregoing General Objections, Pechiney objects to this request to the extent it is duplicative of Request Nos. 10 and 12. Pechiney further objects to this request on the ground that it seeks documents that are protected from discovery by the attorney-client and/or work product doctrine. Subject to and without waiving its objections, after a reasonable search Pechiney will produce non-privileged documents and things relating to any search, study, investigation, analysis, review or report regarding the scope, patentability, validity enforceability and/or infringement of any claim of the '419 patent that are within Pechiney's possession, custody or control.

## DOCUMENT REQUEST NO. 24:

All documents and things that refer or relate to any alleged prior art with respect to the '419 patent, including all search reports, novelty reports, or prior art reports or summaries.

**RESPONSE TO DOCUMENT REQUEST NO. 24:**

In addition to the foregoing General Objections, Pechiney objects to this request to the extent it is duplicative of Request No. 23. Pechiney further objects to this request on the ground that it seeks documents that are protected from discovery by the attorney-client and/or work product doctrine. Subject to and without waiving its objections, after a reasonable search Pechiney will produce non-privileged documents and things that refer to any alleged prior art with respect to the '419 patent that are within Pechiney's possession, custody or control.

**DOCUMENT REQUEST NO. 25:**

All documents and things concerning any opinions, whether legal or otherwise, and whether written or oral, of attorneys or others, concerning the scope, patentability, validity, enforceability, and/or infringement of the '419 patent, and all documents and things relied upon in connection with any such opinion or referred to in any such opinion.

**RESPONSE TO DOCUMENT REQUEST NO. 25:**

In addition to the foregoing General Objections, Pechiney objects to this request on the grounds that the information its seeks is not relevant to the subject matter of this action or reasonably likely to lead to the discovery of admissible evidence. Specifically, Cryovac did not allege in its Complaint that Pechiney's purported infringement of the '419 patent was willful, so all documents and things concerning opinions of counsel are irrelevant to this case as presently framed by Cryovac.

**DOCUMENT REQUEST NO. 26:**

All documents and things relating to any and all activities of Pechiney, either itself or in conjunction with or through licensees, affiliates, or third parties, related to developing, making, testing, using, producing, selling, importing, or exporting any Accused Product.

**RESPONSE TO DOCUMENT REQUEST NO. 26:**

In addition to the foregoing General Objections, Pechiney objects to this request and overly broad and unduly burdensome. Pechiney also objects to this request to the extent it seeks

documents that are neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. Pechiney further objects to this request on the ground that it seeks documents that are protected from discovery by the attorney-client and/or work product doctrine. Subject to and without waiving its objections, after a reasonable search Pechiney will produce non-privileged documents and things related to Pechiney's developing, making, testing, using, producing, selling, importing or exporting of ClearShield™ product that are within Pechiney's possession, custody or control.

**DOCUMENT REQUEST NO. 27:**

All documents and things concerning any submissions to a government regulatory agency, whether local, state, federal, or foreign, relating to any Accused Product.

**RESPONSE TO DOCUMENT REQUEST NO. 27:**

In addition to the foregoing General Objections, Pechiney objects to this request and overly broad and unduly burdensome. Pechiney also objects to this request to the extent it seeks documents that are neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. Pechiney further objects to this request on the ground that it seeks documents that are protected from discovery by the attorney-client and/or work product doctrine. Subject to and without waiving its objections, after a reasonable search Pechiney will produce non-privileged submissions to government regulatory agencies relating to ClearShield™ product that are within Pechiney's possession, custody or control.

**DOCUMENT REQUEST NO. 28:**

All documents and things relating to the development, analysis, research, testing, sales, distribution, marketing, or promotion by Pechiney, either alone or in conjunction with or through licensees, affiliates, or third parties, of any Accused Product.

## RESPONSE TO DOCUMENT REQUEST NO. 28:

In addition to the foregoing General Objections, Pechiney objects to this request and overly broad and unduly burdensome. Pechiney also objects to this request to the extent it seeks documents that are not in Pechiney's possession, custody or control. Pechiney further objects to the extent this request to the extent it seeks documents that are neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. Pechiney further objects to this request to the extent it is duplicative of Request Nos. 1, 3, 15, 16 and 18. Subject to and without waiving its objections, after a reasonable search Pechiney will produce non-privileged documents and things relating to the development, analysis, research, testing, sales, distribution, marketing or promotion by Pechiney of ClearShield™ product that are within Pechiney's possession, custody or control.

## DOCUMENT REQUEST NO. 29:

All documents and things concerning any existing or proposed cooperation, association, agreement, or other arrangement between Pechiney and any person relating to any Accused Product, including but not limited to existing or proposed contracts with customers.

## RESPONSE TO DOCUMENT REQUEST NO. 29:

In addition to the foregoing General Objections, Pechiney objects to this request and overly broad and unduly burdensome. Pechiney also objects to this request to the extent it seeks documents that are neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, after a reasonable search Pechiney will produce non-privileged documents and things concerning any existing or proposed cooperation, association or agreement between Pechiney and any person relating to ClearShield™ product that are within Pechiney's possession, custody or control.

**DOCUMENT REQUEST NO. 30:**

All documents and things relating to the actual or anticipated U.S. or worldwide market shares, sales or market share projections, market share analyses, pricing plans, and pricing analyses of Pechiney or Pechiney's competitors for any Accused Product.

**RESPONSE TO DOCUMENT REQUEST NO. 30**

In addition to the foregoing General Objections, Pechiney objects to this request and overly broad and unduly burdensome. Pechiney also objects to this request to the extent it seeks documents that are neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. Pechiney further objects to this request to the extent it is duplicative of Request Nos. 16, 17 and 28. Subject to and without waiving its objections, after a reasonable search Pechiney will produce non-privileged documents and things relating to the actual or anticipated U.S. or worldwide market shares, sales or market share projections, market share analyses, pricing plans and pricing analyses of Pechiney or Pechiney's competitors for ClearShield™ product that are within Pechiney's possession, custody or control.

**DOCUMENT REQUEST NO. 31:**

All documents and things relating to any revenue or income realized or projected to be realized in any manner by Pechiney with respect to any Accused Product, including, but not limited to actual revenue, expenses, profits, sales, and/or royalties.

**RESPONSE TO DOCUMENT REQUEST NO. 31:**

In addition to the foregoing General Objections, Pechiney objects to this request and overly broad and unduly burdensome. Pechiney also objects to this request to the extent it seeks documents that are neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. Pechiney further objects to this request to the extent it is duplicative of Request No. 15. Subject to and without waiving its objections, after a reasonable search Pechiney will produce non-privileged documents and things relating to any revenue or income realized by Pechiney with respect to ClearShield™ product that are within Pechiney's possession, custody or control.

**DOCUMENT REQUEST NO. 32:**

All documents and things relating to actual or projected sales revenue, sales volume, profits, and expenses, relating to any Accused Product.

**RESPONSE TO DOCUMENT REQUEST NO. 32:**

In addition to the foregoing General Objections, Pechiney objects to this request and overly broad and unduly burdensome. Pechiney also objects to this request to the extent it seeks documents that are neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. Pechiney further objects to this request to the extent it is duplicative of Request Nos. 15 and 31. Subject to and without waiving its objections, after a reasonable search Pechiney will produce non-privileged documents and things relating to actual or projected sales revenue, sales volume, profits and expenses relating to ClearShield™ product that are within Pechiney's possession, custody or control.

**DOCUMENT REQUEST NO. 33:**

All documents and things relating to profits and losses with respect to any Accused Product, including but not limited to profit and loss statements and income statements relating to any Accused Product.

## RESPONSE TO DOCUMENT REQUEST NO. 33:

In addition to the foregoing General Objections, Pechiney objects to this request and overly broad and unduly burdensome.  Pechiney also objects to this request to the extent it seeks documents that are neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence.  Pechiney further objects to this request to the extent it is duplicative of Request Nos. 15, 31 and 32.  Subject to and without waiving its objections, after a reasonable search Pechiney will produce non-privileged documents and things relating to profits and losses with respect to ClearShield™ product that are within Pechiney's possession, custody or control.

## DOCUMENT REQUEST NO. 34:

All documents and things relating to costs of production, marketing, product development, and commercialization of any Accused Product.

## RESPONSE TO DOCUMENT REQUEST NO. 34:

In addition to the foregoing General Objections, Pechiney objects to this request and overly broad and unduly burdensome.  Pechiney also objects to this request to the extent it seeks documents that are neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving its objections, after a reasonable search Pechiney will produce non-privileged documents and things relating to costs of production, marketing, product development and commercialization of ClearShield™ product that are within Pechiney's possession, custody or control.

## DOCUMENT REQUEST NO. 35:

All documents and things considered, reviewed, or prepared in connection with this case by any person whom Pechiney will call as an expert witness at trial.

**RESPONSE TO DOCUMENT REQUEST NO. 35:**

In addition to the foregoing General Objections, Pechiney objects to this request on the ground that it seeks documents that are protected from discovery by the attorney-client and/or work product doctrine. Subject to and without waiving its objections, Pechiney will produce non-privileged documents and things considered, reviewed or prepared in connection with this case by any person whom Pechiney will call as an expert witness at trial.

**DOCUMENT REQUEST NO. 36:**

All documents and things relating to competitive intelligence activities by or on behalf of Pechiney relating to any Accused Product.

**RESPONSE TO DOCUMENT REQUEST NO. 36:**

In addition to the foregoing General Objections, Pechiney objects to this request and overly broad and unduly burdensome. Pechiney also objects to this request to the extent it seeks documents that are neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. Pechiney further objects to this request as duplicative of Request Nos. 3, 17, 18, 28 and 30. Subject to and without waiving its objections, after a reasonable search Pechiney will produce non-privileged documents and things relating to competitive intelligence activities by or on behalf of Pechiney relating to ClearShield™ product that are within Pechiney's possession, custody or control.

**DOCUMENT REQUEST NO. 37:**

All documents and things relating to any calculation, estimation, or analysis prepared by or for Pechiney relating to Pechiney's potential damages liability to Cryovac in this action.

**RESPONSE TO DOCUMENT REQUEST NO. 37:**

In addition to the foregoing General Objections, Pechiney further objects to this request on the ground that it seeks documents that are protected from discovery by the attorney-client and/or work product doctrine. Subject to and without waiving its objections, after a reasonable

search Pechiney will produce non-privileged documents and things relating to any calculation, estimation, or analysis prepared by or for Pechiney relating to Pechiney's potential liability to Cryovac in this action that are within Pechiney's possession, custody or control.

**DOCUMENT REQUEST NO. 38:**

All reports to shareholders prepared by or for Pechiney relating to any Accused Product.

**RESPONSE TO DOCUMENT REQUEST NO. 38:**

In addition to the foregoing General Objections, Pechiney objects to this request to the extent it seeks documents that are neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, after a reasonable search Pechiney will produce reports to shareholders prepared by or for Pechiney relating to ClearShield™ product that are within Pechiney's possession, custody or control.

**DOCUMENT REQUEST NO. 39:**

All management or Board of Directors reports, minutes, or summaries of reports of meetings that relate to the Accused Products.

**RESPONSE TO DOCUMENT REQUEST NO. 39:**

In addition to the foregoing General Objections, Pechiney objects to this request to the extent it seeks documents that are neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, after a reasonable search Pechiney will produce non-privileged management or Board of Directors reports or minutes relating to ClearShield™ product that are within Pechiney's possession, custody or control.

**DOCUMENT REQUEST NO. 40:**

All reports and filings, including but not limited to all form 10-K and 10-Q reports, provided to the Securities and Exchange Commission by or for Pechiney relating to any Accused Product.

**RESPONSE TO DOCUMENT REQUEST NO. 40:**

In addition to the foregoing General Objections, Pechiney objects to this request to the extent it seeks documents that are neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, after a reasonable search Pechiney will produce reports and filings to the Securities and Exchange Commission by or for Pechiney relating to ClearShield™ product that are within Pechiney's possession, custody or control.

**DOCUMENT REQUEST NO. 41:**

All prospectuses prepared or filed by Pechiney relating to any Accused Product.

**RESPONSE TO DOCUMENT REQUEST NO. 41:**

Subject to and without waiving its General Objections, after a reasonable search Pechiney will produce prospectuses prepared or filed by Pechiney relating to ClearShield™ product that are within Pechiney's possession, custody or control.

**DOCUMENT REQUEST NO. 42:**

All income statements, cash flow statements, profitability reports, margin analysis reports, general ledgers, balance sheets, and supporting schedules and footnotes prepared by or for Pechiney relating to any Accused Product.

**RESPONSE TO DOCUMENT REQUEST NO. 42:**

In addition to the foregoing General Objections, Pechiney objects to this request to the extent it seeks documents that are neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, after a reasonable search Pechiney will produce income statements, cash flow

statements, profitability reports, margin analysis reports, general ledgers, balance sheets, and supporting schedules and footnotes prepared by or for Pechiney relating to ClearShield™ product that are within Pechiney's possession, custody or control.

## DOCUMENT REQUEST NO. 43:

Documents and things sufficient to summarize, on a quarterly basis for each quarter since the introduction of each Accused Product, all orders by and sales to retailers and distributors of all Accused Products in the United States, including a description of:

(a)  product(s) ordered;
(b)  identity and location of retailer/distributor(s) ordering;
(c)  date and quantity of order;
(d)  dollar value of product(s) ordered;
(e)  date(s) of manufacture of product(s) ordered;
(f)  date of shipment and arrival;
(g)  cost to Pechiney to fulfill the order; and
(h)  gross, net, and incremental profit on the order.

## RESPONSE TO DOCUMENT REQUEST NO. 43:

In addition to the foregoing General Objections, Pechiney objects to this request as overly broad and unduly burdensome. Pechiney further objects to this request to the extent it seeks documents that are neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, after a reasonable search Pechiney will produce any non-privileged documents on ClearShield™ product responsive to this request in its possession, custody or control.

## DOCUMENT REQUEST NO. 44:

Documents and things sufficient to identify, on a quarterly basis for each quarter since the introduction of each Accused Product, the quantities of all Accused Products manufactured in, exported from, or imported into the United States by or for Pechiney.

## RESPONSE TO DOCUMENT REQUEST NO. 44:

In addition to the foregoing General Objections, Pechiney objects to this request to the extent it seeks documents that are neither relevant to any claim or defense nor reasonably

calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, after a reasonable search Pechiney will produce non-privileged documents and things sufficient to identify the quantities of ClearShield™ product manufactured in, exported from, or imported into the United States by or for Pechiney that are within Pechiney's possession, custody or control.

## DOCUMENT REQUEST NO. 45:

Documents and things sufficient to identify, on a quarterly basis for each quarter since the introduction of each Accused Product, the revenue, incremental profit, gross profit, operating profit, and net income generated by all sales of Accused Products by Pechiney in the United States, as reported under US GAAP standards.

## RESPONSE TO DOCUMENT REQUEST NO. 45:

In addition to the foregoing General Objections, Pechiney objects to this request to the extent it seeks documents that are neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. Pechiney further objects to this request to the extent it is duplicative of Request Nos. 15, 31, 32, 33 and 34. Subject to and without waiving its objections, after a reasonable search Pechiney will produce non-privileged documents and things sufficient to identify the revenue, incremental profit, gross profit, operating profit and net income generated by all sales of ClearShield™ product by Pechiney in the United States that are within Pechiney's possession, custody or control.

## DOCUMENT REQUEST NO. 46:

All financial reports, cost of sales summaries, profit margin analyses, return on investment analyses, and operating expense summaries prepared by or for Pechiney relating to any Accused Product.

## RESPONSE TO DOCUMENT REQUEST NO. 46:

In addition to the foregoing General Objections, Pechiney objects to this request to the extent it seeks documents that are neither relevant to any claim or defense nor reasonably

calculated to lead to the discovery of admissible evidence. Pechiney further objects to this request to the extent it is duplicative of Request No. 31, 34 and 42. Subject to and without waiving its objections, after a reasonable search Pechiney will produce non-privileged financial reports, costs of sales summaries, profit margin analyses, return on investment analyses, and operating expense summaries prepared by or for Pechiney relating to ClearShield™ product that are within Pechiney's possession, custody or control.

## DOCUMENT REQUEST NO. 47:

Documents and things sufficient to identify Pechiney's costs to formulate, research, develop, manufacture, market, advertise, and sell each Accused Product in the United States.

## RESPONSE TO DOCUMENT REQUEST NO. 47:

In addition to the foregoing General Objections, Pechiney objects to this request to the extent it seeks documents that are neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. Pechiney further objects to this request to the extent it is duplicative of Request Nos. 31, 34 and 43. Subject to and without waiving its objections, after a reasonable search Pechiney will produce non-privileged documents and things sufficient to identify Pechiney's costs to formulate, research, develop, manufacture, market, advertise and sell ClearShield™ product in the United States that are within Pechiney's possession, custody or control.

## DOCUMENT REQUEST NO. 48:

Documents and things sufficient to identify the type and amount of all total costs, fixed costs, variable costs, semi-variable costs, and marginal costs of manufacturing and selling allocated by Pechiney to each Accused Product, including but not limited to indirect and overhead costs, labor costs, shipping costs, packaging costs, advertising costs, and raw materials costs.

**RESPONSE TO DOCUMENT REQUEST NO. 48:**

In addition to the foregoing General Objections, Pechiney objects to this request to the extent it seeks documents that are neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, after a reasonable search Pechiney will produce non-privileged documents and things sufficient to identify total costs, fixed costs, variable costs, semi-variable costs, and marginal costs of manufacturing and selling allocated by Pechiney to ClearShield™ product that are within Pechiney's possession, custody or control.

**DOCUMENT REQUEST NO. 49:**

Documents and things sufficient to identify all discounts, free goods, financial incentives, and policies regarding any of the foregoing that Pechiney has offered to its customers with respect to any Accused Product.

**RESPONSE TO DOCUMENT REQUEST NO. 49:**

In addition to the foregoing General Objections, Pechiney objects to this request to the extent it seeks documents that are neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, after a reasonable search Pechiney will produce non-privileged documents and things sufficient to identify all discounts, free goods, financial incentives, and policies relating to ClearShield™ product that are within Pechiney's possession, custody or control.

**DOCUMENT REQUEST NO. 50:**

Documents and things sufficient to identify Pechiney's accounting treatment of all discounts, free goods, and financial incentives that Pechiney has offered to its customers with respect to any Accused Product.

**RESPONSE TO DOCUMENT REQUEST NO. 50:**

In addition to the foregoing General Objections, Pechiney objects to this request to the extent it seeks documents that are neither relevant to any claim or defense nor reasonably

calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, after a reasonable search Pechiney will produce non-privileged documents and things sufficient to identify Pechiney's accounting treatment of all discounts, free goods and financial incentives relating to ClearShield™ product that are within Pechiney's possession, custody or control.

**DOCUMENT REQUEST NO. 51:**

Documents and things sufficient to identify Pechiney's projected and actual advertising expenses relating to any Accused Product on an annual basis since the introduction of each Accused Product.

**RESPONSE TO DOCUMENT REQUEST NO. 51:**

In addition to the foregoing General Objections, Pechiney objects to this request to the extent it seeks documents that are neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, after a reasonable search Pechiney will produce non-privileged documents and things sufficient to identify Pechiney's projected and actual advertising expenses relating to ClearShield™ product that are within Pechiney's possession, custody or control.

**DOCUMENT REQUEST NO. 52:**

All documents and things relating to Pechiney's strategies for setting and adjusting prices in the United States for any Accused Product.

**RESPONSE TO DOCUMENT REQUEST NO. 52:**

In addition to the foregoing General Objections, Pechiney objects to this request to the extent it seeks documents that are neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, after a reasonable search Pechiney will produce non-privileged documents and things

relating to Pechiney's strategies for setting and adjusting prices in the United States for ClearShield™ product that are within Pechiney's possession, custody or control.

## DOCUMENT REQUEST NO. 53:

All price lists relating to any Accused Product.

## RESPONSE TO DOCUMENT REQUEST NO. 53:

Subject to and without waiving its General Objections, after a reasonable search Pechiney will produce price lists relating to ClearShield™ product that are within Pechiney's possession, custody or control.

## DOCUMENT REQUEST NO. 54:

All documents and things relating to Pechiney's advertising or promotion of any Accused Product.

## RESPONSE TO DOCUMENT REQUEST NO. 54:

In addition to the foregoing General Objections, Pechiney objects to this request and overly broad and unduly burdensome. Pechiney also objects to this request to the extent it seeks documents that are neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, after a reasonable search Pechiney will produce non-privileged documents and things relating to Pechiney's advertising and promotion of ClearShield™ product that are within Pechiney's possession, custody or control..

## DOCUMENT REQUEST NO. 55:

All contracts or drafts of contracts which cover or apply to coextruded multiple layer oriented films containing at least seven layers to which Pechiney has been a party from January 1, 2002 to the present.

**RESPONSE TO DOCUMENT REQUEST NO. 55:**

In addition to the foregoing General Objections, Pechiney objects to this request to the extent it seeks documents that are neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. Pechiney further objects to this request on the ground that it seeks documents that are protected from discovery by the attorney-client and/or work product doctrine. Subject to and without waiving its objections, after a reasonable search Pechiney will produce non-privileged contracts which cover or apply to relating to ClearShield™ product that are within Pechiney's possession, custody or control.

**DOCUMENT REQUEST NO. 56:**

All documents and things relating to any document retention policy or program that Pechiney has had in place at any time from January 1, 2002 to the present.

**RESPONSE TO DOCUMENT REQUEST NO. 56:**

Subject to and without waiving its General Objections, after a reasonable search Pechiney will produce non-privileged documents and things relating to any document retention policy or program Pechiney has had in place at anytime from January 1, 2002 to the present that are within Pechiney's possession, custody or control.

**DOCUMENT REQUEST NO. 57:**

All documents and things that Pechiney relied upon or referred to in preparing its Answer in this action.

**RESPONSE TO DOCUMENT REQUEST NO. 57:**

In addition to the foregoing General Objections, Pechiney objects to this request on the ground that it seeks documents that are protected from discovery by the attorney-client and/or work product doctrine. Subject to and without waiving its objections, after a reasonable search Pechiney will produce non-privileged documents and things that Pechiney relied upon or referred to in preparing its Answer in this action.

-30-

## DOCUMENT REQUEST NO. 58:

All documents and things that Pechiney relies upon, refers to, or identifies in its answers to Cryovac's interrogatories in this action or that Pechiney relies upon or refers to in preparing those answers.

## RESPONSE TO DOCUMENT REQUEST NO. 58:

Subject to and without waiving its General Objections, after a reasonable search Pechiney will produce non-privileged documents and things that Pechiney relies upon, refers to, or identifies in its answers to Cryovac's interrogatories in this action or that Pechiney relies upon or refers to in preparing those answers.

## DOCUMENT REQUEST NO. 59:

All documents dated or prepared during the year 2000 or thereafter that relate to Cryovac or to Cryovac's Bone Guard bag product(s).

## RESPONSE TO DOCUMENT REQUEST NO. 59:

In addition to the foregoing General Objections, Pechiney objects to this request to the extent it seeks documents that are neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, after a reasonable search Pechiney will produce documents dated or prepared during the year 2000 or thereafter that relate to Cryovac or to Cryovac's Bone Guard product(s) that are within Pechiney's possession, custody or control.

## DOCUMENT REQUEST NO. 60:

All documents dated or prepared during the year 2000 of thereafter that relate to competition by Pechiney with Cryovac or Cryovac's Bone Guard, TPG, or other bag product(s) or patch bag products.

## RESPONSE TO DOCUMENT REQUEST NO. 60:

In addition to the foregoing General Objections, Pechiney objects to this request to the extent it seeks documents that are neither relevant to any claim or defense nor reasonably

-31-

calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, after a reasonable search Pechiney will produce documents dated or prepared during the year 200 or thereafter that relate to competition by Pechiney's ClearShield™ product with Cryovac or Cryovac's Bone Guard, TPG, or other bag product(s) or patch bag products that are within Pechiney's possession, custody or control.

**DOCUMENT REQUEST NO. 61:**

All documents that relate to the Accused Product(s) and their effect on Pechiney's sale of other products.

**RESPONSE TO DOCUMENT REQUEST NO. 61:**

In addition to the foregoing General Objections, Pechiney objects to this request to the extent it seeks documents that are neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, after a reasonable search Pechiney will produce non-privileged documents that relate to ClearShield™ product and its effect on Pechiney's sale of other products that are within Pechiney's possession, custody or control.

**DOCUMENT REQUEST NO. 62:**

All documents that are or relate to contracts and/or the negotiation of contracts with customers that include or contemplate sales of Accused Product(s), including but not limited to contracts that extend beyond the end of the year 2004.

**RESPONSE TO DOCUMENT REQUEST NO. 62:**

In addition to the foregoing General Objections, Pechiney objects to this request and overly broad and unduly burdensome. Pechiney also objects to this request to the extent it seeks documents that are neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. Pechiney further objects to this request on the ground that it seeks documents that are protected from discovery by the attorney-client and/or work product

doctrine. Subject to and without waiving its objections, after a reasonable search Pechiney will produce non-privileged documents that relate to contracts with customers that include or contemplate sales of ClearShield™ product that are within Pechiney's possession, custody or control.

Dated:  March 4, 2005

Respectfully submitted,

By: _____

One of its Attorneys

N. Richard Powers (#494)
Rudolf E. Hutz (#484)
CONNOLLY BOVE LODGE & HUTZ
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207
Tel: 302.888.6266

Donald R. Cassling (Admitted *pro hac vice*)
Steven R. Trybus (Admitted *pro hac vice*)
Shelley Malinowski (Admitted *pro hac vice*)
Brian P. O'Donnell (Admitted *pro hac vice*)
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL 60611
Telephone: 312 222-9350

## CERTIFICATE OF SERVICE

I, Li-Chung D. Ho, an attorney, hereby certify that I caused true and correct copies of

Pechiney Plastic Packaging, Inc.'s First Set of Requests for the Production of Documents and

Things to be served on:

John W. Shaw, Esq.
Karen E. Keller, Esq.
YOUNG, CONAWAY, STARGATT & TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
Fax: (302) 576-3334

Ford F. Farabow, Esq.
Joann M. Neth, Esq.
Michael J. Flibbert, Esq.
Courtney B. Meeker, Esq.
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
1300 I Street, N.W.
Washington, D.C. 20005-3315
Fax:  (202) 408-4400

This 4th day of March, 2005 by first class mail.

Li-Chung D. Ho