IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYOVAC, INC., ) | |
| ) | |
| Plaintiff/Counter-Defendant. ) | Civil Action No. 04-1278-KAJ |
| ) | |
| vs. ) | Hon. Kent A. Jordan |
| ) | |
| PECHINEY PLASTIC PACKAGING, INC., ) | |
| ) | |
| Defendant/Counter-Plaintiff. ) | |
| ) | |

**ORDER**

At Wilmington this ___ day of _____, 2005, having considered Pechiney Plastic Packaging Inc.'s ("Pechiney's") Motion For Leave to File An Amended Answer, Affirmative Defenses and Counterclaims and finding that there is no prejudice in granting leave to amend to Pechiney, IT IS HEREBY ORDERED that:

(i) Pechiney's Motion for Leave to File An Amended Answer, Affirmative Defenses and Counterclaims is granted.

(ii) Pechiney's proposed Amended Answer, Affirmative Defenses and Counterclaims, in the form attached as Exhibit 1 to its motion, shall be deemed filed and served as of the date of this Order.

_____
United States District Judge

418006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYOVAC, INC., ) | |
| ) | |
| Plaintiff/Counter-Defendant. ) | Civil Action No. 04-1278-KAJ |
| ) | |
| vs. ) | Hon. Kent A. Jordan |
| ) | |
| PECHINEY PLASTIC PACKAGING, INC., ) | **REDACTED VERSION DI 172** |
| ) | |
| Defendant/Counter-Plaintiff. ) | |
| ) | |

**PECHINEY PLASTIC PACKAGING, INC.'S MOTION FOR LEAVE TO FILE AN AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Pursuant to Federal Rule of Civil Procedure 15(a), Defendant/Counter-Plaintiff Pechiney Plastic Packaging, Inc. ("Pechiney") hereby moves for leave to file an Amended Answer, Affirmative Defenses and Counterclaims. This motion should be granted because no undue delay has occurred, and the amendments will not prejudice Cryovac, Inc. ("Cryovac") in any way.

As required by the District Court of Delaware Local Rule 15.1, two copies of the proposed Amended Answer, Affirmative Defenses and Counterclaims are attached as Exhibits 1 and 2 to this motion. In addition, a black line copy of the Amended Answer, Affirmative Defenses and Counterclaims showing the changes is attached as Exhibit 3.

Pechiney waives its opening brief and states as follows in support of its motion:

1.  Plaintiff/Counter-Defendant, Cryovac, Inc. ("Cryovac"), filed this action against Pechiney for patent infringement on September 20, 2004.

2. Pursuant to the Scheduling Order entered in this case, the deadline for amending pleadings was March 15, 2005. The Scheduling Order also provides that the cut off date for discovery is August 19, 2005 and that trial is to begin on June 19, 2006. Due to scheduling conflicts and witness availability issues, the parties agreed to extend discovery beyond August 19, 2005. The last deposition in this case was taken five days ago, on September 14, 2005, but document discovery has not been completed.

3. On July 29, 2005, over four months after the deadline for amending the pleadings had passed, Cryovac filed its Motion for Leave to File Second Amended Complaint, adding an additional count for willful infringement of the '419 patent. The Court granted Cryovac's Motion to File a Second Amended Complaint, over Pechiney's objection, on August 18, 2005.

4. Based on facts obtained in recent depositions, ending with the deposition of Cryovac's President, Stuart Prosser, held on September 14, 2005, Pechiney now moves to file an Amended Answer, Affirmative Defenses and Counterclaims to add an affirmative defense of inequitable conduct, a counterclaim for inequitable conduct, and counterclaims for violations of the Lanham Act, 15 U.S.C. § 1125(a), and of Illinois' Deceptive Trade Practices Act, 815 ILCS § 510/2(8), as well as for injurious falsehood and unfair competition.

5. Rule 15(a) of the Federal Rules of Civil Procedure states that leave to amend pleadings "shall be given freely when justice so requires." As the Third Circuit has made clear, "it is an abuse of discretion to deny leave to amend unless plaintiff's delay in seeking amendment is undue, made in bad faith, [or] prejudicial to the opposing party." *Alvin v. Suzuki*, 277 F.3d 107, 121 (3d Cir. 2000) (internal quotation omitted). As shown below, the amendment should be allowed under Rule 15(a) because there has been no undue delay in seeking this

417993                                  -2-

amendment, the amendment is not being made in bad faith, and the amendment does not result in any prejudice to Cryovac.

### Pechiney's Motion to Amend is Timely and No Undue Delay has Occurred

6.  Pechiney did not unduly delay in filing this motion to amend the Answer, Affirmative Defenses and Counterclaims because the facts giving rise to the amendment were not fully disclosed until recently, when Pechiney took the depositions of certain Cryovac witnesses.

7.  The Court is free to allow an amendment after the scheduled cut-off date if the moving party shows "good cause" for doing so. Fed. R. Civ. P. 16(b). This court held in *Enzo Life Sciences, Inc. v. Digene Corp.*, 270 F. Supp. 2d 484 (D. Del. 2003), that amending an answer to add a counterclaim after the scheduling order deadline was permissible because the moving party filed its amendment soon after it felt it was able to satisfy the relevant pleading requirements. In *Enzo,* this Court ruled: "Given that the Court has already determined that there was no undue delay or a likelihood of prejudice to [the opposing party], the Court concludes that [the moving party] has satisfied the 'good cause' requirement of Rule 16, and accordingly, the Motion to Amend should be granted." *Id.* at 490. Like the defendant/counter-plaintiff in *Enzo*, Pechiney has obtained new information through depositions occurring after the cut-off date that shows a strong case for making an additional counterclaim. *See id.* at 486-87, 489.

8.  As demonstrated below, Pechiney, acted promptly to seek this amendment after obtaining important information during the depositions of Cryovac witnesses. These witnesses include Stuart Prosser, who was deposed on September 14, 2005, James Mize, who was deposed

on August 17, 2005, Jeffery Gardner, who was deposed on August 1, 2005, and Mark B. Quatt, who was deposed on August 12, 2005.

9.  On August 2, 2005, Pechiney deposed Jeffrey Gardner, Cryovac's Vice President of Sales and Marketing for North America. During the deposition, Mr. Gardner disclosed that Cryovac may have

**REDACTED**

(*See* Gardner Dep. Trans. ("Exhibit H") at 178, ln. 3; 183, ln. 17; 212, ln. 15; 222, ln. 12.)

(*Id.* at 177, ln. 20; 178, ln. 2.)   **REDACTED**

(*Id.* at 179, ln. 3-11.)

**REDACTED**

When Mr. Mize was deposed on August 17, 2005, he admitted that

**REDACTED**   (*See, e.g.*, Mize Dep. Tr., at 165-66, 175-76, 182-85, 202-11.)

417993                                    -4-

**REDACTED** *(Id.,* at 169-72, 189-92.)

12. In the September 14, 2005 deposition of Cryovac President, Stuart Prosser, Mr. Prosser

**REDACTED**

*(See e.g.,* Prosser Dep. Tr., ppg. 28-29, 42-43.) A true and correct copy of the Stuart Prosser Deposition Transcript is attached to the Amended Answer, Affirmative Defenses and Counterclaims as Exhibit Q.

13. In the deposition of Mark B. Quatt, Esq., the attorney who prosecuted the Cryovac patent-in-suit, Quatt disclosed

**REDACTED**

14. Based on the deposition testimony of Gardner, Mize, Quatt and Prosser, Pechiney immediately investigated it options for potential affirmative defenses and counterclaims based upon Cryovac's

**REDACTED**

Just as the defendant/counter-plaintiff in *Enzo* did, Pechiney filed this motion as soon as Pechiney believed it could satisfy the applicable pleading requirements.

417993                                -5-

### Cryovac Will Not Be Prejudiced by Allowing the Amended Counterclaims

15.     Allowing Pechiney's proposed amendment will not unfairly prejudice Cryovac at this point in the case.

16.     The trial in this matter is not set to begin until June 19, 2006. Therefore, Cryovac will have ample time to prepare its defenses to these additional counterclaims.

17.     In addition, Cryovac will not need any additional time for discovery, since the inequitable conduct defense and counterclaim is based on the testimony and documents of Cryovac's attorney, and cannot be overcome by any evidence from Pechiney. Similarly, Pechiney's counterclaims for violations of the Lanham Act, 15 U.S.C. § 1125(a), and of Illinois' Deceptive Trade Practices Act, 815 ILCS § 510/2(8), as well as for injurious falsehood and unfair competition are also based on Cryovac documents and deposition testimony. While Cryovac must have the opportunity for reasonable discovery to prepare its defenses and collect information on Pechiney's damages, this discovery will be narrow, and should not take any significant amount of additional time.

18.     Pursuant to Local Rule 7.1.1, counsel for Pechiney has conferred with counsel for Cryovac. Cryovac does not consent to this amendment.

WHEREFORE, Pechiney respectfully requests that this Court:

(i)     Grant Pechiney's Motion for Leave to File an Amended Answer, Affirmative Defenses and Counterclaims; and

(ii) Deem Pechiney's Amended Answer, Affirmative Defenses and Counterclaims attached hereto as Exhibit 1, as having been filed and served as of the date of this Court's decision to grant this motion.

A proposed Order is submitted herewith.

Respectfully submitted,

PECHINEY PLASTIC PACKAGING, INC.

REDACTED VERSION
FILED 09/27/05

Dated: September 20, 2005

By: *N. Richard Powers* /jmm
N. Richard Powers (#494)

N. Richard Powers (#494)
Rudolf E. Hutz (#484)
CONNOLLY BOVE LODGE & HUTZ
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207
Tel: (302)888-6266

Donald R. Cassling (Admitted *pro hac vice*)
Steven R. Trybus (Admitted *pro hac vice*)
Shelley Smith (Admitted *pro hac vice*)
Brian P. O'Donnell (Admitted *pro hac vice*)
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL 60611
Telephone: (312)222-9350

417993

-7-

## CERTIFICATE OF SERVICE

I, Jaclyn M. Mason, Esq., hereby certify that I caused true and correct copies of Pechiney's Motion to File an Amended Answer, Affirmative Defenses and Counterclaims, to be served this 20th day of September, 2005 via hand delivery on:

> John W. Shaw, Esq.
> Karen E. Keller, Esq.
> YOUNG, CONAWAY, STARGATT,
>  & TAYLOR, LLP
> The Brandywine Building, 17th Floor
> 1000 West Street
> Wilmington, Delaware 19801
> Fax: (302) 576-3334

and via Federal Express on:

> Ford F. Farabow, Esq.
> Joann M. Neth, Esq.
> Michael J. Flibbert, Esq.
> Courtney B. Meeker, Esq.
> FINNEGAN, HENDERSON, FARABOW,
>  GARRETT & DUNNER, LLP
> 901 New York Avenue, N.W.
> Washington, D.C. 20001-4413
> Fax: (202) 408-4400

*[signature]*
Jaclyn M. Mason, Esq.

417993

-8-

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYOVAC, INC., | ) |
| Plaintiff/Counter-Defendant, | ) Civil Action No. 04-1278 |
| vs. | ) Hon. Kent A. Jordan |
| PECHINEY PLASTIC PACKAGING, INC., | ) |
| Defendant/Counter-Plaintiff. | ) |

## LOCAL RULE 7.1.1 DISCLOSURE

I, Steven R. Trybus, Esq., hereby certify pursuant to Local Rule 7.1.1, that counsel for the Defendant/Counter-Plaintiff has made a reasonable effort to reach agreement with counsel for Plaintiff/Counter-Defendant Cryovac, Inc. on the matters set forth in the foregoing motion.

PECHINEY PLASTIC PACKAGING, INC.

Dated: September 20, 2005

By: _____
One of its Attorneys

N. Richard Powers (#494)
Rudolf E. Hutz (#484)
CONNOLLY BOVE LODGE & HUTZ
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207
Tel: (302)888-6266

Donald R. Cassling (Admitted *pro hac vice*)
Steven R. Trybus (Admitted *pro hac vice*)
Shelley Smith (Admitted *pro hac vice*)
Brian P. O'Donnell (Admitted *pro hac vice*)
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL 60611
Telephone: (312)222-9350