# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYOVAC, INC., ) | |
| ) | |
| Plaintiff/Counter-Defendant. ) | Civil Action No. 04-1278 |
| ) | |
| vs. ) | Hon. Kent A. Jordan |
| ) | |
| PECHINEY PLASTIC PACKAGING, ) | |
| INC., ) | |
| ) | |
| Defendant/Counter-Plaintiff. ) | |

**PECHINEY PLASTIC PACKAGING INC.'S FIFTH SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS (NOS. 79-86)**

Defendant, Pechiney Plastic Packaging, Inc. ("Pechiney"), by its attorneys and pursuant to Federal Rules of Civil Procedure 26 and 34, requests that Plaintiff, Cryovac, Inc. ("Cryovac"), produce the documents described herein for inspection and copying at the offices of Jenner & Block, LLP, One IBM Plaza, Chicago, Illinois, within thirty (30) days of the following receipt of this request, or at such other time and place as may be agreed to between the parties. The documents and things requested are to be produced in accordance with the definitions and instructions attached to Pechiney Plastic Packaging Inc.'s. First Set of Requests for the Production of Documents and Things.

**REQUEST FOR PRODUCTION NO. 79:**

All documents for the time period January 1, 2000 to the present that constitute the type of non-binding Cryovac customer agreements, or "price agreement[s]" referred to in the deposition of James Mize taken August 17, 2005 as reflected in the excerpt from the e-transcript of Mr. Mize below.

**Redacted**

CONFIDENTIAL SUBJECT
TO PROTECTIVE ORDER

**Redacted**

### REQUEST FOR PRODUCTION NO. 80:

All documents for the time period January 1, 2000 to the present that constitute the type of

referred to in the deposition of James Mize taken August 17, 2005 as reflected in the excerpt from the e-transcript of Mr. Mize below.

**Redacted**

CONFIDENTIAL SUBJECT
TO PROTECTIVE ORDER

**Redacted**

REQUEST FOR PRODUCTION NO. 81:

All documents for the time period January 1, 2000 to the present that constitute legally binding contracts Cryovac has with any customer for the supply of flexible packaging products.

REQUEST FOR PRODUCTION NO. 82:

All documents for the time period January 1, 2000 to the present that constitute non-binding contracts Cryovac has with any customer for the supply of flexible packaging products.

REQUEST FOR PRODUCTION NO. 83:

All documents, including but not limited to the "variety of communications" or "commercial understanding", providing the factual basis for, or relied upon by Cryovac in preparing, its supplemental response to Interrogatory No. 20 in Cryovac Inc.'s Supplemental Responses to Pechiney Plastic Packaging Inc.'s Third Set of Interrogatories (Nos. 20-31) served on August 18, 2005.

CONFIDENTIAL SUBJECT
TO PROTECTIVE ORDER

REQUEST FOR PRODUCTION NO. 84:

All documents providing the factual basis for, or relied upon by Cryovac in preparing, its supplemental response to Interrogatory No. 25 in Cryovac Inc.'s Supplemental Responses to Pechiney Plastic Packaging Inc.'s Third Set of Interrogatories (Nos. 20-31) served on August 18, 2005.

REQUEST FOR PRODUCTION NO. 85:

All documents, including but not limited to the "forecasts" and those documents reflecting "National Beef's historical commitment and agreement to use Cryovac as its sole source of National Beef's flexible packaging needs", providing a factual basis for, or relied upon by Cryovac in preparing, its supplemental response to Interrogatory No. 26 in Cryovac Inc.'s Supplemental Responses to Pechiney Plastic Packaging Inc.'s Third Set of Interrogatories (Nos. 20-31) served on August 18, 2005.

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

**REQUEST FOR PRODUCTION NO. 86:**

All documents providing a factual basis for, or relied upon by Cryovac in preparing, its supplemental response to Interrogatory No. 28 in Cryovac Inc.'s Supplemental Responses to Pechiney Plastic Packaging Inc.'s Third Set of Interrogatories (Nos. 20-31) served on August 18, 2005.

Dated: August 19, 2005                          Respectfully submitted,

                                                By: _____/s/_____
                                                    One of its Attorneys

N. Richard Powers (#494)
Rudolf E. Hutz (#484)
CONNOLLY BOVE LODGE & HUTZ
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207
Tel: 302.888.6266

Donald R. Cassling (Admitted *pro hac vice*)
Steven R. Trybus (Admitted *pro hac vice*)
Shelley Malinowski (Admitted *pro hac vice*)
Brian P. O'Donnell (Admitted *pro hac vice*)
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL 60611
Telephone: 312 222-9350

-5-

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

## CERTIFICATE OF SERVICE

I, Brian P. O'Donnell, an attorney, hereby certify that I caused true and correct copies of Pechiney Plastic Packaging, Inc.'s Fifth Set of Requests for the Production of Documents and Things (Nos. 79-86) to be served on:

John W. Shaw, Esq.
Karen E. Keller, Esq.
YOUNG, CONAWAY, STARGATT & TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
Fax: (302) 576-3334

Ford F. Farabow, Esq.
Joann M. Neth, Esq.
Michael J. Flibbert, Esq.
Courtney B. Meeker, Esq.
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
Fax: (202) 408-4400

This 19th day of August, 2005 via e-mail and first class mail.

Brian P. O'Donnell

-6-

CONFIDENTIAL SUBJECT
TO PROTECTIVE ORDER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CRYOVAC, INC., | ) | |
| | ) | |
| Plaintiff/Counter-Defendant. | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-1278-KAJ |
| | ) | |
| PECHINEY PLASTIC PACKAGING, INC., | ) | |
| | ) | |
| Defendant/Counter-Plaintiff. | ) | |

### CRYOVAC'S RESPONSE TO PECHINEY'S FIFTH SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS (NOS. 79-86)

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, plaintiff/counter-defendant Cryovac, Inc. ("Cryovac") objects and responds to Pechiney's Fifth Set of Requests for the Production of Documents and Things (Nos. 79-86) ("Requests") as follows.

### GENERAL OBJECTIONS

Cryovac adopts and incorporates into each of the following responses the General Objections stated in Cryovac's Response to Pechiney's First Set of Requests for the Production of Documents and Things, Cryovac's Response to Pechiney's Second Set of Requests for the Production of Documents and Things, Cryovac's Response to Pechiney's Third Set of Requests for the Production of Documents and Things, and Cryovac's Response to Pechiney's Fourth Set of Requests for the Production of Documents and Things.

Cryovac further objects to these Requests as untimely because they were not initiated so that they could be completed on or before August 19, 2005, as required by the Court's December 14, 2004, Scheduling Order.

**REQUEST FOR PRODUCTION NO. 79:**

All documents for the time period January 1, 2000 to the present that constitute the type of non-binding Cryovac customer agreements, or ' referred to in the deposition of James Mize taken August 17, 2005 as reflected in the excerpt from the e-transcript of Mr. Mize below.

**Redacted**

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

### RESPONSE TO REQUEST NO. 79:

Cryovac objects to this Request as untimely because it was not initiated so that it could be completed on or before August 19, 2005, as required by the Court's December 14, 2004, Scheduling Order. Cryovac further objects to this request as unduly burdensome and as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving these or its General Objections, Cryovac has previously produced draft and signed agreements with certain Cryovac customers that were responsive to other document requests and that are neither privileged nor otherwise immune from discovery.

### REQUEST FOR PRODUCTION NO. 80:

All documents for the time period January 1, 2000 to the present that constitute the type of '          or '
              referred to in the deposition of James Mize taken August 17, 2005 as reflected in the excerpt from the e-transcript of Mr. Mize below.

**Redacted**

**Redacted**

RESPONSE TO REQUEST NO. 80:

Cryovac objects to this Request as untimely because it was not initiated so that it could be completed on or before August 19, 2005, as required by the Court's December 14, 2004 Scheduling Order. Cryovac further objects to this request as unduly burdensome and as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving these or its General Objections, Cryovac has previously produced draft and signed agreements with certain Cryovac customers that were responsive to other document requests and that are neither privileged nor otherwise immune from discovery.

REQUEST FOR PRODUCTION NO. 81:

All documents for the time period January 1, 2000 to the present that constitute legally binding contracts Cryovac has with any customer for the supply flexible packaging products.

RESPONSE TO REQUEST NO. 81:

Cryovac objects to this Request as untimely because it was not initiated so that it could be completed on or before August 19, 2005, as required by the Court's December 14, 2004 Scheduling Order. Cryovac further objects to this request as unduly burdensome and as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Cryovac further objects to this request as vague, ambiguous, and calling for legal conclusions. Subject to, and without waiving these or its General Objections, Cryovac has previously produced draft and signed agreements with

certain Cryovac customers that were responsive to other document requests and that are neither privileged nor otherwise immune from discovery.

### REQUEST FOR PRODUCTION NO. 82:

All documents for the time period January 1, 2000 to the present that constitute non-binding contracts Cryovac has with any customer for the supply of flexible packaging products.

### RESPONSE TO REQUEST NO. 82:

Cryovac objects to this Request as untimely because it was not initiated so that it could be completed on or before August 19, 2005, as required by the Court's December 14, 2004 Scheduling Order. Cryovac further objects to this request as unduly burdensome and as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Cryovac further objects to this request as vague, ambiguous, and calling for legal conclusions. Subject to, and without waiving these or its General Objections, Cryovac has previously produced draft and signed agreements with certain Cryovac customers that were responsive to other document requests and that are neither privileged nor otherwise immune from discovery.

### REQUEST FOR PRODUCTION NO. 83:

All documents, including but not limited to the "variety of communications" or "commercial understanding", providing the factual basis for, or relied upon by Cryovac in preparing, its supplemental response to Interrogatory No. 20 in Cryovac Inc.'s Supplemental Responses to Pechiney Plastic Packaging Inc.'s Third Set of Interrogatories (Nos. 20-31) served on August 18, 2005.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 83:

Cryovac objects to this Request as untimely because it was not initiated so that it could be completed on or before August 19, 2005, as required by the Court's December 14, 2004 Scheduling Order. Subject to and without waiving these or its General Objections,

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Cryovac has produced documents in its possession, custody, or control, that are neither privileged nor otherwise protected from discovery responsive to this request.

**REQUEST FOR PRODUCTION NO. 84:**

All documents providing the factual basis for, or relied upon by Cryovac in preparing, its supplemental response to Interrogatory No. 25 in Cryovac Inc.'s Supplemental Responses to Pechiney Plastic Packaging Inc.'s Third Set of Interrogatories (Nos. 20-31) served on August 18, 2005.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

Cryovac objects to this Request as untimely because it was not initiated so that it could be completed on or before August 19, 2005, as required by the Court's December 14, 2004 Scheduling Order. Subject to and without waiving these or its General Objections, Cryovac has produced documents in its possession, custody, or control, that are neither privileged nor otherwise protected from discovery responsive to this request.

**REQUEST FOR PRODUCTION NO. 85:**

All documents, including but not limited to the "forecasts" and those documents reflecting "National Beef's historical commitment and agreement to use Cryovac as its sole source of National Beef's flexible packaging needs", providing a factual basis for, or relied upon by Cryovac in preparing, its supplemental response to Interrogatory No. 26 in Cryovac Inc.'s Supplemental Responses to Pechiney Plastic Packaging Inc.'s Third Set of Interrogatories (Nos. 20-31) served on August 18, 2005.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

Cryovac objects to this Request as untimely because it was not initiated so that it could be completed on or before August 19, 2005, as required by the Court's December 14, 2004 Scheduling Order. Subject to and without waiving these or its General Objections, Cryovac has produced documents in its possession, custody, or control, that are neither privileged nor otherwise protected from discovery responsive to this request.

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Michele Sherretta (No. 4651)
YOUNG CONAWAY STARGATT &
 TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
(302) 571-6600

Of Counsel:

Ford F. Farabow, Jr.
Joann M. Neth
Rebecca D. Hess
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
901 New York Avenue, NW
Washington, D.C. 20001-4413
(202) 408-4000

Attorneys for Plaintiff Cryovac, Inc.

Dated: September 19, 2005