# Exhibit 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

CRYOVAC, INC.,                                    )
                                                  )
              Plaintiff/Counter-Defendant.        )        Civil Action No. 04-1278
                                                  )
                     vs.                          )        Hon. Kent A. Jordan
                                                  )
PECHINEY PLASTIC PACKAGING,                       )
INC.,                                             )
                                                  )
              Defendant/Counter-Plaintiff.        )

**PECHINEY PLASTIC PACKAGING INC.'S
SIXTH SET OF INTERROGATORIES (NOS. 38-41)**

Defendant/Counter-Plaintiff, Pechiney Plastic Packaging, Inc. ("Pechiney"), by its attorneys and pursuant to Federal Rules of Civil Procedure 26 and 33, requests that Plaintiff/Counter-Defendant, Cryovac, Inc. ("Cryovac"), answer in writing and under oath the following interrogatories within thirty (30) days of receipt of these interrogatories. The information requested herein is to be provided in accordance with the definitions and instructions as set forth in Exhibit A to Pechiney Plastic Packaging Inc.'s First Set of Interrogatories (Nos. 1-15).

**INTERROGATORY NO. 38:**

For the time period January 1, 2002 through the present, identify the name and address of each and every Cryovac customer that has: (i) a legally binding contract with Cryovac for the supply of flexible packaging products, or (ii) a non-binding contract with Cryovac for the supply of flexible packaging products, or (iii) a                    with Cryovac for the supply of flexible packaging products as testified to by James Mize in his deposition of August 17, 2005 (J. Mize e-transcript, pages 239-41), or (iv) a                    with Cryovac as testified to by James Mize in his deposition of August 17, 2005 (J. Mize e-transcript, pages 238-39), or (v) an

as testified to

by James Mize in his deposition of August 17, 2005 (J. Mize e-transcript, pages 238-39), indicating which of categories (i) - (v) Cryovac contends applies to such customer identified.

**INTERROGATORY NO. 39:**

State with specificity the differences, if any, between: (i) a legally binding contract with Cryovac for the supply of flexible packaging products, (ii) a non-binding contract with Cryovac for the supply of flexible packaging products, (iii) a                with Cryovac for the supply of flexible packaging products as testified to by James Mize in his deposition of August 17, 2005 (J. Mize e-transcript, pages 239-41), (iv) a                with Cryovac as testified to by James Mize in his deposition of August 17, 2005 (J. Mize e-transcript, pages 238-39), and (v) an

as testified to

by James Mize in his deposition of August 17, 2005 (J. Mize e-transcript, pages 238-39).

**INTERROGATORY NO. 40:**

For the time period January 1, 2002 through the present, identify any person by name, address and employment who, prior to the commencement of this action, has analyzed, evaluated or otherwise communicated on the effect of a: (i) a                with Cryovac for the supply of flexible packaging products as testified to by James Mize in his deposition of August 17, 2005 (J. Mize e-transcript, pages 239-41), (ii) a                with Cryovac as testified to by James Mize in his deposition of August 17, 2005 (J. Mize e-transcript, pages 238-39), and (iii) an

as testified to

by James Mize in his deposition of August 17, 2005 (J. Mize e-transcript, pages 238-39), indicating which of categories (i) - (iii) Cryovac contends applies to such person identified.

-2-

**INTERROGATORY NO. 41:**

For the time period January 1, 2002 through the present, identify (i) the name and address of each and every Cryovac customer that has disputed the existence of a binding contract with Cryovac for the supply of flexible packaging products and (ii) the document(s) Cryovac cited to the customer identified as constituting the binding contract between Cryovac and the customer identified.

Dated: August 19, 2005

Respectfully submitted,

By: _Brian O'Donnell_

One of its Attorneys

N. Richard Powers (#494)
Rudolf E. Hutz (#484)
CONNOLLY BOVE LODGE & HUTZ
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207
Tel: 302.888.6266

Donald R. Cassling (Admitted *pro hac vice*)
Steven R. Trybus (Admitted *pro hac vice*)
Shelley Malinowski (Admitted *pro hac vice*)
Brian P. O'Donnell (Admitted *pro hac vice*)
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL 60611
Telephone: 312 222-9350

## CERTIFICATE OF SERVICE

I, Brian P. O'Donnell, an attorney, hereby certify that I caused true and correct copies of

Pechiney Plastic Packaging, Inc.'s Sixth Set of Interrogatories (No. 38-41) to be served on:

John W. Shaw, Esq.
Karen E. Keller, Esq.
YOUNG, CONAWAY, STARGATT & TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
Fax: (302) 576-3334

Ford F. Farabow, Esq.
Joann M. Neth, Esq.
Michael J. Flibbert, Esq.
Courtney B. Meeker, Esq.
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
Fax: (202) 408-4400

This 19th day of August, 2005 via e-mail and first class mail.

_____
Brian P. O'Donnell

-4-

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CRYOVAC, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1278 (KAJ) |
| | ) | |
| PECHINEY PLASTIC PACKAGING INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## NOTICE OF SERVICE

The undersigned, counsel for Defendant Pechiney Plastic Packaging Inc. hereby certifies that copies of Pechiney Plastic Packaging Inc.'s Sixth Set of Interrogatories (Nos. 38-41) were caused to be served on August 19, 2005 upon the counsel of record in the matter indicated.

**By Electronic Mail and First Class Mail:**

John W. Shaw, Esquire
Karen E. Keller, Esquire
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19801

Ford F. Farabow, Jr., Esquire
Joann M. Neth, Esquire
Michael J. Flibbert, Esquire
Courtney B. Meeker, Esquire
Finnegan, Henderson, Farabow,
    Garrett & Dunner, L.L.P.
901 New York Ave, N.W.
Washington, D.C. 20001

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CRYOVAC, INC., | ) | |
| | ) | |
| Plaintiff/Counter-Defendant. | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-1278-KAJ |
| | ) | |
| PECHINEY PLASTIC PACKAGING, | ) | |
| INC., | ) | |
| | ) | |
| Defendant/Counter-Plaintiff. | ) | |

### CRYOVAC'S RESPONSE TO PECHINEY PLASTIC PACKAGING INC.'S
### SIXTH SET OF INTERROGATORIES (NOS. 38-41)

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, plaintiff/counter-defendant

Cryovac, Inc. ("Cryovac") objects and responds to the Sixth Set of Interrogatories ("Interrogatories")

by defendant/counter-plaintiff Pechiney Plastic Packaging, Inc. ("Pechiney" or "PPPI").

### GENERAL OBJECTIONS

Cryovac adopts and incorporates into each of the following responses the General Objections

stated in Cryovac's Response to Pechiney's First Set of Interrogatories, Cryovac's Response to

Pechiney's Second Set of Interrogatories, Cryovac's Response to Pechiney's Third Set of

Interrogatories, Cryovac's Response to Pechiney's Fourth Set of Interrogatories, and Cryovac's

Response to Pechiney's Fifth Set of Interrogatories. Cryovac further objects to these Interrogatories

as untimely because they were not initiated so that they could be completed on or before August 19,

2005, as required by the Court's December 14, 2004, Scheduling Order.

### INTERROGATORY NO. 38:

For the time period January 1, 2002 through the present, identify the name and address of

each and every Cryovac customer that has (i) a legally binding contract with Cryovac for the supply

of flexible packaging products, or (ii) a non-binding contract with Cryovac for the supply of flexible packaging products, or (iii) a                 with Cryovac for the supply of flexible packaging products as testified to by James Mize in his deposition of August 17, 2005 (J. Mize e-transcript, pages 239-41), or (iv) a                 with Cryovac as testified to by James Mize in his deposition of August 17, 2005 (J. Mize e-transcript, pages 238-39), or (v) an ·
                                                                          as testified to by James Mize in his deposition of August 17, 2005 (J. Mize e-transcript, pages 238-39), indicating which of categories (i)-(v) Cryovac contends applies to such customer identified.

**RESPONSE TO INTERROGATORY NO. 38:**

Cryovac objects that this Interrogatory is untimely because it was not initiated so that it could be completed on or before August 19, 2005, as required by the Court's December 14, 2004, Scheduling Order. Cryovac further objects to this interrogatory as unduly burdensome and as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 39:**

State with specificity the differences, if any, between: (i) a legally binding contract with Cryovac for the supply of flexible packaging products, (ii) a non-binding contract with Cryovac for the supply of flexible packaging products, (iii) a ´                 with Cryovac for the supply of flexible packaging products as testified to by James Mize in his deposition of August 17, 2005 (J. Mize e-transcript, pages 239-41), (iv) a ´                 with Cryovac as testified to by James Mize in his deposition of August 17, 2005 (J. Mize e-transcript, pages 238-39), and (v) an
                                                                 ´ as testified to by James Mize in his deposition of August 17, 2005 (J. Mize e-transcript, pages 238-39).

**RESPONSE TO INTERROGATORY NO. 39:**

Cryovac objects that this Interrogatory is untimely because it was not initiated so that it could be completed on or before August 19, 2005, as required by the Court's December 14, 2004, Scheduling Order. Cryovac further objects to this interrogatory as unduly burdensome and as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**

**INTERROGATORY NO. 40:**

For the time period January 1, 2002 through the present, identify any person by name, address and employment who, prior to the commencement of this action, has analyzed, evaluated or otherwise communicated on the effect of a: (i) a                    with Cryovac for the supply of flexible packaging products as testified to by James Mize in his deposition of August 17, 2005 (J. Mize e-transcript, pages 239-41), (ii) a                 ' with Cryovac as testified to by James Mize in his deposition of August 17, 2005 (J. Mize e-transcript, pages 238-39), and (iii) an                                                                         ' as testified to by James Mize in his deposition of August 17, 2005 (J. Mize e-transcript, pages 238-39), indicating which of categories (i)-(iii) Cryovac contends applies to such person identified.

**RESPONSE TO INTERROGATORY NO. 40:**

Cryovac objects that this Interrogatory is untimely because it was not initiated so that it could be completed on or before August 19, 2005, as required by the Court's December 14, 2004, Scheduling Order. Cryovac further objects to this interrogatory as unduly burdensome and as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Cryovac further objects to this interrogatory to the extent it calls for information protected by any applicable privilege and/or other immunity from discovery.

**INTERROGATORY NO. 41:**

For the time period January 1, 2002 through the present, identify (i) the name and address of each and every Cryovac customer that has disputed the existence of a binding contract with Cryovac for the supply of flexible packaging products and (ii) the document(s) Cryovac cited to the customer identified as constituting the binding contract between Cryovac and the customer identified.

**RESPONSE TO INTERROGATORY NO. 41:**

Cryovac objects that this Interrogatory is untimely because it was not initiated so that it could be completed on or before August 19, 2005, as required by the Court's December 14, 2004, Scheduling Order. Cryovac further objects to this interrogatory as unduly burdensome and as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**

AS TO OBJECTIONS and CONTENTIONS,

_____

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Michele Sherretta (No. 4651)
YOUNG CONAWAY STARGATT &
   TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
(302) 571-6689

Of Counsel:

Ford F. Farabow, Jr.
Joann M. Neth
Mark J. Feldstein
FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, L.L.P.
901 New York Avenue, NW
Washington, D.C. 20001-4413
(202) 408-4000

Attorneys for Plaintiff Cryovac, Inc.

Dated: September 19, 2005

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

DB01:1829394.1                                                    063527.1001