# Exhibit 3

il Defense

Waters

Occupations

usements

ent

# DELAWARE CODE ANNOTATED

## REVISED 1974

**With Provision for Subsequent Pocket Parts**

Prepared under the Supervision of
The Delaware Code Revisors

DANIEL F. WOLCOTT, JR. AND BRUCE A. ROGERS

by

The Editorial Staff of the Publishers

*Under the Direction of*

ELIZABETH E. PINCUS, ELLEN BRIONES, JUDE SILVEIRA AND JANET H. RUNKLE

## VOLUME 3

**1999 Replacement Volume**

*Including Legislation Enacted Through the 1st Session of the 140th General Assembly and annotations taken from Atlantic Reporter 2d through 732 A.2d 132*

MICHIE

CHARLOTTESVILLE, VIRGINIA
1999

or any other unit (5A Del. C. 1953,

2-106.

ıse. — A lease to sup- r system is predomi- to the UCC. Neilson ıeone, Del. Supr., 524

By its own terms the of an apartment from f goods. Miley v. Har- hip, 803 F. Supp. 965

t"; "contract "conforming" ıcellation."

es "contract" and ture sale of goods. a contract to sell le from the seller ns a sale which is

are "conforming" :h the obligations

power created by for its breach. On n both sides are nce survives. o the contract for rmination" except ach of the whole 06; 55 Del. Laws,

)1.



**A sale consists in the passing of title from the seller to the buyer for a price.** Autrey v. Chemtrust Indus. Corp., 362 F. Supp. 1085 (D. Del. 1973).

**Exchange of goods for services can constitute sale of goods under Code.** Grigsby v. Crown Cork & Seal Co., 574 F. Supp. 128 (D. Del. 1983).

**Sale of waste oils.** — Where a manufacturer paid one in the business of collecting and reselling used oils to remove waste oils from the manufacturer's plant, the transaction was not a sale of the waste oils. Grigsby v. Crown Cork & Seal Co., 574 F. Supp. 128 (D. Del. 1983).

**Leasing of apartment is not "sale of goods."** — By its own terms the code excludes the leasing of an apartment from being considered a sale of goods. Miley v. Harmony Mill Ltd. Partnership, 803 F. Supp. 965 (D. Del. 1992).

## § 2-107. Goods to be severed from realty; recording.

(1) A contract for the sale of minerals or the like (including oil and gas) or a structure or its materials to be removed from realty is a contract for the sale of goods within this Article if they are to be severed by the seller but until severance a purported present sale thereof which is not effective as a transfer of an interest in land is effective only as a contract to sell.

(2) A contract for the sale apart from the land of growing crops or other things attached to realty and capable of severance without material harm thereto but not described in subsection (1) or of timber to be cut is a contract for the sale of goods within this Article whether the subject matter is to be severed by the buyer or by the seller even though it forms part of the realty at the time of contracting, and the parties can by identification effect a present sale before severance.

(3) The provisions of this section are subject to any third party rights provided by the law relating to realty records, and the contract for sale may be executed and recorded as a document transferring an interest in land and shall then constitute notice to third parties of the buyer's rights under the contract for sale. (5A Del. C. 1953, § 2-107; 55 Del. Laws, c. 349; 64 Del. Laws, c. 152, § 3.)

**Definitional Cross References.**
"Buyer". Section 2-103.
"Contract". Section 1-201.
"Contract for sale". Section 2-106.
"Goods". Section 2-105.
"Party". Section 1-201.
"Present sale". Section 2-106.
"Rights". Section 1-201.
"Seller". Section 2-103.

### *Part 2. Form, Formation and Readjustment of Contract*

## § 2-201. Formal requirements; statute of frauds.

(1) Except as otherwise provided in this section a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker. A writing is not insufficient because it omits or incorrectly states a term agreed upon but the contract is not enforceable under this paragraph beyond the quantity of goods shown in such writing.

(2) Between merchants if within a reasonable time a writing in confirmation of the contract and sufficient against the sender is received and the party receiving it has reason to know its contents, it satisfies the requirements of

subsection (1) against such party unless written notice of objection to its contents is given within ten days after it is received.

(3) A contract which does not satisfy the requirements of subsection (1) but which is valid in other respects is enforceable.

(a) if the goods are to be specially manufactured for the buyer and are not suitable for sale to others in the ordinary course of the seller's business and the seller, before notice of repudiation is received and under circumstances which reasonably indicate that the goods are for the buyer, has made either a substantial beginning of their manufacture or commitments for their procurement; or

(b) if the party against whom enforcement is sought admits in his pleading, testimony or otherwise in court that a contract for sale was made, but the contract is not enforceable under this provision beyond the quantity of goods admitted; or

(c) with respect to goods for which payment has been made and accepted or which have been received and accepted (Section 2-606). (5A Del. C. 1953, § 2-201; 55 Del. Laws, c. 349.)

**Statute of frauds applies only to "the sale of goods" and not to services.** Brandywine Mushroom Co. v. Hockessin Mushroom Prods., Inc., 682 F. Supp. 1307 (D. Del. 1988).

**Mixed contracts.** — Not every mixed contract is outside this section. Where a mixed contract is involved, it is necessary that the court review the factual circumstances surrounding the negotiation, formation and contemplated performance of the contract to determine whether the contract is predominantly or primarily a contract for sale of goods or for services. If the cause of action centers exclusively on the materials portion or the services portion of the contract, the determination may rest upon that fact. Glover Sch. & Office Equip. Co. v. Dave Hall, Inc., Del. Super. Ct., 372 A.2d 221 (1977).

## § 2-202. Final written expression: parol or extrinsic evidence.

Terms with respect to which the confirmatory memoranda of the parties agree or which are otherwise set forth in a writing intended by the parties as a final expression of their agreement with respect to such terms as are included therein may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement but may be explained or supplemented

(a) by course of dealing or usage of trade (Section 1-205) or by course of performance (Section 2-208); and

(b) by evidence of consistent additional terms unless the court finds the writing to have been intended also as a complete and exclusive statement of the terms of the agreement. (5A Del. C. 1953, § 2-202; 55 Del. Laws, c. 349.)

**Quantity required.** — Once a writing contains some indication of quantity, such as the word "all," the contract is valid and courts may accept parol evidence to ascertain the exact amount intended by the parties. American Original Corp. v. Legend, Inc., 652 F. Supp. 962 (D. Del. 1986).

**Admissibility of parol evidence.** — Where two commercial parties contract in good faith and stipulate that the price will be set according to a particular standard, parol evidence will be excluded; however, where there are allegations of bad faith, the court may consider parol evidence on the question of the open term of the contract. Kellam Energy, Inc. v. Duncan, 668 F. Supp. 861 (D. Del. 1987).

# DELAWARE CODE ANNOTATED

## REVISED 1974

## 2004 Supplement

Prepared Under the Supervision of
The Delaware Code Revisors

DANIEL F. WOLCOTT, JR. AND BRUCE A. ROGERS

by

The Editorial Staff of the Publishers

## VOLUME 3

1999 REPLACEMENT

*Including Legislation Enacted by the 142nd General Assembly*

Annotated through September 10, 2004. For complete scope of annotations, see Preface in Supplement to Volume 1.

MICHIE ™

CHARLOTTESVILLE, VIRGINIA
2004

6. Rights of financing agency.
9. Risk of loss in the absence of breach.

**:t 6. Breach, Repudiation and Excuse**

5. Waiver of buyer's objections by failure to particularize.

**Part 7. Remedies**

5. Seller's stoppage of delivery in transit or otherwise.
6. Buyer's right to specific performance or replevin.

*uction and Subject Matter*

**and other transactions article.**

:n and building of the production process f, including tooling and equipment; and ral other obligations supported the conclu- that the agreement was predominantly a ract for services. True N. Composites, LLC inity Indus., Inc., 191 F. Supp. 2d 484 (D. 2002).

**: definitions.**

:rwise requires:

the following definitions in other

332, §§ 2, 3.)

ot that § 42 (amending § 8-302(a) of this shall become effective immediately upon tment into law." The act was signed by the :rnor on July 6, 2004.

**fect of amendments.** — 74 Del. Laws, c. deleted (1)(b); and added "'Control' as ided in § 7-106 and" in (3).

the rest of this section was not amended, not reprinted in this Supplement.

**'; "between merchants";**

ınce company or other person who 'ances against goods or documents



of title or who by arrangement with either the seller or the buyer intervenes in ordinary course to make or collect payment due or claimed under the contract for sale, as by purchasing or paying the seller's draft or making advances against it or by merely taking it for collection whether or not documents of title accompany or are associated with the draft. "Financing agency" includes also a bank or other person who similarly intervenes between persons who are in the position of seller and buyer in respect to the goods (§ 2-707).
(74 Del. Laws, c. 332, § 4.)

**Revisor's note.** — Section 68 of 74 Del. Laws, c. 332, provides: "This act becomes effective on January 1, 2005 except that § 42 (amending § 8-302(a) of this title) shall become effective immediately upon enactment into law." The act was signed by the Governor on July 6, 2004.

**Effect of amendments.** — 74 Del. Laws, c. 332, added "or are associated with the draft" at the end of the first sentence in (2).

As the rest of this section was not amended, it is not reprinted in this Supplement.

*Part 2. Form, Formation and Readjustment of Contract*

## § 2-201. Formal requirements; statute of frauds.

**Sufficiency of writing.** — Under either 6 Del. C. § 2714 or § 2-201, a writing outlining the inventory and property sold in the sale of a shop, the price, and the parties thereto, was adequate to fashion a remedy for breach of contract. Johnson v. Eric's Chop Shop, Inc., — A.2d — (Del. Super. Ct. July 14, 2003).

**Partial performance not applicable to remove from statute.** — Where the parties did not dispute that a contract existed and only one of its terms was in controversy, the doctrine of partial performance was simply not applicable, either logically or legally, to the facts of the case, because in those cases where partial performance has been held to remove the agreement from the bar of the Statute of Frauds, the issue was one of the existence or non-existence of a contract, rather than the specific or precise terms of a contract that unquestionably existed. Kirkwood Motors, Inc. v. Conomon, — A.2d — (Del. Super. Ct. Feb. 5, 2001).

## § 2-202. Final written expression: parol or extrinsic evidence.

Terms with respect to which the confirmatory memoranda of the parties agree or which are otherwise set forth in a writing intended by the parties as a final expression of their agreement with respect to such terms as are included therein may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement but may be explained or supplemented

(a) By course of performance, course of dealing, or usage of trade (§ 1-303); and

(b) By evidence of consistent additional terms unless the court finds the writing to have been intended also as a complete and exclusive statement of the terms of the agreement. (5A Del. C. 1953, § 2-202; 55 Del. Laws, c. 349; 74 Del. Laws, c. 332, § 5.)

**Revisor's note.** — Section 68 of 74 Del. Laws, c. 332, provides: "This act becomes effective on January 1, 2005 except that § 42 (amending § 8-302(a) of this title) shall become effective immediately upon enactment into law." The act was signed by the Governor on July 6, 2004.

**Effect of amendments.** — 74 Del. Laws, c. 332, rewrote (a).






**Uniform Commercial Code**
**Article 2. Sales FNa**
**Official Text With Comments**
The American Law Institute and National Conference of Commissioners on Uniform State Laws
**Part 2. Form, Formation, Terms And Readjustment Of Contract; Electronic Contracting**

§ 2-201. Formal Requirements; Statute Of Frauds

(1) A contract for the sale of goods for the price of $5,000 or more is not enforceable by way of action or defense unless there is some record sufficient to indicate that a contract for sale has been made between the parties and signed by the party against which enforcement is sought or by the party's authorized agent or broker. A record is not insufficient because it omits or incorrectly states a term agreed upon, but the contract is not enforceable under this subsection beyond the quantity of goods shown in the record.

(2) Between merchants if within a reasonable time a record in confirmation of the contract and sufficient against the sender is received and the party receiving it has reason to know its contents, it satisfies the requirements of subsection (1) against the recipient unless notice of objection to its contents is given in a record within 10 days after it is received.

(3) A contract that does not satisfy the requirements of subsection (1) but which is valid in other respects is enforceable:

(a) if the goods are to be specially manufactured for the buyer and are not suitable for sale to others in the ordinary course of the seller's business and the seller, before notice of repudiation is received and under circumstances that reasonably indicate that the goods are for the buyer, has made either a substantial beginning of their manufacture or commitments for their procurement;

(b) if the party against which enforcement is sought admits in the party's pleading, or in the party's testimony or otherwise under oath that a contract for sale was made, but the contract is not enforceable under this paragraph beyond the quantity of goods admitted; or

(c) with respect to goods for which payment has been made and accepted or which have been received and accepted (Sec. 2-606).

(4) A contract that is enforceable under this section is not unenforceable merely because it is not capable of being performed within one year or any other period after its making.

As amended in 2003.

**Official Comment**

1. The record required by subsection (1) need not contain all of the material terms of the contract, and the material terms that are stated need not be precise or accurate. All that is required is that the record afford a reasonable basis to determine that the offered oral evidence rests on a real transaction. The record may be written on a piece of paper or entered into a computer. It need not indicate which party is the buyer and which party is the seller. The only term which must appear is the quantity term. A term indicating the manner by which the quantity is determined is sufficient. Thus, for example, a term indicating that the quantity is based on the output of the seller or the requirements of the buyer satisfies the requirement. *See e.g., Advent Systems v. Unisys*, 925 F.2d 670 (3rd Cir. 1991); *Gestetner Corp. v. Case Equip. Co.*, 815 F.2d 806 (1st Cir. 1987). The same reasoning can be extended to a term that indicates that the contract is similar to, but does not qualify as, an output or requirement contract. *See e.g., PMC Corp. v. Houston Wire and Cable Co.* 797 A.2d 125 (N.H. 2002). Similarly, a

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.





term that refers to a master contract that provides a basis for determining a quantity satisfies this requirement. *See e.g., Reigel Fiber Corp. v. Anderson Gin Co.*, 512 F.2d 784 (5th Cir.1975). If a specific amount is stated in the record, even if not accurately stated, recovery is limited to the stated amount. However, the price, time and place of payment or delivery, the general quality of the goods, or any particular warranties need not be included.

Special emphasis must be placed on the permissibility of omitting the price term. In many valid contracts for sale the parties do not mention the price in express terms. The buyer is bound to pay and the seller to accept a reasonable price, which the trier of the fact will determine. Frequently the price is not mentioned at all since the parties have based their agreement on a price list or catalogue known to both of them, and the list or catalogue serves as an efficient safeguard against perjury. Also, "market" prices and valuations that are current in the vicinity constitute a similar check. Of course, if the "price" consists of goods rather than money, the quantity of goods must be stated.

There are only three definite and invariable requirements for the memorandum made by subsection (1). First, the memorandum must evidence a contract for the sale of goods; second, the memorandum must be signed; and third, the memorandum must have a quantity term or a method to determine the quantity.

2. The prior version of subsection (1) began with the phrase "Except as otherwise provided in this section." This language has been deleted. This change was made to provide that the statement of the three statutory exceptions in subsection (3) should not be read as limiting under subsection (1) the possibility that a promisor will be estopped to raise the statute-of-frauds defense in appropriate cases.

3. "Partial performance" as a substitute for the required record can validate the contract only for the goods which have been accepted or for which payment has been made and accepted.

Receipt and acceptance either of goods or of the price constitutes an unambiguous overt admission by both parties that a contract exists. If the court can make a just apportionment, therefore, the agreed price of any goods actually delivered can be recovered without a writing or, if the price has been paid, the seller can be forced to deliver an apportionable part of the goods. The overt actions of the parties make admissible evidence of the other terms of the contract necessary to a just apportionment. This is true even though the actions of the parties are not in themselves inconsistent with a different transaction such as a consignment for resale or a mere loan of money.

Part performance by the buyer requires that the buyer deliver something that is accepted by the seller as the performance. Thus, part payment may be made by money or check accepted by the seller. If the agreed price consists of goods or services, then they must also have been delivered and accepted. When the seller accepts partial payment for a single item the statute is satisfied as to that item. *See Lockwood v. Smigel*, 18 Cal App.3d 800, 99 Cal Rept. 289 (1971).

4. Between merchants, failure to answer a confirmation of a contract in a record that satisfies the requirements of subsection (1) against the sender within ten days of receipt renders the record sufficient against the recipient. The only effect, however, is to take away from the party that fails to answer the defense of the Statute of Frauds. The burden of persuading the trier of fact that a contract was in fact made orally prior to the record confirmation is unaffected.

A merchant includes a person "that by occupation purports to have knowledge or skill peculiar to the *practices* or goods involved in the transaction." Section 2-104(1)(emphasis supplied). Thus, a professional or a farmer should be considered a merchant because the practice of objecting to an improper confirmation ought to be familiar to any person in business.

5. Failure to satisfy the requirements of this section does not render the contract void for all purposes, but merely

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.





prevents it from being judicially enforced in favor of a party to the contract. For example, a buyer that takes possession of goods provided for in an oral contract which the seller has not meanwhile repudiated is not a trespasser. Nor would the statute-of-frauds provisions of this section be a defense to a third person that wrongfully induces a party to refuse to perform an oral contract, even though the injured party cannot maintain an action for damages against the party that refuses to perform.

6. It is not necessary that the record be delivered to anybody, nor is this section intended to displace decisions that have given effect to lost records. It need not be signed by both parties, but except as stated in subsection (2), it is not sufficient against a party that has not signed it. Prior to a dispute, no one can determine which party's signature may be necessary, but from the time of contracting each party should be aware that it is the signature of the other which is important.

7. If the making of a contract is admitted in court, either in a written pleading, by stipulation or by oral statement before the court, or is admitted under oath but not in court, as by testimony in a deposition or an affidavit filed with a motion, no additional record is necessary. Subsection (3)(b) makes it impossible to admit the contract in these contexts, and assert that the Statute of Frauds is still a defense. However, in these circumstances, the contract is not conclusively established. The admission is evidential only against the maker and only for the facts admitted. As against the other party, it is not evidential at all.

8. Subsection (4), which was not in prior versions of this Article, repeals the "one year" provision of the Statute of Frauds for contracts for the sale of goods. The phrase "any other applicable period" recognizes that some state statutes apply to periods longer than one year. The confused and contradictory interpretations under the so-called "one year" clause are illustrated by *C.R. Klewin, Inc. v. Flagship Properties, Inc.*, 600 A.2d 772 (Conn. 1991).

**Cross References:**

See Sections 1-201, 2-202, 2-207, 2-209 and 2-304.

Point 1: Sections 2-211 thru 2-213.

Point 4: Section 2-104

**Definitional Cross References:**

"Action". Section 1-201.

"Between merchants". Section 2-104.

"Buyer". Section 2-103.

"Contract". Section 1-201.

"Contract for sale". Section 2-106.

"Goods". Section 2-103.

"Notice". Section 1-202.

"Party". Section 1-201.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.





"Reasonable time". Section 1-205.

"Record". Section 2-103.

"Sale". Section 2-106.

"Seller". Section 2-103.

"Sign". Section 2-103.

As amended in 2003.

FNa [*Article 2 was amended in 2003.*]

Copyright © 2005 By The American Law Institute and National Conference of

Commissioners on Uniform State Laws

(2005)

UCC-SALES § 2-201
END OF DOCUMENT