IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYOVAC, INC., <br><br> Plaintiff/Counter-Defendant. <br><br> vs. <br><br> PECHINEY PLASTIC PACKAGING, INC., <br><br> Defendant/Counter-Plaintiff. | Civil Action No. 04-1278-KAJ <br><br> Hon. Kent A. Jordan |

**NOTICE OF RULE 30(b)(6) DEPOSITION OF CRYOVAC, INC. (NO. 5)**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, defendant/counter-plaintiff Pechiney Plastic Packaging, Inc. ("Pechiney") will take the deposition of plaintiff/counter-defendant Cryovac, Inc. ("Cryovac") upon oral examination of the witness(es) designated by Cryovac as the person(s) most competent to testify on its behalf concerning the categories listed on attached Schedule A. The deposition shall be recorded by videotape and stenographic means and shall take place on such date and at such location as may be agreed to by the parties.

In accordance with Rule 30(b)(6), Pechiney requests that Cryovac prepare its designee(s) to testify "as to matters known or reasonably available to" Cryovac regarding the subjects listed on attached Schedule A. Pechiney also requests that Cryovac provide Pechiney with written notice of at least three (3) business days before the deposition of the name and employment position of each person designated to testify on Cryovac's behalf, identifying the matters set forth in Schedule A as to which each person will testify.

The deposition, before a Notary Public or other person authorized by law to administer oaths, will continue from day to day until completed with such adjournments as to time and place as may be necessary. You are invited to attend and to cross-examine the witness.

## **DEFINITIONS**

1.  As used in the attached Schedule A, the terms "pricing agreement," "agreement," "binding contract," "contract" and "soft agreement" all refer to documents pertaining to the sale of flexible packaging products.

Respectfully submitted,

PECHINEY PLASTIC PACKAGING, INC.

Dated: October 17, 2005

By: _/s/ N. Richard Powers_
N. Richard Powers (#494)

N. Richard Powers (#494)
Rudolf E. Hutz (#484)
CONNOLLY BOVE LODGE & HUTZ
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207
Tel: 302.888.6266

Donald R. Cassling (Admitted *pro hac vice*)
Steven R. Trybus (Admitted *pro hac vice*)
Shelley Smith (Admitted *pro hac vice*)
Brian P. O'Donnell (Admitted *pro hac vice*)
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL 60611
Telephone: 312 222-9350

## SCHEDULE A

### Matters for Examination

1. The criteria applied by Cryovac in choosing the representative Cryovac pricing agreements and binding contracts produced by Cryovac in response to the Court's order, including all facts relating to the selection process for choosing. Specifically, this includes, but is not limited to identifying: 1) the Cryovac personnel involved in selecting the representative agreements and contracts; and 2) the steps taken and criteria applied by Cryovac to ensure that the selected pricing agreements and binding contracts would be representative samples of those respective categories.

2. The rights and/or obligations of each of the parties under each of the eight representative agreements produced, including, but not limited to:

   a. An identification and explanation of the terms and conditions of the agreements and, if it is contended that any such terms and conditions are not set forth in writing within the documents produced, the sources for the terms and conditions that are not set forth in writing within the documents produced; and

   b. All facts relating to the differences, if any, between the documents produced as binding contracts and the documents produced as other than binding contracts.

3. To the extent that Cryovac contends they are relevant to the understanding of any of the representative agreements, the negotiations and communications surrounding such representative agreement(s).

4. To the extent that Cryovac contends it is relevant to the understanding of any of the representative agreements, the course of dealing between the parties to the representative agreement(s).

5. To the extent that Cryovac contends it is relevant to the understanding of any of the representative agreements, the usage of trade in the industry.

6. All facts relating to terms (and their general nature) typically included in written Cryovac pricing agreements.

7. All facts relating to terms (and their general nature) typically included in written Cryovac binding contracts.

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2005 I caused to be electronically filed, a true and correct copy of Notice of Rule 30(b)(6) Deposition of Cryovac, Inc. (No. 5) with the Clerk of Court using CM/ECF, which will send notification that such document is available for viewing and downloading to the following counsel of record:

John W. Shaw, Esq.
Karen E. Keller, Esq.
YOUNG, CONAWAY, STARGATT & TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
Fax: (302) 576-3334

I further certify that on October 17, 2005, I caused a copy of Notice of Rule 30(b)(6) Deposition of Cryovac, Inc. (No. 5) to be served by hand delivery to the above-listed counsel of record, and on the following non-registered participants by e-mail:

Ford F. Farabow, Esq.
Joann M. Neth, Esq.
Michael J. Flibbert, Esq.
Courtney B. Meeker, Esq.
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
Fax: (202) 408-4400

N. Richard Powers