C

LEXSEE 2001 U.S. DIST. LEXIS 23374

**CLI CORPORATION, Plaintiff, v. LUDOWICI USA, LUDOWICI MINERAL PROCESSING EQUIPMENT, INC., Defendants.**

Civil Action No. 01-801

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

*2001 U.S. Dist. LEXIS 23374; 61 U.S.P.Q.2D (BNA) 1288*

**November 14, 2001, Decided**

**DISPOSITION:** [*1] Defendant's motion to dismiss count V of the complaint was granted.

**LexisNexis(R) Headnotes**

**COUNSEL:** For CLI CORPORATION, plaintiff: Eric P. Reif, Bryan K. Shreckengost, Pietragallo, Bosick & Gordon, Pittsburgh, PA.

For LUDOWICI USA, LUDOWICI MINERAL PROCESSING EQUIPMENT, INC., defendants: James A. Mercolini, David W. Snyder, Klett, Lieber, Rooney & Schorling, Pittsburgh, PA. Joseph Lucci, David R. Bailey, Woodcock, Washburg, Kurtz, Mackiewicz & Norris, Philadelphia, PA.

**JUDGES:** ROBERT J. CINDRICH, United States District Judge.

**OPINIONBY:** ROBERT J. CINDRICH

**OPINION:**

### MEMORANDUM ORDER

Pending in this patent infringement case is defendant Ludowici Mineral Processing Equipment, Inc.'s ("LMP") motion to dismiss count V of the complaint, which alleges tortious interference with existing and prospective business advantage. LMP argues that this claim is preempted by federal patent law. We agree.

"For conflict preemption, we consider whether the state law actions frustrate the accomplishment and execution of the full purposes and objectives of Congress." *Hunter Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318 (Fed. Cir.1998). "To determine whether these state law torts are in conflict [*2] with federal patent law and accordingly preempted, we assess a defendant's allegedly tortious conduct. If a plaintiff bases its tort action on conduct that is protected or governed by federal patent law, then the plaintiff may not invoke the state law remedy, which must be preempted for conflict with federal patent law." Id.

Four elements must be pleaded to make out a claim of tortious interference with business and professional relationships: (1) the existence of a contractual, or prospective contractual relation between the complainant and a third party; (2) purposeful action on the part of the defendant, specifically intended to harm the existing relation, or to prevent a prospective relation from occurring; (3) the absence of privilege or justification on the part of the defendant; and (4) the occasioning of actual legal damage as a result of the defendant's conduct." *Pawlowski v. Smorto*, 403 Pa. Super. 71, 588 A.2d 36, 39-40 (Pa. Super. 1991); *Advent Sys., Ltd. v. Unisys Corp.*, 925 F.2d 670, 672 (3d Cir.1991). The complaint in this case avers that "LMP has improperly sought to capitalize upon the market for magnetic separators created by [*3] CLI by offering for sale, and selling, the LM Separators which infringe the 597 Patent." Paragraph 43.

As the complaint makes clear, the "absence of privilege or justification" prong of the test will require resolution of the patent infringement issue. If defendant did not breach the patent, it was privileged and justified in marketing its products. Thus, the state tort claim is based on the same conduct that is governed by federal patent law. Accordingly, it is preempted.

In accordance with the above, defendant's motion to dismiss count V of the complaint, Doc. No. 14, is GRANTED.

SO ORDERED this 14 day of November, 2001.

ROBERT J. CINDRICH

United States District Judge