IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYOVAC, INC., ) | |
| ) | |
| Plaintiff/Counter-Defendant. ) | Civil Action No. 04-1278-KAJ |
| ) | |
| vs. ) | Hon. Kent A. Jordan |
| ) | |
| PECHINEY PLASTIC PACKAGING, INC., ) | **FILED UNDER SEAL** |
| ) | |
| Defendant/Counter-Plaintiff. ) | |
| ) | |

**MEMORANDUM IN SUPPORT OF
PECHINEY'S MOTION FOR PARTIAL
SUMMARY JUDGMENT ON LOST PROFITS**

N. Richard Powers (#494)
CONNOLLY BOVE LODGE & HUTZ
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207
Tel: (302) 888-6266

Donald R. Cassling (Admitted *pro hac vice*)
Steven R. Trybus (Admitted *pro hac vice*)
Shelley Smith (Admitted *pro hac vice*)
Brian P. O'Donnell (Admitted *pro hac vice*)
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL 60611
Telephone: (312) 222-9350

Dated: October 19, 2005

## TABLE OF CONTENTS

I. NATURE AND STAGE OF PROCEEDING ...................................................................1

II. SUMMARY OF ARGUMENT ........................................................................................1

III. CONCISE STATEMENT OF FACTS ............................................................................2

IV. ARGUMENT....................................................................................................................2

    A. Summary Judgment Standard. ..............................................................................2

    B. Applicable Law On Patent Damages. ...................................................................3

    C. Cryovac Can Not Meet Its Burden of Proving By A Reasonable Probability The "But-For" Test Required To Recover Lost Profits. .................................................6

        1. Cryovac Can Not Meet Its Burden of Proof That The Curwood Offerings Are Infringing Or Unavailable. ...............................................................................7

        2. Cryovac Can Not Prove That Curwood's Bone-In Packaging Products Are Unacceptable to Consumers. ..............................................................................7

V. CONCLUSION................................................................................................................10

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) ................................................................................................ 3

*Aro Mfg. Co. v. Convertible Top Replacement Co.*,
  377 U.S. 476 (1964) ................................................................................................ 4

*Bai v. L & L Wings, Inc.*,
  160 F.3d 1350 (Fed. Cir. 1998) .............................................................................. 2

*Comair Rotron, Inc. v. Nippon Densan Corp.*,
  49 F.3d 1535 (Fed. Cir. 1995) ................................................................................ 6

*Datascope Corp. v. SMEC, Inc.*,
  879 F.2d 820 (Fed. Cir. 1989) ................................................................................ 6

*General Motors Corp. v. Devex Corp.*,
  461 U.S. 648 (1983) ............................................................................................ 3, 4

*Grain Processing Corp. v. American Maize-Products Co.*,
  185 F.3d 1341 (Fed. Cir. 1999) ..................................................................... 4, 5, 6, 8

*Gyromat Corp. v. Champion Spark Plug Co.*,
  735 F.2d 549 (Fed. Cir. 1984) ................................................................................ 6

*Horowitz v. Fed. Kemper Life Assurance Co.*,
  57 F.3d 300 (3d Cir. 1995) ..................................................................................... 3

*Kaufman Co. v. Lantech, Inc.*,
  926 F.2d 1136 (Fed. Cir. 1991) .............................................................................. 5

*King Instruments Corp. v. Perego*,
  65 F.3d 941 (Fed. Cir. 1995) .................................................................................. 4

*Lam, Inc. v. Johns-Manville Corp.*,
  718 F.2d 1056 (Fed. Cir. 1983) .............................................................................. 5

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
  475 U.S. 574 (1986) ................................................................................................ 3

*Micro Chem., Inc. v. Lextron, Inc.*,
  318 F.3d 1119 (Fed. Cir. 2003) ........................................................................... 4, 5

*Minco Inc. v. Combustion Eng'g, Inc.*
  95 F.3d 1109 (Fed. Cir. 1996) ................................................................................ 5

*Monsanto Co. v. Aventis Cropscience SA*,
  226 F. Supp. 2d. 531 (D. Del. 2002) ...................................................................... 2

*Panduit Corp. v. Stahlin Bros. Fibre Works*,
  575 F.2d 1152 (6th Cir. 1978) ............................................................................ 4, 5

*Rite-Hite Corp. v. Kelly Co., Inc.*,
   56 F.3d 1538 (Fed Cir. 1995)(*en banc*) .................................................................. 4, 5, 6

*Smithkline Diagnostics, Inc. v. Helena Labs. Corp.*,
   926 F.2d 1161 (Fed. Cir. 1991) ........................................................................ 4, 5, 6, 7

*Standard Havens Prods., Inc. v. Gencor Indus., Inc.*,
   953 F.2d 1360 (Fed. Cir. 1991) ................................................................................ 5, 7

*State Indus., Inc. v. Mor-Flo Indus., Inc.*
   883 F.2d 1573 (Fed. Cir. 1989) ..................................................................................... 4

*Telemac Cellular Corp. v. Topp Telecom, Inc.*,
   247 F.3d 1316 (Fed. Cir. 2001) ..................................................................................... 3

## Statutes

35 U.S.C. § 284 ............................................................................................................... 3

## Other Authorities

Fed. R. Civ. P. 56(c) ........................................................................................................ 2

Fed. R. Civ. P. 56(e) ........................................................................................................ 3

Pechiney Plastic Packaging, Inc. ("Pechiney") hereby moves this Court pursuant to Federal Rule of Civil Procedure 56 for partial summary judgment that Cryovac, Inc. ("Cryovac") cannot as a matter of law claim lost profits as a measure of damages because there is no genuine issue of material fact as to whether acceptable non-infringing substitutes were available.

## I.   NATURE AND STAGE OF PROCEEDING

A complete explanation of the nature and stage of this proceeding is set forth in the Memorandum In Support of Pechiney's Motion for Summary Judgment on Patent Issues, also filed today.

## II.   SUMMARY OF ARGUMENT

1.   Partial summary judgment on lost profits in favor of Pechiney is appropriate in this case because Cryovac can not, as a matter of law, meet its burden to establish by a reasonable probability the absence of acceptable non-infringing substitutes. That is because there is no genuine issue of material fact that acceptable non-infringing substitutes, specifically packaging products from Cryovac's and Pechiney's competitor Curwood, Inc., are and were available in the marketplace during the time of Pechiney's alleged infringement of U.S. Patent No. 4,755,419 ("the '419 patent").

2.   Even if Cryovac were to be deemed to have met its burden under *Panduit*, entitling Cryovac to an inference that it would have made sales attributable to Pechiney "but for" Pechiney's infringement, summary judgment in favor of Pechiney would still be appropriate because there is no genuine issue of material fact that Pechiney has established that this inference is unreasonable as to all of the lost profits claimed by Cryovac.

## III.   CONCISE STATEMENT OF FACTS

Cryovac, Pechiney and Curwood are the three main competitors in the bone-in fresh red meat ("FRM") packaging market, a market segment that requires specially designed packaging to handle sharp, bone-in meat cuts that has long been dominated by Cryovac and its "TBG (the BoneGuard) patch bag."

**REDACTED**

Pechiney and Curwood worked to introduce into the marketplace superior ArmorX™ bags (in the case of Curwood) and award-winning patchless ClearShield™ bags (in the case of Pechiney), products with, among other properties, superior clarity and puncture resistance to Cryovac's patch bags.

In response to these competitive threats, Cryovac filed suit against Pechiney alleging that Pechiney infringed the '419 patent in the manufacture and sale of bone-in FRM plastic packaging sold under the trade name ClearShield. Pechiney denies that any of Pechiney's ClearShield packaging products are covered by the '419 patent and has counterclaimed for a declaration of non-infringement, and invalidity.

## IV.   ARGUMENT

### A.   Summary Judgment Standard.

Summary judgment should be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Bai v. L & L Wings, Inc.*, 160 F.3d 1350, 1353 (Fed. Cir. 1998); *Monsanto Co. v. Aventis Cropscience SA*, 226 F. Supp. 2d. 531, 538 (D. Del. 2002). Summary judgment is particularly appropriate in patent infringement actions because it is a

2

useful tool to secure the just, speedy, and inexpensive determination of the action, and to simplify and pare down the issues presented in complex cases. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Telemac Cellular Corp. v. Topp Telecom, Inc.*, 247 F.3d 1316, 1323 (Fed. Cir. 2001).

On any motion for summary judgment, the moving party bears the initial burden of proving the absence of any genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n. 10 (1986). "Facts that could alter the outcome are 'material' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." *Horowitz v. Fed. Kemper Life Assurance Co.*, 57 F.3d 300, 302 n. 1 (3d Cir. 1995)(internal citations omitted). If the moving party demonstrates an absence of material fact, the burden shifts to the nonmoving party to "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (*quoting* Fed. R. Civ. P. 56(e)). Here, this Court should grant Pechiney partial summary judgment on lost profits because there is no genuine issue of material fact that acceptable non-infringing substitutes were available in the marketplace during the period of the alleged infringement.

### B.   Applicable Law On Patent Damages.

Section 284 of Title 35 provides that upon a finding of patent infringement, the patent owner is entitled to damages adequate to compensate for the infringement but no less than a reasonable royalty. 35 U.S.C. § 284.[1] The Supreme Court has interpreted Section 284 to mean that an aggrieved patent owner would "receive full compensation for any damages he suffered as a result of the infringement." *General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 654

---

[1]   Although Pechiney has denies infringing the '419 patent, Pechiney has assumed that it infringes the '419 patent only for the purposes of this motion.

(1993)(internal quotations omitted). Full compensation to a patent owner includes monetary damages either as a measure of a reasonable royalty or any foreseeable lost profits. *Rite-Hite Corp. v. Kelly Co., Inc.*, 56 F.3d 1538, 1544-45 (Fed Cir. 1995)(*en banc*); *Smithkline Diagnostics, Inc. v. Helena Labs. Corp.*, 926 F.2d 1161, 1164 (Fed. Cir. 1991)("A patentee may seek to recover actual damages, usually, the amount of profits actually lost, or if unable to prove actual damages, the patentee is entitled to a reasonable royalty.").

To recover lost profits damages, the patent owner bears the burden of establishing by a "reasonable probability that, 'but for' the infringement, it would have made the sales that were made by the infringer." *Rite-Hite Corp.*, 56 F.3d at 1545; *Grain Processing Corp. v. American Maize-Products Co.*, 185 F.3d 1341, 1349 (Fed. Cir. 1999); *see also Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476 (1964). Provided that they are proven by at least a reasonable probability, a patentee may use any method to demonstrate an entitlement to lost profits. *King Instruments Corp. v. Perego*, 65 F.3d 941, 952 (Fed. Cir. 1995).

The predominant method of showing "but for" causation is the four-factor *Panduit* test, under which a patent owner must prove: (1) demand for the patented product, (2) the absence of acceptable non-infringing alternatives, (3) manufacturing and marketing capability to exploit the demand, and (4) the amount of profits lost. *Panduit Corp. v. Stahlin Bros. Fibre Works*, 575 F.2d 1152, 1156 (6th Cir. 1978); *Micro Chem., Inc. v. Lextron, Inc.*, 318 F.3d 1119, 1122 (Fed. Cir. 2003); *Grain Processing*, 185 F.3d at 1349.[2] Satisfaction of the *Panduit* test permits a court

---

[2] The Federal Circuit also recognized the "two-supplier test" but recently reconciled the two-supplier test with *Panduit* finding that "in essence, the two-supplier market test collapses the first two *Panduit* factors into one 'two suppliers in the relevant market' factor." *Micro Chemical,* 318 F.3d at 1124; *State Indus., Inc. v. Mor-Flo Indus., Inc.* 883 F.2d 1573, 1578 (Fed. Cir. 1989); *see also Lam, Inc. v. Johns-Manville Corp.*, 718 F.2d 1056, 1065 (Fed. Cir. 1983). In any event, the relevant market in this case has more than two suppliers. *See* Section IV.C.2, *supra.*

to reasonably infer that the lost profits claimed were in fact caused by the infringing sales, thus establishing a patentee's prima facie case with respect to "but for" causation. *Kaufman Co. v. Lantech, Inc.*, 926 F.2d 1136, 1141 (Fed. Cir. 1991). A patentee need not negate every possibility that the purchaser might not have purchased a product other than its own, absent the infringement. *Id.* When the patentee establishes the reasonableness of this inference, it has sustained the burden of proving entitlement to lost profits due to the infringing sales. *Id.*; *Rite-Hite*, 56 F.3d at 1545. The burden then shifts to the infringer to show that the inference is unreasonable as to some or all of the lost profits. *Micro Chem., Inc.*, 318 F.3d at 1122.

Under the second *Panduit* factor, an "acceptable" non-infringing alternative product must have the advantages of the patented product. *Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 953 F.2d 1360, 1373 (Fed. Cir. 1991)("A product . . . which lacks the advantages of the patented product can hardly be termed a substitute acceptable to the customer who wants those advantages"); *Smithkline Diagnostics, Inc.*, 926 F.2d at 1166 ("products without such features would obviously not be acceptable noninfringing substitutes").

In addition, to be an acceptable non-infringing substitute, "the product or process must have been available or on the market at the time of infringement." *Grain Processing*, 185 F.3d at 1349.[3] Market sales alone be sufficient to "defeat a case for lost profits." *Id.* at 1352, citing *Minco Inc. v. Combustion Eng'g, Inc.* 95 F.3d 1109, 1119 (Fed. Cir. 1996).

---

[3] The critical time period for determining availability of an alternative is the period of alleged infringement for which the patent owner claims damages; this period is known as the "accounting period." *Grain Processing*, 185 F.3d at 1353. Pechiney has assumed for purposes of this motion that the accounting period begins at the time Pechiney first offered to sell ClearShield to National Beef, around October 2003.

5

### C. Cryovac Can Not Meet Its Burden of Proving By A Reasonable Probability The "But-For" Test Required To Recover Lost Profits.

As a matter of law, Cryovac cannot meet its burden of satisfying by a reasonable probability the "but-for" causation test because it has failed to prove that acceptable non-infringing alternatives were unavailable during the period of the alleged infringement. In particular, Cryovac is not entitled to lost profits because there is no factual dispute that Curwood's Absolute Bone-In Protection ("ABP") packaging products sold under the trade name ArmorX™ and Complete Bone-In Protection ("CBP") packaging products are and were acceptable non-infringing substitutes in the marketplace during the accounting period. *See* A1942, Ex. 126, CR008-00382; A1950, Ex.126, CR046-00932; A1944-45, Ex. 126, CR004-004056. Lost profits damages are precluded by the indisputable conclusion that there were acceptable substitutes to the Cryovac TBG bag during the period of alleged infringement. *Grain Processing*, 185 F.3d at 1343; *Comair Rotron, Inc. v. Nippon Densan Corp.*, 49 F.3d 1535, 1538 (Fed. Cir. 1995); *Smithkline Diagnostics, Inc.*, 926 F.2d at 1167); *Datascope Corp. v. SMEC, Inc.*, 879 F.2d 820, 827 (Fed. Cir. 1989); *Gyromat Corp. v. Champion Spark Plug Co.*, 735 F.2d 549, 551 (Fed. Cir. 1984).

Cryovac bears the burden of proving by a reasonable probability the absence of non-infringing alternatives. *Rite-Hite Corp.*, 56 F.3d at 1545; *Grain Processing Corp.*, 185 F.3d at 1349. Cryovac can not meet its burden. Cryovac does not deny, and indeed has not made the slightest effort to disprove, that Curwood's bone-in FRM packaging products were: (1) non-infringing and (2) available during the period of infringement. Moreover, Cryovac can not show that the Curwood products are unacceptable to consumers. Pechiney's motion should, therefore, be granted.

1.  **Cryovac Can Not Meet Its Burden of Proof That The Curwood Offerings Are Infringing Or Unavailable.**

Cryovac has never suggested that Curwood's packaging products are infringing. Pechiney's damages expert opined that "Curwood supplies bags that are not covered by claim 11 of the '419 patent" (*see* A1926, Ex. 125, Expert Report of Larry W. Evans Pursuant to Fed. Rule 26(a), ¶30) and none of Cryovac's experts opined that Curwood's packaging products are infringing. Moreover, it is clear from Cryovac's own documents (*see* IV.C.2 *supra*) that Curwood's ABP and CBP products were available. Accordingly, as a matter of law, Cryovac cannot prove that Curwood's packaging products are infringing or that they were unavailable.

2.  **Cryovac Can Not Prove That Curwood's Bone-In Packaging Products Are Unacceptable to Consumers.**

Cryovac can not, as a matter of law, proven by a reasonable probability (or otherwise) that Curwood's ABP and CBP packaging products were unacceptable to consumers. In order to be deemed "acceptable," a non-infringing alternative product must have the advantages of the patented product. *Standard Havens Prods., Inc.*, 953 F.2d at 1373; *Smithkline Diagnostics, Inc.*, 926 F.2d at 1166.

**REDACTED**

As shown in the chart below, Cryovac's own documents, as well as other documents, demonstrate that Curwood's packaging products meet every one of these advantages:

| REDACTED | |
|---|---|
| | REDACTED |

| | |
|---|---|
| | **REDACTED** |
| **REDACTED** | **REDACTED** |
| **REDACTED** | **REDACTED** |
| **REDACTED** | **REDACTED** |

Not only is it undisputed that the Curwood bags possess the attributes of the '419 patent, their acceptability to bone-in FRM bag purchasers has been indisputably proven, since they were in fact sold in commercial quantities to bag users during the relevant period. (*See, e.g.*, A2115-18, Ex. 132, CR0045-00545-48; CR006-007557-8; A337, Ex. 28, CR061-000092; A2168, Ex. 136, CR032-002838; A2131-32, Ex. 134, CR014-000859-60; A1944-45, Ex. 126, CR004-004055; A2193, Ex. 140, CR004-000859; A2119, Ex. 133, CR032-002865-76; A2273, Ex. 147, CR006-007018; A2074, Ex. 129, CR006-009577.) *See also Grain Processing*, 185 F.3d at 1349, 1352 (market sales alone are sufficient to "defeat a case for lost profits"). Moreover, had neither Cryovac's TBG bags nor ClearShield been available to National Beef, there is no legitimate argument that National Beef would not have purchased Curwood bags, since this is essentially a

8

three supplier market and Curwood's bags would, by definition, have been the lowest cost alternative available, had Pechiney's ClearShield bag and Cryovac's TBG bag been unavailable.[4] (*See, e.g.,* A1943, Ex. 126, CR008-00383; A2164 Ex. 135, CR004-003040; A2119-30, Ex. 133, CR032-002865-76; A2168, Ex. 136, CR032-002838; A2074, Ex. 129, CR006-009577). This conclusion is confirmed by the deposition testimony of

**REDACTED**

Accordingly, there is no genuine issue of material fact that Curwood's bone-in FRM packaging products are acceptable non-infringing substitutes and Cryovac's claim for lost profits must, therefore, be precluded as a matter of law.

---

[4] For purposes of this lost profits analysis, the Court should presume that the Pechiney ClearShield bag is not available, because of Pechiney's alleged infringement of the '419 patent, and should also assume that Cryovac's BoneGuard bag is not available, because Cryovac's lost-profits claim arises out of its "lost" sales of the BoneGuard bag, and Cryovac is not entitled to recover lost profits if there were acceptable alternatives to the BoneGuard bag.

V. **CONCLUSION**

For all of the foregoing reasons, Pechiney respectfully requests that this Court grant Pechiney's motion for partial summary judgment on lost profits.

                                      Respectfully submitted,

                                      PECHINEY PLASTIC PACKAGING, INC.

Dated: October 19, 2005                  By: _____
                                                                       One of its Attorneys

N. Richard Powers (#494)
Rudolf E. Hutz (#484)
CONNOLLY BOVE LODGE & HUTZ
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207
Tel: (302) 888-6266

Donald R. Cassling (Admitted *pro hac vice*)
Steven R. Trybus (Admitted *pro hac vice*)
Shelley Smith (Admitted *pro hac vice*)
Brian P. O'Donnell (Admitted *pro hac vice*)
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL 60611
Telephone: (312) 222-9350

## CERTIFICATE OF SERVICE

I hereby certify that I caused true and correct copies of Pechiney's Motion for Partial Summary Judgment on Lost Profits to be served as follows:

**VIA HAND DELIVERY**
John W. Shaw, Esq.
Karen E. Keller, Esq.
YOUNG, CONAWAY, STARGATT,
 & TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
Fax: (302) 576-3334

**VIA FEDERAL EXPRESS**
Ford F. Farabow, Esq.
Joann M. Neth, Esq.
Michael J. Flibbert, Esq.
Courtney B. Meeker, Esq.
FINNEGAN, HENDERSON, FARABOW,
 & GARRETT & DUNNER, LLP
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
Fax: (202) 408-4400

This 19th day of October, 2005.