REDACTED VERSION – PUBLICLY FILED

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

CRYOVAC, INC.,                          )
                                        )
                                        )
        Plaintiff/Counter-Defendant,    )
                                        )
            v.                          )   C.A. No.: 04-1278 (KAJ)
                                        )
PECHINEY PLASTIC PACKAGING,             )   **Redacted Version -**
INC.,                                   )   **Publicly Filed**
                                        )
        Defendant/Counter-Plaintiff.    )


**PLAINTIFF CRYOVAC INC.'S OPENING BRIEF
IN SUPPORT OF ITS MOTION FOR
SUMMARY JUDGMENT THAT PECHINEY INFRINGES
CLAIM 11 OF THE SHAH '419 PATENT**

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Michele Sherretta (No. 4651)
YOUNG CONAWAY STARGATT &
    TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
(302) 571-6600
jshaw@ycst.com

Of Counsel:

Ford F. Farabow, Jr.
Joann M. Neth
Courtney B. Meeker
Mark J. Feldstein
Rebecca D. Hess
FINNEGAN, HENDERSON,
FARABOW,
    GARRETT & DUNNER, L.L.P.
901 New York Avenue, NW
Washington, D.C.  20001-4413
(202) 408-4000

    Attorneys for Plaintiff Cryovac, Inc.

Dated:  October 19, 2005

DB01:1880411.1                                          063527.1001

REDACTED VERSION – PUBLICLY FILED

# TABLE OF CONTENTS

I.     INTRODUCTION ...................................................................................................1

II.    NATURE AND STAGE OF PROCEEDING ......................................................1

III.   SUMMARY OF ARGUMENT .............................................................................1

IV.    STATEMENT OF FACTS ....................................................................................2

      A.     The Shah '419 Patent ..............................................................................2

      B.     Pechiney's ClearShield™ Film...............................................................4

V.     ARGUMENT .........................................................................................................7

      A.     Legal Standards for Infringement and Summary Judgment ....................7

      B.     ClearShield™ comprises an "oriented coextruded film." ........................8

      C.     ClearShield™ comprises every claim limitation described in
           subparagraphs (a), (b), (c), and (d) of claim 11. ....................................9

      D.     ClearShield™ comprises a film having "at least seven layers arranged
           symmetrically," as that limitation is properly construed. ......................13

VI.    CONCLUSION....................................................................................................17

REDACTED VERSION – PUBLICLY FILED

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Athletic Alternatives, Inc. v. Prince Mfg., Inc.,*
   73 F.3d 1573 (Fed. Cir. 1996)..................................................................................7

*Genentech, Inc. v. Chiron Corp.,*
   112 F.3d 495 (Fed. Cir. 1997).........................................................................10, 17

*Markman v. Westview Instruments, Inc.,*
   52 F.3d 967 (Fed. Cir. 1995) (en banc), *aff'd,* 517 U.S. 370 (1996).........................7

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,*
   475 U.S. 574 (1986) ................................................................................................8

*Phillips v. AWH Corp.,*
   415 F.3d 1303  (Fed. Cir. 2005) (en banc) ..............................................................7

*Teleflex, Inc. v. Ficosa N. Am. Corp.,*
   299 F.3d 1313 (Fed. Cir. 2002)..............................................................................16

*Telemac Cellular Corp. v. Topp Telecom, Inc.,*
   247 F.3d 1316 (Fed. Cir. 2001)..........................................................................8, 17

*Transclean Corp. v. Bridgewood Servs. Inc.,*
   290 F.3d 1364 (Fed. Cir. 2002)................................................................................7

*Warner-Jenkinson Co. v. Hilton Davis Chem. Co.,*
   520 U.S. 17 (1997)...................................................................................................7

### FEDERAL STATUTES

35 U.S.C. § 271..............................................................................................................1

Fed. R. Civ. P. 56 (c) .....................................................................................................8

REDACTED VERSION – PUBLICLY FILED

## I.    INTRODUCTION

Cryovac, Inc. ("Cryovac") submits this opening brief in support of its motion for summary judgment that ClearShield™ film made and sold by Pechiney Plastic Packaging, Inc. ("Pechiney") infringes claim 11 of U.S. Patent No. 4,755,419 ("the Shah '419 patent").

## II.    NATURE AND STAGE OF PROCEEDING

This patent infringement suit is based on Pechiney's manufacture and sale of ClearShield™ film covered by claim 11 of the Shah '419 patent, in violation of 35 U.S.C. § 271. Cryovac also has tortious interference claims against Pechiney because Pechiney used its infringing product to interfere with a Cryovac contract and prospective business relationship. The parties completed relevant fact and expert discovery in accordance with the Court's Scheduling Order and exchanged their proposed definitions of all claim terms. (D.I. 22, ¶¶ 3, 11.) This summary judgment motion and brief are filed pursuant to paragraph 10 of the Scheduling Order. (D.I. 22, ¶ 10.) Cryovac is filing its Initial Brief on Claim Construction concurrently. (D.I. 22, ¶ 12.) A copy of the parties' claim construction chart as it exists on October 19 (without citations to intrinsic evidence) is attached as Exhibit 1. The parties' Joint Claim Construction Chart (with citations to intrinsic evidence) is due to the Court on November 18, 2005. (D.I. 22, ¶¶ 11, 12.)

## III.    SUMMARY OF ARGUMENT

The parties do not dispute any material facts necessary to decide that ClearShield™ infringes claim 11 of the Shah '419 patent. Uncontested evidence, such as ███████████████████████████████████████████ ██████████████Pechiney's Supplemental Responses to Cryovac's Requests for Admissions, Pechiney's ██████████████and Pechiney's technical tutorial to

1

REDACTED VERSION – PUBLICLY FILED

this Court on April 22, 2005, all show that Pechiney's ClearShield™ product comprises
"an oriented coextruded film" having "at least seven layers arranged symmetrically"
"comprising" "(a) a core layer comprising an ethylene vinyl alcohol copolymer;" "(b)
two intermediate layers each comprising a polyamide;" "(c) two outer layers each
comprising a polymeric material or blend of polymeric materials;" and "(d) two layers,
each comprising an adhesive polymeric material, which adhere each of said intermediate
layers to a respective outer layer," as recited in claim 11 of the Shah '419 patent.
Because there is overwhelming evidence that Pechiney's ClearShield™ film meets each
and every properly construed claim limitation in claim 11 of the Shah '419 patent,
summary judgment on infringement should be granted. Pechiney's attempts to argue that
its ClearShield product does not infringe are without merit.

## IV.    STATEMENT OF FACTS

### A.    The Shah '419 Patent

The Shah '419 patent issued from the United States Patent and Trademark Office
("U.S. PTO") on July 5, 1988, based on Application Serial No. 06/842,600, filed
March 21, 1986. (Ex. 2.) The sole inventor is Gautum P. Shah. (*Id.*) The Shah '419
patent was originally assigned to W.R. Grace & Co., Cryovac Div. and is now assigned to
Cryovac, Inc. (Ex. 3, Assignment information from the U.S.P.T.O.)

The invention described and claimed in the Shah '419 patent "relates to oriented
thermoplastic films for packaging applications." (Ex. 2, col 1, lns 5-6.) In this action,
Cryovac is asserting claim 11 of the Shah '419 patent against Pechiney. Claim 11 reads
as follows:

> An oriented coextruded film having at least seven layers
> arranged symmetrically comprising:

REDACTED VERSION – PUBLICLY FILED

> (a)  a core layer comprising an ethylene vinyl alcohol copolymer;
>
> (b)  two intermediate layers each comprising a polyamide;
>
> (c)  two outer layers each comprising a polymeric material or blend of polymeric materials; and
>
> (d)  two layers, each comprising an adhesive polymeric material, which adhere each of said intermediate layers to a respective outer layer.

(Ex. 2, col 9, ln 67-col 10, ln 9.)

The Shah '419 patent includes a section identified as "Definitions" to expressly provide the meanings of several terms used in the specification and claims. (Ex. 2, col 3, lns 41-col 4, ln 40.) Among the terms addressed is "oriented," which is defined as

> a polymeric material which has been heated and stretched to realign the molecular configuration, this stretching accomplished by a racking or blown bubble process.

(Ex. 2, col 3, lns 45-52.) "Blown bubble process" is later characterized as a process where "the coextruded and cooled tube is heated to its orientation temperature range to orient the film." (Ex. 2, col 8, lns 60-62.) The blown bubble process is also explained in the context of the detailed Example 1, where a solid tube formed by the cooling of a melt-state multilayer coextrusion was heated to a temperature below its melting point and "blown into a bubble" to stretch it about 3.3 times its original dimension in one direction, and about 3.5 times in the perpendicular direction. (Ex. 2, col 7, lns 14-26.)

Thicknesses of the various layers are addressed within the specification, and several preferred embodiments are discussed. For instance, the specification provides a range of thicknesses for each of the outer layers, stating that "preferably each comprise from about 20% to 40%" of the total film thickness. (Ex. 2, col 5, ln 43.) The two intermediate polyamide containing layers are disclosed as each being between 5% and

3

REDACTED VERSION – PUBLICLY FILED

25% of the total film thickness (Ex. 2, col 5, lns 20-22), and the adhesive layers are likewise disclosed as each being between about 5% and about 15% of the total film thickness (Ex. 2, col 6, lns 65-67).

The Shah '419 patent also provides detailed guidance concerning possible polymer components for the various layers, including the identification of several commercially available materials for each. (Ex. 2, col 5, ln 6-col 6, ln 64.) In addition to the polymer components, the inclusion of additives, such as slip and antiblock agents, are also disclosed. (*E.g.,* Ex. 2, col 5, lns 35-40; col 6, lns 3-14.)

Two examples of films according to the Shah '419 patent are provided in the specification, and each includes specific layer compositions and detailed formation methods. (Ex. 2, col 7, ln 1-col 8, ln 34.) The temperature and stretch conditions used to orient the previously coextruded and cooled multilayer films are provided, together with other details concerning composition and formation. (Ex. 2, col 7, lns 14-23.)

### B.    Pechiney's ClearShield™ Film

Pechiney sells a packaging product called "ClearShield™" to meat-packing customers such as ███████████████ (Ex. 4, ███████████████████ ███████████ at 56:22-57:3.) Pechiney began selling ClearShield™ in early 2004. (*Id.* at 25:16-22; 31:7-11.)

ClearShield™ is a seven layer film. (Ex. 5 ████████████ at 13:20-22; Ex. 6, Pechiney's technical tutorial 4/22/05 handout p. 5.) The seven layers are coextruded. (Ex. 4 at 68:4-9; Ex. 5 at 14:1-2; Ex. 6 at 12; Ex. 7, Pechiney's Supplemental Responses to Cryovac's First Set of Requests for Admissions, no. 13.) The coextruded film is

---

████████████████████████

REDACTED VERSION – PUBLICLY FILED

oriented by reheating the coextruded film to its orientation temperature and stretching it

to realign the molecular configuration. (Ex. 5 at 14:3-16; Ex. 7, no. 3; Ex. 8, ██████

████████████████████ at PPPI003141-42; Ex. 9, Technical tutorial

(4/22/05) hearing tr. at 33:2-7.) ██████████████████████

█████████████████████████████ (Ex. 5 at 15:15-18:6.)

In its technical tutorial to the Court, Pechiney provided the following illustration

of the ClearShield™ film:

## ClearShield™ Film



(Ex. 6 at 5.)  As this illustration reflects and as Pechiney's ████████████

██████████ the ClearShield™ film includes "a core layer comprising an ethylene vinyl

alcohol copolymer." (Ex. 5 at 18:11-14; *see also* Ex. 4 at 56:11-15.)  This layer is

referred to as the EVOH Core Layer in Pechiney's illustration above.  (Ex. 6 at 5.)

The seven layer ClearShield™ film also includes "two intermediate layers each

comprising [a] polyamide." (Ex. 5 at 19:10-13; Ex. 7, no. 13.)  These layers are each

referred to as a Nylon Layer in Pechiney's illustration. (Ex. 6 at 5.)  As Pechiney's

████████████████████████████ (Ex. 5 at 19:9.) ██████████

REDACTED VERSION – PUBLICLY FILED

████████████████████████████████████

██████████████████████████ (Ex. 5 at 35:8-17; Ex. 4 at 56:8-10;

*see also* Ex. 10, Pechiney's ████████████████████████

PPPI010925-26.)

ClearShield™ also includes ████████████████████

████████████ (Ex. 5 at 19:14-20:1; Ex. 7, no. 13.) In Pechiney's illustration,

these two outer layers are referred to as the Outer Layer and the Sealant Layer. (Ex. 6 at

5.) These are the outer layers because they are the outermost layers of the film. (Ex. 5 at

19:19-20:1.) Furthermore, ████████████████████████

████████████████████████████████████

████████████ (Ex. 5 at 33:9-15; Ex. 10 at PPPI010925-26; *see also* Ex. 4 at 55:17-

56:3.)

The ClearShield™ film also includes ████████████████

████████████████████████████████████

██████ (Ex. 5 at 20:2-11; Ex. 7, no. 13.) These layers are each referred to as an

Adhesive Layer in Pechiney's illustration. (Ex. 6 at 5.) Additionally, ████████████

████████████████████████ (Ex. 5 at 34:14-17; *see also* Ex. 10 at

PPPI010925-26 and Ex. 4 at 56:4-7.)

These seven layers (*i.e.*, the Core Layer, the two Nylon Layers, the two Adhesive

Layers and the two Outer Layers) are arranged symmetrically in ClearShield™. That is,

one Nylon Layer, one Adhesive Layer and one Outer Layer are in the same order on each

of the opposite sides of the Core Layer. This is depicted in Pechiney's illustration and

REDACTED VERSION – PUBLICLY FILED

confirmed by Pechiney's ██████████████████████████ and

Supplemental Admissions. (Ex. 5 at 20:19-24:20; Ex. 10 at PPPI010926; Ex. 7, no. 13.)

## V.     ARGUMENT

### A.     Legal Standards for Infringement and Summary Judgment

Determining infringement involves two steps:  (1) construing the claim terms

based on the terms' ordinary meaning and the patent specification (a question of law),

and (2) comparing the properly construed claim terms to the accused product (a question

of fact). *See Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995)

(en banc), *aff'd,* 517 U.S. 370 (1996); *See also Phillips v. AWH Corp.*, 415 F.3d 1303,

1313-15 (Fed. Cir. 2005) (en banc) (finding that claim terms should be construed in view

of the terms ordinary meaning and the specification). If  every claim term or limitation is

found in the accused device, then the device infringes. *See Transclean Corp. v.*

*Bridgewood Servs., Inc.*, 290 F.3d 1364, 1370 (Fed. Cir. 2002) (citing *Warner-Jenkinson*

*Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 29 (1997)).

Cryovac's Initial Brief on Claim Construction is filed concurrently and properly

defines all the limitations of claim 11 of the Shah '419 patent. "Where, as here, the

parties do not dispute any relevant facts regarding the accused product but disagree over

[claim construction], the question of literal infringement collapses to one of claim

construction and is thus amenable to summary judgment." *Athletic Alternatives, Inc. v.*

*Prince Mfg., Inc.*, 73 F.3d 1573, 1578 (Fed. Cir. 1996).

Whether a product includes each claim limitation is a factual determination. *See*

*Transclean Corp.*, 290 F.3d at 1370.  If the evidence shows "there is no genuine issue as

to any material fact and the moving party is entitled to a judgment as a matter of law,"

then summary judgment shall be granted.  Fed. R. Civ. P. 56(c).  "Where the record taken

as a whole could not lead a rational trier of fact to find for the non-moving party, there is

no 'genuine issue for trial.'"  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S.

574, 587 (citation omitted).  Therefore, summary judgment is appropriate in patent

infringement suits when material facts are not in dispute and it is apparent that only one

conclusion regarding infringement could be reached by a reasonable jury.  *See Telemac*

*Cellular Corp. v. Topp Telecom, Inc.,* 247 F.3d 1316, 1323 (Fed. Cir. 2001).

**B.     ClearShield™ comprises an "oriented coextruded film."**

Cryovac proposes that "an oriented coextruded film" means "a film formed by

coextrusion that is then heated to its orientation temperature range and stretched to

realign the molecular configuration, this stretching accomplished by a racking or blown

bubble process."  (Ex. 1; Cryovac's Initial Brief on Claim Construction, pp. 11-18.)  This

construction is based on the clear definition and teachings set forth in the '419

specification.  (*Id.*; Ex. 2, col 3, lns 45-52, col 7, lns 14-26, col 8, lns 60-64.) ▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮and

Pechiney's Supplemental Admissions plainly admit that ClearShield™ is coextruded, and

then oriented by heating the film to its orientation temperature range and stretching it to

realign the molecular configuration using a blown bubble orientation process that

(according to Pechiney) would fall within the Shah '419 patent's definition of racking.

(Ex. 5 at 14:1-16, 15:15-18:6; Ex. 4 at 69:4-72:2; Ex. 8 at PPPI003141-42; Ex. 7, nos. 3,

4, 13.)  Thus, ClearShield™ contains the limitation "an oriented coextruded film" as

Cryovac defines that term.

8

Even if the Court chooses Pechiney's proposed construction of "an oriented coextruded film,"[2] Pechiney has already admitted outright that ClearShield™ contains this element under its own construction. (Ex. 7, no. 13 ("ClearShield [is] comprised of oriented film…as the terms 'oriented' [and] 'film'…are construed by Pechiney…. Pechiney further admits that [ClearShield™] products…are comprised of coextruded film as Pechiney construes the phrase 'coextruded film.'").) *See also* ██████████ *supra*.

Thus, there is no question that ClearShield™ comprises "an oriented coextruded film" under either party's construction of that claim term.

**C.    ClearShield™ comprises every claim limitation described in subparagraphs (a), (b), (c), and (d) of claim 11.**

Cryovac's proposed constructions of subparagraphs (a) through (d) are:

| Claim 11 limitation: | Cryovac's proposed construction: |
|---|---|
| **(a)**    a core layer comprising an ethylene vinyl alcohol copolymer | A layer that must contain ethylene vinyl alcohol copolymer but may also contain other components, which is located between the two intermediate layers (b) of claim 11. |
| **(b)**    two intermediate layers each comprising a polyamide | Two layers in a multilayer film, each adhered on both sides to other layers. Each must contain a common polyamide component but each may also contain other components as well. |
| **(c)**    two outer layers each comprising a polymeric material or blend of polymeric materials | The two outer layers of a multilayer film. Each must contain a common polymeric component but each may also contain other components as well. |
| **(d)**    two layers, each comprising an adhesive polymeric material, which adhere each of said intermediate layers to a respective outer layer. | Two layers of a multilayer film, which each adhere one of the intermediate layers to a respective outer layer. Each must contain a common adhesive polymeric material but each may also contain other components as well. |

(Ex. 1; Cryovac's Initial Brief on Claim Construction, pp. 32-38.)

---

[2] Pechiney proposed: "An oriented film formed by coextrusion" where "oriented" means "[a] polymeric material which has been heated and stretched to realign the molecular configuration." (Ex. 1.)

9

REDACTED VERSION – PUBLICLY FILED

As discussed in Cryovac's Initial Brief on Claim Construction, these definitions are based on the terms' ordinary meanings, the context of the claim terms within the rest of the claim, the teachings in the '419 specification, and the legal meaning of the claim term "comprising." (Cryovac's Initial Brief on Claim Construction, pp. 31-38; *Genentech, Inc. v. Chiron Corp.*, 112 F.3d 495, 501 (Fed. Cir. 1997) ("'Comprising' is a term of art used in [patent] claim language which means that the named elements are essential, but other elements may be added and still form a [product] within the scope of the claim.").)

Pechiney conceded that ClearShield™ contains every one of these limitations (a), (b), (c), and (d). (Ex. 5 at 18:11-14, 19:3-20:11; Ex. 7, no. 13.) ██████████████ ████████████████████████████████ and its technical tutorial to the Court all admitted that ClearShield™ comprises: (A) an EVOH-containing layer located between the two intermediate layers and referred to by Pechiney as the "core layer"[3]; (B) two polyamide (i.e., nylon)-containing layers each adhered on both sides to other layers; (C) two outer layers each containing a polymeric component; and (D) two adhesive polymeric layers which each adhere one of the intermediate layers to a respective outer layer. (Ex. 5 at 18:11-14, 19:3-20:11, 22:22-24:9; Ex. 4 at 32:1-8, 35:10-39:8, 52:8-55:7; Ex. 6 at 5; Ex. 10; Ex. 7, no. 13.)

Pechiney's ██████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

---

[3] For example, in its own diagram of ClearShield™ (see above), Pechiney specifically labeled the center EVOH-containing layer the "EVOH Core Layer." (Ex. 6 at 5.)

10

REDACTED VERSION – PUBLICLY FILED

███████████████████████████████ ─as required by Cryovac's

constructions of subparagraphs (b), (c), and (d), respectively. (Ex. 5 at 33:9-15, 34:14-

17, 35:8-17; Ex. 4 at 55:17-56:15; Ex. 10 at PPPI010926.)

　　　Thus, by Pechiney's unambiguous admissions, ClearShield™ includes each

limitation (a) through (d) of claim 11--as those limitations are each construed by

Cryovac.

　　　Pechiney's proposed construction of subparagraph (a) ("A central layer that is

adhered on both sides to other layers and whose composition includes an ethylene vinyl

alcohol copolymer but may also include other material(s)"), is also met by ClearShield™.

The evidence cited above shows a central EVOH layer adhered on both sides to

polyamide layers. (Ex. 5 at 18:11-14, 19:3-7; Ex. 6 at 5.) Furthermore, Pechiney's

███████████████████████████████[4]　Hence, Pechiney admits

ClearShield™ contains "(a) a core layer comprising an ethylene vinyl alcohol

copolymer" under Pechiney's construction as well. (*See also* Ex. 7, no. 13.)

　　　Pechiney's proposed constructions of subparagraphs (b), (c), and (d), do not

require there be any common/shared chemical component(s) between the

"corresponding" layers.[5,6,7] (Ex. 1; Cryovac's Initial Brief on Claim Construction, *e.g.*,

---

[4]　Pechiney's█████████████████████████
　　　A: █████████████████
　　　Q: ████████████████████
　　　A: ████████████████████████████
(Ex. 4 at 56:13-15.) Likewise, █████████████████████ (Ex. 5 at 20:19-21:6.)
███████████████████████████████

[5]　For subparagraph (b), Pechiney proposes: "A first layer that is adhered on both
sides to other layers and whose composition includes a polyamide but may also include
other material(s) and a second layer that is adhered on both sides to other layers and
whose composition includes a polyamide but may also include other material(s). The

REDACTED VERSION – PUBLICLY FILED

p. 34.)  Even if the Court chooses Pechiney's broader constructions of subparagraphs (b)

through (d), those limitations are still present in ClearShield™, by Pechiney's own

admissions.  In addition to the above evidence, Pechiney explicitly admitted in its

Supplemental Admissions that ClearShield™ comprises "two intermediate layers each

comprising a polyamide" (subparagraph (b)) "two outer layers each comprising a

polymeric material or blend of polymeric materials" (subparagraph (c)) and "two layers,

each comprising an adhesive polymeric material, which adhere each of said intermediate

layers to a respective outer layer" (subparagraph (d)) "as the terms...are construed by

Pechiney." (Ex. 7, no. 13.) (emphasis added)

Consequently, there is no genuine issue of material fact--given Pechiney's own

testimony, documents, and statements to the Court--that ClearShield™ comprises "(a) a

core layer comprising an ethylene vinyl alcohol copolymer;" "(b) two intermediate layers

each comprising a polyamide;" "(c) two outer layers each comprising a polymeric

material or blend of polymeric materials;" and "(d) two layers, each comprising an

adhesive polymeric material, which adhere each of said intermediate layers to a

---

polyamide in the first layer need not be the same as the polyamide in the second layer."
(Ex. 1.)

[6] For subparagraph (c), Pechiney proposes:  "A first layer that is on the outside of
the film and whose composition includes a polymeric material or blend of polymeric
materials but may also include other material(s) and a second layer that is on the outside
of the film and whose composition includes a polymeric material or blend of polymeric
materials but may also include other material(s). The polymeric material or blend of
polymeric materials in the first layer need not be the same as the polymeric material or
blend of polymeric materials in the second layer." (Ex. 1.)

[7] For subparagraph (d), Pechiney proposes:  A first layer whose composition
includes an adhesive polymeric material but may also include other material(s) and which
adheres the first intermediate layer to the first outer layer and a second layer whose
composition includes an adhesive polymeric material but may also include other
material(s) and which adheres the second intermediate layer to the second outer layer.
The adhesive polymeric material in the first layer need not be the same as the adhesive
polymeric material in the second layer." (Ex. 1.)

12

respective outer layer." ClearShield™ contains these limitations under <u>either</u> party's constructions.

**D.    ClearShield™ comprises a film having "at least seven layers arranged symmetrically," as that limitation is properly construed.**

As discussed in Cryovac's Initial Brief on Claim Construction, the parties proposed different claim constructions for the term "at least seven layers arranged symmetrically." (Cryovac's Initial Brief on Claim Construction, pp. 24-31; Ex. 1.) Cryovac's proposed definition is:

> At least the seven layers recited in subparagraphs (a), (b), (c) and (d) of claim 11 arranged such that one layer (b), one layer (c) and one layer (d) are in the same order on each of the opposite sides of the core layer (a), for example, c/d/b/a/b/d/c. This claim phrase limits the arrangement of the layers. It does not limit the thickness of the layers. Nor does it limit the amounts of recited components or additives that may be included in the layers.

This definition is based on the claim term's ordinary plain meaning, the teachings in the '419 specification, and the '419 prosecution history. (*Id.*) As explained in Cryovac's Initial Brief on Claim Construction, this limitation is consistent with the Shah '419 patent specification and does not restrict the relative thickness of any of the layers. (*Id.*) For example, the Shah '419 patent specification discloses that corresponding layers may vary in relative thickness. (Ex. 2, col 5, ln 43 ("preferably *each* (outer layer) comprise from about 20% to 40%" of the total film thickness (emphasis added)), col 5, lns 20-22 (the two intermediate polyamide-containing layers may each be between 5% and 35% of the total film thickness), col 6, lns 65-67 (the adhesive layers may each be between about 5% and about 15% of the total film thickness).) Thus, the film need not be symmetrical in the geometric sense. (Cryovac's Initial Brief on Claim Construction, pp. 26-31.) Likewise, as explained *supra* and in Cryovac's Initial Brief on Claim

13

Construction, the claim language and the accepted meaning of the patent term "comprising" do not restrict the amounts of required components or the additives that may be included. (*Id.*, pp. 31-32.)

As shown in section B. above, ClearShield™ undeniably contains the seven layers recited in subparagraphs (a), (b), (c), and (d). (*See* testimony citations *supra.*) Unambiguous, undisputed evidence from Pechiney <u>also</u> shows that ClearShield™ contains those seven layers arranged symmetrically in the order: c/d/b/a/b/d/c. (Ex. 6 at 5; Ex. 10; Ex. 5 at 22:22-24:20; Ex. 7, no. 13.) In other words, one intermediate layer (b), one outer layer (c) and one adhesive layer (d) are in the same order on each side of the EVOH core layer (a). (*Id.*) Hence, there is no question that ClearShield™ contains the element "at least seven layers arranged symmetrically," as that term is properly construed.

As discussed in detail in Cryovac's Initial Brief on Claim Construction, Pechiney's proposed construction of "at least seven layers arranged symmetrically"[8] is not supported by the '419 specification and in fact is contradictory to the express teachings in the specification. (Cryovac's Initial Brief on Claim Construction, pp. 24-31.) Pechiney quite simply argues for language not included in the patent. Pechiney reads into the claims a requirement that the film be symmetrical, i.e., that it be a mirror image on each side of a center line. However, the language in the patent requires only

---

[8] Pechiney proposes the definition: "Putting seven or more layers in a desired symmetrical order when the film is viewed in cross-section, that is, putting the layers in an order so that the geometrical center line of the core layer is the geometrical center line of the film and there is correspondence in the size (thickness) and composition of layers on opposite sides of the core layer resulting in the corresponding layers being mirror images of each other with the same thickness and the same chemical composition." (Ex. 1.)

REDACTED VERSION – PUBLICLY FILED

that the *layers are arranged symmetrically.* Thus, the limitation in the patent claim is layer arrangement, not a requirement of identical layer thickness. The requirement in the patent is only that the layers be arranged in a symmetrical *order* on each side of the center layer. Further, Pechiney's requirements for a "geometrical center line," "mirror images," and "correspondence in size (thickness) and composition of layers" are not mentioned or required by the '419 specification. (*Id.,* pp. 24-25, 28.) On the contrary, the '419 specification explicitly states that the corresponding layers <u>can vary</u> in relative thickness, thereby conflicting with Pechiney's proposed requirements for both identical thickness and a "geometric center." (Ex. 2, col 5, ln 20-22, 43, col 6, lns 65-67.) Also, the '419 specification discloses that each outer layer "will typically contain small amounts of slip and antiblock additives" and never requires compositional identity beyond the common recited components (e.g., a polymeric material). (Ex. 2, col 5, lns 29-30.)

■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■ (Pechiney claims)

■■■■■■■■■■■■■■■■■■■■■■■

■■■ These defenses are meritless.

First, as previously explained, the '419 specification teaches that the thickness of each of the two outer polymeric layers can be different (the outer layers "preferably each comprise from about 20% to 40%...of the total thickness of the multilayer film"). (Ex. 2, col 5, lns 42-43.) Neither claim 11 nor the '419 specification imposes an "absolute symmetry" requirement on the corresponding layers or the film as a whole. (Ex. 2, col 5, ln 20-22, 43, col 6, lns 65-67; Cryovac's Initial Brief on Claim Construction, pp. 26-31.)

REDACTED VERSION – PUBLICLY FILED

In fact, claim 11 (claim 1 during prosecution) was clarified during prosecution to delete a limitation in the body of the claim that stated, "said layers of the multilayer films forming a symmetrical heat-shrinkable structure." (Ex. 11, May 22, 1987, Amendment After Final.)[9] Instead, the preamble of claim 11 was amended to include the present phrase "at least seven layers arranged symmetrically."[10] (Ex. 11; Cryovac's Initial Brief on Claim Construction, p. 30.) In light of this prosecution history clarification, the claim should not be interpreted to require absolute symmetry. *Teleflex, Inc. v. Ficosa N. Am. Corp.*, 299 F.3d 1313, 1326 (Fed. Cir. 2002) ("[a]mendments made during the prosecution of a patent application...must be examined to determine the meaning of terms in the claims." (citations omitted.))

Second, the specification also teaches that "small amounts of slip and antiblock additives" can be used in the outer layers, and does not require that the additives be the same. (Ex. 2, col 5, lns 29-30.) In actuality,



(Ex. 10.) That is, ClearShield™

(Ex. 10 at PPPI 010926.) Pechiney's

(Ex. 5 at 242:4-245:12.) Finally, claim 11 clearly states that the film comprises "two

---

[9] Pursuant to U.S. PTO convention, this deleted limitation appears within brackets in subparagraph (d) of claim 11. (Ex. 11.)

[10] Pursuant to U.S. PTO convention, this added limitation is underscored in the preamble of claim 11.

DB01:1880411.1

063527.1001

REDACTED VERSION – PUBLICLY FILED

outer layers each *comprising* a polymeric material or blend of polymeric materials."
(Ex. 2, col 10, lns 5-6.) (emphasis added.)  As stated previously, the word "comprising"
means that the product can contain other components in addition to the essential
elements, and still be within the scope of the claim.  *See Genentech,* 112 F.3d at 501.
Therefore, the outer layers can include *other* components, such as different amounts of
additives, and still fall within claim 11.

Thus, Pechiney cannot legitimately argue that it does not infringe ▓▓▓▓▓▓▓▓

**VI.    CONCLUSION**

Pechiney's ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ its

Responses to Requests for Admissions, its ClearShield™ ▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and its technical tutorial to this Court are clear and

undisputed evidence that ClearShield™ infringes claim 11 of the Shah '419 patent.  Since

no reasonable jury could deny that ClearShield™ contains every properly construed

claim limitation in claim 11 of the Shah '419 patent, summary judgment on infringement

should be granted.  *See Telemac Cellular Corp.,* 247 F.3d at 1323.

Respectfully submitted,

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Michele Sherretta (No. 4651)
YOUNG CONAWAY STARGATT &
    TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
(302) 571-6600
jshaw@ycst.com

17

REDACTED VERSION – PUBLICLY FILED

Of Counsel:
Ford F. Farabow, Jr.
Joann M. Neth
Courtney B. Meeker
Mark J. Feldstein
Rebecca D. Hess
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, NW
Washington, D.C.  20001-4413
(202) 408-4000

Attorneys for Plaintiff Cryovac, Inc.

Dated:  October 19, 2005

DB01:1880411.1                                                                                    063527.1001

REDACTED VERSION – PUBLICLY FILED

## CERTIFICATE OF SERVICE

I, John W. Shaw, hereby certify that on October 19, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such document is available for viewing and downloading to the following counsel of record:

> N. Richard Powers, Esquire
> Connolly Bove Lodge & Hutz LLP
> The Nemours Building
> 1007 North Orange Street
> P. O. Box 2207
> Wilmington, DE 19899

I further certify that I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated.

**BY FEDERAL EXPRESS**

> Steven R. Trybus, Esquire
> Jenner & Block LLP
> One IBM Plaza
> Chicago, IL 60611-7603

> YOUNG CONAWAY STARGATT & TAYLOR, LLP

> John W. Shaw (No. 3362)
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, Delaware 19801
> (302) 571-6600
> jshaw@ycst.com

> Attorneys for Plaintiff Cryovac, Inc.

## CERTIFICATE OF SERVICE

I, Michele Sherretta, hereby certify that on October 25, 2005, I caused to be electronically filed a

true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will

send notification that such document is available for viewing and downloading to the following counsel

of record:

> N. Richard Powers, Esquire
> Connolly Bove Lodge & Hutz LLP
> The Nemours Building
> 1007 North Orange Street
> P. O. Box 2207
> Wilmington, DE  19899

I further certify that on October 25, 2005, I caused a copy of the foregoing document to be served

by hand delivery on the above-listed counsel of record and on the following non-registered participants in

the manner indicated.

### BY FEDERAL EXPRESS

> Steven R. Trybus, Esquire
> Jenner & Block LLP
> One IBM Plaza
> Chicago, IL  60611-7603

> YOUNG CONAWAY STARGATT & TAYLOR, LLP

> _____
> John W. Shaw (No. 3362)
> *jshaw@ycst.com*
> Karen E. Keller (No. 4489)
> *kkeller@ycst.com*
> Michele Sherretta (No. 4651)
> *msherretta@ycst.com*
> Andrew A. Lundgren (No. 4429)
> *alundgren@ycst.com*
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, Delaware  19801
> (302) 571-6600

> Attorneys for Plaintiff Cryovac, Inc.

## CERTIFICATE OF SERVICE

I, Michele Sherretta, hereby certify that on October 26, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such document is available for viewing and downloading to the following counsel of record:

> N. Richard Powers, Esquire
> Connolly Bove Lodge & Hutz LLP
> The Nemours Building
> 1007 North Orange Street
> P. O. Box 2207
> Wilmington, DE  19899

I further certify that on October 26, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated.

**BY FEDERAL EXPRESS**

> Steven R. Trybus, Esquire
> Jenner & Block LLP
> One IBM Plaza
> Chicago, IL  60611-7603

> YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
> *Michele Sherretta*
> _____
> John W. Shaw (No. 3362)
> *jshaw@ycst.com*
> Karen E. Keller (No. 4489)
> *kkeller@ycst.com*
> Michele Sherretta (No. 4651)
> *msherretta@ycst.com*
> Andrew A. Lundgren (No. 4429)
> *alundgren@ycst.com*
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, Delaware  19801
> (302) 571-6600

> Attorneys for Plaintiff Cryovac, Inc.