

# Important Considerations for Bone-In Fresh Red Meat Bags

- Oxygen, flavor and aroma barrier
- Puncture resistance
- Abuse resistance
- Optical properties
- Shrink properties
- Printability and handling
- Ease of loading
- Seal strength and sealability

Civil Action No. 04-1278

# Shrink Properties

- Film must shrink around the meat to present meat in desirable fashion

- Film must shrink tightly around meat to prevent fluid from seeping from meat

19

# Printability and Handling

- Regulatory information, trademark etc. are printed on bag

- Meat packer must easily grip bag

- Bag handling equipment must easily move bags

- Conveying tape used to organize bags must adhere to bags

20

# Ease of Loading

- Meat packer must be able to easily open bag for loading of meat

Civil Action No. 04-1278

# Seal Strength and Sealability

- Seal at bottom of bag must be strong enough to survive impact of meat dropped in bag

- Seal at top of bag must form through grease and blood

- Seal at top formed by different customers under differing conditions

22



ClearShield Film

Outer Layer

Adhesive Layer

Nylon Layer

EVOH Core Layer

Nylon Layer

Adhesive Layer

Sealant Layer

23

24

# Technical Tutorial
# Defendant's Presentation
# April 22, 2005

## Cryovac, Inc. v. Pechiney Plastic Packaging, Inc.
## Civil Action No. 04-1278

Civil Action No. 04-1278

# EXHIBIT 7

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CRYOVAC, INC., )
)
           Plaintiff/Counter-Defendant. )
)
                    vs. )
)
PECHINEY PLASTIC PACKAGING, )
INC., )
)
      Defendant/Counter-Plaintiff. )

Civil Action No. 04-1278

Hon. Kent A. Jordan

## PECHINEY PLASTIC PACKAGING INC.'S SUPPLEMENTAL RESPONSE TO CRYOVAC'S FIRST SET OF REQUESTS FOR ADMISSIONS (NOS. 1-17) TO PECHINEY

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, defendant/counter-plaintiff Pechiney Plastic Packaging, Inc. ("Pechiney") hereby supplements its response as follows to plaintiff/counter-defendant Cryovac, Inc's ("Cryovac") First Set of Requests for Admissions (Nos. 1-17) to Pechiney, served on March 21, 2005.

## GENERAL OBJECTIONS

Pechiney makes the following General Objections to Cryovac's First Set of Requests for Admissions (Nos. 1-17). The foregoing General Objections are incorporated in and made part of Pechiney's response to each specific request for admission. Each of Pechiney's responses is made without waiver of or prejudice to these General Objections.

      1.     Pechiney objects to the instructions provided by Cryovac to the extent they impose on Pechiney any obligation that exceeds the requirements of the Federal Rules of Civil Procedure, the Local Rules of this Court and any orders in this case concerning discovery.

      2.     Pechiney objects to the requests for admission to the extent they seek information that is attorney-client privileged or protected from disclosure under the attorney work product

doctrine. Pechiney reserves its right to withhold any attorney-client privileged, work product immunized, or otherwise protected information or documents.

3.     Pechiney objects to the requests to the extent they are beyond the scope of permissible discovery, seek information that is not relevant to the subject matter of this lawsuit, and/or are not reasonably calculated to lead to the discovery of admissible evidence.

4.     Pechiney objects to the requests to the extent they are vague, ambiguous and make response impossible without speculation.

5.     Pechiney has completed neither its investigation in this action nor its preparation for trial. Accordingly, all responses below are based only upon such information and documents that are presently available and specifically known to Pechiney. All responses are provided without prejudice to Pechiney's rights: (a) to produce documents, evidence of any subsequently discovered fact or facts, or analyses not yet obtained or completed; (b) to otherwise assert factual and legal contentions as additional facts are ascertained, analyses are made, and legal research is completed; and (c) to move the Court to permit withdrawal or amendment of any responses accordingly.

## RESPONSES TO REQUESTS FOR ADMISSION

Pechiney expressly incorporates the above General Objections as though set forth fully in response to each of the following individual requests for admission, and, to the extent that those objections are not raised in any particular response, Pechiney does not waive them. An answer to a request for an admission shall not be deemed a waiver of any applicable specific or General Objection to a request for admission.

**REQUEST NO. 1**

Admit that products sold under the trademark ClearShield™, as identified in General Objection No. 3 of Pechiney Plastic Packaging Inc.'s Response to Cryovac's First Set of Interrogatories (Nos. 1-8) to Pechiney, are comprised of oriented film.

**RESPONSE TO REQUEST NO. 1**

In addition to the General Objections, Pechiney further objects to this request to admit, and therefore cannot truthfully admit or deny the request, on grounds that the term "oriented" is a claim term of the '419 patent, that Cryovac has not disclosed its construction of this claim term, and that the term, as used in Cryovac's request to admit is vague and ambiguous without such disclosure of Cryovac's proposed claim construction. Further, in Cryovac's responses to Pechiney's First Set of Interrogatories, dated March 4, 2005, Cryovac refused to provide Pechiney with Cryovac's construction of the claim term "oriented" as required for Pechiney to respond to this request to admit.

Pechiney further objects to this request to admit as premature under the Court-ordered schedule because it seeks answers to requests to admit based on construction of claims of the '419 patent prior to (i) disclosure of the parties' expert reports and testimony on claim construction, (ii) completion of fact and expert discovery, (iii) the parties' exchange of claim terms in need of construction; and (iv) exchange of the parties' proposed versions of the Joint Claim Construction Chart.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 1**

Pechiney admits that products sold under the trademark ClearShield™ are comprised of oriented film as the terms "oriented" and "film" are construed by Pechiney in its proposed claim construction served on Cryovac on September 2, 2005. To the extent not expressly admitted, the remainder of this request for admission is denied.

**REQUEST NO. 2**

Admit that products sold under the trademark ClearShield™, as identified in General Objection No. 3 of Pechiney Plastic Packaging Inc.'s Response to Cryovac's First Set of Interrogatories (Nos. 1-8) to Pechiney, includes an orienting step.

**RESPONSE TO REQUEST NO. 2**

In addition to the General Objections, Pechiney further objects to this request to admit, and therefore cannot truthfully admit or deny the request, on grounds that responding to this request to admit requires construction of the '419 patent claim term "oriented," that Cryovac has not disclosed its construction of this claim term, and that the term "orienting step", as used in Cryovac's request to admit is vague and ambiguous without such disclosure of Cryovac's proposed claim construction of the term "oriented" and an indication of the relationship, if any, between the meaning of the term "orienting step" and the claim term "oriented." Further, in Cryovac's responses to Pechiney's First Set of Interrogatories, dated March 4, 2005, Cryovac refused to provide Pechiney with Cryovac's construction of the claim term "oriented" as required for Pechiney to respond to this request to admit.

Pechiney further objects to this request to admit as premature under the Court-ordered schedule because it seeks answers to requests to admit based on construction of claims of the '419 patent prior to (i) disclosure of the parties' expert reports and testimony on claim construction, (ii) completion of fact and expert discovery, (iii) the parties' exchange of claim terms in need of construction; and (iv) exchange of the parties' proposed versions of the Joint Claim Construction Chart.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 2**

Pechiney further objects to this request to admit on grounds that the terms "orienting step," as used in Cryovac's request to admit, are vague and ambiguous and therefore Pechiney denies the request.

## REQUEST NO. 3

Admit that the preparation of products sold under the trademark ClearShield™, as identified in General Objection No. 3 of Pechiney Plastic Packaging, Inc.'s Response to 2 Cryovac's First Set of Interrogatories (Nos. 1-8) to Pechiney, includes film heating and stretching to realign polymer molecular configuration, this stretching accomplished by a racking or blown bubble process.

## RESPONSE TO REQUEST NO. 3

In addition to the General Objections, Pechiney further objects to this request to admit, and therefore cannot truthfully admit or deny the request, on grounds that responding to this request to admit requires construction of the '419 patent claim term "oriented," that Cryovac has not disclosed its construction of this claim term, and that the phrase used in this request, "film heating and stretching to realign polymer molecular configuration, this stretching accomplished by a racking or blown bubble process" is taken from a definition of the '419 patent of the claim term "oriented" ("The term 'oriented' and the like is used herein to define a polymeric material which has been heated and stretched to realign the molecular configuration, this stretching accomplished by a racking or blown bubble process," Col. 3, ll 45-49), and that as used in Cryovac's request to admit, the phrase "film heating and stretching to realign polymer molecular configuration, this stretching accomplished by a racking or blown bubble process" is vague and ambiguous without such disclosure of Cryovac's proposed claim construction of the term "oriented" and an indication of the relationship, if any, between the meaning of the term "orienting step" and the claim term "oriented." Further, in Cryovac's responses to Pechiney's First Set of Interrogatories, dated March 4, 2005, Cryovac refused to provide Pechiney with Cryovac's construction of the claim term "oriented" as required for Pechiney to respond to this request to admit.

Pechiney further objects to this request to admit as premature under the Court-ordered schedule because it seeks answers to requests to admit based on construction of claims of the

'419 patent prior to (i) disclosure of the parties' expert reports and testimony on claim construction, (ii) completion of fact and expert discovery, (iii) the parties' exchange of claim terms in need of construction; and (iv) exchange of the parties' proposed versions of the Joint Claim Construction Chart.

## SUPPLEMENTAL RESPONSE TO REQUEST NO. 3

Pechiney admits that the preparation of products sold under the trademark ClearShield™ includes film heating and stretching to realign polymer configuration (as Pechiney understands those terms), this stretching accomplished by a process which Pechiney refers to as a "triple bubble process." Pechiney's "triple bubble process" is a process that would be included within the term "racking" as defined in Col. 3, ll 45-49 of the '419 patent. To the extent not expressly admitted, the remainder of this request for admission is denied.

## REQUEST NO. 4

Admit that the preparation of products sold under the trademark ClearShield™, as identified in General Objection No. 3 of Pechiney Plastic Packaging, Inc.'s Response to Cryovac's First Set of Interrogatories (Nos. 1-8) to Pechiney, includes a bubble and/or tenter-frame orientation process.

## RESPONSE TO REQUEST NO. 4

In addition to the General Objections, Pechiney further objects to this request to admit, and therefore cannot truthfully admit or deny the request, on grounds that responding to this request to admit requires construction of the '419 patent claim term "oriented," that Cryovac has not disclosed its construction of this claim term, and that the phrase used in this request "bubble and/or tenter-frame orientation process," is taken from specifications in the '419 Patent relating to the definition of the claim term "oriented" (Col. 3, ll. 63-66), and that the phrase "includes a bubble and/or tenter-frame orientation process," as used in Cryovac's request to admit is vague and ambiguous without such disclosure of Cryovac's proposed claim construction of the term

-6-

"oriented." Further, in Cryovac's responses to Pechiney's First Set of Interrogatories, dated March 4, 2005, Cryovac refused to provide Pechiney with Cryovac's construction of the claim term "oriented" as required for Pechiney to respond to this request to admit.

Pechiney further objects to this request to admit as premature under the Court-ordered schedule because it seeks answers to requests to admit based on construction of claims of the '419 patent prior to (i) disclosure of the parties' expert reports and testimony on claim construction; (ii) completion of fact and expert discovery; (iii) the parties' exchange of claim terms in need of construction; and (iv) exchange of the parties' proposed versions of the Joint Claim Construction Chart.

## SUPPLEMENTAL RESPONSE TO REQUEST NO. 4

Pechiney admits that the preparation of products sold under the trademark ClearShield™ includes a "bubble orientation process" which Pechiney refers to as a "triple bubble process." Pechiney's "triple bubble process" is a process that would be included within the term "racking" as defined in Col. 3, ll 45-49 of the '419 patent. To the extent not expressly admitted, the remainder of this request for admission is denied.

## REQUEST NO. 5

Admit that products sold under the trademark ClearShield™, as identified in General Objection No. 3 of Pechiney Plastic Packaging Inc.'s Response to Cryovac's First Set of Interrogatories (Nos. 1-8) to Pechiney, are comprised of coextruded film.

## RESPONSE TO REQUEST NO. 5

In addition to the General Objections, Pechiney further objects to this request to admit, and therefore cannot truthfully admit or deny the request, on grounds that the term "coextruded" is a claim term of the '419 patent, that Cryovac has not disclosed its construction of this claim term, and that the term, as used in Cryovac's request to admit is vague and ambiguous without such disclosure of Cryovac's proposed claim construction. Further, in Cryovac's responses to

Pechiney's First Set of Interrogatories, dated March 4, 2005, Cryovac refused to provide Pechiney with Cryovac's construction of the claim term "coextruded" as required for Pechiney to respond to this request to admit.

Pechiney further objects to this request to admit as premature under the Court-ordered schedule because it seeks answers to requests to admit based on construction of claims of the '419 patent prior to (i) disclosure of the parties' expert reports and testimony on claim construction; (ii) completion of fact and expert discovery; (iii) the parties' exchange of claim terms in need of construction; and (iv) exchange of the parties' proposed versions of the Joint Claim Construction Chart.

## SUPPLEMENTAL RESPONSE TO REQUEST NO. 5

Pechiney admits that products sold under the trademark ClearShield™ are comprised of film as the term "film" is construed by Pechiney in its proposed claim construction served on Cryovac on September 2, 2005. Pechiney further admits that products sold under the trademark ClearShield™ are comprised of coextruded film as Pechiney construes the phrase "coextruded film." Pursuant to the agreement of the parties, Pechiney will provide Cryovac with Pechiney's construction of "coextruded film" on September 30, 2005. To the extent not expressly admitted, the remainder of this request for admission is denied.

## REQUEST NO. 6

Admit that products sold under the trademark ClearShield™, as identified in General Objection No. 3 of Pechiney Plastic Packaging 1nc.'s Response to Cryovac's First Set of Interrogatories (Nos. 1-8) to Pechiney, are comprised of film having at least seven layers.

## RESPONSE TO REQUEST NO. 6

In addition to the General Objections, Pechiney further objects to this request to admit, and therefore cannot truthfully admit or deny the request, on grounds that the terms "film having at least seven layers" are claim terms of the '419 patent, that Cryovac has not disclosed its

construction of these claim terms, and that these terms, as used in Cryovac's request to admit are vague and ambiguous without such disclosure of Cryovac's proposed claim construction. Further, in Cryovac's responses to Pechiney's First Set of Interrogatories, dated March 4, 2005, Cryovac refused to provide Pechiney with Cryovac's construction of the claim terms "film having at least seven layers" as required for Pechiney to respond to this request to admit.

Pechiney further objects to this request to admit as premature under the Court-ordered schedule because it seeks answers to requests to admit based on construction of claims of the '419 patent prior to (i) disclosure of the parties' expert reports and testimony on claim construction; (ii) completion of fact and expert discovery; (iii) the parties' exchange of claim terms in need of construction; and (iv) exchange of the parties' proposed versions of the Joint Claim Construction Chart.

### SUPPLEMENTAL RESPONSE TO REQUEST NO. 6

Pechiney admits that products sold under the trademark ClearShield™ are comprised of "film" having at least seven "layers" as the terms "film" and "layer" are construed by Pechiney in its proposed claim construction served on Cryovac on September 2, 2005. To the extent not expressly admitted, the remainder of this request for admission is denied.

### REQUEST NO. 7

Admit that products sold under the trademark ClearShield™, as identified in General Objection No. 3 of Pechiney Plastic Packaging Inc.'s Response to Cryovac's First Set of Interrogatories (Nos. 1-8) to Pechiney, are comprised of oriented coextruded film having at least seven layers.

### RESPONSE TO REQUEST NO. 7

In addition to the General Objections, Pechiney further objects to this request to admit, and therefore cannot truthfully admit or deny the request, on grounds that the terms "oriented coextruded film having at least seven layers" are claim terms of the '419 patent, that Cryovac has

not disclosed its construction of these claim terms, and that these terms, as used in Cryovac's request to admit are vague and ambiguous without such disclosure of Cryovac's proposed claim construction. Further, in Cryovac's responses to Pechiney's First Set of Interrogatories, dated March 4, 2005, Cryovac refused to provide Pechiney with Cryovac's construction of the claim terms "oriented coextruded film having at least seven layers" as required for Pechiney to respond to this request to admit.

Pechiney further objects to this request to admit as premature under the Court-ordered schedule because it seeks answers to requests to admit based on construction of claims of the '419 patent prior to (i) disclosure of the parties' expert reports and testimony on claim construction; (ii) completion of fact and expert discovery; (iii) the parties' exchange of claim terms in need of construction; and (iv) exchange of the parties' proposed versions of the Joint Claim Construction Chart.

## SUPPLEMENTAL RESPONSE TO REQUEST NO. 7

Pechiney admits that products sold under the trademark ClearShield™ are comprised of oriented film having at least seven layers as the terms "oriented," "film" and "layer" are construed by Pechiney in its proposed claim construction served on Cryovac on September 2, 2005. Pechiney further admits that products sold under the trademark ClearShield™ are comprised of coextruded film as Pechiney construes the phrase "coextruded film." Pursuant to the agreement of the parties, Pechiney will provide Cryovac with Pechiney's construction of "coextruded film" on September 30, 2005. To the extent not expressly admitted, the remainder of this request for admission is denied.

## REQUEST NO. 8

Admit that products sold under the trademark ClearShield TM, as identified in General Objection No. 3 of Pechiney Plastic Packaging Inc.'s Response to Cryovac's First Set of

Interrogatories (Nos. 1-8) to Pechiney, are comprised of oriented coextruded film having at least seven layers, wherein the at least seven layers are arranged symmetrically.

## RESPONSE TO REQUEST NO. 8

In addition to the General Objections, Pechiney further objects to this request to admit, and therefore cannot truthfully admit or deny the request, on grounds that the terms "oriented coextruded film having at least seven layers" "and "arranged symmetrically" are claim terms of the '419 patent, that Cryovac has not disclosed its construction of these claim terms, and that these terms, as used in Cryovac's request to admit are vague and ambiguous without such disclosure of Cryovac's proposed claim construction. Further, in Cryovac's responses to Pechiney's First Set of Interrogatories, dated March 4, 2005, Cryovac refused to provide Pechiney with Cryovac's construction of the claim terms "oriented coextruded film having at least seven layers" and "arranged symmetrically" as required for Pechiney to respond to this request to admit.

Pechiney further objects to this request to admit as premature under the Court-ordered schedule because it seeks answers to requests to admit based on construction of claims of the '419 patent prior to (i) disclosure of the parties' expert reports and testimony on claim construction; (ii) completion of fact and expert discovery; (iii) the parties' exchange of claim terms in need of construction; and (iv) exchange of the parties' proposed versions of the Joint Claim Construction Chart.

## SUPPLEMENTAL RESPONSE TO REQUEST NO. 8

Denied.

## REQUEST NO. 9

Admit that products sold under the trademark ClearShield™, as identified in General Objection No. 3 of Pechiney Plastic Packaging Inc.'s Response to Cryovac's First Set of Interrogatories (Nos. 1-8) to Pechiney, are comprised of oriented coextruded film having at least

seven layers, wherein one of the at least seven layers is a core layer comprising ethylene vinyl alcohol copolymer.

## RESPONSE TO REQUEST NO. 9

In addition to the General Objections, Pechiney further objects to this request to admit, and therefore cannot truthfully admit or deny the request, on grounds that the terms "oriented coextruded film having at least seven layers" and "core layer comprising ethylene vinyl alcohol copolymer" are claim terms of the '419 patent, that Cryovac has not disclosed its construction of these claim terms, and that these terms, as used in Cryovac's request to admit are vague and ambiguous without such disclosure of Cryovac's proposed claim construction. Further, in Cryovac's responses to Pechiney's First Set of Interrogatories, dated March 4, 2005, Cryovac refused to provide Pechiney with Cryovac's construction of the claim terms "oriented coextruded film having at least seven layers" and "core layer comprising ethylene vinyl alcohol copolymer" as required for Pechiney to respond to this request to admit.

Pechiney further objects to this request to admit as premature under the Court-ordered schedule because it seeks answers to requests to admit based on construction of claims of the '419 patent prior to (i) disclosure of the parties' expert reports and testimony on claim construction; (ii) completion of fact and expert discovery; (iii) the parties' exchange of claim terms in need of construction; and (iv) exchange of the parties' proposed versions of the Joint Claim Construction Chart.

## SUPPLEMENTAL RESPONSE TO REQUEST NO. 9

Pechiney admits that products sold under the trademark ClearShield™ are comprised of oriented film having at least seven layers as the terms "oriented," "film" and "layer" are construed by Pechiney in its proposed claim construction served on Cryovac on September 2, 2005. Pechiney further admits that products sold under the trademark ClearShield™ are

comprised of coextruded film as Pechiney construes the phrase "coextruded film." Pursuant to the agreement of the parties, Pechiney will provide Cryovac with Pechiney's construction of "coextruded film" on September 30, 2005.

Pechiney further admits that products currently sold under the trademark ClearShield™ are comprised of a seven layer film, 1/2/3/4/5/6/7, with layer 4 comprising ethylene vinyl alcohol copolymer. Further answering with respect to ClearShield™ products prepared using a seven-layer die 1/2/3/4/5/6/7 where the polymers from flow channels 3/4/5 are each comprised of Nylon® (hereinafter "ClearShield™ II") that Pechiney intends to sell in the near future, Pechiney denies that ClearShield™ II products are comprised of oriented coextruded film having at least seven layers, wherein one of the at least seven layers is a core layer comprising ethylene vinyl alcohol copolymer. To the extent not expressly admitted, the remainder of this request for admission is denied.

## REQUEST NO. 10

Admit that products sold under the trademarks ClearShield™, as identified in General Objection No. 3 of Pechiney Plastic Packaging Inc.'s Response to Cryovac's First Set of Interrogatories (Nos. 1-8) to Pechiney, are comprised of oriented coextruded film having at least seven layers, wherein there are two outer layers each comprise a polymeric material or blend of polymeric materials.

## RESPONSE TO REQUEST NO. 10

In addition to the General Objections, Pechiney further objects to this request to admit, and therefore cannot truthfully admit or deny the request, on grounds that the terms "oriented coextruded film having at least seven layers" and "two outer layers each comprising a polymeric material or blend of polymeric materials" are claim terms of the '419 patent, that Cryovac has not disclosed its construction of these claim terms, and that these terms, as used in Cryovac's request to admit are vague and ambiguous without such disclosure of Cryovac's proposed claim construction. Further, in Cryovac's responses to Pechiney's First Set of Interrogatories, dated

-13-

March 4, 2005, Cryovac refused to provide Pechiney with Cryovac's construction of the claim terms "oriented coextruded film having at least seven layers" and "two outer layers each comprising a polymeric material or blend of polymeric materials" as required for Pechiney to respond to this request to admit.

Pechiney further objects to this request to admit as premature under the Court-ordered schedule because it seeks answers to requests to admit based on construction of claims of the '419 patent prior to (i) disclosure of the parties' expert reports and testimony on claim construction; (ii) completion of fact and expert discovery; (iii) the parties' exchange of claim terms in need of construction; and (iv) exchange of the parties' proposed versions of the Joint Claim Construction Chart.

## SUPPLEMENTAL RESPONSE TO REQUEST NO. 10

Pechiney admits that products sold under the trademark ClearShield™ are comprised of oriented film having at least seven layers wherein there are two outer layers each comprising a polymeric material or blend of polymeric materials as the terms "oriented," "film," "layer" and "two outer layers each comprising a polymeric material or blend of polymeric materials" are construed by Pechiney in its proposed claim construction served on Cryovac on September 2, 2005. Pechiney further admits that products sold under the trademark ClearShield™ are comprised of coextruded film as Pechiney construes the phrase "coextruded film." Pursuant to the agreement of the parties, Pechiney will provide Cryovac with Pechiney's construction of "coextruded film" on September 30, 2005. To the extent not expressly admitted, the remainder of this request for admission is denied.

## REQUEST NO. 11

Admit that products sold under the trademark ClearShield`rm, as identified in General Objection No. 3 of Pechiney Plastic Packaging Inc.'s Response to Cryovac's First Set of