Interrogatories (Nos. 1-8) to Pechiney, are comprised of oriented coextruded film having at least seven layers, wherein there are two intermediate layers, on opposite sides of the core layer, each comprising a polyamide.

## RESPONSE TO REQUEST NO. 11

In addition to the General Objections, Pechiney further objects to this request to admit, and therefore cannot truthfully admit or deny the request, on grounds that the terms "oriented coextruded film having at least seven layers," "two intermediate layers" and "each comprising a polyamide" are claim terms of the '419 patent, that Cryovac has not disclosed its construction of these claim terms, and that these terms, as used in Cryovac's request to admit are vague and ambiguous without such disclosure of Cryovac's proposed claim construction. Further, in Cryovac's responses to Pechiney's First Set of Interrogatories, dated March 4, 2005, Cryovac refused to provide Pechiney with Cryovac's construction of the claim terms "oriented coextruded film having at least seven layers," "two intermediate layers" and "each comprising a polyamide" as required for Pechiney to respond to this request to admit.

Pechiney further objects to this request to admit as premature under the Court-ordered schedule because it seeks answers to requests to admit based on construction of claims of the '419 patent prior to (i) disclosure of the parties' expert reports and testimony on claim construction; (ii) completion of fact and expert discovery; (iii) the parties' exchange of claim terms in need of construction; and (iv) exchange of the parties' proposed versions of the Joint Claim Construction Chart.

## SUPPLEMENTAL RESPONSE TO REQUEST NO. 11

Pechiney admits that products sold under the trademark ClearShield™ are comprised of oriented film having at least seven layers wherein there are two intermediate layers each comprising a polyamide as the terms "oriented," "film," "layer" and "two intermediate layers each comprising a polyamide" are construed by Pechiney in its proposed claim construction

served on Cryovac on September 2, 2005. Pechiney further admits that products sold under the trademark ClearShield™ are comprised of coextruded film as Pechiney construes the phrase "coextruded film." Pursuant to the agreement of the parties, Pechiney will provide Cryovac with Pechiney's construction of "coextruded film" on September 30, 2005.

Pechiney further admits that products currently sold under the trademark ClearShield™ are comprised of a seven layer film, 1/2/3/4/5/6/7, with layer 4 comprising ethylene vinyl alcohol copolymer and layers 3 and 5 comprising a polyamide. Further answering with respect to ClearShield™ products prepared using a seven-layer die 1/2/3/4/5/6/7 where the polymers from flow channels 3/4/5 are each comprised of Nylon® (hereinafter "ClearShield™ II") that Pechiney intends to sell in the near future, Pechiney denies that ClearShield™ II products are comprised of oriented coextruded film having at least seven layers, wherein one of the at least seven layers is a core layer comprising ethylene vinyl alcohol copolymer. To the extent not expressly admitted, the remainder of this request for admission is denied.

## REQUEST NO. 12

Admit that products sold under the trademark ClearShield™, as identified in General Objection No. 3 of Pechiney Plastic Packaging Inc.'s Response to Cryovac's First Set of Interrogatories (Nos. 1-8) to Pechiney, are comprised of oriented coextruded film having at least seven layers, wherein there are two layers between respective intermediate and outer layers, each comprising an adhesive polymeric material, which adhesive polymeric material layers adhere each respective intermediate layer to a respective outer layer.

## RESPONSE TO REQUEST NO. 12

In addition to the General Objections, Pechiney further objects to this request to admit, and therefore cannot truthfully admit or deny the request, on grounds that the terms "oriented coextruded film having at least seven layers," "two layers," "each comprising an adhesive polymeric material," "adhere each," and "intermediate layer to a respective outer layer" are claim terms of the '419 patent, that Cryovac has not disclosed its construction of these claim

terms, and that these terms, as used in Cryovac's request to admit are vague and ambiguous without such disclosure of Cryovac's proposed claim construction. Further, in Cryovac's responses to Pechiney's First Set of Interrogatories, dated March 4, 2005, Cryovac refused to provide Pechiney with Cryovac's construction of the claim terms "oriented coextruded film having at least seven layers," "two layers," "each comprising an adhesive polymeric material," "adhere each," and "intermediate layer to a respective outer layer" as required for Pechiney to respond to this request to admit.

Pechiney further objects to this request to admit as premature under the Court-ordered schedule because it seeks answers to requests to admit based on construction of claims of the '419 patent prior to (i) disclosure of the parties' expert reports and testimony on claim construction; (ii) completion of fact and expert discovery; (iii) the parties' exchange of claim terms in need of construction; and (iv) exchange of the parties' proposed versions of the Joint Claim Construction Chart.

## SUPPLEMENTAL RESPONSE TO REQUEST NO. 12

Pechiney further objects to this request to admit on grounds that the terms "two layers between," as used in Cryovac's request to admit, are vague and ambiguous and therefore Pechiney denies the request.

## REQUEST NO. 13

Admit that products sold under the trademark ClearShield™, as identified in General Objection No. 3 of Pechiney Plastic Packaging Inc.'s Response to Cryovac's First Set of Interrogatories (Nos. 1-8) to Pechiney, are comprised of oriented coextruded film having at least seven layers comprising: (a) a core layer comprising an ethylene vinyl alcohol copolymer; (b) two intermediate layers each comprising a polyamide; (c) two outer layers each comprising a polymeric material or blend of polymeric materials; and (d) two layers, each comprising an adhesive polymeric material, which adhere each of said intermediate layers to a respective outer layer.

-17-

**RESPONSE TO REQUEST NO. 13**

      In addition to the General Objections, Pechiney further objects to this request to admit, and therefore cannot truthfully admit or deny the request, on grounds that the terms "oriented coextruded film having at least seven layers" and "(a) a core layer comprising an ethylene vinyl alcohol copolymer; (b) two intermediate layers each comprising a polyamide; (c) two outer layers each comprising a polymeric material or blend of polymeric materials; and (d) two layers, each comprising an adhesive polymeric material, which adhere each of said intermediate layers to a respective outer layer" are claim terms of the '419 patent, that Cryovac has not disclosed its construction of these claim terms, and that these terms, as used in Cryovac's request to admit are vague and ambiguous without such disclosure of Cryovac's proposed claim construction. Further, in Cryovac's responses to Pechiney's First Set of Interrogatories, dated March 4, 2005, Cryovac refused to provide Pechiney with Cryovac's construction of the claim terms "oriented coextruded film having at least seven layers" and "(a) a core layer comprising an ethylene vinyl alcohol copolymer; (b) two intermediate layers each comprising a polyamide; (c) two outer layers each comprising a polymeric material or blend of polymeric materials; and (d) two layers, each comprising an adhesive polymeric material, which adhere each of said intermediate layers to a respective outer layer" as required for Pechiney to respond to this request to admit.

      Pechiney further objects to this request to admit as premature under the Court-ordered schedule because it seeks answers to requests to admit based on construction of claims of the '419 patent prior to (i) disclosure of the parties' expert reports and testimony on claim construction; (ii) completion of fact and expert discovery; (iii) the parties' exchange of claim terms in need of construction; and (iv) exchange of the parties' proposed versions of the Joint Claim Construction Chart.

## SUPPLEMENTAL RESPONSE TO REQUEST NO. 13

Pechiney admits that products sold under the trademark ClearShield™ are comprised of oriented film having at least seven layers comprising two intermediate layers each comprising a polyamide, two outer layers each comprising a polymeric material or blend of polymeric materials, and two layers each comprising an adhesive polymeric material, which adhere each of said intermediate layers to a respective outer layer as the terms "oriented," "film," "layer," "two intermediate layers each comprising a polyamide," "two outer layers each comprising a polymeric material or blend of polymeric materials," and "two layers each comprising an adhesive polymeric material, which adhere each of said intermediate layers to a respective outer layer" are construed by Pechiney in its proposed claim construction served on Cryovac on September 2, 2005.

Pechiney further admits that products sold under the trademark ClearShield™ are comprised of coextruded film as Pechiney construes the phrase "coextruded film." Pursuant to the agreement of the parties, Pechiney will provide Cryovac with Pechiney's construction of "coextruded film" on September 30, 2005.

Pechiney further admits that products currently sold under the trademark ClearShield™ are comprised of a seven layer film, 1/2/3/4/5/6/7, with layer 4 comprising ethylene vinyl alcohol copolymer and layers 3 and 5 comprising a polyamide. Further answering with respect to ClearShield™ products prepared using a seven-layer die 1/2/3/4/5/6/7 where the polymers from flow channels 3/4/5 are each comprised of Nylon® (hereinafter "ClearShield™ II") that Pechiney intends to sell in the near future, Pechiney denies that ClearShield™ II products are comprised of oriented coextruded film having at least seven layers, wherein one of the at least

seven layers is a core layer comprising ethylene vinyl alcohol copolymer. To the extent not expressly admitted, the remainder of this request for admission is denied.

## REQUEST NO. 14

Admit that products sold under the trademark ClearShield™, as identified in General Objection No. 3 of Pechiney Plastic Packaging Inc.'s Response to Cryovac's First Set of Interrogatories (Nos. 1-8) to Pechiney, are comprised of a seven-layer oriented coextruded film having the following structure: outer layer/adhesive layer/intermediate layer/core layer/intermediate layer/adhesive layer/outer layer.

## RESPONSE TO REQUEST NO. 14

In addition to the General Objections, Pechiney further objects to this request to admit, and therefore cannot truthfully admit or deny the request, on grounds that the terms "seven-layer," "oriented coextruded film," "core layer," "intermediate layer," "outer layer" and "two layers, each comprising an adhesive" are claim terms of the '419 patent, that Cryovac has not disclosed its construction of these claim terms, and that these terms, as used in Cryovac's request to admit are vague and ambiguous without such disclosure of Cryovac's proposed claim construction. Further, in Cryovac's responses to Pechiney's First Set of Interrogatories, dated March 4, 2005, Cryovac refused to provide Pechiney with Cryovac's construction of the claim terms "seven-layer," "oriented coextruded film," "core layer," "intermediate layer," "outer layer" and "two layers, each comprising an adhesive" as required for Pechiney to respond to this request to admit.

Pechiney further objects to this request to admit as premature under the Court-ordered schedule because it seeks answers to requests to admit based on construction of claims of the '419 patent prior to (i) disclosure of the parties' expert reports and testimony on claim construction; (ii) completion of fact and expert discovery; (iii) the parties' exchange of claim terms in need of construction; and (iv) exchange of the parties' proposed versions of the Joint Claim Construction Chart.

-20-

## SUPPLEMENTAL RESPONSE TO REQUEST NO. 14

Pechiney further objects to this request to admit on grounds that it is vague and ambiguous and therefore Pechiney denies the request.

## REQUEST NO. 15

Admit that products sold under the trademark ClearShield™, as identified in General Objection No. 3 of Pechiney Plastic Packaging Inc.'s Response to Cryovac's First Set of Interrogatories (Nos. 1-8) to Pechiney, are comprised of a seven-layer oriented coextruded film having the following structure and composition: outer polymeric material layer/adhesive polymeric material layer/intermediate polyamide layer/core ethylene vinyl alcohol copolymer layer/intermediate polyamide layer/adhesive polymeric material layer/outer polymeric material layer.

## RESPONSE TO REQUEST NO. 15

In addition to the General Objections, Pechiney further objects to this request to admit, and therefore cannot truthfully admit or deny the request, on grounds that the terms "seven-layer," "oriented coextruded film," "two outer layers each comprising a polymeric material," "two layers, each comprising an adhesive polymeric material," "two intermediate layers each comprising a polyamide," and "core layer comprising an ethylene vinyl alcohol copolymer" are claim terms of the '419 patent, that Cryovac has not disclosed its construction of these claim terms, and that these terms, as used in Cryovac's request to admit are vague and ambiguous without such disclosure of Cryovac's proposed claim construction. Further, in Cryovac's responses to Pechiney's First Set of Interrogatories, dated March 4, 2005, Cryovac refused to provide Pechiney with Cryovac's construction of the claim terms "seven-layer," "oriented coextruded film," "two outer layers each comprising a polymeric material," "two layers, each comprising an adhesive polymeric material," "two intermediate layers each comprising a polyamide," and "core layer comprising an ethylene vinyl alcohol copolymer" as required for Pechiney to respond to this request to admit.

-21-

Pechiney further objects to this request to admit as premature under the Court-ordered schedule because it seeks answers to requests to admit based on construction of claims of the '419 patent prior to (i) disclosure of the parties' expert reports and testimony on claim construction; (ii) completion of fact and expert discovery; (iii) the parties' exchange of claim terms in need of construction; and (iv) exchange of the parties' proposed versions of the Joint Claim Construction Chart.

## SUPPLEMENTAL RESPONSE TO REQUEST NO. 15

Pechiney further objects to this request to admit on grounds that it is vague and ambiguous and therefore Pechiney denies the request.

## REQUEST NO. 16

Admit that products sold under the trademark ClearShield™, as identified in General Objection No. 3 of Pechiney Plastic Packaging Inc.'s Response to Cryovac's First Set of hiterrogatories (Nos. 1-8) to Pechiney, are comprised of a seven-layer oriented coextruded film having the following structure and composition: outer polymeric material layer/adhesive polymeric material layer/intermediate polyamide layer/core ethylene vinyl alcohol copolymer layer/intermediate polyamide layer/adhesive polymeric material layer/outer polymeric material layer, where the two outer polymeric material layers contain the same composition of polymeric material or blend of polymeric material, the two adhesive polymeric material layers contain the same composition of adhesive polymeric material, and the intermediate polyamide layers each contain the same composition of polyamide.

## RESPONSE TO REQUEST NO. 16

In addition to the General Objections, Pechiney further objects to this request to admit, and therefore cannot truthfully admit or deny the request, on grounds that the terms "seven-layer," "oriented coextruded film," "two outer layers each comprising a polymeric material," "two layers, each comprising an adhesive polymeric material," "two intermediate layers each comprising a polyamide," and "core layer comprising an ethylene vinyl alcohol copolymer" are claim terms of the '419 patent, that Cryovac has not disclosed its construction of these claim terms, and that these terms, as used in Cryovac's request to admit are vague and ambiguous

-22-

without such disclosure of Cryovac's proposed claim construction. Further, in Cryovac's responses to Pechiney's First Set of Interrogatories, dated March 4, 2005, Cryovac refused to provide Pechiney with Cryovac's construction of the claim terms "seven-layer," "oriented coextruded film," "two outer layers each comprising a polymeric material," "two layers, each comprising an adhesive polymeric material," "two intermediate layers each comprising a polyamide," and "core layer comprising an ethylene vinyl alcohol copolymer" as required for Pechiney to respond to this request to admit.

Pechiney further objects to this request to admit as premature under the Court-ordered schedule because it seeks answers to requests to admit based on construction of claims of the '419 patent prior to (i) disclosure of the parties' expert reports and testimony on claim construction; (ii) completion of fact and expert discovery; (iii) the parties' exchange of claim terms in need of construction; and (iv) exchange of the parties' proposed versions of the Joint Claim Construction Chart.

## SUPPLEMENTAL RESPONSE TO REQUEST NO. 16

Denied.

## REQUEST NO. 17

Admit that products sold under the trademark ClearShield™, as identified in General Objection No. 3 of Pechiney Plastic Packaging Inc.'s Response to Cryovac's First Set of Interrogatories (Nos. 1-8) to Pechiney, are comprised of a seven-layer oriented coextruded film having the following layer structure and composition: 1/2/3/4/5/6/7, where layers 1 and 7 have the same composition, layers 2 and 6 have the same composition, and layers 3 and 5 have the same composition.

## RESPONSE TO REQUEST NO. 17

In addition to the General Objections, Pechiney further objects to this request to admit, and therefore cannot truthfully admit or deny the request, on grounds that the terms "seven-layer," and "oriented coextruded film" are claim terms of the '419 patent, that Cryovac has not

disclosed its construction of these claim terms, and that these terms, as used in Cryovac's request to admit are vague and ambiguous without such disclosure of Cryovac's proposed claim construction. Further, in Cryovac's responses to Pechiney's First Set of Interrogatories, dated March 4, 2005, Cryovac refused to provide Pechiney with Cryovac's construction of the claim terms "seven-layer," and "oriented coextruded film" as required for Pechiney to respond to this request to admit.

Pechiney further objects to this request to admit as premature under the Court-ordered schedule because it seeks answers to requests to admit based on construction of claims of the '419 patent prior to (i) disclosure of the parties' expert reports and testimony on claim construction; (ii) completion of fact and expert discovery; (iii) the parties' exchange of claim terms in need of construction; and (iv) exchange of the parties' proposed versions of the Joint Claim Construction Chart.

## SUPPLEMENTAL RESPONSE TO REQUEST NO. 17

Denied.

As to the supplemental responses to the Request for Admissions:

I declare under penalty of perjury under the laws of the United States of America that the foregoing supplemental responses to Cryovac's First Set of Requests for Admission (Nos. 1-17) to Pechiney are true and complete to the best of my knowledge and belief.

Pechiney Plastic Packaging, Inc.

Dated: September 23, 2005                    By: _____

Name:
Title:

As to the objections to the Requests for Admission:

Respectfully submitted,

Dated: September 23, 2005                    By: _Brian O'Donnell_

One of its Attorneys

N. Richard Powers (#494)
Rudolf E. Hutz (#484)
CONNOLLY BOVE LODGE & HUTZ
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207
Tel: 302.888.6266

Donald R. Cassling (Admitted *pro hac vice*)
Steven R. Trybus (Admitted *pro hac vice*)
Shelley Malinowski (Admitted *pro hac vice*)
Brian P. O'Donnell (Admitted *pro hac vice*)
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL 60611
Telephone: 312 222-9350

## CERTIFICATE OF SERVICE

I, Brian P. O'Donnell, an attorney, hereby certify that I caused true and correct copies of

Pechiney Plastic Packaging, Inc.'s Supplemental Response to Cryovac's First Set of Requests for

Admission (Nos. 1-17) to Pechiney to be served on:

JohnW. Shaw, Esq.
Karen E. Keller, Esq.
YOUNG, CONAWAY, STARGATT & TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
Fax: (302) 576-3334

Ford F. Farabow, Esq.
Joann M. Neth, Esq.
Michael J. Flibbert, Esq.
Courtney B. Meeker, Esq.
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
1300 I Street, N.W.
Washington, D.C. 20005-3315
Fax:  (202) 408-4400

This 23rd day of September, 2005 by first class mail and e-mail.

_____
Brian P. O'Donnell

# EXHIBIT 8

# EXHIBIT 8
# REDACTED IN ITS ENTIRETY

# EXHIBIT 9

1

```
 1              IN THE UNITED STATES DISTRICT COURT
 2              IN AND FOR THE DISTRICT OF DELAWARE
 3                          - - -
 4    CRYOVAC INC.,              :    CIVIL ACTION
 5          Plaintiff and       :
 6          Counter-defendant,  :
 7                 v            :
 8    PECHINEY PLASTIC PACKAGING INC.,:
 9          Defendant and       :    NO. 04-1278 (KAJ)
             Counter-claimant.  :
10                         - - -
11              Wilmington, Delaware
12         Friday, April 22, 2005 at 2:00 p.m.
                TUTORIAL HEARING
13                         - - -
14    BEFORE:    HONORABLE KENT A. JORDAN, U.S.D.C.J.
15                         - - -
      APPEARANCES:
16
17         YOUNG CONAWAY STARGATT & TAYLOR
           BY: JOHN W. SHAW, ESQ.
18
           and
19
      FINNEGAN HENDERSON FARABOW GARRETT & DUNNER, LLP
20    BY: FORD F. FARABOW, ESQ., and
          JOANN M. NETH, ESQ.
21        (Washington, District of Columbia)
22         Counsel for Plaintiff and
           Counter-defendant
23
24
25              Brian P. Gaffigan
                Registered Merit Reporter
```

2

```
 1    APPEARANCES: (Continued)
 2
 3         CONNOLLY BOVE LODGE & HUTZ
           BY: N. RICHARD POWERS, ESQ.
 4
           and
 5
           JENNER & BLOCK, LLP
 6         BY: STEVEN R. TRYBUS, ESQ., and
               LI-CHUNG DANIEL HO, ESQ.
               (Chicago, Illinois)
 7
 8         Counsel for Defendant
           and Counter-claimant
 9
10
11
12
13                    - oOo -
14              P R O C E E D I N G S
15         (REPORTER'S NOTE: The following Tutorial
16    Hearing was held in open court, beginning at 2:00 p.m.)
17         THE COURT: Good afternoon. Please be seated.
18         All right. This is the time we've set for you
19    folks to take me to school. So why don't we start with some
20    introductions. All right?
21         Mr. Shaw.
22         MR. SHAW: Good afternoon, Your Honor. John
23    Shaw for Cryovac, the plaintiff. I'd like to introduce
24    Joanne Neth who will be presenting today from Finnegan
25    Henderson and Ford Farabow.
```

3

```
 1         MR. FARABOW: Good morning, Your Honor.
 2         THE COURT: Good morning.
 3         MR. SHAW: In the back, also from Cryovac, to
 4    my far right is Paul Meredith, Beau Hurley and Kelly Algren
 5    (phonetic).
 6         THE COURT: All right. Good to have you here.
 7         Mr. Powers.
 8         MR. POWERS: Yes, your Honor. For defendant
 9    Pechiney, Mr. Steve Trybus of Jenner & Block will do the
10    presentation. Mr. Trybus has been on phone conferences on
11    this case already with Your Honor.
12         Mr. Dan Ho, also of Jenner & Block.
13         THE COURT: I'm sorry. Your name again, sir?
14         MR. HO: Dan Ho.
15         MR. POWERS: Dan Ho.
16         THE COURT: Mr. Ho. Okay.
17         Well, let's go ahead and proceed. We have an
18    hour together. And Ms. Neth.
19         MS. NETH: Good afternoon, Your Honor, before we
20    get started today, we have a couple copies of binders, we
21    have copies of the materials that we're going to be using.
22    I was wondering if I could hand them up to you.
23         THE COURT: Sure. That would be great.
24         MS. NETH: We're also going to be using an
25    animation, and there is a copy of the animation on the CD
```

4

```
 1    that is inside your binder as well.
 2         THE COURT: That's good. Thanks.
 3         MS. NETH: Your Honor, this case relates to
 4    drinkable thermoplastic films for packaging applications and
 5    in particular for packaging perishable food products that
 6    require protection from environment and resistance to
 7    physical and environmental abuse during storage, shipping
 8    and distribution.
 9         Particularly, these bags are packaging large
10    cuts of bone and meat. These cuts of meat are large, as you
11    will see a bit later in the presentation. And they're very
12    expensive. And, thus, protecting and extending the shelf
13    life of these products is very important to both of the meat
14    industry and to consumers.
15         Although it may not be apparent from a first
16    glance at one of these films, that comprises one of these
17    bags, Your Honor, they actually are comprised of multiple
18    layers of polymeric materials and the invention at issue
19    here is the seven-layer film which provides superior
20    combination of excellent durability, sealability and abuse
21    resistance.
22         And, importantly, the film products at issue is
23    shrinkable so the shrinking, after shrinking it, conforms
24    tightly to the food product so it minimizes tearing and
25    puncturing and it also provides a very important attractive
```

33

1        If we can go to the next.  Next.
2        So the step after this, and this is a step that
3   is used in ClearShield and is used in many of these
4   processes but is not necessary.  What is not necessary is
5   again, this tube is reheated only to softening, not a melt
6   state but to softening, and then that softened tube is
7   stretched.
8        Go ahead.
9        What we're going to see here is --
10       THE COURT:  Let me stop you for just a minute.
11       MR. TRYBUS:  Yes, Your Honor.
12       THE COURT:  I want to give you a chance to jump
13  in, too, Ms. Neth, if you disagree.  But you had said, Mr.
14  Trybus, that you thought the implication was being made that
15  the orientation of the polymers was not occurring until the
16  tube was blown up again.
17       MR. TRYBUS:  (Nodding yes.)
18       THE COURT:  But that you folks disagreed with
19  that.  Where are you saying the orientation occurs?
20       MR. TRYBUS:  Your Honor, it's our position that
21  some orientation occurs in going from the die into this
22  step, in.  Making this pretube, this already has some
23  orientation in.  I will grant you that the bag has more
24  orientation in it but we would contend that this already has
25  some orientation in it.

34

1        THE COURT:  And that that is a result of what,
2   the extrusion?
3        MR. TRYBUS:  That is a result of a fact that as
4   it comes out of the die, there is a small -- there can be,
5   in most of the processes -- there is a small bubble there
6   that actually expands this over when it comes out of the die
7   and begins to introduce orientation in the melt stage,
8   actually.
9        THE COURT:  Okay.  Ms. Neth.
10       MS. NETH:  Yes, Your Honor.  I was just going to
11  actually make that point.  What I believe Mr. Trybus is
12  referring to is something called melt state.
13       THE COURT:  Tell you what.  Why don't you come
14  over close enough so you can get picked up.
15       MS. NETH:  I believe what Mr. Trybus is
16  referring to is melt state orientation and I believe that
17  does occur in this first tape step but it is not the same
18  kind of orientation that occurs later on in the trapped
19  bubble where you have both longitudinal and horizontal
20  stretching of the film.  So there are actually different and
21  that actually occurs at a temperature that is lower.  It's
22  not at the melt state.
23       THE COURT:  Okay.
24       MR. TRYBUS:  So what you will see in this short
25  video, Your Honor, is this is the tape.  It's directly after

35

1   really the video that we saw before.  Here is the tape
2   coming in right there.  You will be seeing it easier.  Let's
3   play the video.  It's coming in here.  Pechiney does use a
4   hot water bath.  This water is nearly boiling so the
5   tape is down there and is being warmed and softened.
6        It becomes more obvious in a minute but it
7   passes through some rollers down here and goes up and this
8   is that trapped bubble that Ms. Neth was referring to in her
9   animation.  So here are this material is now flowing up in
10  this tubular fashion.  It's going up.  This is the air hinge
11  in the Pechiney process.  It's going up from there.
12       So the result of this, the result of this then
13  is this tubular film.  And obviously when it's in the plant,
14  it's much longer than this but we now have this tubular film
15  that is going up.  It is going to be further processed.
16       Can we go to the next slide, please.
17       THE COURT:  And some human being is deciding how
18  much air to put into this so you have a difference in
19  thickness or --
20       MR. TRYBUS:  Yes.  The operators put in variable
21  amounts.  You can vary the air in there.  You can vary the
22  air ring, the speed of the rollers and those sorts of things
23  and that affects the size of the resulting film.  It can
24  also affect that size by how big the original tape is that
25  you make and with the various pressures and temperatures are

36

1   along changes the sizes and the properties for these films.
2        THE COURT:  All right.
3        MR. TRYBUS:  After this step, optionally there
4   are various treat steps, that Ms. Neth touched on annealing
5   which is just repeating the film again to achieve certain
6   properties, what is called corona treating sometimes which
7   affects the surfaces, and I'm not going to go into those in
8   any detail.
9        We go on.  Then second step is to take this,
10  this film, this large tube that has been made and make a bag
11  from that.  So in the first step of this, and this is an
12  optional step, the bag I handed up to Your Honor wasn't
13  presented but most ClearShield bags that are sold are
14  printed and it's not only with information such as the
15  National Beef logo in this case.  This bag was made for
16  National Beef.  But it has warnings, safe handling warnings
17  and things of that sort that the Government requires to be
18  on fresh products.
19       So if we can go to the next video, please.
20       What you see here in the beginning, this is a
21  roll of that ClearShield tube that is resulted from the
22  process.  It's been rolled up and then it's moved over to
23  the bag making machine.  So here is the ClearShield tube.
24       Go ahead and play it.
25       And it's coming off of this in the bag making

# EXHIBIT 10

# EXHIBIT 10
# REDACTED IN ITS ENTIRETY

# EXHIBIT 11

15c    PATENT

P6
6/4/87

EXPRESS MAIL CERTIFICATE

I HEREBY CERTIFY THAT THIS CORRESPONDENCE IS BEING DEPOSITED WITH THE UNITED STATES POSTAL SERVICE AS EXPRESS MAIL, POSTAGE PREPAID, IN AN ENVELOPE ADDRESSED TO: COMMISSIONER OF PATENTS AND TRADEMARKS, WASHINGTON, D.C. 20231, ON *May 22, 1987*, SAID ENVELOPE HAVING AN EXPRESS MAIL MAILING LABEL NUMBER OF: *B23298919* .

#10/B
(H.E.)

*Response under
37 CFR 1.116
Expedited Procedure
Examining Group 241*

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant: Gautam P. Shah            Group Art Unit: 154
Serial No.: 842,600                  Examiner: Thomas J. Herbert        RECEIVED
Filed: March 21, 1986                Docket: 41259                      JUN 0 2 1987
For: Oxygen Barrier Oriented Shrink Film
                                                                        GROUP 150

AMENDMENT AFTER FINAL REJECTION

Honorable Commissioner of
Patents and Trademarks
Washington, D. C. 20231

Sir:

In response to the Office Action dated May 8, 1987 and pursuant to 37 CFR 1.116 the applicant, through and by his attorneys, hereby respectfully submits the following amendment and accompanying remarks for your review and consideration. This amendment and remarks are offered to clarify the issues and present the finally rejected claims in better form for consideration upon appeal, if such action is necessary.

IN THE CLAIMS

Kindly amend the claims as follows:

Claim 1. (amended) An oriented coextruded [multilayer] film having at least seven layers arranged symmetrically comprising:

a) a core layer comprising an ethylene vinyl alcohol copolymer;

b) two intermediate layers each comprising a polyamide;

404/870518/2/1

c)  two outer layers each comprising a polymeric material or blend of polymeric materials; and

d)  [each of said intermediate layers adhered to a respective outer layer by a layer of adhesive polymeric material; said layers of the multilayer film forming a symmetrical heat-shrinkable structure] two layers, each comprising an adhesive polymeric material, which adhere each of said intermediate layers to a respective outer layer .

Claim 8. (Amended) An oriented coextruded [multilayer] film having at least seven layers arranged symmetrically comprising:

a)  a core layer comprising an ethylene vinyl alcohol copolymer;

b)  two intermediate layers each comprising a polyamide;

c)  two outer layers each comprising a blend of polymeric material taken from the group consisting of (i) a blend of a linear low density polyethylene, a linear medium density polyethylene, and an ethylene vinyl acetate copolymer, and (ii) a blend of an ethylene propylene copolymer and a polypropylene; and

d)  [each of said intermediate layers adhered to a respective outer layer by a layer of adhesive polymeric material] two layers, each comprising an adhesive polymeric material, which adhere each of said intermediate layers to a respective outer layer .

Claim 14. (Amended)  A biaxially oriented coextruded [multilayer] film having at least seven layers arranged symmetrically comprising:

a)  a core layer comprising an ethylene vinyl alcohol copolymer;

b)  two intermediate layers each comprising a polyamide;

404/870518/2/2

## CERTIFICATE OF SERVICE

I, John W. Shaw, hereby certify that on October 19, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such document is available for viewing and downloading to the following counsel of record:

> N. Richard Powers, Esquire
> Connolly Bove Lodge & Hutz LLP
> The Nemours Building
> 1007 North Orange Street
> P. O. Box 2207
> Wilmington, DE 19899

I further certify that I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated.

**BY FEDERAL EXPRESS**

> Steven R. Trybus, Esquire
> Jenner & Block LLP
> One IBM Plaza
> Chicago, IL 60611-7603

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____

John W. Shaw (No. 3362)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
jshaw@ycst.com

Attorneys for Plaintiff Cryovac, Inc.

## CERTIFICATE OF SERVICE

I, Michele Sherretta, hereby certify that on October 26, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such document is available for viewing and downloading to the following counsel of record:

> N. Richard Powers, Esquire
> Connolly Bove Lodge & Hutz LLP
> The Nemours Building
> 1007 North Orange Street
> P. O. Box 2207
> Wilmington, DE  19899

I further certify that on October 26, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated.

**BY FEDERAL EXPRESS**

> Steven R. Trybus, Esquire
> Jenner & Block LLP
> One IBM Plaza
> Chicago, IL  60611-7603

> YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
> *Michele Sherretta*
> _____
> John W. Shaw (No. 3362)
> *jshaw@ycst.com*
> Karen E. Keller (No. 4489)
> *kkeller@ycst.com*
> Michele Sherretta (No. 4651)
> *msherretta@ycst.com*
> Andrew A. Lundgren (No. 4429)
> *alundgren@ycst.com*
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, Delaware  19801
> (302) 571-6600
>
> Attorneys for Plaintiff Cryovac, Inc.