# EXHIBIT E

Case 1:04-cv-01278-KAJ    Document 230-6    Filed 10/27/2005    Page 1 of 4

1 of 1 DOCUMENT

TOMMY HILFIGER LICENSING, INC. v. SUPERVALU, INC., et al.

CIVIL ACTION NO. 97-4047

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

1999 U.S. Dist. LEXIS 2625

March 8, 1999, Decided
March 10, 1999, Filed

**DISPOSITION:** [*1] Third-Party Plaintiffs' Motion DENIED with leave to renew.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Third-party plaintiffs filed an unopposed motion for more specific relief, seeking monetary damages from third-party defendants following a negotiated settlement in a trademark infringement action by plaintiff company against defendant companies.

**OVERVIEW:** The underlying case involved a negotiated settlement between plaintiff company and defendant companies for trademark infringement under the Lanham Act, 15 U.S.C.S. § 1117(a). Third-party plaintiffs sought indemnification under 13 Pa. Stat. Ann. § 2312(c) for damages and attorney's fees sustained from the sale of clothing purchased from third-party defendant. A default judgment had been entered in favor of third-party plaintiffs and against third-party defendant. The order directed third-party plaintiffs to file a motion for more specific relief with substantiation. Third party plaintiffs sought damages and attorney's fees in the amount of $30,950.26. Plaintiffs claimed that amount constituted the proportion of the negotiated settlement attributable to third-party defendant. The court denied the motion by third-party plaintiffs with leave to renew, as their arguments were insufficient. Third-party plaintiffs failed to address the issue of bad faith, fraud, malice, or knowing infringement as it pertained to attorneys' fees. Thus, the court declined to rule on their motion at this juncture in the proceeding.

**OUTCOME:** The court denied third-party plaintiffs' motion for more specific relief, but granted leave to renew, as they failed to address matters of bad faith and fraud in trademark infringement, which could affect the allowance of attorneys' fees.

**LexisNexis(R) Headnotes**

*Civil Procedure > Early Pretrial Judgments > Default > Entry of Default & Default Judgment*
[HN1] A default judgment does not establish the amount of damages. Although a default judgment forces a defendant to concede liability, it does not force it to concede liability for the amount of damages that a plaintiff has claimed. Damages are improper for a claim that is so implausible that as a matter of law it must be denied. Damages may be awarded only if the record adequately reflects the basis for award via a hearing or a demonstration by detailed affidavits establishing the necessary facts.

*Trademark Law > Infringement Actions > Remedies > Damages > General Overview*
[HN2] See 15 U.S.C.S. § 1117(a).

*Trademark Law > Infringement Actions > Remedies > Profits*
*Trademark Law > Infringement Actions > Remedies > Damages > Treble Damages*
*Trademark Law > Infringement Actions > Remedies > Attorney Fees*
[HN3] The Lanham Act, 15 U.S.C.S. § 1117(a) permits courts to award monetary damages to trademark owners as compensation where it is equitable to do so regardless of the willfulness of the defendant's infringement. Unlike recovery of defendant's profits, attorneys' fees, and treble damages, no wrongful intent or state of mind is needed for the recovery of actual damages under 15 U.S.C.S. § 1117(a).

*Trademark Law > Infringement Actions > Remedies > Damages > General Overview*
[HN4] The issue of willful infringement is central to awarding attorneys' fees under the Lanham Act, 15 U.S.C.S. § 1117. Under the Lanham Act, the prevailing party has the burden of proving by clear and convincing evidence that an exceptional case exists such that an award

of attorneys' fees is justified. An exceptional case requires bad faith, fraud, malice, or knowing infringement on the part of the infringing party. Willful infringement involves an aura of indifference to plaintiff's rights or a deliberate and unnecessary duplicating of a plaintiff's mark in a way that was calculated to appropriate or otherwise benefit from the good will the plaintiff had nurtured. Willful infringement carries a connotation of deliberate intent to deceive.

**COUNSEL:** For TOMMY HILFIGER LICENSING, INC., PLAINTIFF: M. KELLY TILLERY, LEONARD, TILLERY AND SCIOLLA, PHILA, PA USA.

For SUPERVALU, INC., LANECO, INC., A Division of SUPERVALU, INC., DEFENDANTS: PATRICIA L. DEE, CAPEHEART & SCATCHARD, P.A., MOUNT LAUREL, NJ USA.

For CAROLINA TRADING, INC. a/k/a CAROLINA APPAREL TRADING, INC., MARK LEWIS, DEFENDANTS: ROBERTA JACOBS-MEADWAY, PANITCH SCHWARZE JACOBS & NADEL, PHILADELPHIA, PA USA.

For CAROLINA TRADING, INC. a/k/a CAROLINA APPAREL TRADING, INC., THIRD-PARTY PLAINTIFF: ROBERTA JACOBS-MEADWAY, PANITCH SCHWARZE JACOBS & NADEL, PHILADELPHIA, PA USA.

**JUDGES:** HERBERT J. HUTTON, J.

**OPINIONBY:** HERBERT J. HUTTON

**OPINION:**

### MEMORANDUM AND ORDER

HUTTON, J.

March 8, 1999

Presently before this Court is the unopposed Motion for More Specific Relief by Carolina Trading, Inc. and Mark Lewis (collectively, "CTI" or "Third-Party Plaintiffs") (Docket No. 28). For the reasons stated below, the Third-Party Plaintiffs' Motion is **DENIED with leave to renew.**

### I. BACKGROUND

On October 23, 1997, Carolina Trading, Inc. and Mark Lewis (collectively, "CTI" or "Third-Party Plaintiffs") [*2] served a Third-Party Complaint on Advance Direction, Inc. ("ADI" or "Third-Party Defendant"). (Jacobs-Meadway Decl. P 3, Docket No. 26.) CTI's Third-Party Complaint asserts that ADI is obligated to indemnify CTI, pursuant to *13 Pa. Cons. Stat. § 2312(c)*, for all injuries, damages, costs, expenses and attorney's fees sustained by Third-Party Plaintiffs arising out of the sale by CTI of articles of clothing of Tommy Hilfiger Licensing, Inc. ("Tommy Hilfilger" or "Plaintiff") purchased from ADI./ n1

> n1 This case stems from a complaint filed by Tommy Hilfiger against Supervalu, Inc., Laneco, Inc.. Carolina Trading, Inc., and Mark Lewis (collectively, the "Defendants"). In its Complaint, Plaintiff sought injunctive relief and damages for acts of trademark infringement, counterfeiting, dilution and unfair competition engaged in by Defendants.

On September 10, 1998, Chief Judge Edward N. Cahn entered an Order of default judgment in favor CTI and against ADI. (See Order dated Sep. 10, 1998, CIV.A. No.97-4047.) That [*3] Order directed the Third-Party Plaintiffs "to file a motion for more specific relief including a calculation of all money damages claimed and substantiation in support thereof on or before September 18, 1998." (Id.) On September 18, 1998, the Third-Party Plaintiffs filed the instant motion requesting more specific relief pursuant to the Order. Judge Cahn has since stepped-down from the bench, and the matter is now before this Court.

### II. DISCUSSION

#### A. Third-Party Plaintiff's Motion

The Third-Party Plaintiffs request the Court to enter default judgment in favor of CTI and against ADI granting damages and attorney's fees in the amount of thirty-thousand nine-hundred fifty dollars and twenty-six cents ($ 30,950.26.). More specifically, CTI seeks twenty-seven thousand three-hundred forty-five dollars and forty-six cents ($ 27,345.46) in damages and three-thousand six-hundred three dollars and eighty cents ($ 3603.80)./ n2 CTI argues that it is entitled to the relief it seeks from ADI for indemnification of that portion of CTI's injuries, damages, costs, expenses, and attorney's fees attributable to ADI because: (1) the settlement amount is reasonable in light of the [*4] recovery Plaintiff would have obtained if it had proved its case; and (2) the amount constitutes the proportion of the negotiated settlement attributable to ADI. To support this contention, CTI relies exclusively on *Byrd v. Keene Corp., 104 F.R.D. 10, 12-13 (E.D. Pa. 1984)*. This Court finds CTI's arguments insufficient. Accordingly, CTI's Motion is denied with leave to renew.

n2 $27,345.46 plus $3,603.80 equals $30,949.26.

### 1. Analysis

[HN1] "A default judgment ... does not establish the amount of damages." *United States v. Shipco Gen., Inc., 814 F.2d 1011, 1014 (5th Cir. 1987).* "Although a default judgment forces a defendant to concede liability, it does not force it to concede liability for the amount of damages that a plaintiff has claimed." *Shepherd v. Am. Broadcasting Co., Inc., 862 F. Supp. 486, 491 (D.D.C. 1994).* Damages are improper for a claim that "is so implausible that as a matter of law it must be denied." *Id. at 492.* "Damages may be awarded only if the record adequately reflects [*5] the basis for award via 'a hearing or a demonstration by detailed affidavits establishing the necessary facts.'" *Adolph Coors Co. v. Movement Against Racism & The Klan, 777 F.2d 1538, 1544 (11th Cir. 1985)* (quoting *United Artists Corp. v. Freeman, 605 F.2d 854 (5th Cir. 1979)).*

### 2. Lanhan Act

[HN2] Section 35 of the Lanham Act, *15 U.S.C. § 1117* provides in pertinent part that:

> When a violation of any right of the registrant of a mark registered in the Patent and Trademark Office, or a violation under section 43(a), shall have been established in any civil action arising under this Act, the plaintiff shall be entitled, subject to the provisions of sections 29 and 32 and subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action. The court shall assess such profits or cause the same to be assessed under its direction. In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost of reduction claimed. In assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above [*6] the amount found as actual damages, not exceeding three times such amount. If the court shall find that the amount of recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case. Such sum in either of the above circumstances shall constitute compensation and not a penalty. The court in exceptional cases may award reasonable attorney fees to the prevailing party.

*15 U.S.C. § 1117(a).*

[HN3] The Lanham Act permits courts to award monetary damages to trademark owners as compensation where it is equitable to do so regardless of the willfulness of the defendant's infringement. See 5 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 30.75 at 30-128 (4th Ed. 1996) ("Unlike recovery of defendant's profits, attorney fees and treble damages, no wrongful intent or state of mind is needed for the recovery of actual damages [under *15 U.S.C. § 1117(a).*]").

Conversely, [HN4] the issue of willful infringement is central to awarding attorneys' fees under the Lanham Act. Under the Lanham Act, the prevailing party has the burden of proving [*7] by clear and convincing evidence that an exceptional case exists such that an award of attorneys' fees is justified. See, e.g., *Seven-Up Co. v. Coca-Cola, Co., 86 F.3d 1379, 1390 (5th Cir. 1996).* The Third Circuit has held that an "exceptional case" requires "bad faith, fraud, malice, or knowing infringement" on the part of the infringing party. See *Ferrero U.S.A. v. Ozak Trading, Inc., 952 F.2d 44, 47 (3d Cir. 1991).* The Second Circuit described willful infringement as involving "an aura of indifference to plaintiff's rights" or a "deliberate[] and unnecessary duplicating [of a] plaintiff's mark ... in a way that was calculated to appropriate or otherwise benefit from the good will the plaintiff had nurtured." *W.E. Bassett Co. v. Revlon, Inc., 435 F.2d 656, 662 (2d Cir. 1970)* (citation omitted); see also *Rolex Watch USA, Inc. v. Meece, 158 F.3d 816, 823 (5th Cir. 1998)* ("willful infringement carries a connotation of deliberate intent to deceive.") (quoting *Lindy Pen Co. v. Bic Pen Corp., 982 F.2d 1400, 1405 (9th Cir.), cert. denied, 510 U.S. 815, 126 L. Ed. 2d 34, 114 S. Ct. 64 (1993)).*

In the instant motion, CTI does not address the issue of bad [*8] faith, fraud, malice, or knowing infringement as it pertains to attorneys' fees. Thus, the Third-Party Plaintiffs' Motion must be denied with leave to renew.

An appropriate Order follows.

### ORDER

AND NOW, this 8th day of March, 1999, upon consideration of the unopposed Motion for More Specific Relief by Carolina Trading, Inc. and Mark Lewis (collectively, "CTI" or "Third-Party Plaintiffs") (Docket No. 28), IT IS HEREBY ORDERED that the Third-Party Plaintiffs' Motion is **DENIED with leave to renew.**

BY THE COURT:

HERBERT J. HUTTON, J.