# EXHIBIT F

LEXSEE 1993 U.S. DIST. LEXIS 138

FREDERICK M. WELTON v. CONSOLIDATED RAIL CORPORATION

CIVIL ACTION NO. 92-1679

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

1993 U.S. Dist. LEXIS 138

January 4, 1993, Decided
January 4, 1993, Filed; January 5, 1993, Entered

**DISPOSITION:** [*1] IT IS HEREBY ORDERED that Defendant's Motion is GRANTED.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff employee brought an action against defendant railroad employer seeking to recover personal injury damages under the Federal Employer's Liability Act, *45 U.S.C.S. § 51* et seq. After receiving the employee's supplemental answers, the employer filed an emergency motion to reopen discovery and to extend the pretrial scheduling order deadlines.

**OVERVIEW:** The employee's complaint sought relief for injuries allegedly sustained on February 19, 1992 while working for the employer. The employee allegedly fell as a result of unsafe working conditions. The employee filed his complaint on March 23, 1992. After the employee brought his action, a second incident occurred on July 18, 1992. Despite requests from the employer regarding whether the employee intended to assert a claim with regard to the second incident, no response was given until the discovery deadline date established by the court in its scheduling order. As a result of the employee's answers, the employer requested a stipulation from the employee for an extension of discovery because the employee asserted a claim of liability for the second incident. The employee refused. The court granted the employer's requests to reopen discovery based on new information, which the employee submitted to the employer at the last minute. The court reasoned that the employer was entitled under *Fed. R. Civ. P. 16(b)* to a modification of the scheduling order because it established good cause for not reasonably being able to complete discovery in the required timeframe.

**OUTCOME:** The court granted the employer's request for an extension of the scheduling order in the employee's action brought under the Act.

**LexisNexis(R) Headnotes**

*Civil Procedure > Trials > Pretrial Conferences*
[HN1] Under *Fed. R. Civ. P. 16(b)*, a court must issue a scheduling order which limits the time, inter alia, to complete discovery. *Fed. R. Civ. P. 16(b)(3)*. The purpose of a scheduling order is to advance the case in an orderly and prompt manner in order to secure the just, speedy and inexpensive disposition of the case as soon as possible under the circumstances. Under Rule 16(b), the court may only modify the scheduling order upon a showing of good cause. The court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension. In order to establish good cause, defendants should demonstrate that a more diligent pursuit of discovery was impossible.

**COUNSEL:** For FREDERICK M. WELTON, PLAINTIFF: DAVID L. LOCKARD, DAVID LOCKARD, ESQ., 1528 WALNUT STREET, STE. 1700, PHILA, PA 19102, USA.

For CONSOLIDATED RAIL CORPORATION, DEFENDANT: MARIETTE J. MOOYMAN, RONALD E. HURST, MONTGOMERY, MC CRACKEN, WALKER & RHOADS, THREE PARKWAY, 20TH FL., PHILA, PA 19102, USA.

**JUDGES:** HUTTON

**OPINIONBY:** BY THE COURT; HERBERT J. HUTTON

**OPINION:**
MEMORANDUM AND ORDER

HUTTON, J.

January 4, 1993

Presently before the Court is Defendant Consolidated Rail Corporation's Emergency Motion to Reopen Discovery and to Extend the Pretrial Scheduling Order Deadlines. For the following reasons, Defendant's Motion is **GRANTED**.

## FACTUAL BACKGROUND

Plaintiff filed this action to recover damages under the provisions of the Federal Employer's Liability Act. *45 U.S.C. § 51-58*. Plaintiff's complaint seeks relief for injuries allegedly sustained on February 19, 1992, while in the employ of the defendant. Plaintiff allegedly fell as a result of the defendant's failure to maintain its workplace in a safe condition. Plaintiff filed his complaint on March 23, 1992.

On May 26, 1992, the Court issued a Scheduling [*2] Order to govern the proceedings of the case. Thereafter, the Court issued an Amended Scheduling Order on July 22, 1992 in response to a letter request by the plaintiff. The Amended Scheduling Order set a discovery deadline for November 20, 1992.

Plaintiff, on the November 20, 1992 deadline, in compliance with the Amended Scheduling Order, submitted supplemental answers to the defendant's first and second set of interrogatories and provided responses to Defendant's Second Request for Production. As a result of the plaintiff's answers, the defendant contacted the plaintiff requesting a stipulation for an extension of discovery. Plaintiff refused.

Defendant now requests the Court to reopen discovery based on new information which the plaintiff submitted to the defendant at the midnight hour of discovery. Defendant contends that the plaintiff's answers for the first time reveal that: (1) plaintiff will be asserting a claim of damages arising out of a second incident occurring on July 18, 1992; (2) plaintiff met with physicians and was treated at hospitals without previously disclosing these facts; (3) plaintiff has identified new experts and theories of liability arising from the July [*3] 18th incident; and (4) plaintiff has undergone surgery which will require six months to determine its success.

## DISCUSSION

[HN1] Under *Federal Rule of Civil Procedure 16(b)*, except in actions exempted by the Local Rules which are not applicable in this matter, the Court must issue a scheduling order which limits the time, inter alia, to complete discovery. *Fed. R. Civ. Pro. 16(b)(3)*. The purpose of a scheduling order is "to advance the case in an orderly and prompt manner in order to secure the just, speedy and inexpensive disposition of the case as soon as possible under the circumstances." *Fox v. S.P. Parks, Inc., No. 85-3371, 1986 WL 1907* at *2 (E.D. Pa. February 12, 1986). Under Rule 16(b), the Court may only modify the Scheduling Order upon a showing of good cause. The Notes of Advisory Committee on Rules provide that "the court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." In order to establish good cause, the defendants should demonstrate that a more diligent pursuit of discovery was impossible. *McElyea v. Navistar International Transportation Corporation, 788 F. Supp. 1366, 1371 (E.D. Pa. 1991),* [*4] aff'd without opinion, *950 F.2d 723 (3rd Cir. 1991)* The defendant has met this burden.

In this case, the plaintiff's complaint seeks recovery for damages on a theory of negligence based on the original fall at Conrail on or about February 19, 1992. The complaint provides, in pertinent part, that:

> 5) On or about February 19, 1992, Plaintiff sustained severe and permanent injuries while employed by Defendant.
>
> 6) Plaintiff's injury was caused solely and exclusively by the negligence of Defendant, its servants, agents, and/or employees for the following reasons:

a) Defendant failed to use ordinary care to furnish Plaintiff with a reasonably safe place to work and reasonably safe equipment with which to work;

b) Defendant failed to inspect and maintain the area in which the Plaintiff was walking at the time of his injury, in a proper and reasonably safe condition;

c) Defendant failed to provide adequate and trained personnel to assist the plaintiff in doing his duties while working for the Defendant.

d) Defendant was otherwise negligent under its established rules, regulations, customs and practices.

(Plaintiff's Complaint, P 6). The [*5] complaint does not include a claim of liability for an additional fall occurring on July 18, 1992. Although the defendant repeatedly attempted to determine if the plaintiff intended to use the events surrounding the latter fall as a unique basis of liability by asking the plaintiff if he intended to amend his complaint, the plaintiff never responded to the defendant's

inquiries. The defendant sent letters to the plaintiff on this issue on October 1, 1992 and November 6, 1992, well before the discovery deadline. As far as the defendant was led to believe, as the plaintiff did not reply, liability would only be based on the original fall on the night of February 19, 1992.

Despite plaintiff's failure to reply to the defendant's inquiries, plaintiff contends that the defendant had knowledge of the July 18th incident well in advance of the discovery deadline based on the plaintiff's Pre-Trial Memorandum of July 20, 1992. Plaintiff's memorandum does discuss the July 18, 1992 fall after the plaintiff was put back to work. However, the discussion is more in the nature of proof that the plaintiff's disability would prevent him from returning to work given his injured condition. The statements [*6] in no way notify the defendant that the plaintiff intended to recover based on a theory of liability involving the decision to put the plaintiff back to work wholly independent of the original theory of liability set forth in plaintiff's complaint.

The supplemental responses of the plaintiff as submitted at the close of discovery reveal that he now has taken a much different approach. Plaintiff now submits that:

"The plaintiff was required by Conrail to return to work in July 1992, upon pain of being disciplined if he did not return to work. As a consequence of Conrail's improper and negligent placement of the plaintiff into a job as a policeman he aggravated his already herniated L2-3 disc while working at the South Kearny yard."

(Plaintiff's Supplemental Answer to Defendant's First Set of Interrogatories, Question 30). The defendant is entitled to have an opportunity to prepare an appropriate defense through additional discovery time.

An appropriate Order follows.

## ORDER

AND NOW, this 4th day of January, 1993, upon consideration of Defendant Consolidated Rail Corporation's Emergency Motion to Reopen Discovery and to Extend the Pretrial Scheduling Order Deadlines, IT [*7] IS HEREBY ORDERED that Defendant's Motion is **GRANTED.**

IT IS FURTHER ORDERED that the Amended Scheduling Order of July 22, 1992 has been amended to reflect a sixty (60) day extension.

BY THE COURT:

HERBERT J. HUTTON, J.