# EXHIBIT

# 1

# JENNER&BLOCK

August 11, 2005

**VIA FACSIMILE AND U.S. MAIL**

John W. Shaw, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

Jenner & Block LLP
One IBM Plaza
Chicago, IL 60611-7603
Tel 312 222-9350
www.jenner.com

Chicago
Dallas
Washington, DC

Donald R. Cassling
Tel  312 923-2951
Fax  312 840-7351
dcassling@jenner.com

Re:   Cryovac, Inc. v. Pechiney Plastic Packaging, Inc., C.A. 04-1278-KAJ

Dear John:

I am responding to your letter objecting to the production of Stuart Prosser in accordance with Pechiney's Notice of Deposition.

Cryovac's objections to the production of Mr. Prosser are unfounded. To begin, "[i]t is well recognized that the federal rules allow broad and liberal discovery." *Pacitti v. Macy's,* 193 F.3d 766, 777-78 (3d Cir. 1999); *Corning Inc. v. SRU Biosystems, LLC,* 223 F.R.D. 191, 193 (D. Del. 2004). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); *Corning Inc.,* 223 F.R.D. at 193. Moreover, "discovery requests may be deemed relevant if there is any possibility that the information may be relevant to the general subject matter of the litigation." *Caruso v. Coleman Co.,* 157 F.R.D. 344, 347 (E.D. Pa. 1994).

The information Pechiney seeks through the deposition of Mr. Prosser clearly fits within the broad discovery provided for by the Federal Rules and allowed in the Third Circuit. Without limitation, but solely by way of example, Pechiney will seek to obtain the following relevant information through its examination of Mr. Prosser:

   1.   Information relevant to Pechiney's defense of competitive privilege to Cryovac's tortious interference claims. Mr. Prosser, for example, is the author of a memorandum relevant to determining the scope and boundaries of the competitive privilege as it relates to this case. (*See* CR014-000703-04.)

   2.   Information relevant to Cryovac's efforts to mitigate damages. Mr. Prosser's memorandum, mentioned above, is relevant to this issue as well.

   3.   Information relevant to whether Cryovac's tortious interference claim was brought in good faith. Mr. Prosser's memorandum, mentioned above, is also relevant to this issue.

CHICAGO_1296355_1

John W. Shaw
August 11, 2005
Page 2

Not only does Pechiney's Notice seek relevant information, but it is timely. The Notice was served on August 8, 2005, prior to the discovery cut off of August 19. Furthermore, deposing Mr. Prosser is neither unduly burdensome nor harassing. As discussed above, Mr. Prosser is the author of at least one memorandum relevant to crucial issues in this litigation. Moreover,

**REDACTED**

(*See* Gardner Dep. Trns. ppg. 186, ln. 14 - 204, ln. 1.) Finally, the fact that Mr. Prosser is out of the country is not a valid objection to production because Mr. Prosser is an officer of a party to the lawsuit. While we are not required to do so, we are willing to discuss alternatives to having Mr. Prosser come to Washington for his deposition, such as having the attorneys go to London to depose him there.

If you still refuse to produce Mr. Prosser for his deposition, please let me know as soon as possible, so that we may seek appropriate relief from the Court.


Very truly yours,

*Don*

Donald R. Cassling

DRC

CHICAGO_1296355_1