# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYOVAC, INC.,<br><br>      Plaintiff/Counter-Defendant,<br><br>v.<br><br>PECHINEY PLASTIC PACKAGING INC.,<br><br>      Defendant/Counter-Plaintiff. | Civil Action No. 04-1278-KAJ<br><br>Hon. Kent A. Jordan |

## JOINT CLAIM CONSTRUCTION CHART

Pursuant to paragraph 11 of the Court's Scheduling Order adopted December 14, 2004, the parties submit the attached Joint Claim Construction Chart in this matter.

YOUNG CONAWAY STARGATT & TAYLOR

/s/ Michele Sherretta
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Michele Sherretta (No. 4651)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, Delaware 19899
(302) 571-6600
msherretta@ycst.com

Attorneys for Plaintiff
Cryovac, Inc.

CONNOLLY BOVE LODGE & HUTZ

/s/ N. Richard Powers
N. Richard Powers (No. 494)
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899
(302) 888-6266
npowers@cblh.com

Attorney for Defendant
Pechiney Plastic Packaging, Inc.

| | |
|---|---|
| Of Counsel: | Of Counsel: |
| Ford F. Farabow, Jr.<br>Joann M. Neth<br>Martin I. Fuchs<br>Courtney B. Meeker<br>Mark J. Feldstein<br>Rebecca D. Hess<br>FINNEGAN, HENDERSON, FARABOW,<br>  GARRETT & DUNNER, L.L.P.<br>901 New York Avenue, NW<br>Washington, D.C. 20001-4413<br>(202) 408-4000 | Donald R. Cassling<br>Steven R. Trybus<br>Shelley Smith<br>Brian P. O'Donnell<br>JENNER & BLOCK, L.L.P.<br>One IBM Plaza<br>Chicago, IL 60611<br>(312) 222-9350 |

DATED: November 18, 2005

Joint Claim Construction Chart
Cryovac, Inc. v. Pechiney Plastic Packaging, Inc., C.A. No. 04-1278 (KAJ)

| Claim Terms and Phrases | Cryovac's Proposed Constructions and Citations to the Intrinsic Evidence | Pechiney's Proposed Construction and Citations to the Intrinsic Record |
|---|---|---|
| oriented | The term "oriented" is used in the claim as part of the phrase "oriented coextruded film," and should be interpreted in that context to mean:<br><br>A film formed by coextrusion that is then heated and stretched to its orientation temperature range and stretched to realign the molecular configuration, this stretching accomplished by a racking or blown bubble process.<br><br>INTRINSIC EVIDENCE CITATIONS:<br><br>'419 Patent Specification (CREx. 1†)<br><br>Col. 3, lns. 45-49 ("The term 'oriented' and the like is used herein to define a polymeric material which has been heated and stretched to realign the molecular configuration, this stretching accomplished by a racking or blown bubble process."); col. 8, lns. 60-64 (The blown bubble process entails a process where "the coextruded and cooled tube is heated to its orientation temperature range to orient the film."); col. 3, lns. 15-19 ("It is still another object of the present invention to provide a coextruded thermoplastic multilayer film which may be totally coextruded and then oriented to provide a shrinkable film with good oxygen barrier properties."); col. 3, lns. 30-39 (The Shah films are formed by coextrusion, followed by cooling and then "heating the collapsed film to its orientation temperature range; and stretching and orienting the heated film."); col. 7, lns. 14-27 (example film formed by coextrusion, yielding an unoriented film, followed by cooling and then heating and blowing into a bubble to orient); see also col. 3, lns. 63-66 (defining "racking"). | A polymeric material which has been heated and stretched to realign the molecular configuration.<br><br>Intrinsic Record<br><br>The '419 patent, col. 3, lns. 45-52.<br><br>The '419 patent, col. 3, lns. 63-66.<br><br>The '419 patent, col. 4, lns. 52-56.<br><br>The '419 patent, col. 8, lns. 60-62.<br><br>Claims 1-28 of the '600 application as filed. (CR009-000204 to 210.)<br><br>Examiner Interview Summary Record for November 4, 1986 interview. (CR056-000042.)<br><br>Office Action dated November 23, 1986. (CR056-000043-46.)<br><br>Amendment dated February 13, 1987. (CR056-000136 to 39.)<br><br>Office Action dated May 8, 1987. (CR056-000142 to 44.)<br><br>Amendment After Final Rejection dated May 22, 1987. (CR0056-000152 to 55.)<br><br>U.S. Patent No. 4,284,674 to Sheptak |

| Claim Terms and Phrases | Cryovac's Proposed Constructions and Citations to the Intrinsic Evidence | Pechiney's Proposed Construction and Citations to the Intrinsic Record |
|---|---|---|
| | The Prosecution History (CREx. 3)<br><br>Supplemental Information Disclosure Statement, CR056-000160 to 161 (distinguishing the Fant film as "unoriented," thereby disclaiming from the scope of the claim films formed by coextrusion that are not thereafter cooled and then oriented by heating and stretching by a racking or blown bubble process);<br><br>As-filed specification, CR0056-000022, 26 (as-filed claim 24, the formation method entailing coextrusion, followed by cooling and then "d) heating the collapsed film to its orientation temperature range; and e) stretching and orienting the heated film.").<br><br>References Cited in the Specification (CREx. 1, col. 1, ln. 48 – col. 3, ln. 5)<br><br>U.S. Patent No. 4,514,465 to Schoenberg (CREx. 9), col. 1, lns. 33 – col. 2, ln. 8 (Oriented films are formed after the extruded polymers are cooled, where the cooled film is then "reheated to a temperature within its orientation temperature range and stretched to orient or align the crystallites and/or molecules of the material."); col. 2, lns. 15-26 (describing "blown bubble" technique and "tenter framing"); col. 2, lns. 27-42 (expressly distinguishing films formed by a "hot blown" process as being unoriented); U.S. Patent No. 4,501,798 to Koschak et al. (CREx. 12), col. 5, lns. 13-20, col. 6, ln. 46 - col. 7, ln. 7 (excluding processes such as blow molding from the meaning of "oriented").<br><br>References Cited in the Prosecution History (CREx. 3)<br><br>U.S. Patent No. 4,561,920 to Foster (CREx. 8), col. 3, lns. 14-65 (orientation entails reheating and stretching the previously extruded and cooled film) (cited at CREx. 3, | |

2

| Claim Terms and Phrases | Cryovac's Proposed Constructions and Citations to the Intrinsic Evidence | Pechiney's Proposed Construction and Citations to the Intrinsic Record |
|---|---|---|
| | CR056-000147); U.S. Patent No. 4,532,189 to Mueller (CREx. 10) col. 1, lns. 34-68 (identifying the blown bubble technique and tenter framing as the procedures for orientation) (cited at CREx. 3, CR056-000045 to 46, 123); European Patent Application No. 0,149,321 to Ohya et al. (CREx. 11) pgs. 3, 11-12 (providing that after the molten state extrusion of polymer, the material is cooled, then reheated and stretched to form the final oriented film) (cited at CREx. 3, CR056-000134, 144).<br><br>† Cryovac exhibit numbers (CREx. __) herein refer to the exhibits appended to Cyrovac's Initial Brief on Claim Construction. | |
| film | A thin, flexible, packaging material<br><br>INTRINSIC EVIDENCE CITATIONS:<br><br>'419 Patent Specification (CREx. 1)<br><br>Col. 1, Lns. 5-6; col. 1, lns. 44-52; col. 3, lns. 12-14; col. 7, lns. 33-39, col. 8, lns. 10, 11, 17-21.<br><br>References Cited in the Prosecution History (CREx. 3)<br><br>U.K. Patent App. 2,139,948 A to Dobbie et al, CREx. 3, CR056-000119, lns. 12-15 (cited at CREx. 3, CR056-000135, 144). | A web of material(s), often plastic.<br><br>Intrinsic Record<br><br>The '419 patent, col. 1, lns. 5-6.<br><br>The '419 patent, col. 3, lns. 12-14. |
| coextruded film | A film formed by coextrusion in which the layers of the film are extruded together simultaneously | A film formed by coextrusion.<br><br>Intrinsic Record<br><br>The '419 patent, col. 7, lns. 10-17. |

3

| Claim Terms and Phrases | Cryovac's Proposed Constructions and Citations to the Intrinsic Evidence | Pechiney's Proposed Construction and Citations to the Intrinsic Record |
|---|---|---|
| | **INTRINSIC EVIDENCE CITATIONS:**<br><br>'419 Patent Specification (CREx. 1)<br><br>Col. 3, lns. 30-39 (method of forming entails coextruding all the layers in a single step); col. 7, lns. 3-17 (Example showing all layers coextruded in a single step); col. 1, lns. 48-59 (citing U.S. Patent No. 4,421,823 to Theisen et al. (CREx. 21) for the distinct film forming method of lamination), *see also* CREx. 21, col. 2, lns. 19-28).<br><br>The Prosecution History (CREx. 3)<br><br>As-filed specification, CREx. 3, CR0056-000022, 26 (claimed method of forming entails coextruding all the layers in a single step). | Claims 1-28 of the '600 application as filed. (CR009-000204 to 210.)<br><br>Examiner Interview Summary Record for November 4, 1986 interview. (CR056-000042.)<br><br>Office Action dated November 23, 1986. (CR056-000043-46.) |
| oriented coextruded film | A film formed by coextrusion that is then heated to its orientation temperature range and stretched to realign the molecular configuration, this stretching accomplished by a racking or blown bubble process<br><br>**INTRINSIC EVIDENCE CITATIONS:**<br><br>'419 Patent Specification (CREx. 1)<br><br>Col. 3, lns. 45-49 ("The term 'oriented' and the like is used herein to define a polymeric material which has been heated and stretched to realign the molecular configuration, this stretching accomplished by a racking or blown bubble process."); col. 8, lns. 60-64 (The blown bubble process entails a process where "the coextruded and cooled tube is heated to its orientation temperature range to orient the film."); col. 3, lns. 15-19 ("It is still another object of the | Pechiney does not agree that the claim term "oriented coextruded film" needs construction aside from the construction of "oriented" and "film." However, if the Court determines to construe the term, Pechiney proposes:<br><br>An oriented film formed by coextrusion.<br><br>Intrinsic Record<br><br>The '419 patent, col. 3, lns. 45-52.<br><br>The '419 patent, co.. 3, lns. 63-66.<br><br>The '419 patent, col. 4, lns. 52-56.<br><br>The '419 patent, col. 7, lns. 10-17.<br><br>The '419 patent, col. 8, lns. 60-62. |

4

| Claim Terms and Phrases | Cryovac's Proposed Constructions and Citations to the Intrinsic Evidence | Pechiney's Proposed Construction and Citations to the Intrinsic Record |
|---|---|---|
| | present invention to provide a coextruded thermoplastic multilayer film which may be totally coextruded and then oriented to provide a shrinkable film with good oxygen barrier properties."); col. 3, lns. 30-39 (The Shah films are formed by coextrusion, followed by cooling and then "heating the collapsed film to its orientation temperature range; and stretching and orienting the heated film."); col. 7, lns. 14-27 (example film formed by coextrusion, yielding an unoriented film, followed by cooling and then heating and blowing into a bubble to orient); *see also* col. 3, lns. 63-66 (defining "racking").<br><br>The Prosecution History (CREx. 3)<br><br>Supplemental Information Disclosure Statement, CR056-000160 to 161 (distinguishing the Fant film as "unoriented," thereby disclaiming from the scope of the claim films formed by coextrusion that are not thereafter cooled and then oriented by heating and stretching by a racking or blown bubble process);<br><br>As-filed specification, CR0056-000022, 26 (as-filed claim 24, the formation method entailing coextrusion, followed by cooling and then "d) heating the collapsed film to its orientation temperature range; and e) stretching and orienting the heated film.").<br><br>References Cited in the Specification (CREx. 1, col. 1, ln. 48 - col. 3, ln. 5)<br><br>U.S. Patent No. 4,514,465 to Schoenberg (CREx. 9), col. 1, lns. 33 - col. 2, ln. 8 (Oriented films are formed after the extruded polymers are cooled, where the cooled film is then "reheated to a temperature within its orientation temperature range and stretched to orient or align the crystallites and/or molecules of the material."); col. 2, lns. | Claims 1-28 of the '600 application as filed. (CR009-000204 to 210.)<br><br>Examiner Interview Summary Record for November 4, 1986 interview. (CR056-000042.)<br><br>Office Action dated November 23, 1986. (CR056-000043-46.)<br><br>Amendment dated February 13, 1987. (CR056-000136 to 39.)<br><br>Office Action dated May 8, 1987. (CR056-000142 to 44.)<br><br>Amendment After Final Rejection dated May 22, 1987. (CR0056-000152 to 55.)<br><br>U.S. Patent No. 4,284,674 to Sheptak |

5

| Claim Terms and Phrases | Cryovac's Proposed Constructions and Citations to the Intrinsic Evidence | Pechiney's Proposed Construction and Citations to the Intrinsic Record |
|---|---|---|
| | 15-26 (describing "blown bubble" technique and "tenter framing"); col. 2, lns. 27-42 (expressly distinguishing films formed by a "hot blown" process as being unoriented); U.S. Patent No. 4,501,798 to Koschak et al. (CREx. 12), col. 5, lns. 13-20, col. 6, ln. 46 - col. 7, ln. 7 (excluding processes such as blow molding from the meaning of "oriented").<br><br>References Cited in the Prosecution History (CREx. 3)<br><br>U.S. Patent No. 4,561,920 to Foster (CREx. 8), col. 3, lns. 14-65 (orientation entails reheating and stretching the previously extruded and cooled film) (cited at CREx. 3, CR056-000147); U.S. Patent No. 4,532,189 to Mueller (CREx. 10) col. 1, lns. 34-68 (identifying the blown bubble technique and tenter framing as the procedures for orientation) (cited at CREx. 3, CR056-000045 to 46, 123); European Patent Application No. 0,149,321 to Ohya et al. (CREx. 11) pgs. 3, 11-12 (providing that after the molten state extrusion of polymer, the material is cooled, then reheated and stretched to form the final oriented film) (cited at CREx. 3, CR056-000134, 144). | |
| layer(s) | A thickness of material adhered to another thickness of material<br><br>INTRINSIC EVIDENCE CITATIONS:<br><br>'419 Patent Specification (CREx. 1)<br><br>Col. 3, lns. 42-44 ("'Intermediate layer', 'interior layer', and the like are used herein to define a layer in a multilayer film adhered on both sides to other layers."). | One thickness of material laid or lying over or under another.<br><br>Intrinsic Record<br><br>Amendment dated February 13, 1987. (CR056-000136 to 39.)<br><br>Office Action dated May 8, 1987. (CR056-000142 to 44.)<br><br>Amendment After Final Rejection dated May 22, 1987. (CR0056-000152 to 55.)<br><br>Notice of Allowability dated July 24, 1987. |

6

| Claim Terms and Phrases | Cryovac's Proposed Constructions and Citations to the Intrinsic Evidence | Pechiney's Proposed Construction and Citations to the Intrinsic Record |
|---|---|---|
|  |  | (CR056-000162 to 63.)<br><br>U.S. Patent No. 4,284,674 to Sheptak<br><br>U.S. Patent No. 4,532,189 to Mueller |
| at least seven layers | At least the seven layers recited in subparagraphs (a), (b), (c) and (d) of claim 11<br><br>INTRINSIC EVIDENCE CITATIONS:<br><br>'419 Patent Specification (CREx. 1)<br><br>Pg. 2, fig. 1; col. 3, lns. 19-29; col. 4, lns. 41-45; col. 7, lns. 1-26; col. 7, ln. 66 – col. 6, ln. 7; *see also* clauses (a) – (d), below. | Pechiney does not agree that the claim term "at least seven layers" needs construction. However, if the Court determines to construe the term, Pechiney proposes:<br><br>**Seven or more layers.**<br><br><u>Intrinsic Record</u><br><br>Amendment dated February 13, 1987. (CR0056-000136 to 39.)<br><br>Office Action dated May 8, 1987. (CR056-000142 to 44.)<br><br>Amendment After Final Rejection dated May 22, 1987. (CR0056-000152 to 55.)<br><br>Notice of Allowability dated July 24, 1987. (CR056-000162 to 63.)<br><br>U.S. Patent No. 4,284,674 to Sheptak<br><br>U.S. Patent No. 4,532,189 to Mueller |
| arranged symmetrically | The term "arranged symmetrically" is used in the claim as part of the phrase "at least seven layers arranged symmetrically" and should be interpreted in that context to mean:<br><br>At least the seven layers recited in | Putting the layers in a desired symmetrical order when the film is viewed in cross-section, that is, putting the layers in an order so that the geometrical center line of the core layer is the geometrical center line of the film and there is correspondence in the size (thickness) and |

7

| Claim Terms and Phrases | Cryovac's Proposed Constructions and Citations to the Intrinsic Evidence | Pechiney's Proposed Construction and Citations to the Intrinsic Record |
|---|---|---|
| | subparagraphs (a), (b), (c) and (d) of claim 11 arranged such that one layer (b), one layer (c) and one layer (d) are in the same order on each of the opposite sides of the core layer (a), for example, c/d/b/d/c. This claim phrase limits the arrangement of the layers. It does not limit the thickness of the layers. Nor does it limit the amounts of recited components or additives that may be included in the layers.<br><br>INTRINSIC EVIDENCE CITATIONS:<br><br>'419 Patent Specification (CREx. 1)<br><br>    Col. 5, lns. 20-22 ("The total thickness of the polyamide layers may vary widely. For example, each layer can form between 5% and 25% of the total thickness of the multilayer film."); col. 5, lns. 42-45 ("[O]uter layers 16 and 18 preferably each comprise from about 20% to about 40% and more preferably from about 25% to about 35% of the total thickness of the multilayer film."); col. 5, lns. 29-30 (outer layers "will typically contain small amounts of slip and antiblock additives."); col. 7, lns. 65-68 ("Adhesive layers 20 and 22 will each comprise from about 5% to about 15% of the total thickness of the multilayer film…"); col. 6, lns. 65-67 (disclosing preferences, if corresponding layers are improperly required to have identical thicknesses, with 6 layers accounting for 100% of the film thickness yielding an impossible film lacking any thickness remaining for the required EVOH core layer); col. 1, ln. 48 - col. 3, ln. 5 (addressing as relevant background general compositions and ordering of the layers, not layer thickness or precise composition, e.g., discussing U.S. Patent No. 4,514,465 to Schoenberg (CREx. 9) without reference to Schoenberg's | composition of layers on opposite sides of the core layer resulting in the corresponding layers being mirror images of each other with the same thickness and the same chemical composition.<br><br>Intrinsic Record<br><br>The '419 patent, col. 4, lns. 52-56.<br>The '419 patent, Figure 1.<br>The '419 patent, col. 4, lns. 60-63.<br>The '419 patent, col. 5, lns. 6-19.<br>The '419 patent, col. 5, lns. 19-22.<br>The '419 patent, col. 5, lns. 23-36.<br>The '419 patent, col. 5, lns. 41-48.<br>The '419 patent, col. 6, lns. 39-41.<br>The '419 patent, col. 6, lns. 65-68.<br>The '419 patent, col. 7, lns. 3-13.<br>The '419 patent, col. 7, ln. 67-col. 8, ln. 1-5.<br>Claim 1 of the '600 application as filed. (CR009-000204.)<br>Office Action dated November 23, 1986. (CR056-000043 to 46.)<br>Amendment dated February 13, 1987. (CR056-000136 to 39.)<br>Office Action dated May 8, 1987. (CR0056-000142 to 44.)<br>Amendment After Final Rejection dated May 22, 1987. (CR0056-000152 to 55.)<br>Notice of Allowability dated July 24, 1987. |

8

| Claim Terms and Phrases | Cryovac's Proposed Constructions and Citations to the Intrinsic Evidence | Pechiney's Proposed Construction and Citations to the Intrinsic Record |
|---|---|---|
| | teachings (CREx. 9, col. 16, lns. 29-44) that the two surface layers may contain different specific components within each of the four classes).<br><br>The Prosecution History (CREx. 3)<br><br>Amendment After Final Rejection dated May 22, 1987, CR056-000152 to 153 (amending prosecution claim 1 (issued claim 11), to add in the preamble "having at least seven layers arranged symmetrically" and to delete from paragraph (d) in the body of the claim that "said layers of the multilayer films forming a symmetrical heat-shrinkable structure" (added text underscored, deleted text bracketed); CR0056-000155 (accompanying "REMARKS," explaining that these amendments were "to clarify that (1) at least seven layers are claimed, and that (2) these layers are symmetrically arranged" without reference to or representations concerning the thickness or exact composition of any layer of the claimed film or those of the cited prior art, and distinguishing Sheptak (CREx. 5) in view of Mueller (CREx. 10), because Sheptak "only teaches five layers, symmetrically arranged (14) and the overall eight layer structure (S) of the reference is asymmetric," without any reference to the thickness, geometric center, or precise composition of any layer). | (CR056-000162 to 63.)<br>U.S. Patent No. 4,284,674 to Sheptak<br>U.S. Patent No. 4,532,189 to Mueller |
| at least seven layers arranged symmetrically | At least the seven layers recited in subparagraphs (a), (b), (c) and (d) of claim 11 arranged such that one layer (b), one layer (c) and one layer (d) are in the same order on each of the opposite sides of the core layer (a), for example, c/d/b/a/b/d/c. This claim phrase limits the arrangement of the layers. It does not limit the thickness of the layers. Nor does it limit the amounts of recited components or | Pechiney proposes that the appropriate construction of the phrase "at least seven layers arranged symmetrically" can be obtained by combining the construction of "at least seven layers" (to the extent the Court determines that such phrase needs construction) with the construction of "arranged symmetrically." Thus, Pechiney does not agree that the phrase "at least seven layers arranged symmetrically" needs to be |

9

| Claim Terms and Phrases | Cryovac's Proposed Constructions and Citations to the Intrinsic Evidence | Pechiney's Proposed Construction and Citations to the Intrinsic Record |
|---|---|---|
| | additives that may be included in the layers. | construed in addition to the construction of the terms "at least seven layers" and "arranged symmetrically" that make up the phrase. |
| | **INTRINSIC EVIDENCE CITATIONS:** | However, if the Court determines to construe the phrase, Pechiney proposes: |
| | '419 Patent Specification (CREx. 1) | Putting seven or more layers in a desired symmetrical order when the film is viewed in cross-section, that is, putting the layers in an order so that the geometrical center line of the core layer is the geometrical center line of the film and there is correspondence in the size (thickness) and composition of layers on opposite sides of the core layer resulting in the corresponding layers being mirror images of each other with the same thickness and the same chemical composition. |
| | Col. 5, lns. 20-22 ("The total thickness of the polyamide layers may vary widely. For example, each layer can form between 5% and 25% of the total thickness of the multilayer film."); col. 5, lns. 42-45 ("[O]uter layers 16 and 18 preferably each comprise from about 20% to about 40% and more preferably from about 25% to about 35% of the total thickness of the multilayer film."); col. 5, lns. 29-30 (outer layers "will typically contain small amounts of slip and antiblock additives."); col. 7, lns. 65-68 ("Adhesive layers 20 and 22 will each comprise from about 5% to about 15% of the total thickness of the multilayer film…"); col. 6, lns. 65-67 (disclosing preferences, if corresponding layers are improperly required to have identical thicknesses, with 6 layers accounting for 100% of the film thickness yielding an impossible film lacking any thickness remaining for the required EVOH core layer); col. 1, ln. 48 - col. 3, ln. 5 (addressing as relevant background general compositions and ordering of the layers, not layer thickness or precise composition, *e.g.*, discussing U.S. Patent No. 4,514,465 to Schoenberg (CREx. 9) without reference to Schoenberg's teachings (CREx. 9, col. 16, lns. 29-44) that the two surface layers may contain different specific components within each of the four classes). | **Intrinsic Record**

The '419 patent, col. 4, lns. 52-56.
The '419 patent, Figure 1.
The '419 patent, col. 4, lns. 60-63.
The '419 patent, col. 5, lns. 6-19.
The '419 patent, col. 5, lns. 19-22.
The '419 patent, col. 5, lns. 23-36.
The '419 patent, col. 5, lns. 41-48.
The '419 patent, col. 6, lns. 39-41.
The '419 patent, col. 6, lns. 65-68.
The '419 patent, col. 7, lns. 3-13.
The '419 patent, col. 7, ln. 67-col. 8, ln. 1-5. |
| | The Prosecution History (CREx. 3)

Amendment After Final Rejection dated May 22, 1987, CR056-000152 to 153 (amending prosecution claim 1 (issued claim 11), to add in the preamble "having at least | |

10

| Claim Terms and Phrases | Cryovac's Proposed Constructions and Citations to the Intrinsic Evidence | Pechiney's Proposed Construction and Citations to the Intrinsic Record |
|---|---|---|
| | seven layers arranged symmetrically" and to delete from paragraph (d) in the body of the claim that "said layers of the multilayer films forming a symmetrical heat-shrinkable structure" (added text underscored, deleted text bracketed); CR0056-000155 (accompanying "REMARKS," explaining that these amendments were "to clarify that (1) at least seven layers are claimed, and that (2) these layers are symmetrically arranged" without reference to or representations concerning the thickness or exact composition of any layer of the claimed film or those of the cited prior art, and distinguishing Sheptak (CREx. 5) in view of Mueller (CREx. 10), because Sheptak "only teaches five layers, symmetrically arranged (14) and the overall eight layer structure (S) of the reference is asymmetric," without any reference to the thickness, geometric center, or precise composition of any layer). | Claim 1 of the '600 application as filed. (CR009-000204.)<br><br>Office Action dated November 23, 1986. (CR056-000043 to 46.)<br><br>Amendment dated February 13, 1987. (CR056-000136 to 39.)<br><br>Office Action dated May 8, 1987. (CR056-000142 to 44.)<br><br>Amendment After Final Rejection dated May 22, 1987. (CR0056-000152 to 55.)<br><br>Notice of Allowability dated July 24, 1987. (CR056-000162 to 63.)<br><br>U.S. Patent No. 4,284,674 to Sheptak<br><br>U.S. Patent No. 4,532,189 to Mueller |
| comprising | "'Comprising' is a term of art used in [patent] claim language which means that the named elements are essential, but other elements may be added and still form a [product] within the scope of the claim." *Genentech Inc. v. Chiron Corp.*, 112 F.3d 495, 501 (Fed. Cir. 1997).<br><br>INTRINSIC EVIDENCE CITATIONS:<br><br>*See* "Layer Comprising" and clauses (a) - (d), below. | To the extent that the Court determines to construe the term "comprising" alone (as opposed to as a part of subparagraphs (a), (b), (c), and (d)), Pechiney does not disagree with Cryovac's proposed construction. |

11

| Claim Terms and Phrases | Cryovac's Proposed Constructions and Citations to the Intrinsic Evidence | Pechiney's Proposed Construction and Citations to the Intrinsic Record |
|---|---|---|
| layer comprising<br><br>or<br><br>layers each comprising<br><br>or<br><br>layers, each comprising | These are open transition phrases that require the presence of the named elements and permit the inclusion of additional unnamed components in each of the layers recited in subparagraphs (a), (b), (c) and (d) of claim 11.<br><br>INTRINSIC EVIDENCE CITATIONS:<br><br>'419 Patent Specification (CREx. 1)<br><br>Col. 5, lns. 29-30, lns. 29-30 (col. 5, lns. 29-30 ("will typically contain small amounts of slip and antiblock additives."); col. 6, lns. 5-10 ("The polypropylene [used in the outer layer] may be preblended with about 4% by weight of a silica-containing antiblock agent, about 5% by weight of amide waxes, and about 1% of a lubricating agent. The amide waxes and lubricating agents are well-known in the art as slip agents."); *see also* clauses (a) and (c), below. | To the extent that the Court determines to construe the terms "layer comprising" "layers each comprising" and/or "layers, each comprising" alone (as opposed to as a part of subparagraphs (a), (b), (c), and (d)), Pechiney proposes:<br><br>The phrase "layer comprising" as used in subparagraph (a) "a core layer comprising an ethylene vinyl alcohol copolymer" means the core layer includes ethylene vinyl alcohol copolymer but may also include other material(s).<br><br>The phrase "layers each comprising" as used in subparagraph (b) "two intermediate layers each comprising a polyamide" means each intermediate layer includes a polyamide but may also include other material(s).<br><br>The phrase "layers each comprising" as used in subparagraph (c) "two outer layers each comprising a polymeric material or blend of polymeric materials" means each outer layer includes a polymeric material or blend of polymeric materials but may also include other material(s).<br><br>The phrase "layers, each comprising" as used in subparagraph (d) "two layers, each comprising an adhesive polymeric materials" means each layer includes an adhesive polymeric materials but may also include other material(s). |

12

| Claim Terms and Phrases | Cryovac's Proposed Constructions and Citations to the Intrinsic Evidence | Pechiney's Proposed Construction and Citations to the Intrinsic Record |
|---|---|---|
| (a) a core layer comprising an ethylene vinyl alcohol copolymer | A layer that must contain ethylene vinyl alcohol copolymer but may also contain other components, which is located between the two intermediate layers (b) of claim 11.<br><br>INTRINSIC EVIDENCE CITATIONS:<br><br>'419 Patent Specification (CREx. 1)<br><br>Pg. 2, Fig. 1; col. 4, lns. 41-45; col. 5, ln. 6-9.<br><br>References Cited in the Specification (CREx. 1, col. 1, ln. 48 – col. 3, ln. 5)<br><br>U.S. Patent No. 4,457,960 to Newsome (CREx. 30), col. 5, lns. 26-40 ("core layer" designation based on order of layers, without regard to layer thicknesses or film geometric center); U.S. Patent No. 4,495,249 to Ohya (CREx. 31) col. 7-8, Table 2-1 ("core" designation based on ordering of layers, without regard to layer thicknesses, with exemplary outer layer thicknesses are always different); see also U.S. Patent No. 4,514,465 (Schoenberg, CREx. 9) col. 8, lns 4-7.<br><br>References Cited in the Prosecution History (CREx. 3)<br><br>U.S. Patent No. 4,532,189 to Mueller (CREx. 10) col. 3, lns. 46-48 ("The term core or core layer as used herein means a layer in a multi-layer film which is enclosed on both sides by additional layers."). | A central layer that is adhered on both sides to other layers and whose composition includes an ethylene vinyl alcohol copolymer but may also include other material(s).<br><br>Intrinsic Record<br><br>The '419 patent, col. 3, lns. 53-59.<br><br>The '419 patent, col. 4, ln. 60-col. 5, ln. 5. |

13

| Claim Terms and Phrases | Cryovac's Proposed Constructions and Citations to the Intrinsic Evidence | Pechiney's Proposed Construction and Citations to the Intrinsic Record |
|---|---|---|
| (b) two intermediate layers each comprising a polyamide | Two layers in a multilayer film, each adhered on both sides to other layers. Each must contain a common polyamide component but each may also contain other components as well.<br><br>INTRINSIC EVIDENCE CITATIONS:<br><br>'419 Patent Specification (CREx. 1)<br><br>Pg. 2, fig. 1; col. 3, lns. 19-29; col. 4, lns. 41-45; col. 3, lns. 42-44 (defining an "intermediate layer" as "a layer in a multilayer film adhered on both sides to other layers"); col. 5, lns. 6-22; see also citations for clauses (a), above, and (c), below. | A first layer that is adhered on both sides to other layers and whose composition includes a polyamide but may also include other material(s) and a second layer that is adhered on both sides to other layers and whose composition includes a polyamide but may also include other material(s). The polyamide in the first layer need not be the same as the polyamide in the second layer.<br><br>Intrinsic Record<br><br>The '419 patent, col. 3, lns. 42-44.<br><br>The '419 patent, col. 5, lns. 6-19. |
| (c) two outer layers each comprising a polymeric material or blend of polymeric materials | The two outer layers of a multilayer film. Each must contain a common polymeric component but each may also contain other components as well.<br><br>INTRINSIC EVIDENCE CITATIONS:<br><br>'419 Patent Specification (CREx. 1)<br><br>Pg. 2, fig. 1; col. 3, lns. 19-29; col. 3, lns. 22-25, col. 5, lns. 6-9, col. 7, ln. 66 - col. 8, ln. 3 (using "a" to denote a single polymer component, not multiple optional components); col. 4, lns. 41-45; col. 5, lns. 47-50 (using "a" in its ordinary sense to refer to a single thing, in this case to refer to a single commercial polymer); col. 5, ln. 23 - col. 6, ln. 34.<br><br>The Prosecution History (CREx. 3)<br><br>Office Action dated Nov. 20, 1986, CR056-000046 | A first layer that is on the outside of the film and whose composition includes a polymeric material or blend of polymeric materials but may also include other material(s) and a second layer that is on the outside of the film and whose composition includes a polymeric material or blend of polymeric materials but may also include other material(s). The polymeric material or blend of polymeric materials in the first layer need not be the same as the polymeric material or blend of polymeric materials in the second layer.<br><br>Intrinsic Record<br><br>The '419 patent, col. 5, lns. 23-36. |

14

| Claim Terms and Phrases | Cryovac's Proposed Constructions and Citations to the Intrinsic Evidence | Pechiney's Proposed Construction and Citations to the Intrinsic Record |
|---|---|---|
| | (using "outer layers" to refer to the outside layers of a multilayer film). | |
| (d) two layers, each comprising an adhesive polymeric material, which adhere each of said intermediate layers to a respective outer layer. | Two layers of a multilayer film, which each adhere one of the intermediate layers to a respective outer layer. Each must contain a common adhesive polymeric material but each may also contain other components as well.<br><br>INTRINSIC EVIDENCE CITATIONS:<br><br>'419 Patent Specification (CREx. 1)<br><br>CREx. 1, pg. 2, fig. 1; col. 3, lns. 19-29; col. 4, lns. 41-45; col. 6, lns. 35-69; *see also* citations for clauses (a) and (c), above. | A first layer whose composition includes an adhesive polymeric material but may also include other material(s) and which adheres the first intermediate layer to the first outer layer and a second layer whose composition includes an adhesive polymeric material but may also include other material(s) and which adheres the second intermediate layer to the second outer layer. The adhesive polymeric material in the first layer need not be the same as the adhesive polymeric material in the second layer.<br><br>Intrinsic Record<br><br>The '419 patent, col. 6, lns. 39-52. |

15

## CERTIFICATE OF SERVICE

I, Michele Sherretta, hereby certify that on November 18, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such document is available for viewing and downloading to the following counsel of record:

>N. Richard Powers, Esquire
>Connolly Bove Lodge & Hutz LLP
>The Nemours Building
>1007 North Orange Street
>P. O. Box 2207
>Wilmington, DE  19899

I further certify that I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated.

**BY FEDERAL EXPRESS**

>Steven R. Trybus, Esquire
>Jenner & Block LLP
>One IBM Plaza
>Chicago, IL  60611-7603

>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>*/s/ Michele Sherretta*
>John W. Shaw (No. 3362)
>Michele Sherretta (No. 4651)
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, Delaware  19801
>(302) 571-6600
>msherretta@ycst.com
>
>Attorneys for Plaintiff Cryovac, Inc.