# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CRYOVAC, INC., | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | Civil Action No. 04-1278-KAJ |
| | ) | |
| vs. | ) | Hon. Kent A. Jordan |
| | ) | |
| PECHINEY PLASTIC PACKAGING, | ) | |
| INC., | ) | **REDACTED** |
| | ) | |
| Defendant/Counter-Plaintiff. | ) | |

## PECHINEY'S MEMORANDUM IN OPPOSITION TO CRYOVAC'S
## MOTION FOR SUMMARY JUDGMENT OF INFRINGEMENT

N. Richard Powers (#494)
CONNOLLY BOVE LODGE & HUTZ
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207
Tel: (302) 888-6266

Donald R. Cassling (Admitted *pro hac vice*)
Steven R. Trybus (Admitted *pro hac vice*)
Shelley Smith (Admitted *pro hac vice*)
Brian P. O'Donnell (Admitted *pro hac vice*)
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL 60611
Telephone: (312) 222-9350

Dated: November 18, 2005

# TABLE OF CONTENTS

I.   INTRODUCTION ........................................................................................................1

II.  SUMMARY OF ARGUMENT ...................................................................................1

III. BACKGROUND FACTS ............................................................................................1

    A.   The Prosecution History of the '419 Patent ........................................................1

    B.   ClearShield Film .................................................................................................4

    C.   Cryovac's Summary Judgment Motion ...............................................................6

IV. ARGUMENT ..............................................................................................................7

    A.   Law for Summary Judgment of Infringement .....................................................7

    B.   The Court Should Reject Cryovac's Transparently Litigation-Induced Claim
        Construction For "Arranged Symmetrically" Because It Is Incorrect And Violates
        Federal Circuit Precedent .....................................................................................8

        1.   Cryovac's Claim Construction Renders The "Arranged Symmetrically"
             Limitation Superfluous. .............................................................................9

        2.   Cryovac's Claim Construction Does Not Provide the Ability to Determine
             Whether Films Having More Than Seven Layers Meet Claim 11. ............11

        3.   Unlike Cryovac's Claim Construction, Pechiney's Claim Construction
             Provides Meaning To The "Arranged Symmetrically" Limitation Consistent
             With Federal Circuit Precedent ...............................................................14

        4.   Unlike Cryovac's Claim Construction, Pechiney's Claim Construction Permits
             One To Readily Determine Whether Films Having More Than Seven Layers
             Meet The Limitations Of Claim 11 ..........................................................15

    C.   Pechiney Does Not Infringe Claim 11 Even If The Court Were to Adopt
        Cryovac's Proposed Claim Construction *in Toto*. ............................................15

        1.   Cryovac Has Offered No Proof That Pechiney's ClearShield Film is A
             "Coextruded Film" Under Cryovac's Claim Construction. .........................15

        2.   Even If The Court Were to Completely Side With Cryovac's Arguments, At
             Most, Cryovac Only Would Be Entitled to Summary Judgment Of
             Infringement For ClearShield Film Made In Accordance With Product
             Specification Z-9001 F. ..........................................................................18

V.  CONCLUSION..........................................................................................................20

i

## TABLE OF AUTHORITIES

**Cases**

*Abbott Labs. v. Syntron Bioresearch, Inc.*,
    334 F.3d 1343 (Fed. Cir. 2003) ................................................................ 6

*Amhil Enters. Ltd. v. Wawa, Inc.*,
    81 F.3d 1554 (Fed. Cir. 1996) ................................................................ 6

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986) .............................................................................. 7

*Boss Control, Inc. v. Bombardier Inc.*,
    410 F.3d 1372 (Fed. Cir. 2005) ............................................................. 6

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986) .............................................................................. 7

*Dow Chem. Co. v. Sumitomo Chem. Co. Ltd.*,
    257 F.3d 1364 (Fed. Cir. 2001) ............................................................. 7

*Elekta Instrument S.A. v. O.U.R. Scientific Int'l, Inc.*,
    214 F.3d 1302 (Fed. Cir. 2000) ................................................... 7, 9, 10, 11

*General American Transportation Corp. v. Cryo-Trans, Inc.*,
    93 F.3d 766 (Fed. Cir. 1996) ..................................................... 8, 9, 10, 11

*Laitram Corp. v. Rexnord, Inc.*,
    939 F.2d 1533 (Fed. Cir. 1991) ............................................................. 8

*Markman v. Westview Instruments, Inc.*,
    52 F.3d 967 (Fed. Cir. 1995), *aff'd*, 517 U.S. 370 (1996) ......................... 7

*Merck & Co., Inc. v. Teva Pharms. USA, Inc.*,
    395 F.3d 1364 (Fed. Cir. 2005) ................................................... 7, 9, 10, 11

*Pause Technology LLC v. TiVo Inc.*,
    419 F.3d 1326 (Fed. Cir. 2005) ................................................... 8, 9, 10, 11

**Statutes**

35 U.S.C. §103 ........................................................................................ 2

## I.    INTRODUCTION

Cryovac moved for summary judgment that Pechiney infringes claim 11 of United States Patent No. 4,755,419 ("the '419 patent") by its manufacture and sale of ClearShield™ film in the United States. (D.I. 201.) This Court should deny Cryovac's motion because it is premised on flawed claim construction that violates Federal Circuit precedent. Even if the Court were to adopt Cryovac's flawed claim construction, it should deny Cryovac's motion because Cryovac has no proof that ClearShield film infringes claim 11 under that construction.

## II.    SUMMARY OF ARGUMENT

1.    Cryovac's proposed claim construction is incorrect and violates Federal Circuit precedent. For example, Cryovac's claim construction renders "arranged symmetrically" superfluous, which is improper under Federal Circuit precedent. Cryovac is so myopically focused on ensnaring Pechiney's ClearShield film that it does not propose a realistic claim construction defining the metes and bounds of the claim.

2.    Even if this Court were to adopt Cryovac's claim construction *in toto*, Pechiney's manufacture and sale of ClearShield film in the United States still would not infringe because Cryovac has no proof that ClearShield film is a "coextruded film."

3.    Cryovac's evidence actually shows that ClearShield film does not infringe claim 11 as properly construed. Indeed, as shown in Pechiney's Motion for Summary Judgment on Patent Issues, Pechiney is entitled to a summary judgment of non-infringement.

## III.    BACKGROUND FACTS

### A.    The Prosecution History of the '419 Patent

The '419 patent issued on July 5, 1988, based on an application filed March 21, 1986. (A0141-48, Ex. 10, the '419 patent.) The only claim at issue is claim 11 of the '419 patent. Claim 11 reads as follows:

> 11. An oriented coextruded film having at least seven layers
> arranged symmetrically comprising:
>
> (a) a core layer comprising an ethylene vinyl alcohol copolymer;
>
> (b) two intermediate layers each comprising a polyamide;
>
> (c) two outer layers each comprising a polymeric material or blend
> of polymeric materials; and
>
> (d) two layers, each comprising an adhesive polymeric material,
> which adhere each of said intermediate layers to a respective outer
> layer.

Claim 11, as issued, corresponds to what was claim 1 during prosecution. As originally filed,

claim 1 read:

> 1.   An oriented multilayer film comprising:
>
> a)      a core layer comprising an ethylene vinyl alcohol
> copolymer;
>
> b)      two intermediate layers each comprising a polyamide;
>
> c)      two outer layers each comprising a polymeric material or
> blend of polymeric materials; and
>
> d)      each of said intermediate layers adhered to a respective
> outer layer by a layer of adhesive polymeric material.

(A1020, Ex. 101.) The PTO rejected claim 1, as originally drafted, over the prior art. In

particular, the patent examiner rejected claim 1 "under 35 U.S.C. §103 as being unpatentable

over Sheptak or Hirt in view of Mueller." (A1045, Ex. 101.)

In response, Cryovac amended[1] claim 1 as follows:

> Claim 1.   (amended)  An oriented <u>coextruded</u> multilayer
> film comprising:
>
> a)      a core layer comprising an ethylene vinyl alcohol
> copolymer;

---

[1]   Cryovac underlined additions to the claim language and bracketed deletions.

b)      two intermediate layers each comprising a
polyamide;

c)      two outer layers each comprising a polymeric
material or blend of polymeric materials; and

d)      each of said intermediate layers adhered to a
respective outer layer by a layer of adhesive polymeric material [.]
;

said layers of the multilayer film forming a symmetrical
heat-shrinkable structure.

(A1136-37, Ex. 101.)  In arguing that this amendment rendered claim 1 patentable over the cited

prior art, Cryovac argued with respect to Sheptak and Hirt that "neither disclosure includes or

teaches a *symmetrical* structure as claimed." (A1138, Ex. 101) (emphasis added.)  Cryovac also

argued that "[e]mploying the outer layers of polyolefin blends taught by Mueller as the outer

layers in Sheptak or Hirt would still produce an *asymmetrical, not a symmetrical* multilayer film

structure."  (*Id.*) (emphasis added.)

In the next and final Office Action, the examiner continued to reject claim 1 over Sheptak

in view of Mueller.  (A1143, Ex. 101.)  Cryovac again amended claim 1 as follows:

Claim 1.  (amended)  An oriented coextruded [multilayer]
film having at least seven layers arranged symmetrically
comprising:

a)      a core layer comprising an ethylene vinyl alcohol
copolymer;

b)      two intermediate layers each comprising a
polyamide;

c)      two outer layers each comprising a polymeric
material or blend of polymeric materials; and

d)      [each of said intermediate layers adhered to a
respective outer layer by a layer of adhesive polymeric material;
said layers of the multilayer film forming a symmetrical heat-
shrinkable structure] two layers, each comprising an adhesive
polymeric material, which adhere each of said intermediate layers
to a respective outer layer.

3

(A1152-53, Ex. 101.)  In the "Remarks" accompanying this amendment, Cryovac argued:

> The Examiner is respectfully requested to reconsider the grounds on which the Final Rejection is based.
>
> Claims 1, 6, and 14 have been amended to clarify that:
>
> (1)    *at least seven* layers are claimed, and that
>
> (2)    these layers are symmetrically arranged.
>
> Sheptak only teaches five layers, symmetrically arranged (14) and the overall eight layer structure (S) of the reference is <u>assymetric</u> [sic].
>
> \*          \*          \*
>
> In either [of the examiner's prior art] hypothetical[s], an oriented coextruded film having at least seven layers arranged symmetrically is not achieved.
>
> The applicant solicits reconsideration of the Final Rejection in light of these remarks, and the claims as amended.

(A1155, Ex. 101) (emphasis added.)  The examiner subsequently allowed claim 1 in this form, renumbered as claim 11, in the '419 patent.

## B.    ClearShield Film

Cryovac cites only a single Product Specification for ClearShield film, Z-9001 F, in support of its summary judgment motion.  Not all ClearShield film is the same, however.  The parties have not entered into any agreement that all ClearShield film is the same for purposes of this case, nor have they agreed that any particular Product Specification is representative of all ClearShield film.  Cryovac has the burden of proof on infringement and this is Cryovac's motion for summary judgment.  Therefore, even if the Court sided with Cryovac on all of its arguments, Cryovac only would be entitled to summary judgment with respect to ClearShield film made in accordance with Product Specification Z-9001 F.

Product Specification Z-9001 F details the thickness and composition of each of the

**REDACTED**

One other ClearShield film Product Specification, DZ-9004-1, is addressed herein.

**REDACTED**

<u>ClearShield Film Product Specification DZ-9004-1</u>

**REDACTED**

(*Id.*)

**C.     Cryovac's Summary Judgment Motion**

Cryovac moved for summary judgment that Pechiney infringes claim 11 of the '419

patent.  It is Pechiney's understanding that Cryovac moved for summary judgment based on

Cryovac's proposed claim construction only.  Cryovac's motion is limited to literal infringement

because Cryovac's brief never mentions the doctrine of equivalents and does not include any

doctrine of equivalents analysis. *Cf. Abbott Labs. v. Syntron Bioresearch, Inc.*, 334 F.3d 1343,

1355 (Fed. Cir. 2003) (holding that appellant who did not mention doctrine of equivalents in its

opening appellate brief and first raised doctrine of equivalents infringement in reply brief waived

its right to appeal that portion of the district court's judgment); *Amhil Enters. Ltd. v. Wawa, Inc.*,

81 F.3d 1554, 1563-64 (Fed. Cir. 1996) (same); *see also, Boss Control, Inc. v. Bombardier Inc.*,

410 F.3d 1372, 1380 (Fed. Cir. 2005) ("[b]ecause Boss failed to present substantive arguments to

the district court concerning infringement under the doctrine of equivalents, we hold that Boss

---

**REDACTED**

waived the issue.")  As such, Pechiney will respond to Cryovac's motion as one for summary judgment of literal infringement.[3]

## IV.    ARGUMENT

### A.    Law for Summary Judgment of Infringement

On its motion for summary judgment, Cryovac bears the burden of establishing that there is no genuine issue of material fact concerning infringement.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  The evidence on infringement must be viewed in a light most favorable to Pechiney, and all inferences must be drawn in Pechiney's favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

A patent infringement analysis requires two steps.  First, the patent claim must be construed as a matter of law to determine its scope.  *Dow Chem. Co. v. Sumitomo Chem. Co. Ltd.*, 257 F.3d 1364, 1372 (Fed. Cir. 2001).  Second, the properly construed claim is compared to the accused product.  *Id.*; *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995), *aff'd*, 517 U.S. 370 (1996).

The Federal Circuit has articulated many canons of claim construction to assist in performing the claim construction step.  Of particular importance here is the canon stating that "[a] claim construction that gives meaning to all the terms of the claim is preferred over one that does not do so."  *Merck & Co., Inc. v. Teva Pharms. USA, Inc.*, 395 F.3d 1364, 1372 (Fed. Cir. 2005); *Elekta Instrument S.A. v. O.U.R. Scientific Int'l, Inc.*, 214 F.3d 1302, 1307 (Fed. Cir. 2000) (adopting particular claim construction where "[a]ny other conclusion renders the reference to 30 degrees superfluous"); *General American Transpo. Corp. v. Cryo-Trans, Inc.*, 93

---

[3]    In any event, as explained at pages 24-27 of Pechiney's Memorandum in Support of its Motion for Summary Judgment on Patent Issues (D.I. 196), Cryovac is not entitled to any doctrine of equivalents coverage for, *inter alia*, the "arranged symmetrically" limitation.

F.3d 766, 770 (Fed. Cir. 1996) (rejecting the district court's claim construction that rendered a

claim limitation "superfluous"). Similarly, in a case cited in Cryovac's claim construction brief,

*Pause Technology LLC v. TiVo Inc.*, 419 F.3d 1326, 1334 (Fed. Cir. 2005), the Federal Circuit

affirmed the district court's grant of summary judgment of non-infringement while noting that

the patentee's rejected claim construction "attaches no significance to the word 'predetermine.'"

In order to find literal infringement of a patent claim, the patentee must prove by a

preponderance of the evidence that each and every limitation set forth in the claim is found in the

accused product exactly as recited in the claim. *Laitram Corp. v. Rexnord, Inc.*, 939 F.2d 1533,

1535 (Fed. Cir. 1991). Thus, if even one claim limitation is not literally met, there is no literal

infringement.

> **B.    The Court Should Reject Cryovac's Transparently Litigation-Induced Claim Construction For "Arranged Symmetrically" Because It Is Incorrect And Violates Federal Circuit Precedent.**

Cryovac argues that "at least seven layers arranged symmetrically" should be construed

to mean:

> At least the seven layers recited in subparagraphs (a), (b), (c) and
> (d) of claim 11 arranged such that one layer (b), one layer (c) and
> one layer (d) are in the same order on each of the opposite sides of
> the core layer (a), for example, c/d/b/a/b/d/c. This claim phrase
> limits the arrangement of the layers. It does not limit the thickness
> of the layers. Nor does it limit the amount of recited components
> or additives that may be included in the layers.

(Cryovac's Opening Brief in Support of Its Motion for Summary Judgment ("Cryovac's

Summary Judgment Brief") at 13.) Cryovac's claim construction is wrong for at least two

reasons. First, Cryovac's claim construction violates Federal Circuit precedent in that it renders

the "arranged symmetrically" limitation superfluous. Second, Cryovac's claim construction does

not provide the ability to determine whether films having more than seven layers meet claim 11.

8

1.   **Cryovac's Claim Construction Renders The "Arranged Symmetrically" Limitation Superfluous.**

This Court should not adopt Cryovac's claim construction because it renders the "arranged symmetrically" limitation superfluous, which the Federal Circuit says a proper claim construction should not do. *See, Pause Tech.*, 419 F.3d at 1334; *Merck*, 395 F.3d at 1372; *Elekta Instrument*, 214 F.3d at 1307; *General American*, 93 F.3d at 770. In particular, Cryovac argues that one should first determine whether the film includes the seven layers recited in the body of claim 11 -- *i.e.*, the layers in subparagraphs (a)-(d). Indeed, under Cryovac's claim construction, one *must* look at subparagraphs (a)-(d) first to determine how to label the layers before one can determine whether the "arranged symmetrically" limitation is met. If the film includes the seven layers recited in subparagraphs (a)-(d), Cryovac argues that "arranged symmetrically" then means simply putting those seven layers in a particular order, namely, c/d/b/a/b/d/c. Cryovac ignores the fact that the body of the claim necessarily dictates the order of those seven layers. Therefore, "arranged symmetrically" must mean something more than just the order of those seven layers if it is to have any meaning at all.

The body of claim 11 recites seven layers that must be present: one layer from subparagraph (a), two from (b), two from (c) and two from (d). The problem for Cryovac's claim construction is that the body of the claim also dictates the order of these seven layers in a film. Subparagraph (c) requires that its two layers are the outer layers of the seven recited layers. Subparagraph (d) requires that each of its two layers adheres one of these outer "c" layers to one of the two intermediate layers of subparagraph (b). Thus, the "d" layers must be between the "c" layers and the "b" layers, while the "c" layers must be on the outside. Therefore, to meet claim 11, six of the layers necessarily are present in two groups of three: "c/d/b" moving from the outside in on one edge and "b/d/c" moving from the inside out on the other edge.

9

The only remaining issue is the placement of layer (a), the core layer. Cryovac's expert,

Dr. Wilkes,                          **REDACTED**

According to Cryovac's claim construction, the core layer of

subparagraph (a) is "[a] layer that must contain ethylene vinyl alcohol copolymer but may also

contain other components, *which is located between the two intermediate layers (b)* of claim

11." (Cryovac's Initial Brief on Claim Construction, D.I. 203, ("Cryovac's Claim Construction

Brief") at 32) (emphasis added). Thus, the core layer (a) must be located between the two

intermediate layers (b). Therefore, without yet considering the "arranged symmetrically"

limitation, for a film to meet the limitations of subparagraphs (a)-(d), the seven layers must

necessarily be arranged in the following order: c/d/b/a/b/d/c. Thus, if, as Cryovac argues, all that

the "arranged symmetrically" limitation requires is that the layers be in the order c/d/b/a/b/d/c,

this claim limitation adds nothing because subparagraphs (a)-(d) already compel this conclusion.

Cryovac's claim construction renders a claim limitation superfluous and is not correct.

The Federal Circuit has warned that such a claim construction usually is not correct and it

is not correct here. *Pause Tech.*, 419 F.3d at 1334; *Merck*, 395 F.3d at 1372; *Elekta Instrument*,

214 F.3d at 1307; *General American*, 93 F.3d at 770. Cryovac's argument for a claim

construction that gives no meaning to "arranged symmetrically" is especially improper here


**REDACTED**                          . This Court should

reject Cryovac's proposed claim construction.

2. **Cryovac's Claim Construction Does Not Provide the Ability to Determine Whether Films Having More Than Seven Layers Meet Claim 11.**

Cryovac's claim construction is wrong for another reason. Cryovac is so focused on advocating a claim construction that it believes will cover Pechiney's seven-layer ClearShield film that Cryovac proposes a claim construction that could *only* cover a seven-layer film, even though the language of claim 11 recites a "film having *at least* seven layers arranged symmetrically." Cryovac's proposed claim construction is completely silent as to how to determine whether, for example, a nine-layer film meets claim 11. How does one determine whether the two additional layers[4] result in a "film having at least seven layers arranged symmetrically?" Cryovac does not say. If one ignores the two additional layers, then the claim would effectively be read as a "film having seven layers arranged symmetrically," not a "film having *at least* seven layers arranged symmetrically." This would render superfluous the claim language "at least." Such a claim construction again would violate the Federal Circuit's rule that all claim terms are to be given meaning. *Pause Tech.*, 419 F.3d at 1334; *Merck*, 395 F.3d at 1372; *Elekta Instrument*, 214 F.3d at 1307; *General American*, 93 F.3d at 770.

**REDACTED**

Alternatively, one could try to consider the additional two layers of the nine-layer film in using Cryovac's claim construction to determine whether the nine-layer film meets claim 11. Cryovac's claim construction does not even say how to begin, much less complete, such an analysis. What characteristics must one or both of the additional layers possess to form a "film

---

4    The "two additional layers" are those in addition to the seven layers recited in subparagraphs (a)-(d) of claim 11.

having at least seven layers arranged symmetrically?"  Cryovac's claim construction provides no

answer.  Thus, this Court should reject Cryovac's claim construction for this reason as well.

The inadequacy of Cryovac's proposed claim construction is further demonstrated by

Cryovac's ever-shifting position on how to determine whether a nine-layer film meets claim 11:

<u>Cryovac's Position -- Take 1</u>

Cryovac's position originally


**REDACTED**


<u>Cryovac's Position -- Take 2</u>

When Pechiney


**REDACTED**

REDACTED

<u>Cryovac's Position -- Take 3</u>

REDACTED

<u>Cryovac's Position -- Take 4</u>

REDACTED

Thus, Cryovac's claim construction is so incomplete that even Cryovac cannot decide how to fill in the gaps. Cryovac's four different attempts to do so during the course of this litigation further demonstrate that Cryovac's claim construction is not correct and should be rejected.

3.     **Unlike Cryovac's Claim Construction, Pechiney's Claim Construction Provides Meaning To The "Arranged Symmetrically" Limitation Consistent With Federal Circuit Precedent.**

Pechiney's claim construction, on the other hand, does not suffer from the maladies afflicting Cryovac's proposed claim construction. Pechiney's claim construction provides meaning to the "arranged symmetrically" limitation. Pechiney has proposed that "arranged symmetrically" be construed to mean:

> Putting the layers in a desired symmetrical order when the film is viewed in cross-section, that is, putting the layers in an order so that the geometrical center line of the core layer is the geometrical center line of the film and there is correspondence in the size (thickness) and composition of layers on opposite sides of the core layer resulting in the corresponding layers being mirror images of each other with the same thickness and the same chemical composition.

(Memorandum in Support of Pechiney's Proposed Construction of the Disputed Claim Terms and Phrases, D.I. 204, ("Pechiney's Claim Construction Brief") at 7.) Unlike in Cryovac's claim construction, merely having seven layers in a certain order as mandated by subparagraphs (a)-(d) is not sufficient to ensure that the layers are "arranged symmetrically" under Pechiney's claim construction. To be "arranged symmetrically," the corresponding layers also must have the same thickness and the same composition and the geometrical center line of the core layer must be the geometrical center line of the film so that the corresponding layers are mirror images of each other with the same thickness and the same chemical composition. Thus, Pechiney's claim construction gives meaning to "arranged symmetrically" beyond the order of the layers in a seven-layer film, while Cryovac's does not.

**4.      Unlike Cryovac's Claim Construction, Pechiney's Claim Construction Permits One To Readily Determine Whether Films Having More Than Seven Layers Meet The Limitations Of Claim 11.**

Pechiney's claim construction also permits one to determine whether films having more than seven layers meet the limitations of claim 11 by determining whether the geometrical center line of the core layer is the geometrical center line of the film and whether there is correspondence in the thickness and composition of the corresponding layers. Thus, Pechiney's claim construction allows one to determine whether a film having more than seven layers meets the claim, while Cryovac's litigation-induced claim construction, designed simply to ensnare ClearShield film, does not. This Court should reject Cryovac's claim construction.

For these reasons, this Court should not adopt Cryovac's proposed claim construction. Pechiney's claim construction both comports with Federal Circuit precedent and provides the ability to determine whether any film meets claim 11. The Court should adopt Pechiney's claim construction.

**C.      Pechiney Does Not Infringe Claim 11 Even If The Court Were to Adopt Cryovac's Proposed Claim Construction *in Toto*.**

Even if this Court were to adopt Cryovac's flawed claim construction *in toto*, the Court should deny Cryovac's motion because Cryovac has offered no proof that ClearShield film is a "coextruded film" as that term is construed by Cryovac.

**1.      Cryovac Has Offered No Proof That Pechiney's ClearShield Film is A "Coextruded Film" Under Cryovac's Claim Construction.**

Cryovac incorrectly argues that "there is no question that ClearShield™ comprises 'an oriented coextruded film' under either party's construction of that claim term." (Cryovac's Summary Judgment Brief at 9) (emphasis original.) This is not true. A closer analysis of Cryovac's "proof" shows that Cryovac relies on supposed admissions relating to whether

ClearShield film is a "coextruded film" only under Pechiney's proposed claim construction, not under Cryovac's proposed claim construction. In fact, Cryovac *does not even state* its proposed claim construction for "coextruded film" in its summary judgment brief. The reason is apparent -- Cryovac knows its motion is doomed if it cannot gloss over this matter.

According to Cryovac, a "coextruded film" is "a film formed by coextrusion in which the layers of the film are extruded together *simultaneously*." (Cryovac's Claim Construction Brief at 21) (emphasis added.) Cryovac hides its claim construction position from its summary judgment brief because Cryovac knows that it has *no evidence* that ClearShield film meets it. In fact, ClearShield film does not meet this claim limitation as construed by Cryovac

### REDACTED

Cryovac nevertheless argues that ClearShield film is a "coextruded film" by trying to commingle that limitation with the "oriented" limitation and then pointing to:

### REDACTED

(Cryovac's Summary Judgment Brief at 8.) A review of these materials, however, shows that none of them supports Cryovac's summary judgment position. As such, Cryovac's motion should be denied.

### REDACTED

---

5   The Second Douglas Declaration is filed concurrently herewith. Pechiney filed a first declaration from Mr. Douglas on October 19, 2004 in conjunction with its claim construction and summary judgment briefs.

REDACTED

(Second Douglas Decl. ¶¶ 35-40.)

*Second,*


REDACTED


*Third,*


REDACTED


*Fourth,* Pechiney's Supplemental Responses to Cryovac's Requests for Admission offer no support for Cryovac's position. Request Nos. 3 and 4 did not even mention the "coextruded film" limitation. Pechiney explicitly stated in its response to Request No. 13 that Pechiney's ClearShield products were coextruded "as Pechiney construes the phrase 'coextruded film.'" Pechiney construes the phrase "coextruded film" differently than Cryovac. Pechiney construes "coextruded film" to mean "a film formed by coextrusion." (Pechiney's Claim Construction Brief at 23.) Thus, Pechiney's Supplemental Responses cited by Cryovac also fail to support Cryovac's summary judgment motion.

In short, Cryovac has offered *no proof* that any ClearShield film meets the "coextruded film" limitation as construed by Cryovac. Therefore, Cryovac's motion for summary judgment should be denied. At a minimum, there is a genuine issue of material fact as to whether ClearShield film is a "coextruded film" as that term is construed by Cryovac.

    **2.**      **Even If The Court Were to Completely Side With Cryovac's Arguments, At Most, Cryovac Only Would Be Entitled to Summary Judgment Of Infringement For ClearShield Film Made In Accordance With Product Specification Z-9001 F.**

Cryovac's motion for summary judgment offers evidence of the characteristics of film made in accordance with only a single ClearShield Product Specification -- Z-9001 F. (*See, e.g.*, Cryovac's Summary Judgment Brief at 6.) Thus, even if this Court were to side with Cryovac on all infringement issues, Cryovac would only be entitled to summary judgment of infringement with respect to ClearShield film made in accordance with Product Specification Z-9001 F.

ClearShield film made in accordance with other Product Specifications cannot be said to infringe just because the film made in accordance with Product Specification Z-9001 F is found to infringe. For example,

**REDACTED**

---

6  Cryovac argues that the two outer layers recited in claim 11 must each contain a "common polymeric component." (Cryovac's Claim Construction Brief at 35.)

18

REDACTED

## V.    CONCLUSION

For the foregoing reasons, Pechiney respectfully requests that the Court deny Cryovac's

motion for summary judgment that Pechiney infringes claim 11 of the '419 patent.


Dated:  November 18, 2005                    Respectfully submitted,


                                             By:    _/s/ N. Richard Powers_____


N. Richard Powers (#494)
Rudolf E. Hutz (#484)
CONNOLLY BOVE LODGE & HUTZ
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207
Tel: (302) 888-6266

Donald R. Cassling (Admitted *pro hac vice*)
Steven R. Trybus (Admitted *pro hac vice*)
Shelley Smith (Admitted *pro hac vice*)
Brian P. O'Donnell (Admitted *pro hac vice*)
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL 60611
Telephone: (312) 222-9350

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of November, 2005 I electronically filed a copy of the foregoing with the Clerk of the Court using CM/ECF and served the following individuals in the manner indicated:

**BY HAND DELIVERY**
John W. Shaw, Esquire
Karen E. Keller, Esquire
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19801

**BY ELECTRONIC MAIL AND FIRST CLASS MAIL**

Ford F. Farabow, Jr., Esquire
Mark J. Feldstein, Esquire
Finnegan, Henderson, Farabow,
   Garrett & Dunner, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001
Mark.feldstein@finnegan.com
Martin.fuchs@finnegan.com

/s/ N. Richard Powers
N. Richard Powers