IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CRYOVAC, INC. | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | Civil Action No. 04-1278-KAJ |
| | ) | |
| v. | ) | Hon. Kent A. Jordan |
| | ) | |
| PECHINEY PLASTIC PACKAGING, INC. | ) | |
| | ) | **REDACTED** |
| Defendant/Counter-Plaintiff | ) | |
| | ) | |

## AMENDED ANSWER TO SECOND AMENDED COMPLAINT

Defendant/Counter-Plaintiff Pechiney Plastic Packaging, Inc. ("Pechiney"), hereby

submits its Amended Answer and Affirmative Defenses to the Second Amended Complaint filed

by Plaintiff/Counter-Defendant Cryovac, Inc. ("Cryovac") on October 12, 2005, and its

Counterclaims against Cryovac for declaratory judgment.

### NATURE OF THE ACTION

1.    This action relates to Cryovac's U.S. Patent No. 4,755,419 directed to coextruded
multiple layer-oriented films in packaging materials.

**ANSWER:**    Pechiney admits that this action relates to U.S. Patent No. 4,755,419. Pechiney

denies the remaining allegations set forth in paragraph 1 of the Complaint.

### PARTIES AND JURISDICTION

2.    Cryovac is a Delaware corporation having a place of business at 100 Rogers
Bridge Road, Bldg. A, Duncan, South Carolina 29334. Cryovac is engaged in the business of
researching, developing, manufacturing, and selling packaging products, including coextruded
multiple layer-oriented films, in the United States.

**ANSWER:**    Pechiney admits the allegations set forth in paragraph 2 of the Complaint.

1

3.     Pechiney is a Delaware corporation having its principal place of business at 8770 West Bryn Mawr Avenue, Chicago, Illinois 60631. Pechiney is engaged in the business of manufacturing and selling packaging products, including infringing coextruded multiple layer-oriented films, in the United States.

**ANSWER:**     Pechiney admits that it is a Delaware corporation having its principal place of

business at 8770 West Bryn Mawr Avenue, Chicago, Illinois 60631 and that Pechiney is engaged

in the business of manufacturing and selling packaging products, including coextruded multiple

layer-oriented films, in the United States.  Pechiney denies the remaining allegations set forth in

paragraph 3 of the Complaint.

4.     This patent infringement action arises under the patent laws of the United States, Title 35, United States Code.

**ANSWER:**     Pechiney admits that the claims alleged in the Complaint against Pechiney are for

infringement arising under the patent laws of the United States, Title 35, United States Code, but

Pechiney denies it has committed any act of infringement.

5.     This Court has jurisdiction over the subject matter of this case under 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:**     Pechiney admits the allegations set forth in paragraph 5 of the Complaint, except

that Pechiney denies committing any acts violating any rights of Cryovac on which jurisdiction,

as alleged, is dependent.

6.     Venue properly lies in this judicial district under 28 U.S.C. §§ 1391 and 1400.

**ANSWER:**     Pechiney admits the allegations set forth in paragraph 6 of the Complaint, except

that Pechiney denies committing any acts violating any rights of Cryovac on which venue, as

alleged, is dependent.

2

7.    This Court has personal jurisdiction over Pechiney.

**ANSWER:**    Pechiney admits the allegations set forth in paragraph 7 of the Complaint, except

that Pechiney denies committing any acts of infringement complained of by Cryovac in this

District or elsewhere.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 4,755,419

8.    On July 5, 1988, United States Letters Patent No. 4,755,419 ("the '419 patent"),
entitled "Oxygen Barrier Oriented Shrink Film," was duly and legally issued to W.R. Grace &
Co.-Conn. by the United States Patent and Trademark Office. The '419 patent was assigned to
Cryovac, dated effective March 21, 1988, and since that time Cryovac has been and remains the
owner of the '419 patent. A copy of the '419 patent is attached hereto as Exhibit A.

**ANSWER:**    Pechiney admits that the United States Patent Office issued U.S. Patent No.

4,755,419 on July 5, 1988 and that W.R. Grace & Co., Cryovac Div. appears as the Assignee on

the face of the patent. Pechiney further admits that a copy of the '419 patent is attached as

Exhibit A to the Complaint. Pechiney denies the remaining allegations set forth in paragraph 8

of the Complaint.

9.    The '419 patent discloses and claims certain coextruded multiple layer oriented
films.

**ANSWER:**    Pechiney admits that the '419 patent discloses certain coextruded multiple layer

oriented films, but denies that the claims of the '419 patent require only coextruded multiple

layer oriented films and further denies that any of the claims of the '419 patent are valid.

10.    Subsequent to the issuance of the '419 patent, Pechiney has made, used, offered to
sell, and sold coextruded multiple layer oriented films in the United States, including food
packaging bags sold under the tradename "ClearShield."

**ANSWER:**    Pechiney admits the allegations set forth in paragraph 10 of the Complaint.

11.     Pechiney has infringed at least claim 11 of the '419 patent under 35 U.S.C. § 271(a). Pechiney's infringing activities include its manufacture, use, offer for sale, and sale of its "ClearShield" bags in the United States subsequent to the issuance of the '419 patent.

**ANSWER:**     Pechiney denies the allegations set forth in paragraph 11 of the Complaint.

12.     Pechiney has no license or other authorization to use the inventions described and claimed in the '419 patent.

**ANSWER:**     Pechiney admits that it does not have a license or other authorization to use the

'419 patent, but denies that such a license or authorization is required.  Further answering,

Pechiney denies that any patentable inventions are described or claimed in the '419 patent and

further denies any and all remaining allegations set forth in paragraph 12 of the Complaint.

13.     Cryovac has been damaged in an amount not yet determined as a consequence of the infringing activities of Pechiney complained of herein. Cyrovac has also been irreparably harmed by Pechiney's patent infringement. Cryovac will continue to suffer damages and irreparable harm until this Court permanently enjoins Pechiney from further infringement of the '419 patent.

**ANSWER:**     Pechiney denies the allegations set forth in paragraph 13 of the Complaint.

## COUNT II: TORTIOUS INTERFERENCE WITH CONTRACT

14.     In December 2003 and January 2004, Cryovac negotiated a written four-year supply agreement with one of its customers, National Beef, and formed a binding four-year supply agreement with National Beef for various food packaging products on January 14, 2004.

**ANSWER:**     Pechiney denies the allegations set forth in paragraph 14 of the Complaint.

15.     The contract between Cryovac and National Beef was valid and enforceable.

**ANSWER:**     Pechiney denies the allegations set forth in paragraph 15 of the Complaint.

16.     After National Beef and Cryovac formed their agreement, Pechiney induced National Beef to breach its agreement with Cryovac and to enter into a four-year supply agreement with Pechiney instead.

**ANSWER:**     Pechiney denies the allegations set forth in paragraph 16 of the Complaint.

17.    On information and belief, Pechiney's agreement with National Beef requires Pechiney to sell coextruded multiple layer oriented film products under the tradename "ClearShield" that infringe the '419 patent.

**ANSWER:**    Pechiney denies the allegations set forth in paragraph 17 of the Complaint.

18.    On information and belief, Pechiney was aware of the existence of the claims of the '419 patent when it made its offer to National Beef.

**ANSWER:**    Pechiney admits that it was aware of the existence of the claims of the '419 patent

before it negotiated with National Beef regarding ClearShield™ food packaging bags, but

otherwise denies the allegations set forth in paragraph 18 of the Complaint.

19.    On information and belief, Pechiney knew about Cryovac's negotiations and four-year supply contract with National Beef and intentionally induced National Beef to breach its contract with Cryovac.

**ANSWER:**    Pechiney denies the allegations set forth in paragraph 19 of the Complaint.

20.    On information and belief, National Beef would not have breached its agreement with Cryovac but for Pechiney's offer to supply products that infringe the '419 patent.

**ANSWER:**    Pechiney denies the allegations set forth in paragraph 20 of the Complaint.

21.    Pechiney intentionally and without justification induced and caused National Beef to breach of its supply contract with Cryovac.

**ANSWER:**    Pechiney denies the allegations set forth in paragraph 21 of the Complaint.

22.    Cryovac was damaged as a result of Pechiney's conduct.

**ANSWER:**    Pechiney denies the allegations set forth in paragraph 22 of the Complaint.

## COUNT III: TORTIOUS INTERFERENCE WITH PROSPECTIVE CONTRACTUAL RELATIONS

23.    To the extent that Pechiney denies that Cryovac and National Beef entered into an enforceable and binding four-year supply agreement for various food packaging products on January 14, 2004, Cryovac had a reasonable expectation that National Beef would enter into a four-year supply agreement for various food packaging products as of January 14, 2004, and as of

5

the date that Pechiney induced National Beef to enter into a four-year supply agreement with Pechiney instead of Cryovac.

**ANSWER:**     Pechiney denies the allegations set forth in paragraph 23 of the Complaint.

24.     On information and belief, Pechiney's agreement with National Beef requires Pechiney to sell coextruded multiple layer oriented film products under the tradename "ClearShield" that infringe the '419 patent.

**ANSWER:**     Pechiney denies the allegations set forth in paragraph 24 of the Complaint.

25.     On information and belief, Pechiney was aware of the existence of the claims of the '419 patent when it made its offer to National Beef.

**ANSWER:**     Pechiney admits that it was aware of the existence of the claims of the '419 patent before it negotiated with National Beef regarding ClearShield™ food packaging bags, but otherwise denies the allegations set forth in paragraph 25 of the Complaint.

26.     On information and belief, Pechiney knew about Cryovac's negotiations and potential four-year supply contract with National Beef and intentionally interfered with Cryovac's opportunity for a business relationship with National Beef.

**ANSWER:**     Pechiney denies the allegations set forth in paragraph 26 of the Complaint.

27.     On information and belief, National Beef would not have breached its agreement with Cryovac but for Pechiney's offer to supply products that infringe the '419 patent.

**ANSWER:**     Pechiney denies the allegations set forth in paragraph 27 of the Complaint.

28.     Pechiney intentionally and without justification interfered with Cryovac's prospective business relationship and contract with National Beef.

**ANSWER:**     Pechiney denies the allegations set forth in paragraph 28 of the Complaint.

29.     Cryovac was damaged as the proximate result of Pechiney's conduct.

**ANSWER:**     Pechiney denies the allegations set forth in paragraph 29 of the Complaint.

## COUNT IV: WILLFUL INFRINGEMENT OF THE '419 PATENT

30.     Pechiney had knowledge of Cryovac's '419 patent prior to its infringing activity,

6

including its manufacture, use, offer for sale, and sale of its "ClearShield" bags in the United States subsequent to the issuance of the '419 patent.

ANSWER:    Pechiney admits it had knowledge of the '419 patent, but denies that it has

engaged in any infringing activity and denies all other allegations set forth in paragraph 30 of the

Complaint

      31.    Pechiney recognized prior to its infringing activity that its infringement would cause severe damage to Cryovac and its business.

ANSWER:    Pechiney denies the allegations set forth in paragraph 31 of the Complaint.

      32.    Pechiney knew that Cryovac's '419 patent likely would be asserted against its infringing ClearShield product.

ANSWER:    Pechiney denies that ClearShield is an infringing product and denies all other

allegations set forth in paragraph 32 of the Complaint.

      33.    Pechiney began its infringing activity without taking reasonable precautions to avoid infringement of the '419 patent.

ANSWER:    Pechiney denies that it engaged in any infringing activity and denies all other

allegations in paragraph 33 of the Complaint.

      34.    Pechiney did not obtain a competent opinion of counsel prior to its infringing activity.

ANSWER:    Pechiney denies that it engaged in any infringing activity and denies all other

allegations in paragraph 34 of the Complaint.

      35.    The only opinion of counsel Pechiney obtained prior to selling its ClearShield product did not mention claim 11 of the '419 patent.

ANSWER:    Pechiney denies the allegations set forth in paragraph 35 of the Complaint.

      36.    The only opinion of counsel Pechiney obtained prior to selling its ClearShield product concluded that there was no infringement of the '419 patent because Pechiney's products did not contain "a blend of linear low density polyethylene, linear medium polyethylene and ethylene vinyl acetate copolymer or . . . a blend of ethylene propylene copolymer and a

7

polypropylene."

__ANSWER:__     Pechiney admits that prior to selling ClearShield it obtained an opinion of counsel

that "concluded that there was no infringement of the '419 patent because Pechiney's products

did not contain 'a blend of linear low density polyethylene, linear medium polyethylene and

ethylene vinyl acetate copolymer or . . . a blend of ethylene propylene copolymer and a

polypropylene.'" Pechiney denies that this opinion of counsel was Pechiney's only basis for

concluding ClearShield did not infringe on the '419 patent.

    37.    Claim 11 of the '419 patent, however, does not require that the product contained "a blend of linear low density polyethylene, linear medium polyethylene and ethylene vinyl acetate copolymer or . . . a blend of ethylene propylene copolymer and a polypropylene."

__ANSWER:__     Pechiney admits that Claim 11 of the '419 patent does not recite "a blend of linear

low density polyethylene, linear medium polyethylene and ethylene vinyl acetate copolymer

or . . . a blend of ethylene propylene copolymer and a polypropylene." Pechiney notes that the

opinion to which Cryovac refers did address Claim 11 of the '419 patent when it stated (among

other things) that "the proposed PPPI products are not 'symmetrical' as required by the claims of

the '419 patent."

    38.    The only opinion of counsel Pechiney obtained prior to selling its ClearShield product concluded that there was no infringement of the '419 patent because Pechiney's products did not "have a total thickness of from about 0.5 to about 2 mils."

__ANSWER:__     Pechiney admits that prior to selling ClearShield it obtained an opinion of counsel

that concluded that there was no infringement of the '419 patent because Pechiney's products did

not "have a total thickness of from about 0.5 to about 2 mils." Pechiney denies that this opinion

of counsel was Pechiney's only basis for concluding ClearShield did not infringe on the '419

patent.

39.    Claim 11 of the '419 patent, however, does not require that the product "have a total thickness of from about 0.5 to 2 mils."

ANSWER:    Pechiney admits that Claim 11 of the '419 patent does not recite that the product "have a total thickness of from about 0.5 to about 2 mils." Pechiney notes that the opinion to which Cryovac refers did address Claim 11 of the '419 patent when it stated (among other things) that "the proposed PPPI products are not 'symmetrical' as required by the claims of the '419 patent."

40.    The only opinion of counsel Pechiney obtained prior to selling its ClearShield product refers to a single dictionary definition of the word "symmetrical."

ANSWER:    Pechiney denies the allegations set forth in paragraph 40 of the Complaint.

41.    Claim 11 of the '419 patent does not include the word "symmetrical."

ANSWER:    Pechiney admits only that Claim 11 of the '419 patent contains the term "arranged symmetrically" as opposed to "symmetrical." Pechiney denies that the two terms are different because the proper construction of "arranged symmetrically" requires the resulting film be "symmetrical" as described in Pechiney's Claim Construction Brief. (D.I. 204.)

42.    The only opinion of counsel Pechiney obtained prior to selling its ClearShield product made no attempt to construe claim 11 of the '419 patent in accordance with the '419 patent specification.

ANSWER:    Pechiney denies the allegations set forth in paragraph 42 of the Complaint.

43.    The only opinion of counsel Pechiney obtained prior to selling its ClearShield product analyzed proposed products that did not have the same composition as Pechiney's ClearShield product.

ANSWER:    Pechiney denies the allegations set forth in paragraph 43 of the Complaint.

44.    Pechiney did not have a reasonable or good-faith basis for believing that its ClearShield product did not infringe Claim 11 of the '419 patent prior to the launch of its ClearShield product.

9

**ANSWER:**    Pechiney denies the allegations set forth in paragraph 44 of the Complaint.

## AFFIRMATIVE DEFENSES

Pechiney asserts the following affirmative defenses:

### First Affirmative Defense
### (No Direct Infringement)

As a first and separate affirmative defense, Pechiney has not infringed and is not infringing any valid and enforceable claim of the '419 patent.

### Second Affirmative Defense
### (No Contributory Infringement)

As a second and separate affirmative defense, Pechiney has not contributed to and is not contributing to the infringement of any valid and enforceable claim of the '419 patent.

### Third Affirmative Defense
### (No Induced Infringement)

As a third and separate affirmative defense, Pechiney has not induced and is not inducing the infringement of any valid and enforceable claim of the '419 patent.

### Fourth Affirmative Defense
### (File Wrapper Estoppel)

As a fourth and separate affirmative defense, upon information and belief and by reason of proceedings in the United States Patent and Trademark Office during the prosecution of the application that resulted in the '419 patent, as shown by its file history, and by reason of the amendment, cancellation or abandonment of claims, and the admissions and other statements made therein by or on behalf of the patentee, Cryovac is estopped from claiming a construction of the '419 patent that would cause any valid or enforceable claim thereof to cover or include any product manufactured, used, sold, or offered for sale by Pechiney.

10

### Fifth Affirmative Defense
### (35 U.S.C. § 101 et seq.)

As a fifth and separate affirmative defense, upon information and belief, the claims of the '419 patent are invalid because they fail to meet one or more of the conditions for patentability set forth in 35 U.S.C. § 101 et seq.

### Sixth Affirmative Defense
### (Failure to State a Claim)

As a sixth and separate affirmative defense, upon information and belief, the Complaint and each purported claim alleged therein fails to state facts upon which relief can be granted against Pechiney.

### Seventh Affirmative Defense
### (Justification and Privilege)

As a seventh and separate affirmative defense, Pechiney's dealings with National Beef are proper and were justified and privileged.

### Eighth Affirmative Defense
### (Lack of Causation)

As an eighth and separate affirmative defense, any National Beef business lost by Cryovac was not caused by Pechiney but rather was due to Cryovac's own actions.

### Ninth Affirmative Defense
### (Lack of Willfulness)

As a ninth and separate affirmative defense, Cryovac cannot rely on Pechiney's alleged infringement of the '419 patent-in-suit to prove tortious interference because even if Pechiney is found to infringe Pechiney's infringement is not willful.

### Tenth Affirmative Defense
### (Unenforceablity)

11

As a tenth and separate affirmative defense, upon information and belief, the claims of the '419 patent are unenforceable by virtue of Cryovac's inequitable conduct before the United States Patent & Trademark Office ("USPTO") during the prosecution of U.S. Patent Application Serial No. 06/842,600 ("the '600 application"), which resulted in the issuance of the '419 patent.

Specifically, Cryovac engaged in the following inequitable conduct:

a)    Examiner Thomas J. Herbert, the Examiner for the '600 application, issued an Office Action on May 8, 1987 ("May 8, 1987 Office Action") rejecting claims 1-23 of the '600 application under 35 U.S.C. § 103 as being unpatentable over Sheptak in view of Mueller.

b)    Mr. Mark B. Quatt, the prosecuting attorney for the '600 application, filed an Amendment on May 22, 1987 ("May 22, 1987 Amendment") in response to the May 8, 1987 Office Action.  In the May 22, 1987 Amendment, Mr. Quatt argued:

> Claims 1, 6, and 14 have been amended to clarify that:
> (1)    at least seven layers are claimed; and that
> (2)    these layers are symmetrically arranged.
> Sheptak only teaches five layers, symmetrically arranged (14) and the overall eight layer structure (S) of the reference is assymetric.
> If, as the Examiner has argued, it would be obvious to employ the outer layers of Mueller at the outer layers in Sheptak, one of two structures would result.  In the first, the outer layers 15 of five-layer film 14 of Sheptak would have the blends disclosed in Mueller.  The second possibility would be that one of the layers 15 (adjacent the porous mass of glass fibers comprising batt 13) and layer 20 would be the "outer" layers of Mueller.
> In either hypothetical, an oriented coextruded film having at least seven layers arranged symmetrically is not achieved.

A copy of the May 22, 1987 Amendment is attached as Ex. A.

c)    As the result of the May 22, 1987 Amendment and an agreement to cancel non-elected claims and to change the dependency of claim 5, the Examiner issued a Notice of

Allowability on July 24, 1987 ("July 24, 1987 Notice of Allowability") allowing all the claims of the '600 application.

        d)     Prior to Cryovac filing the May 22, 1987 Amendment, Examiner Edith Buffalow, the Examiner for a copending Cryovac application, U.S. Serial No. 06/938,945 ("the '945 application"), issued an Office Action on May 12, 1987 ("May 12, 1987 Office Action for the '945 application") listing U.S. Patent No. 4,572,854 ("the '854 patent") to Dallmann as one of the references cited. The May 12, 1987 Office Action for the '945 application was addressed to Mark B. Quatt, the same attorney prosecuting the '600 application. A copy of the '854 patent is attached as Ex. B.

        e)     On August 12, 2005, Pechiney deposed Mr. Quatt. Mr. Quatt

**REDACTED**

(Quatt Dep. Tr., pg. 214, ll. 2-6). A copy of excerpts from Mr. Quatt's deposition is attached as Ex. C.

        f)     The '854 patent discloses an oriented coextruded film having at least seven layers arranged symmetrically.

        i)     The '854 patent discloses an oriented film:

The biaxial stretching of the film may be performed simultaneously or in steps. In the preferred biaxial, step-wise stretching process, stretching is initially carried out longitudinally by means of heated rolls and transversely thereafter with a stenter [sic] and then the film is heat-set.

13

('854 patent, col. 7, ll. 21-26.)

      ii)    The '854 patent discloses a coextruded film:

> The film according to the present invention produced by coextruding layers B, C, D, C (B optional), or A, B, C, D, C, (B and A optional) ...

('854 patent, col. 6, ll. 48-50.)

      iii)    The '854 patent discloses a film having at least seven layers arranged symmetrically:

> The production of a seven-layer film is appropriately carried out with the use of a three-layer die. In the case of a symmetric film structure, the melts of the polymers for layers B, C, and D may be extruded through the center channel and the melts for the outer sealing layers A simultaneously through the outer channels onto a chill roll.

('854 patent, col. 7, ll. 10-16; *see also* Figure 6 of the '854 patent illustrating a seven layer film with corresponding layers A/A, B/B and C/C having the same thickness.)

      g)    Cryovac could not have made the argument "an oriented coextruded film having at least seven layers arranged symmetrically is not achieved" in its May 22, 1987 Amendment had Cryovac disclosed the '854 patent to Examiner Herbert.

      h)    Mr. Quatt disclosed the '854 patent in a copending Cryovac application, U.S. Serial No. 06/834,694 ("the '694 application") by filing an Information Disclosure Statement on January 12, 1988 ("January 12, 1988 IDS for the '694 application"). The '694 application resulted in the issuance of U.S. Patent No. 4,746,562 ("the '562 patent"). Cyrovac alleges in this litigation that the '562 patent does not disclose an oriented film. Claim 11 of the '419 patent claims "An oriented coextruded film having at least seven layers arranged symmetrically...." Since the '854 patent discloses an oriented coextruded film having seven

14

layers arranged symmetrically, the '854 patent is more material to the patentability of the claims of the '600 application than it was to the claims of the '694 application. Thus, Mr. Quatt's citation of the '854 patent during the prosecution of the '694 application is proof of the materiality of the '854 patent to the '600 application.

i)    The '854 patent is not listed in the '419 patent as one of the "References Cited" and there is no indication in the prosecution history of the '600 application that Cyrovac ever disclosed the '854 patent prior to the time the '419 patent issued.

j)    Mr. Quatt, during his deposition.

## REDACTED

(Quatt Dep. Tr., pg. 217, ll. 8-13). Based upon the lack of an explanation by Mr. Quatt and in balance with the materiality of the reference, there is sufficient proof of intent so that the failure to cite the '854 patent in view of the arguments made during prosecution constitutes inequitable conduct.

### PRAYER FOR RELIEF

WHEREFORE, Pechiney prays for the following relief:

A.    The entry of judgment dismissing the Complaint with prejudice;

B.    For a judgment declaring that Pechiney has neither infringed, actively induced infringement, nor contributorily infringed any valid claim of the '419 patent;

C.    For a judgment declaring that the claims of the '419 patent are each invalid;

15

D.    For a judgment declaring that each of the claims of the '419 patent are unenforceable.

E.    For a judgment declaring this an exceptional case under Title 35, United States Code Section 285 and awarding Pechiney its reasonable attorney fees;

F.    For a judgment declaring that Pechiney did not tortiously interfere with Cryovac's contract or prospective contractual relations with National Beef or, alternatively, that Pechiney's conduct with respect to National Beef was justified or privileged;

G.    For an award of costs and interest to be assessed against Cryovac; and

H.    For such other and further relief as the Court may deem just and proper.

## COUNTERCLAIMS

Pechiney Plastic Packaging, Inc. ("Pechiney") hereby submits these Counterclaims against Cryovac and alleges as follows:

## NATURE OF THE ACTION

1.    Pursuant to Rule 13 of the Federal Rules of Civil Procedure, and for its counterclaims against Cryovac, Inc., Pechiney seeks (a) a judgment declaring that the claims of the '419 patent are invalid and/or not infringed by any product made and/or sold by Pechiney and; (b) a judgment that each of the claims of the '419 patent are unenforceable.

## THE PARTIES

2.    Pechiney is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 8770 West Bryn Mawr Avenue, Chicago, IL 60631.

16

3.    Upon information and belief, Cryovac, Inc. ("Cryovac") is a Delaware corporation having a place of business at 100 Rogers Bridge Road, Bldg. A, Duncan, South Carolina 29334.

## JURISDICTION AND VENUE

4.    This counterclaim arises under the patent laws of the United States of America, Title 35 of the United States Code, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02. Additionally, Pechiney's counterclaim to render the patent-in-suit unenforceable based on inequitable conduct arises under the patent laws of the United States of America, Title 35 of the United States Code, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02. This court has subject matter jurisdiction of these counterclaims under 28 U.S.C. §§ 1331 and 1338(a).

5.    Cryovac is subject to personal jurisdiction in this judicial district by virtue of Cryovac filing its Complaint in this case in this judicial district.

6.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

## COUNT I

### Declaratory Judgment of Non-infringement of U.S. Patent No. 4,755,419 (28 U.S.C. §§ 2201-02)

7.    Pechiney incorporates and reallges all allegations set forth in paragraphs 1-44 of its Answer, its Affirmative Defenses and paragraphs 1-6 of the Counterclaims as if fully set forth herein.

8.    Upon information and belief, Cryovac is the owner by assignment of the '419 patent, which issued July 5, 1988.

9.    On September 20, 2004, Cryovac filed a Complaint against Pechiney alleging that Cryovac owns the '419 patent and alleging that Pechiney infringes the '419 patent.

17

10.    There is an actual and justiciable controversy between Pechiney and Cryovac concerning whether Pechiney infringes any valid and enforceable claim of the '419 patent.

11.    Pechiney does not infringe any valid and enforceable claim of the '419 patent and therefore is entitled to a declaratory judgment that it has not infringed, contributed to the infringement of or induced the infringement of, and is not infringing, contributing to the infringement of or inducing the infringement of any valid and enforceable claim of the '419 patent asserted by Cryovac.

12.    Upon information and belief, Pechiney is entitled to a declaratory judgment that the claims of the '419 patent are invalid because they fail to meet one ore more of the conditions for patentability set forth in 35 U.S.C. 101 et seq.

## COUNT II

### Declaratory Judgment of Invalidity
### of U.S. Patent No. 4,755,419 (28 U.S.C. §§ 2201-02)

13.    Pechiney incorporates and realleges all allegations set forth in paragraphs 1-44 of its Answer, its Affirmative Defenses and paragraphs 1-6 of the Counterclaims as if fully set forth herein.

14.    Upon information and belief, Cryovac is the owner by assignment of the '419 patent, which issued July 5, 1988.

15.    On September 20, 2004, Cryovac filed a Complaint against Pechiney alleging that Cryovac owns the '419 patent and alleging that Pechiney infringes the '419 patent.

16.    There is an actual and justiciable controversy between Pechiney and Cryovac concerning whether Pechiney infringes any valid and enforceable claim of the '419 patent.

18

17.     Upon information and belief, Pechiney is entitled to a declaratory judgment that the claims of the '419 patent are invalid because they fail to meet one or more of the conditions for patentability set forth in 35 U.S.C. 101 et seq.

## COUNT III

### Declaratory Judgment of Unenforceability
### of U.S. Patent No. 4,755,419 (28 U.S.C. §§ 2201-02)

18.     Pechiney incorporates and realleges all allegations set forth in paragraphs 1-44 of its Answer, its Affirmative Defenses and paragraphs 1-6 of the Counterclaims as if fully set forth herein.

19.     On information and belief, Cryovac engaged in inequitable conduct before the USPTO during the prosecution of the '600 application.  The prosecution of the '600 application resulted in the issuance of the '419 patent.

20.     Specifically, for the same reasons discussed above in Defendant's Tenth Affirmative Defense, Cryovac engaged in inequitable conduct during the prosecution of the '600 application.

21.     Upon information and belief, Cryovac is the owner by assignment of the '419 patent, which issued July 5, 1988.

22.     On September 20, 2004, Cryovac filed a Complaint against Pechiney alleging that Cryovac owns the '419 patent and alleging that Pechiney infringes the '419 patent.

23.     There is an actual and justifiable controversy between Pechiney and Cryovac concerning whether Pechiney infringes any valid and enforceable claim of the '419 patent.

24.    Upon information and belief, Pechiney is entitled to a declaratory judgment that the claims of the '419 patent are unenforceable by virtue of Cryovac's inequitable conduct before the United States Patent & Trademark Office ("USPTO") during the prosecution of U.S. Patent Application Serial No. 842,600 ("the '600 application"), which resulted in the issuance of the '419 patent, for the reasons discussed above in Defendant's Tenth Affirmative Defense to the Second Amended Complaint filed by Cryovac.

## PRAYER FOR RELIEF

WHEREFORE, Pechiney prays for the following relief:

A.    For a judgment declaring that Pechiney has neither infringed, actively induced infringement, nor contributorily infringed any claim of the '419 patent;

B.    For a judgment declaring the claims of the '419 patent invalid;

C.    For a judgment declaring the claims of the '419 patent unenforceable;

D.    For a judgment declaring this an exceptional case under Title 35, United States Code Section 285 and awarding Pechiney its reasonable attorney fees;

E.    For an award of costs and interest; and

F.    For such other and further relief as the Court may deem just and proper.


                                    Respectfully submitted,

REDACTED COPY FILED                 PECHINEY PLASTIC PACKAGING, INC.
12/1/05

Date: November 22, 2005             By: /s/ N. Richard Powers
                                        N. Richard Powers (#494)
                                        Rudolf E. Hutz (#484)
                                        CONNOLLY BOVE LODGE & HUTZ

1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207
Tel: 302.888.6266

Donald R. Cassling (Admitted *pro hac vice*)
Steven R. Trybus (Admitted *pro hac vice*)
Shelley Smith (Admitted *pro hac vice*)
Brian P. O'Donnell (Admitted *pro hac vice*)
JENNER & BLOCK LLP
One IBM Plaza
Chicago, Illinois 60611
Tel: 312.222.9350

*Attorneys for Defendant/Counter-Plaintiff*
*Pechiney Plastic Packaging, Inc.*

4298273

21

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of November, 2005 I electronically filed a copy of the foregoing with the Clerk of the Court using CM/ECF and served the following individuals in the manner indicated:

### BY HAND DELIVERY
John W. Shaw, Esquire
Karen E. Keller, Esquire
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19801

### BY FEDERAL EXPRESS
Ford F. Farabow, Jr., Esquire
Mark J. Feldstein, Esquire
Finnegan, Henderson, Farabow,
    Garrett & Dunner, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001


/s/ N. Richard Powers
N. Richard Powers