IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYOVAC, INC., ) | |
| ) | |
| Plaintiff/Counter-Defendant., ) | Civil Action No. 04-1278 |
| ) | |
| vs. ) | Hon. Kent A. Jordan |
| ) | |
| PECHINEY PLASTIC PACKAGING, INC., ) | |
| ) | **REDACTED** |
| Defendant/Counter-Plaintiff. ) | |
| ) | |

**PECHINEY'S REPLY MEMORANDUM
IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY
JUDGMENT ON LOST PROFITS**

AND

**MEMORANDUM IN SUPPORT OF PECHINEY'S MOTION
TO STRIKE THE AFFIDAVIT OF KARL DEILY**

N. Richard Powers (#494)
CONNOLLY BOVE LODGE & HUTZ
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207
Tel: (302) 888-6266

Donald R. Cassling (Admitted *pro hac vice*)
Steven R. Trybus (Admitted *pro hac vice*)
Shelley Smith (Admitted *pro hac vice*)
Brian P. O'Donnell (Admitted *pro hac vice*)
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL 60611
Telephone: (312) 222-9350

Dated: December 5, 2005

## TABLE OF CONTENTS

I. SUMMARY OF ARGUMENT ........................................................................................1

II. ARGUMENT .......................................................................................................................2

   A. There Is No Genuine Issue Of Material Fact: Curwood's Bone-In Packaging Products Are Acceptable Non-Infringing Substitutes And So Cryovac Cannot Meet Its Burden Under *Panduit*. ..........................................................................2

      1. Cryovac Cannot Meet Its Burden to Establish That Curwood's Products Are Unacceptable Substitutes. ...............................................................................4

      2. Cryovac Has Not Met Its Burden of Showing That Curwood's Products Are Infringing. ........................................................................................................6

      3. Cryovac Bears The Burden of Showing That Curwood's Products Are Unavailable And It Cannot Meet This Burden. ...............................................7

   B. Cryovac Has Not Established Its Entitlement To Its "Market Share" As A Measure Of Its Lost Profits Damages. ....................................................................9

   C. Cryovac Has Not Established Its Entitlement To Patent Infringement Lost Profits Damages Based On Its "Contracts" And Sales Relationship Theories Of Tortious Interference Damages. ..........................................................................................10

   D. The Deily Affidavit Should Be Stricken. ................................................................11

      1. The Deily Affidavit Is Not Made On Personal Knowledge. ..........................12

      2. Paragraph Nine Of The Deily Affidavit Is Conclusory In Violation Of Rule 56(e). ...............................................................................................................13

III. CONCLUSION ................................................................................................................14

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) ........................................................................................................ 3

*Aronson v. Peoples Natural Gas Co.*,
  180 F.3d 558 (3d Cir. 1999) ......................................................................................... 13

*BIC Leisure Prods., Inc. v. Windsurfing Int'l, Inc.*,
  1 F.3d 1214 (Fed. Cir. 1993) ...................................................................................... 2, 9

*Carey v. Beans*,
  500 F. Supp. 580 (E.D. Pa. 1980),
  *aff'd*, 659 F.2d 1065 (3d Cir. 1981) ............................................................................ 11

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986) ........................................................................................................ 3

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
  509 U.S. 579 (1993) ...................................................................................................... 13

*Demos v. City of Indianapolis*,
  302 F.3d 698 (7th Cir. 2002) ......................................................................................... 3

*DePuy, Inc. v. Zimmer Holdings, Inc.*,
  No. 02-4023 (N.D. Ill. 2005) ......................................................................................... 9

*Fireman's Ins. Co. of Newark New Jersey v. DuFresne*,
  676 F.2d 965 (3d Cir. 1982) ........................................................................................ 11

*Gill v. Stern (In re Stern)*,
  345 F.3d 1036 (9th Cir. 2003) ....................................................................................... 6

*Helfter v. UPS, Inc.*,
  115 F.3d 613 (8th Cir. 1997) ....................................................................................... 11

*Hlinka v. Bethlehem Steel Corp.*,
  863 F.2d 279 (3d Cir. 1988) ........................................................................................ 11

*Kaufman Co. v. Lantech, Inc.*,
  926 F.2d 1136 (Fed. Cir. 1991) ..................................................................................... 7

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
  475 U.S. 574 (1986) .................................................................................................... 3, 6

*Messina v. E.I. du Pont de Nemours and Co.*,
  308 F. Supp. 2d 491 (D. Del. 2004) ............................................................................ 14

*Minco Inc. v. Combustion Eng'g, Inc.*
  95 F.3d 1109 (Fed. Cir. 1996) ....................................................................................... 7

*Olympic Junior, Inc. v. David Crystal, Inc.*,
  463 F.2d 1141 (3d. Cir. 1972) ..................................................................................... 12

*Panduit Corp. v. Stahlin Bros. Fibre Works*,
  575 F.2d 1152 (6th Cir. 1978) .............................................................................. passim

*Rite-Hite Corp. v. Kelly Co., Inc.*,
  56 F.3d 1538 (Fed. Cir. 1995) ..................................................................................... 2, 4

*Smithkline Diagnostics, Inc. v. Helena Labs. Corp.*,
  926 F.2d 1161 (Fed. Cir. 1991) ........................................................................................ 4

*State Industries, Inc. v. Mor-Flo Industries, Inc.*,
  883 F.2d 1573 (Fed. Cir. 1989) .................................................................................... 1, 9

*Thompson v. United States HUD*,
  348 F. Supp. 2d 398 (D. Md. 2005) ................................................................................ 10

*Warner v. Ross*,
  2001 U.S. Dist. LEXIS 25966 (D. V.I. Sept. 28, 2001) ..................................................... 6

**Rules**

Fed. R. Civ. P. 26 ............................................................................................................ 13
Fed. R. Civ. P. 56(e) ....................................................................................... 3, 11, 12, 13
Fed. R. Civ. P. 56 .............................................................................................................. 3

Pechiney submits this memorandum in reply to Cryovac's opposition to Pechiney's Motion for Partial Summary Judgment on Lost Profits and in support of Pechiney's Motion to Strike the Affidavit of Karl Deily (the "Deily Affidavit"). The Deily Affidavit was proffered by Cryovac in support of its opposition. Pechiney's Motion to Strike is filed concurrently herewith.

## I.   SUMMARY OF ARGUMENT

1.  Although Pechiney is the moving party, it is Cryovac that bears the burden of proving its entitlement to lost profits as patent infringement damages. Here, Cryovac cannot sustain its burden of proving lost profits damages under the *Panduit* test—the only lost profits damages theory previously asserted by Cryovac—because it has offered no evidence that Curwood's award-winning products are (i) unacceptable, (ii) infringing or (iii) unavailable. Thus, there is no genuine issue of material fact that Curwood's products are acceptable non-infringing alternatives and, so, Cryovac is not entitled to an award of lost profits under the *Panduit* test, as a matter of law.

2.  Cryovac's reliance in its opposition brief, for the first time in this case, on the alternative "market share" theory of lost profits set forth in *State Industries, Inc. v. Mor-Flo Industries, Inc.*, 883 F.2d 1573, 1577-78 (Fed. Cir. 1989) also fails. The market share test assumes that the patentee's patented products and the alleged infringer's allegedly infringing products are substantially similar products sold in the same market, facts which are indisputably not present in this case. **REDACTED** but it is a completely different product from, and sold in a completely different market than, Pechiney's allegedly infringing ClearShield™ bone-in shrink bags. Thus, the market share theory is not available to Cryovac. Moreover, even if the market share theory was applicable here, partial summary judgment would still be proper because Cryovac has failed to come forward with sufficient evidence of its market share.

1

3.   Cryovac's final argument that it is entitled to the sales it would have made under

**REDACTED**

(Plaintiff Cryovac's Brief in Opposition to Pechiney's Motion for Partial Summary Judgment on Lost Profits (hereinafter "Opp. Br. at __"), D.I. 244 at 20) fails because the only evidence Cryovac offers in support of this theory is the opinion of its damages expert on potential *tortious interference* damages, not patent infringement lost profits damages. Tortious interference damage theories have never before been used as a basis to support a patent infringement lost profits analysis.

4.   The Affidavit of Karl Deily that Cryovac offers in support of its opposition should be stricken because it is entirely based on speculation and on unfounded and inadmissible lay opinions, in violation of Federal Rule of Civil Procedure 56(e).

## II.   ARGUMENT

### A.   There Is No Genuine Issue Of Material Fact:  Curwood's Bone-In Packaging Products Are Acceptable Non-Infringing Substitutes And So Cryovac Cannot Meet Its Burden Under *Panduit*.

To recover lost profits damages, Cryovac has the burden of establishing by a "reasonable probability that, 'but for' the infringement, it would have made the sales that were made by the infringer." *Rite-Hite Corp. v. Kelly Co., Inc.*, 56 F.3d 1538, 1544-45 (Fed. Cir. 1995)(*en banc*).[1] The common, although not exclusive, method of showing "but for" causation is the *Panduit* test. *BIC Leisure Prods., Inc. v. Windsurfing Int'l, Inc.*, 1 F.3d 1214, 1218 (Fed. Cir. 1993). Before Cryovac filed its opposition brief, Cryovac and its damages expert relied exclusively on the *Panduit* test in attempting to establish lost profits. Under *Panduit*, Cryovac must prove, *inter*

---

[1]   Although claim 11 of the '419 patent is invalid and is not infringed by Pechiney, Pechiney has assumed that claim 11 is valid and infringed only for the purposes of this motion.

2

*alia*, the absence of acceptable non-infringing alternatives to obtain lost profits. *Panduit Corp. v. Stahlin Bros. Fibre Works*, 575 F.2d 1152, 1156 (6th Cir. 1978).

Although it is Cryovac's burden to do so under *Panduit*, Cryovac has failed to produce any evidence proving the absence of non-infringing alternatives. Therefore, Cryovac cannot establish that it is entitled to recover lost profits under the *Panduit* test. Because no genuine issue of material fact exists as to the acceptability of Curwood's award-winning[2] bone-in packaging products as non-infringing alternatives, partial summary judgment should be awarded against Cryovac on its lost profits claim. Fed. R. Civ. P. 56.

As the moving party, Pechiney was required to demonstrate the absence of any genuine issues of material fact regarding this motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once Pechiney did so, Cryovac as the nonmoving party then was obligated to "wheel out all its artillery," *Demos v. City of Indianapolis*, 302 F.3d 698, 706 (7th Cir. 2002), and come "forward with 'specific facts showing that there is a genuine issue for trial'" in order to defeat Pechiney's motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (*quoting* Fed. R. Civ. P. 56(e)). Moreover, Cryovac may not defeat partial summary judgment merely by attempting to discredit Pechiney's evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986). Rather, in order to defeat partial summary judgment, Cryovac must produce affirmative evidence that supports an award of lost profits. *Id.*

As Pechiney showed in its motion, there is no genuine issue of material fact that Curwood's bone-in packaging products are acceptable non-infringing alternatives. In response,

---

[2]   *See., e.g*, C443, Ex. 38, CR061-000092 ("Curwood's ABP® (Absolute Bone-In Protection) shrink bags have been accepted in the packaging market as having exceptional puncture and abuse resistance as well as high shrink and clarity. Curwood has further advanced the technology to offer the same protection for larger bone-in cuts of beef, pork, lamb and veal . . . . Judge in Packaging Excellence and Technical Innovation.")

3

Cryovac argues in its opposition that there are fact issues regarding whether Curwood's products are: (1) acceptable, (2) non-infringing, and (3) available. (Opp. Br. at 2.) The evidence, however, demonstrates that there is no genuine issue of material fact as to any of these three factors.

### 1. Cryovac Cannot Meet Its Burden to Establish That Curwood's Products Are Unacceptable Substitutes.

As part of its overall burden of proving its entitlement to lost profits, Cryovac bears the burden of proving the unacceptability of Curwood's products. *Rite-Hite Corp.*, 56 F.3d at 1544-45. With respect to acceptability of Curwood's products, Cryovac applies the wrong standard. As Cryovac itself recognized (Opp. Br. at 9, 12), it must prove that Curwood's products do not have the advantages of the '419 patent. *See, e.g., Standard Havens*, 953 F.2d at 1373; *Smithkline Diagnostics, Inc. v. Helena Labs. Corp.*, 926 F.2d 1161, 1166 (Fed. Cir. 1991).

While Cryovac pays lip service to the correct standard, Cryovac fails to follow that standard, arguing that Curwood's products are not acceptable because they do not measure up to Cryovac's BoneGuard bag. Cryovac spends its opposition brief arguing that Curwood's service, product line and performance were inferior relative to Cryovac's BoneGuard products. (Opp. Br. at 12-13).

**REDACTED**

Curwood's alternative packaging product is completely irrelevant to determining whether Curwood's packaging had the advantages of a product covered by the '419 patent, and would therefore have been acceptable.

**REDACTED**

4

REDACTED

Thus, the only appropriate comparison is a direct comparison between Curwood's products and the advantages of the '419 patent. Cryovac has not even attempted to conduct this comparison, or to contradict the evidence Pechiney submitted in support of its motion. (*Compare* Opp. Br. at 12-17 to Memorandum in Support of Pechiney's Motion for Partial Summary Judgment on Lost Profits, D.I. 194, at 7-9).

REDACTED

fail for the same reason – they have absolutely nothing to do with the specific advantages of the '419 patent. Cryovac has never, for example, contended that a complete product line or more consistent service are specific advantages of the '419 patented technology. Thus, even assuming the accuracy of Cryovac's evidence, it has no probative value on the issue of the "acceptability" of Curwood products.

Accordingly, Cryovac has failed to establish that there is any genuine issue of material fact proving that Curwood's bone-in packaging products are not acceptable.

### 2. Cryovac Has Not Met Its Burden of Showing That Curwood's Products Are Infringing.

Cryovac has also not raised a genuine issue of material fact that Curwood's products infringe the '419 patent or any other patent. *See, e.g., Grain Processing*, 185 F.3d at 1349 (patent owner must prove absence of non-infringing substitutes). Cryovac has offered no evidence that Curwood's products infringe the '419 patent.

Without citing to a single patent,

**REDACTED**

(emphasis added). This sort of pure speculation is obviously wholly insufficient to raise a genuine issue of material fact. *See, e.g., Matsushita*, 475 U.S. at 587 (nonmoving party must come forward with specific *facts* showing that there is a genuine issue for trial); *Gill v. Stern (In re Stern)*, 345 F.3d 1036, 1045 (9th Cir. 2003) (speculative assertion "may have been insolvent" discounted when raised in defense of a summary judgment motion); *Warner v. Ross*, 2001 U.S. Dist. LEXIS 25966, *12-13 (D. V.I. Sept. 28, 2001) (speculative assertion "may have said" was insufficient to defeat motion for summary judgment).

In its brief, Cryovac failed to identify any Cryovac patents that are infringed by Curwood's bone-in packaging products.

**REDACTED**

6

REDACTED

Because it has not offered anything more than rank speculation of infringement, without even identifying a single patent that it alleges is infringed by Curwood, Cryovac has not created any issue of material fact as to whether Curwood's products are infringing.

### 3. Cryovac Bears The Burden of Showing That Curwood's Products Are Unavailable And It Cannot Meet This Burden.

In order to be an acceptable non-infringing substitute, the product "must have been available or on the market *at the time of infringement*." *Grain Processing*, 185 F.3d at 1349 (emphasis added).[3]

REDACTED

*Grain Processing* makes clear that proof of actual market sales *alone* are sufficient to "defeat a case for lost profits," because they unequivocally demonstrate both acceptability and availability of the substitute product. *Id.* at 1352 (*citing Minco Inc. v. Combustion Eng'g, Inc.* 95 F.3d 1109, 1119) (Fed. Cir. 1996); *Kaufman Co. v. Lantech, Inc.*, 926 F.2d 1136 (Fed. Cir. 1991). Indeed, *Grain Processing* goes even further, holding that an available technology *not even on the market* during the accounting period can constitute a non-infringing alternative sufficient to defeat a claim for lost profits. *Grain Processing*, 183 F.3d at 1351 (emphasis added).

---

[3] The critical time period for determining availability of an alternative is the period of infringement for which the patent owner claims damages; this period is known as the "accounting period." *Grain Processing*, 185 F.3d at 1353.

7

Cryovac makes only two attempts to demonstrate unavailability, and neither is sufficient to raise a genuine issue of material fact on that issue.

**REDACTED**

Cryovac's failure is not surprising, since *Grain Processing* clearly holds that a product that is *not even on the market* during the relevant infringement period can constitute a non-infringing alternative sufficient to defeat a claim for lost profits. *Grain Processing*, 183 F.3d at 1349. Accordingly, there is no genuine issue of material fact to contradict the conclusion that Curwood's products were available during the period of alleged infringement.

---

4

5          **REDACTED**

8

### B. Cryovac Has Not Established Its Entitlement To Its "Market Share" As A Measure Of Its Lost Profits Damages.

For the first time in this case, Cryovac has argued in its opposition brief that it is entitled to lost profits under the alternative "market share" theory of lost profits set forth in *State Industries, Inc. v. Mor-Flo Industries, Inc.*, 883 F.2d 1573, 1577-78 (Fed. Cir. 1989). Cryovac's argument fails because the *Mor-Flo* alternative theory is inapplicable under the undisputed facts of this case. In *Mor-Flo*, the patentee's lost sales were for its patented product, and the *Mor-Flo* market-share approach has been limited to situations in which the patent owner's patented product and the alleged infringer's allegedly infringing product are substantially the same product, sold in the same market. *BIC Leisure Products*, 1 F.3d at 1219 (use of the market share theory "presupposes that the patentee and the infringer sell substantially similar products in the same market"); *see also DePuy, Inc. v. Zimmer Holdings, Inc.*, No. 02-4023 (N.D. Ill. 2005) (Order Granting Def.'s Mot. Limine, May 10, 2005) (not allowing patentee to argue market share theory when patentee did not supply substantially similar products under the patent-in-suit).

REDACTED

are different from the ClearShield bags and are sold to completely different markets, one of two conclusions must be drawn. Either the Court must conclude that the *Mor-Flo* theory is not applicable to the facts of this case or, if it is applicable, then the Court must conclude that Cryovac's lost profits are zero, for Cryovac has

9

not proven (and indeed, could not prove) that it lost any sales of its REDACTED products to sales of ClearShield bone-in shrink bags.[6]

### C. Cryovac Has Not Established Its Entitlement To Patent Infringement Lost Profits Damages Based On Its "Contracts" And Sales Relationship Theories Of Tortious Interference Damages.

Cryovac's final argument is that, under a patent infringement lost profits analysis, it would be entitled to the sales it would have made under its REDACTED (Opp. Br. at 20). The sole "evidence" that Cryovac offers in support of this novel proposition is the opinion of its damages expert, Mr. Nawrocki, opining on potential damages for Pechiney's alleged *tortious interference* and not for its alleged patent infringement. Tortious interference damage theories have never before been used as a basis for patent infringement damages, and, in any event, Cryovac has produced absolutely no evidence to support this novel argument. Cryovac's citation of its expert's opinions on tortious interference damages, standing alone, is clearly insufficient to provide factual evidence to support its entitlement to patent infringement damages on these theories. *Thompson v. United States HUD*, 348 F. Supp. 2d 398, 410 (D. Md. 2005) ("An expert's opinion that certain 'facts' tend to establish a particular proposition is not evidence of the proposition but, rather, constitutes argument that has been considered as such.").

---

[6] Even if the Court was to find that under *Mor-Flo* it is proper to credit Cryovac with its market share of the not-covered-by-the-'419-patent Cryovac BoneGuard products, Cryovac has offered no proof of that market share. There is no proof that the market share numbers set forth in a single Pechiney document are in fact focused on the appropriate market or that the numbers are representative of Cryovac's actual market share for bone-in bags during the accounting period. This failure is also fatal to Cryovac's attempt to rely upon the market share theory.

Moreover, as set forth in Pechiney's Reply Memorandum in Support of its Motion for Summary Judgment on Tortious Interference, filed concurrently herewith, Cryovac's tortious interference theories have no merit and also must be dismissed on summary judgment.

### D. The Deily Affidavit Should Be Stricken.

As shown above, Cryovac's arguments in opposition to Pechiney's motion for partial summary judgment on lost profits are legally inadequate. In addition, on many of the points it raises, Cryovac's sole support is the affidavit of Cryovac executive Karl Deily. That affidavit is itself legally impermissible and should be stricken in its entirety.

Rule 56(e) requires that "affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e). The Deily Affidavit should be stricken because it is comprised of nothing more than speculative and conclusory statements completely lacking in foundation. *See, e.g., Carey v. Beans*, 500 F. Supp. 580, 583 (E.D. Pa. 1980), *aff'd*, 659 F.2d 1065 (3d Cir. 1981); *accord Hlinka v. Bethlehem Steel Corp.*, 863 F.2d 279, 281-82 (3d Cir. 1988) (affidavits submitted in support of, or in opposition to, motions for summary judgment must be "devoid of hearsay, conclusory language and statements which purport to examine thoughts as well as actions" otherwise they may be stricken); *see also, Fireman's Ins. Co. of Newark New Jersey v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982) (Rule 56(e) does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegations or suspicions); *see also Helfter v. UPS, Inc.* 115 F.3d 613, 616 (8th Cir. 1997) (holding conclusory statements in affidavits and deposition testimony, "standing alone, are insufficient to withstand a properly-supported motion for summary judgment").

11

### 1.   The Deily Affidavit Is Not Made On Personal Knowledge.

The Deily Affidavit violates Rule 56(e) because it fails to establish any basis in Deily's personal knowledge for his testimony. Affidavits that are not based on personal knowledge may not be used to avoid summary judgment. Rule 56(e); *Olympic Junior, Inc. v. David Crystal, Inc.*, 463 F.2d 1141, 1146 (3d. Cir. 1972) (conclusory statements and factual allegations not based on personal knowledge are insufficient to avoid summary judgment). It is clear from the face of Mr. Deily's affidavit that he lacks personal knowledge of many of the details surrounding Curwood's products and thus his opinions lack proper foundation.

**REDACTED**

The only support that Mr. Deily offers for his opinions as to the acceptability of Curwood's products is his conclusory statement that he is

**REDACTED**   This statement is insufficient to support the sweeping opinions he offers in his affidavit. Significantly, Mr. Deily does not state that he is specifically knowledgeable about Curwood's bone-in meat packing products. Nor does he even attempt to support his sweeping conclusions with evidence that he ever discussed Curwood products with customers,   **REDACTED**   Most significantly, Mr. Deily provides absolutely no explanation for the complete disconnect between his opinion as to the unacceptability of the Curwood packaging

**REDACTED**

REDACTED

In lieu of actual evidence, Cryovac asks the Court to infer, based on Mr. Deily's corporate title alone, that he is knowledgeable about Curwood products and about what customers think about those products. Without some additional foundation in Mr. Deily's affidavit, such an inference is unreasonable because knowledge of the technical composition and capabilities of Curwood's product

REDACTED

Absent such crucial statements, Mr. Deily's testimony lacks foundation and is speculative and conclusory in violation of Rule 56(e).[7] Accordingly, the Deily Affidavit should be stricken in its entirety.

### 2. Paragraph Nine Of The Deily Affidavit Is Conclusory In Violation Of Rule 56(e).

Finally, Mr. Deily's statement in Paragraph 9 that

REDACTED

' is, on its face, nothing more than a conclusory and self-serving attempt to have Mr. Deily opine on the ultimate legal outcome of the case. His opinion on this topic is no more persuasive than would be a declaration by a Pechiney executive that

---

7  If Mr. Deily is offering this opinion as an expert opinion, it is insufficient under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and violates Rule 26 Fed.R.Civ.P because Mr. Deily did not submit any expert reports. If he is testifying as to his lay opinion, he has failed to lay any foundation REDACTED *Aronson v. Peoples Natural Gas Co.*, 180 F.3d 558, 564 n.2 (3d Cir. 1999) (Rule 56(e) requires that affidavits shall be made on personal knowledge).

REDACTED

13

"based on the facts known to me as a senior officer of Pechiney, Pechiney should win this case and Cryovac should lose." In short, Mr. Deily's affidavit is so bereft of facts that his conclusion has no probative value and should be stricken. *See, e.g., Messina v. E.I. du Pont de Nemours and Co.*, 308 F. Supp. 2d 491, 497-98 (D. Del. 2004) (unsupported assertions, speculation, or conclusory allegations are insufficient to avoid defendant's motion for summary judgment).

### III. CONCLUSION

For all of the foregoing reasons and for the reasons set forth in its Memorandum in Support of Its Motion for Partial Summary Judgment on Lost Profits (D.I. 194), Pechiney respectfully requests that this Court grant Pechiney's Motion for Partial Summary Judgment on Lost Profits and Pechiney's Motion to Strike the Affidavit of Karl Deily.

In the alternative, if the Court finds that there are issues of fact on Cryovac's entitlement to lost profits under Cryovac's alternative theories of market share or contract, Pechiney respectfully requests that this Court enter partial summary judgment on lost profits under the *Panduit* test (i.e., partial summary judgment that there are acceptable non-infringing alternatives). Also, in the alternative, if the Court finds that the Deily Affidavit should not be stricken in its entirety, Pechiney respectfully requests that at least paragraph 9 be stricken.

Respectfully submitted,

PECHINEY PLASTIC PACKAGING, INC.

Dated: December 5, 2005

By:   /s/ N. Richard Powers
      N. Richard Powers

N. Richard Powers (#494)
Rudolf E. Hutz (#484)
CONNOLLY BOVE LODGE & HUTZ
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207
Tel: (302) 888-6266

14

Donald R. Cassling (Admitted *pro hac vice*)
Steven R. Trybus (Admitted *pro hac vice*)
Shelley Smith (Admitted *pro hac vice*)
Brian P. O'Donnell (Admitted *pro hac vice*)
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL 60611
Telephone: (312) 222-9350

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of December, 2005 I electronically filed a copy of the foregoing with the Clerk of the Court using CM/ECF and served the following individuals in the manner indicated:

**BY HAND DELIVERY**
John W. Shaw, Esquire
Karen E. Keller, Esquire
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19801

**BY FEDERAL EXPRESS**
Ford F. Farabow, Jr., Esquire
Mark J. Feldstein, Esquire
Finnegan, Henderson, Farabow,
   Garrett & Dunner, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001

/s/ N. Richard Powers
N. Richard Powers