IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CRYOVAC, INC.,                                )
                                              )
            Plaintiff/Counter-Defendant,      )        Civil Action No. 04-1278-KAJ
                                              )
            vs.                               )        Hon. Kent A. Jordan
                                              )
PECHINEY PLASTIC PACKAGING,                   )
INC.,                                         )
                                              )
            Defendant/Counter-Plaintiff.      )        **REDACTED**


**PECHINEY'S REPLY MEMORANDUM IN SUPPORT OF PECHINEY'S
MOTION FOR SUMMARY JUDGMENT ON PATENT ISSUES**

N. Richard Powers (#494)
CONNOLLY BOVE LODGE & HUTZ
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207
Tel: (302) 888-6266

Donald R. Cassling (Admitted *pro hac vice*)
Steven R. Trybus (Admitted *pro hac vice*)
Shelley Smith (Admitted *pro hac vice*)
Brian P. O'Donnell (Admitted *pro hac vice*)
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL 60611
Telephone: (312) 222-9350

Dated:  December 5, 2005

**TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................................................................1

II.  SUMMARY OF ARGUMENT .................................................................................1

III. ARGUMENT ...............................................................................................................2

    A. Pechiney Is Entitled To Summary Judgment Of Non-Infringement. ...................2

       1. Pechiney Is Entitled To Summary Judgment Of No Literal Infringement If "Arranged Symmetrically" Is Properly Construed. ...........................................2

       2. Pechiney Is Entitled To Summary Judgment Of No Infringement Under The Doctrine Of Equivalents As Even Cryovac Concedes ........................................4

    B. Pechiney Is Entitled To Summary Judgment That Claim 11 is Invalid. ...............4

       1. Claim 11 Of The '419 Patent Is Invalid As Anticipated. .................................4

          a. ANR Film C in the Allied News Release Anticipates Claim 11 of the '419 Patent. ..............................................................................................................5

            (1) The Structure of ANR Film C in the Allied News Release is Not Ambiguous. ................................................................................................5

            (2) ANR Film C in the Allied News Release is Oriented Under Pechiney's Construction. ...........................................................................................6

            (3) The Allied News Release is Prior Art to Claim 11. ...........................7

             (4) The Allied News Release Disclosing ANR Film C Is Enabling. ......10

          b. The Allied Film Anticipates Claim 11 of the '419 Patent. .....................10

            (1) The Allied Film Was A Coextruded Film. ........................................10

            (2) The Allied Film Was "Oriented" Under Pechiney's Construction. .................11

              (a) Even if Corroboration is Required for Non-Inventors, Dr. Gilbert's Testimony is Sufficiently Corroborated. ....................................11

              (b) Cryovac Provided No Evidence That The Allied Film Was Not "Oriented" Under Pechiney's Construction. ...............................14

            (3) The Allied Film is Prior Art to Claim 11. ........................................14

       2. Claim 11 Of The '419 Patent Is Invalid As Obvious. ...................................16

a.  One of Ordinary Skill in the Art Would Have Been Motivated to Orient The Film. ..................................................................................................16

b.  One of Ordinary Skill in the Art Would Have Had a Reasonable Expectation of Success in Orienting The Film. .....................................17

c.  Cryovac Failed To Offer Any Evidence of the Requisite Nexus for Its Supposed Secondary Considerations of Nonobviousness. ...................18

3.  The Specification Of The '419 Patent Is Not Enabling If Knowledge Of A Person Of Ordinary Skill In The Art Is As Described By Cryovac............19

IV. CONCLUSION...................................................................................................20

# TABLE OF AUTHORITIES

## Cases

*Advanced Display Sys. v. Kent State Univ.*,
212 F.3d 1272 (Fed. Cir. 2000) .................................................................................. 18

*Amgen Inc. v. Hoechst Marion Roussel, Inc.*,
314 F.3d 1313 (Fed. Cir. 2003) .................................................................................. 10

*Amgen, Inc. v. Chugai Pharm. Co.*,
927 F.2d 1200 (Fed. Cir. 1991) .................................................................................. 9

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986)..................................................................................................... 11

*Ashland Oil, Inc. v. Delta Resins & Refractories Inc.*,
776 F.2d 281 (Fed. Cir. 1985) ............................................................................. 18, 19

*Bausch & Lomb, Inc. v. Barnes-Hind/Hydrocurve, Inc.*,
796 F.2d 443 (Fed. Cir. 1986) ............................................................................... 8, 15

*Bunzl Pulp & Paper Sales, Inc. v. Golder*,
1990 U.S. Dist. LEXIS 16355 (E.D. Pa. Dec. 4, 1990).......................................... 13

*Burroughs Wellcome Co. v. Barr Labs., Inc.*,
40 F.3d 1223 (Fed. Cir. 1994) .................................................................................... 9

*Cable Elec. Prods., Inc. v. Genmark., Inc.*,
770 F.2d 1015 (Fed. Cir. 1985) .................................................................................. 18

*Coleman v. Dines*,
754 F.2d 353 (Fed. Cir. 1985) .................................................................................... 8

*Demos v. City of Indianapolis*,
302 F.3d 698 (7th Cir. 2002) ...................................................................................... 11

*Dynacore Holdings Corp. v. U.S. Philips Corp.*,
363 F.3d 1263 (Fed. Cir. 2004) .......................................................................... 7, 11, 16

*Finnigan Corp. v. ITC*,
180 F.3d 1354 (Fed. Cir. 1999) .................................................................................. 12

*Graves, In re*,
69 F.3d 1147 (Fed. Cir. 1995) .................................................................................... 10

*Heard v. Burton*,
333 F.2d 239 (CCPA 1964) ........................................................................................ 8

*Hitzeman v. Rutter*,
243 F.3d 1345 (Fed. Cir. 2001) .................................................................................. 8

*Hybritech Inc. v. Monoclonal Antibodies, Inc.*,
802 F.2d 1367 (Fed. Cir. 1986) .................................................................................. 7

*Hycor Corp. v. Schlueter Co.*,
740 F.2d 1529 (Fed. Cir. 1984) .................................................................................. 15

*Invitrogen Corp. v. Clontech Labs., Inc.,*
  2005 U.S. App. LEXIS 24810 (Fed. Cir. 2005) ...................................................... 8

*Knorr v. Pearson,*
  671 F.2d 1368 (CCPA 1982) ...................................................................................... 12

*Mahurkar v. C.R. Bard, Inc.,*
  79 F.3d 1572 (Fed. Cir. 1996) .................................................................................... 10

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,*
  475 U.S. 574 (1986) ...................................................................................................... 11

*Nelco Corp. v. Slater Elec., Inc.,*
  80 F.R.D. 411 (E.D.N.Y. 1978) .................................................................................. 13

*Newell Cos. v. Kenney Mfg. Co.,*
  864 F.2d 757 (Fed. Cir. 1988) .................................................................................... 12

*Novartis Corp. v. Ben Venue Labs., Inc.,*
  271 F.3d 1043 (Fed. Cir. 2001) .................................................................................... 4

*PCS Computer Prods., Inc. v. Foxconn Int'l, Inc.,*
  335 F.3d 1353 (Fed. Cir. 2004) .................................................................................... 4

*Price v. Symsek,*
  988 F.2d 1187 (Fed. Cir. 1993) .............................................................................. 12, 13

*Sandt Tech., Ltd. v. Resco Metal and Plastics Corp.,*
  264 F.3d 1344 (Fed. Cir. 2001) .................................................................................. 13

*Sewell v. Walters,*
  21 F.3d 411 (Fed. Cir. 1994) ........................................................................................ 7

*Sjolund v. Musland,*
  847 F.2d 1573 (Fed. Cir. 1988) .................................................................................. 18

*Slip Track Sys., Inc. v. Metal-Lite, Inc.,*
  304 F.3d 1256 (Fed. Cir. 2002) .................................................................................... 7

*Stratoflex Inc. v. Aeroquip Corp.,*
  713 F.2d 1530 (Fed. Cir. 1983) .................................................................................. 18

*Thomson v. Quixote Corp.,*
  166 F.3d 1172 (Fed. Cir. 1999) .................................................................................. 12

*Vandenberg v. Dairy Equip. Co., Inc.,*
  740 F.2d 1560 (Fed. Cir. 1984) .................................................................................. 18

**Statutes**

35 U.S.C. § 102 .................................................................................................................... 4

35 U.S.C. § 102(a) .......................................................................................................... 4, 5

35 U.S.C. § 102(b) ............................................................................................................ 5

35 U.S.C. § 102(g)(2) ...................................................................................................... 5

iv

35 U.S.C. § 103(a) ............................................................................................................ 4

35 U.S.C. § 112 ...................................................................................................... 4, 19

## Other Authorities

*In Finnigan's Wake:  Recent Confusing Changes in the Federal Circuit's Requirement for
Corroboration of Witness Testimony During Patent Infringement Litigation,*
72 U. Colo. L. Rev. 257, 279-81 (2001) ................................................................. 12

## Rules

Fed. R. Civ. P. 56(e) ......................................................................................................... 11

## I.    INTRODUCTION

Pechiney files this reply in support of its motion for summary judgment on patent issues. (D.I. 195.)  None of the arguments made by Cryovac in its memorandum in opposition (D.I. 241, Plaintiff Cryovac Inc.'s Responsive Brief in Opposition to Pechiney's Motion for Summary Judgment on Patent Issues ("Cryovac Br.")) raise genuine issues of material fact that would prevent this Court from entering summary judgment of non-infringement and invalidity in Pechiney's favor.  Granting summary judgment of either non-infringement or invalidity also entitles Pechiney to summary judgment with respect to Cryovac's willful infringement and tortious interference claims.

## II.    SUMMARY OF ARGUMENT

1.    Pechiney is entitled to summary judgment of non-infringement.  Cryovac concedes that summary judgment of no literal infringement is proper if the Court adopts Pechiney's proposed claim construction for "arranged symmetrically."  As explained in Pechiney's opening brief (D.I. 196, Memorandum in Support of Pechiney's Motion for Summary Judgment on Patent Issues ("Pechiney Br.") 20-24),

## REDACTED

Cryovac does not contest any of the underlying facts, instead just arguing that Pechiney's claim construction is not correct.  That claim construction dispute must be decided as a matter of law, making summary judgment of no literal infringement appropriate here. Pechiney also is entitled to summary judgment of no infringement under the doctrine of equivalents regardless of how the Court rules on literal infringement because Cryovac does not even make an argument contesting Pechiney's position on this point.

1

2.     Pechiney also is entitled to summary judgment that claim 11 is invalid as anticipated by, or at least obvious over, ANR Film C and the Allied Film.  If the Court disagrees, then the Court should grant summary judgment that claim 11 is invalid as not enabled. Cryovac's opposition on invalidity amounts to nothing more than criticisms of Pechiney's proofs that, at best, raise metaphysical doubt, but lack any affirmative support for Cryovac's position that would require denial of the summary judgment motion.

## III.     ARGUMENT

Pechiney is entitled to summary judgment of non-infringement and invalidity of claim 11 of the '419 patent.

### A.     Pechiney Is Entitled To Summary Judgment Of Non-Infringement.

There are no facts in dispute that prevent the Court from granting Pechiney's motion for summary judgment of non-infringement.  Cryovac raises no argument on literal infringement if Pechiney's construction for "arranged symmetrically" is adopted by the Court.  And, Cryovac fails to raise any argument at all against summary judgment under the doctrine of equivalents.

#### 1.     Pechiney Is Entitled To Summary Judgment Of No Literal Infringement If "Arranged Symmetrically" Is Properly Construed.

Pechiney's ClearShield products do not literally infringe claim 11 if "arranged symmetrically" is construed as proposed by Pechiney.  Cryovac does not argue otherwise and does not raise any genuine issues of material fact.

Properly construed, the "arranged symmetrically" limitation requires, *inter alia*, that the corresponding layers in the film have the same thickness and the same composition.  Cryovac argues that the thicknesses and compositions of the corresponding layers are irrelevant to assessing whether the layers are arranged symmetrically because the '419 patent specification discussed prior art and "not once were the subjects of layer thickness, or compositional identity

2

raised as being important or even relevant." (Cryovac Br. 13-14.) Cryovac's argument

overlooks one simple, but important, fact -- at the time that the specification was written and

filed, *none* of the claims recited the "arranged symmetrically" limitation. Indeed, the term

"arranged symmetrically" does not appear in the specification. Thus, it is neither surprising nor

helpful to Cryovac that the specification did not discuss whether the layers in the prior art films

were or were not "arranged symmetrically."

     Cryovac also argues that its construction does not render "arranged symmetrically"

superfluous because it prevents an eight-layer film from meeting the claim. This is not true. An

eight-layer film cannot meet claim 11 under Cryovac's construction even without considering the

"arranged symmetrically" limitation because such an eight-layer film cannot meet the "core

layer" limitation. Cryovac acknowledges at page 33 of Cryovac's Initial Brief on Claim

Construction (D.I. 203 ("Cryovac Claim Constr. Br.")) that the core layer is "surrounded by an

equal number of layers on both sides." Thus, an eight-layer film cannot have a "core layer" and

so cannot meet claim 11, even without the "arranged symmetrically" limitation. The conclusion

is inescapable and fatal to Cryovac's argument -- Cryovac's claim construction renders

"arranged symmetrically" superfluous. The Court should reject Cryovac's construction and

adopt Pechiney's construction for "arranged symmetrically."

     If the Court adopts Pechiney's construction for "arranged symmetrically," Pechiney is

entitled to summary judgment of no literal infringement.

## REDACTED

     Cryovac does not dispute these facts. Nor could it.

Cryovac has no evidence that ClearShield film literally infringes if "arranged symmetrically" is

construed as proposed by Pechiney. Therefore, the Court should grant Pechiney's motion for summary judgment that Pechiney does not literally infringe claim 11.

>           2.     **Pechiney Is Entitled To Summary Judgment Of No Infringement Under The Doctrine Of Equivalents As Even Cryovac Concedes.**

Cryovac offers no answer to Pechiney's summary judgment arguments that Cryovac is not entitled to any doctrine of equivalents coverage for, *inter alia*, the "arranged symmetrically" limitation due to prosecution history estoppel. Cryovac bears the burden of proof on infringement under the doctrine of equivalents. *PCS Computer Prods., Inc. v. Foxconn Int'l, Inc.*, 335 F.3d 1353, 1357 (Fed. Cir. 2004). Where the party bearing the burden of proof on an issue fails to provide any evidence from which the jury could find in its favor, summary judgment is properly granted against that party. *Novartis Corp. v. Ben Venue Labs, Inc.*, 271 F.3d 1043, 1046 (Fed. Cir. 2001). As such, whatever the Court's ruling on claim construction, the Court should grant summary judgment that Pechiney does not infringe claim 11 under the doctrine of equivalents.

>     **B.     Pechiney Is Entitled To Summary Judgment That Claim 11 is Invalid.**

Pechiney is entitled to summary judgment that claim 11 is invalid because claim 11: (1) is anticipated under 35 U.S.C. § 102 both by ANR Film C in the Allied News Release and by the Allied Film; (2) would have been as obvious under 35 U.S.C. § 103(a); and (3) is not enabled under 35 U.S.C. § 112.

>           1.     **Claim 11 Of The '419 Patent Is Invalid As Anticipated.**

Claim 11 is anticipated by two pieces of prior art under Pechiney's construction of "oriented." First, claim 11 is anticipated under 35 U.S.C. § 102(a) by the Allied Engineered Plastics News Release (the "Allied News Release") presented by Mr. Earl Hatley at the Coextrusion III conference held on September 5-6, 1985 describing a film designated as "C"

("ANR Film C"). Second, claim 11 is anticipated under 35 U.S.C. § 102(a), (b) and (g)(2) by a film supplied by Allied to Rutgers University for study and testing (the "Allied Film").[1]

### a.     ANR Film C in the Allied News Release Anticipates Claim 11 of the '419 Patent.

As Pechiney already proved (Pechiney Br. 31-33), claim 11 is anticipated by the Allied News Release's disclosure of ANR Film C under either party's construction for "arranged symmetrically." In response, Cryovac only argues: (1) the structure of ANR Film C is ambiguous; (2) ANR Film C is not oriented; (3) the Allied News Release is not prior art to claim 11; and (4) the Allied News Release is not enabling. Cryovac's arguments are meritless.

### (1)     The Structure of ANR Film C in the Allied News Release is Not Ambiguous.

Pechiney already proved that ANR Film C is a nine-layer film having the structure: HDPE/TIE/NYLON/TIE/EVOH/TIE/NYLON/TIE/HDPE. (Pechiney Br. 31.) Cryovac argues that the structure of ANR Film C in the Allied News Release is somehow ambiguous based on Dr. Mount's testimony. Cryovac's argument is without merit for two reasons.

First, whether ANR Film C is a seven-layer film or a nine-layer film is not a *material* fact. The additional two tie layers disclosed in the Allied News Release do not put ANR Film C outside claim 11.

## REDACTED

Eliminating the two tie layers

---

[1] Cryovac's brief refers to this film as the "Gilbert Film," perhaps to provide the appearance that Dr. Gilbert was the inventor of this film or somehow has an interest in the film. Pechiney has never contended that Dr. Gilbert was the inventor of this film. Instead, he merely received the film from Allied and directed a number of tests on the Allied Film.

adjacent the EVOH layer still leaves seven layers arranged symmetrically. Therefore, whether ANR Film C disclosed in the Allied News Release is a nine-layer film or a seven-layer film does not affect the fact that it met all of the limitations of claim 11. Cryovac's argument does not relate to an issue of *material* fact because either way, ANR Film C met claim 11.

Second, the premise to Cryovac's argument is baseless. The Allied News Release discloses *only one structure* for ANR Film C:

```
C.   HDPE/TIE/NYLON/TIE/EVOH/TIE/NYLON/TIE/HDPE        1.40 mil
```

(A226-29, Ex. 17. Allied News Release, Table 4; *see also* Tables 1 and 2.) No other structure for ANR Film C is disclosed in the Allied New Release, so there is no ambiguity.

> **(2)    ANR Film C in the Allied News Release is Oriented Under Pechiney's Construction.**

Cryovac also argues that ANR Film C is not oriented,

**REDACTED**

Cryovac's proposed construction, but not Pechiney's, requires that the film be oriented by "a racking or blown bubble process." (Cryovac Claim Constr. Br. 11.)

**REDACTED**

Cryovac also argues that the fact that ANR Film C was oriented

is "contrary" to the Allied News Release. (Cryovac Br. 24.)  This is mere attorney argument as nowhere does the Allied News Release state that ANR Film C was unoriented.  Therefore, if the Court adopts Pechiney's construction, there is no genuine issue of material fact that ANR Film C was oriented.

(3)     **The Allied News Release is Prior Art to Claim 11.**

Having no argument to dispute that ANR Film C met all of the limitations of claim 11, Cryovac next argues that Pechiney has not proved that the Allied News Release is prior art to claim 11 because Pechiney has not established a date of publication.  Cryovac is wrong.

Pechiney already showed that the Allied News Release was presented and copies were available at the Coextrusion III Conference held on September 5-6, 1985.  (Pechiney Br. 13; A215-22, Ex. 16, C412-13, Ex. 36.)  Cryovac's naked assertion that maybe the Allied News Release really was not presented at that time cannot defeat summary judgment.  *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1277 (Fed. Cir. 2004) ("a theoretical possibility or 'metaphysical doubt' . . . is insufficient to create a genuine issue of material fact.").

To try to salvage claim 11,

**REDACTED**

Invention, however, requires that *conception of the invention* have occurred.  *Sewell v. Walters*, 21 F.3d 411, 415 (Fed. Cir. 1994).  Conception occurs when the inventor has formulated a "definite and permanent idea of the complete and operative invention," as it is to be applied in practice.  *Hybritech Inc. v. Monoclonal Antibodies, Inc.*, 802 F.2d 1367, 1376 (Fed. Cir. 1986).  Conception requires that the inventor have possession of *all limitations of the claimed invention*.  *Slip Track Sys., Inc. v. Metal-Lite, Inc.*, 304 F.3d 1256, 1263 (Fed. Cir. 2002).  Simply making a device that later is determined to embody the claimed invention is not conception.  *Hitzeman v. Rutter*, 243 F.3d 1345, 1358-59

7

(Fed. Cir. 2001) (citing *Heard v. Burton*, 333 F.2d 239, 243-44 (CCPA 1964)).

## REDACTED

*Invitrogen Corp. v. Clontech Labs., Inc.*, 2005 U.S. App. LEXIS 24810, at *22 (Fed. Cir. 2005)("the law will not sanction the inference that reduction to practice at time A implies conception at earlier time B.").

Conception must be as broad as the claimed invention and must be proven by corroborating evidence that shows that the inventor disclosed to others his "completed thought expressed in such clear terms as to enable those skilled in the art" to make the invention. *Coleman v. Dines*, 754 F.2d 353, 357, 359 (Fed. Cir. 1985). It is Cryovac's burden to prove that it is entitled to a date of invention earlier than the patent application filing date. *Bausch & Lomb, Inc. v. Barnes-Hind/Hydrocurve, Inc.*, 796 F.2d 443, 449 (Fed. Cir. 1986). Thus, because Cryovac has not provided relevant corroborated proof of an earlier invention date, the date of invention for claim 11 for purposes of Pechiney's motion is its filing date -- March 21, 1986. Therefore, there is no dispute that the Allied News Release is prior art.

## REDACTED

8

**REDACTED**                                             Conception

requires both the idea of the invention's structure and possession of an operative method of

making it. *Amgen, Inc. v. Chugai Pharm. Co.*, 927 F.2d 1200, 1206 (Fed. Cir. 1991).

**REDACTED**

"A conception is not complete if the subsequent course of

experimentation, especially experimental failures, reveals uncertainty that so undermines the

specificity of the inventor's idea that it is not yet a definite and permanent reflection of the

complete invention as it will be used in practice." *Burroughs Wellcome Co. v. Barr Labs., Inc.*,

40 F.3d 1223, 1229 (Fed. Cir. 1994).

**REDACTED**

Cryovac's invention date is its filing date -- March 21, 1986. *Mahurkar v. C.R. Bard, Inc.*, 79 F.3d 1572, 1576-77 (Fed. Cir. 1996). Cryovac also offered no proof of "reasonable diligence" and is not entitled to a date of invention earlier than its filing date for this reason as well. Therefore, the Allied News Release is prior art to claim 11.

### (4) The Allied News Release Disclosing ANR Film C Is Enabling.

Finally, the Court should reject Cryovac's last argument that the Allied News Release is not enabling because Cryovac does not even address the proper legal standard. Cryovac *is* correct that an anticipatory reference must be enabling. *Amgen Inc. v. Hoechst Marion Roussel, Inc.*, 314 F.3d 1313, 1354 (Fed. Cir. 2003). Cryovac is *not* correct, however, that the enablement must be proved only from within the four corners of the reference. Rather, the reference need not explicitly teach those in the art to make and use the invention if, *given what those in the art already know*, the reference teaches them enough that they can make and use the invention. *In re Graves*, 69 F.3d 1147, 1152 (Fed. Cir. 1995).

## REDACTED

Cryovac does not argue otherwise.

### b. The Allied Film Anticipates Claim 11 of the '419 Patent.

As Pechiney already proved, claim 11 also is anticipated by the Allied Film. (Pechiney Br. 29-31.) In response, Cryovac only argues that the Allied Film might not have been: (1) a coextruded film; (2) oriented; and (3) prior art. Cryovac points to no actual facts in its favor, but merely tries to cast doubt on Pechiney's evidence. Cryovac's arguments are again meritless.

### (1) The Allied Film Was A Coextruded Film.

Cryovac argues that maybe the Allied Film was not a coextruded film. Cryovac does not dispute that the Allied News Release discloses that the film designed as "C" was coextruded.

10

Rather, Cryovac argues that there is an issue as to whether the Allied News Release discloses the Allied Film. In any event, Dr. Gilbert testified that the Allied Film was coextruded (Gilbert Decl. ¶¶ 9-10) and he would have known. (Allied News Release, "[t]he research project, directed by Dr. Seymour Gilbert . . . was the second such investigation commission by Allied.") Cryovac points to no contrary evidence. It is not enough for Cryovac to merely raise a "metaphysical doubt" about a fact on summary judgment. *Dynacore*, 363 F.3d at 1277. Cryovac, as the non-moving party, was obligated to "wheel out all its artillery," *Demos v. City of Indianapolis*, 302 F.3d 698, 706 (7th Cir. 2002), and come "forward with 'specific facts showing that there is a genuine issue for trial'" in order to defeat Pechiney's motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). Moreover, Cryovac cannot prevail merely by discrediting Pechiney's evidence, but rather Cryovac must produce some affirmative evidence of its own. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986). There is no genuine issue that the Allied Film was a coextruded film.

### (2)     The Allied Film Was "Oriented" Under Pechiney's Construction.

Pechiney already showed that the Allied Film was oriented under Pechiney's construction. (Pechiney Br. 28-31.) Cryovac points to no evidence that the Allied Film was not oriented under Pechiney's construction. Rather, Cryovac criticizes Dr. Gilbert's testimony as uncorroborated.

### (a)     Even if Corroboration is Required for Non-Inventors, Dr. Gilbert's Testimony is Sufficiently Corroborated.

The Federal Circuit has held that "corroborating evidence is needed *only* to counterbalance the self-interest of a testifying inventor against the patentee," such that some

witnesses are not interested enough in the outcome of the trial "to justify triggering application

of the corroboration rule." *Thomson v. Quixote Corp.*, 166 F.3d 1172, 1176 (Fed. Cir. 1999)

(emphasis added). *Thomson* held that "testimony of the presumed [third-party] inventors *did not*

*have to be corroborated*." *Id.* (emphasis added). In a subsequent panel decision, the Federal

Circuit purported to effectively overrule *Thomson*. *See Finnigan Corp. v. ITC*, 180 F.3d 1354

(Fed. Cir. 1999).[2] *Finnigan* claimed that *Thomson* did not address the "necessity of

corroboration vel non, but rather the sufficiency of the corroborating evidence" and stated that

every witness's testimony must be corroborated when offered to invalidate a patent. *Id.* at 1368-

69.

     If this Court follows *Finnigan*, it should perform a "rule of reason" analysis to assess the

sufficiency of the corroborative evidence. *Id.* (citing *Price v. Symsek*, 988 F.2d 1187, 1195

(Fed. Cir. 1993)). "[T]he law does not impose an impossible standard of 'independence' on

corroborative evidence by requiring that every point ... be corroborated by evidence having a

source totally independent from the inventor; indeed, such a standard is the antithesis of the rule

of reason." *Knorr v. Pearson*, 671 F.2d 1368, 1374 (CCPA 1982). The Federal Circuit has

affirmed summary judgment of invalidity where the witness's testimony was sufficiently

---

2   "[T]he Federal Circuit has adopted the rule that prior decisions of a panel of the court are
binding precedent on subsequent panels unless and until overturned en banc. Where there is
direct conflict, the precedential decision is the first." *Newell Cos. v. Kenney Mfg. Co.*, 864
F.2d 757, 765 (Fed. Cir. 1988) (citations omitted). This would suggest that *Thomson* remains
the law. *See also,* Steven N. Hird, *In Finnigan's Wake: Recent Confusing Changes in the
Federal Circuit's Requirement for Corroboration of Witness Testimony During Patent
Infringement Litigation*, 72 U. Colo. L. Rev. 257, 279-81 (2001) (C414-35, Ex. 37)
("*Finnigan* appears to have been intended to reject the nascent standard enunciated in
*Thomson*."). If this Court follows *Thomson*, Dr. Gilbert is not interested enough to "justify
triggering application of the corroboration rule," thereby defeating Cryovac's corroboration
argument without further analysis.

corroborated. *Sandt Tech., Ltd. v. Resco Metal and Plastics Corp.*, 264 F.3d 1344, 1353-54 (Fed. Cir. 2001).

Dr. Gilbert is not the inventor of the Allied Film and does not have an interest in the film; he merely received the film from Allied and directed a number of tests on it. (Gilbert Decl. ¶¶ 7-9.) Dr. Gilbert's declaration is sufficiently corroborated under the "rule of reason" test, in which a court must consider "*all* pertinent evidence" so that a sound determination of credibility may be reached. *Price*, 988 F.2d at 1195. As explained in Pechiney's Memorandum in Opposition to Cryovac's Motion to Exclude Expert Testimony (D.I. 252 ("Pechiney Opp. Br.") 10-13), Dr. Gilbert had first hand knowledge of the Allied Film that is corroborated by a web of evidence including: (a) the Journal of Commerce Article; (b) the Journal of Food Science Article; (c) the Allied News Release; and (d) the sworn declaration of his research assistant, Dr. Dimas, who also is not the inventor and does not have an interest in the Allied Film. This cohesive web of evidence, when viewed as a whole, is more than sufficient to corroborate Dr. Gilbert's declaration. *See, e.g., Sandt Tech.*, 264 F.3d at 1351 (testimony concerning prior art was sufficiently corroborated by contemporaneous physical records).

Cryovac's argument that it did not have the opportunity to depose Dr. Gilbert is absurd. Pechiney disclosed Dr. Gilbert's identity well before the discovery cut-off date. Cryovac never attempted to depose him. (Pechiney Opp. Br. 17-19.) The fact that Dr. Gilbert was working as a consulting expert for Pechiney did not prevent Cryovac from deposing him as a fact witness about the Allied Film. *Nelco Corp. v. Slater Elec., Inc.*, 80 F.R.D. 411, 414 (E.D.N.Y. 1978); *see also Bunzl Pulp & Paper Sales, Inc. v. Golder*, 1990 U.S. Dist. LEXIS 16355 (E.D. Pa. Dec. 4, 1990). The reality is that Cryovac did not want to learn what it knew would only be bad news

for its case.  Having made the decision not to depose Dr. Gilbert, Cryovac cannot now complain

that he was unavailable.

> **(b)     Cryovac Provided No Evidence That The Allied Film Was Not "Oriented" Under Pechiney's Construction.**

Cryovac's sole support for its argument that there is a genuine issue of material fact as to

whether the Allied Film was oriented was

# REDACTED

Hence, should the Court adopt Pechiney's

construction of oriented, there is no genuine issue of material fact that the Allied Film was

oriented.

> **(3)     The Allied Film is Prior Art to Claim 11.**

Cryovac argues that "Pechiney has not even proven <u>when</u> the Gilbert Film [Allied Film]

existed."  (Cryovac Br. 21) (emphasis original.)  Cryovac does not state how this creates a

genuine issue of *material* fact. All Pechiney needs to prove is that the Allied Film is prior art to

claim 11 -- *i.e.*, that the Allied Film existed prior to the filing date of the application, for Section

102(a) and (g)(2), and existed at least one year prior to the filing date for Section 102(b). The

burden then shifts to Cryovac to come forward with clear and convincing evidence that its

invention date is early enough that the Allied Film is not prior art. *Bausch & Lomb, Inc. v.*

*Barnes-Hind/Hydrocurve, Inc.*, 796 F.2d 443, 449 (Fed. Cir. 1986) ("[T]he art must have existed

as of the date of invention, presumed to be the filing date of the application until an earlier date is

proved."), *Hycor Corp. v. Schlueter Co.*, 740 F.2d 1529, 1535 (Fed. Cir. 1984) ("Once a prima

facie case of public use before the critical date has been made, the patent owner must come

forward with clear and convincing evidence to counter that showing.").) Pechiney already

proved that the Allied Film existed at least as early as December 14, 1984, the publication date

of the Journal of Commerce Article, which is more than one year before the filing date of the

application **REDACTED** (Pechiney Br. 12.)

There is no genuine issue of material fact that the Allied Film is prior art to claim 11.


**REDACTED**

---

3

**REDACTED**

15

# REDACTED

Therefore, there is no genuine issue of material fact that the Allied Film is prior art to claim 11.

In sum, Cryovac's efforts failed to raise a genuine issue of material fact. Claim 11 is invalid as anticipated by ANR Film C in the Allied News Release and by the Allied Film.

## 2.    Claim 11 Of The '419 Patent Is Invalid As Obvious.

Even if the Court were to find a genuine issue of material fact as to whether ANR Film C and the Allied Film were "oriented," claim 11 still would be invalid. At a minimum, the subject matter of claim 11 still would have been obvious to one of ordinary skill in the art at the time of the alleged invention because it would have been obvious to orient ANR Film C and the Allied Film. Cryovac raises three arguments in response: (1) one of ordinary skill in the art would not have been motivated to orient the film; (2) one of ordinary skill in the art would not have had a reasonable expectation of success in orienting the film; and (3) secondary considerations prevent a finding of obviousness. Cryovac's arguments fail to raise a genuine issue of material fact.

### a.    One of Ordinary Skill in the Art Would Have Been Motivated to Orient The Film.

Cryovac argues that a person of skill in the art would not have been motivated to orient the prior art film because that would result in a much thinner oriented film. However, there is no reason why a person of skill in the art designing a film would consider replacing an unoriented film with an oriented film so much thinner that it introduced problems. Such an absurd suggestion does not rise beyond the level of raising a metaphysical doubt, insufficient to defeat a summary judgment motion. *Dynacore*, 363 F.3d at 1277. Rather, one would replace an unoriented film with an oriented film having sufficient thickness. Moreover, Pechiney's

obviousness argument is not somehow limited to only orienting the exact embodiment of the Allied Film or ANR Film C. Pechiney can rely on their general teachings in combination with prior art knowledge of orienting multilayer films.

**REDACTED**

Finally, if the Court adopts Cryovac's construction for oriented, but finds that the Allied Film or ANR Film C is only oriented under Pechiney's construction, claim 11 still would be invalid because it would have been obvious to substitute one known method of orientation for another. There is no genuine issue of material fact that a person of ordinary skill in the art would have been motivated to orient the film.

  **b.**  **One of Ordinary Skill in the Art Would Have Had a Reasonable Expectation of Success in Orienting The Film.**

Cryovac argues that there would not have been a reasonable expectation of success in orienting a multilayer, coextruded film containing nylon/EVOH/nylon combinations. Cryovac's argument, however, would negate the obviousness statute. Cryovac argues that obviousness cannot be proved by showing that one of ordinary skill in the art would have known to orient the Allied Film or ANR Film C based on the teaching of orienting other multilayer films. Cryovac argues that Pechiney should have to show a reference that teaches orienting a film that met all of the other claim 11 limitations. (Cryovac Br. 32-33.) Of course, such a high standard does not apply to an obviousness analysis. A reference that showed orienting a film that also met all of the other claim 11 limitations would disclose a film that met *all* of the claim 11 limitations -- *i.e.*, would be an anticipation. Under Cryovac's rule, obviousness would cease to exist as a ground for invalidating a patent claim. The Court should reject Cryovac's legally unsound argument.

17

c.    **Cryovac Failed To Offer Any Evidence of the Requisite Nexus for Its Supposed Secondary Considerations of Nonobviousness.**

Cryovac tries to raise an issue of fact with respect to the so-called secondary considerations of nonobviousness. However, Cryovac's "facts" are immaterial because Cryovac has not proven any nexus between the secondary considerations and the claimed invention. It is Cryovac's burden to come forward with evidence of secondary considerations of nonobviousness after Pechiney has made out a prima facie case of invalidity. *Ashland Oil, Inc. v. Delta Resins & Refractories Inc.*, 776 F.2d 281, 291-92 (Fed. Cir. 1985).

Cryovac argues that the alleged commercial success of the ClearShield product and Cryovac's LID 1050 product are objective indicia that the subject matter of claim 11 is not obvious. Cryovac, however, must also establish a nexus between the merits of the claimed invention and the evidence offered. *Cable Elec. Prods., Inc. v. Genmark., Inc.*, 770 F.2d 1015, 1027 (Fed. Cir. 1985); *Vandenberg v. Dairy Equip. Co., Inc.*, 740 F.2d 1560, 1567 (Fed. Cir. 1984); *Stratoflex Inc. v. Aeroquip Corp.*, 713 F.2d 1530, 1539 (Fed. Cir. 1983). For example, if the success of a product is due to an unclaimed feature, the fact finder is not entitled to draw the inference that the success is due to the merits of the claimed invention. *Sjolund v. Musland*, 847 F.2d 1573, 1582 (Fed. Cir. 1988). Cryovac, however, has not presented any evidence to attempt to show that there is a nexus between the merits of claimed invention and the posited commercial success of ClearShield film or the LID 1050.

Cryovac also alleges that Pechiney's development process for the ClearShield product is considered a failure of others. The Federal Circuit characterized this objective consideration as "failure by others to solve the problem." *Advanced Display Sys. v. Kent State Univ.*, 212 F.3d 1272, 1285 (Fed. Cir. 2000). However, Cryovac has not presented any evidence why the development process for the ClearShield product would be considered as failure by Pechiney to

18

solve the problem. In fact, Cryovac's conclusory argument has no facts regarding what the alleged "problem" even was.

Cryovac was obligated to present sufficient evidence of secondary considerations of non-obviousness. *Ashland Oil*, 776 F.2d at 291-92. Cryovac has not met, or even attempted to meet, its burden of proof, that claim 11 is nonobvious based on secondary considerations. Therefore, there is no genuine issue of material fact that claim 11 of the '419 patent is invalid as obvious.

### 3. The Specification Of The '419 Patent Is Not Enabling If Knowledge Of A Person Of Ordinary Skill In The Art Is As Described By Cryovac.

Finally, if Cryovac is correct that one of ordinary skill in the art would not have known how to orient multilayer films at the time of Cryovac's alleged invention, then claim 11 is invalid as not enabled under 35 U.S.C. § 112. In particular, the specification of the '419 patent does not provide any new teaching as to how to perform such orientation. Cryovac argues that "the '419 specification <u>does</u> teach something 'new about how to orient films.' The '419 specification, including the two working examples teaches how to orient coextruded films *having the layer structure recited in claim 11*." (Cryovac Br. n.26, internal citations omitted, emphasis added.) Thus, Cryovac argues *what* to orient ("films having the layer structure recited in claim 11"), not *how* to orient them.

**REDACTED**

If there was something new and unique about the orientation process for the Shah invention that was not already known to a person of ordinary skill in the art, it was not disclosed in the '419 specification. Therefore, if claim 11 would not have been obvious at the time of Cryovac's alleged invention, the '419 patent does not enable one of ordinary skill in the art to make the oriented films recited in claim 11 without undue experimentation. Therefore, the Court should grant Pechiney's motion for summary judgment that claim 11 is invalid as not enabled.

## IV.    CONCLUSION

For the foregoing reasons and those expressed in Pechiney's Memorandum in Support of Its Motion for Summary Judgment on Patent Issues, Pechiney respectfully requests that the Court grant Pechiney's Motion for Summary Judgment on Patent Issues.

Dated:  December 5, 2005

Respectfully submitted,

By:     /s/ N. Richard Powers
        N. Richard Powers

N. Richard Powers (#494)
Rudolf E. Hutz (#484)
CONNOLLY BOVE LODGE & HUTZ
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207
Tel: (302) 888-6266

Donald R. Cassling (Admitted *pro hac vice*)
Steven R. Trybus (Admitted *pro hac vice*)
Shelley Smith (Admitted *pro hac vice*)
Brian P. O'Donnell (Admitted *pro hac vice*)
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL 60611
Telephone: (312) 222-9350

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of December, 2005 I electronically filed a copy of the foregoing with the Clerk of the Court using CM/ECF and served the following individuals in the manner indicated:

**BY HAND DELIVERY**
John W. Shaw, Esquire
Karen E. Keller, Esquire
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19801

**BY FEDERAL EXPRESS**
Ford F. Farabow, Jr., Esquire
Mark J. Feldstein, Esquire
Finnegan, Henderson, Farabow,
   Garrett & Dunner, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001

/s/ N. Richard Powers
N. Richard Powers