**REDACTED -- Public Version, filed 12/15/05**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYOVAC, INC., <br><br> Plaintiff/Counter-Defendant, <br><br> v. <br><br> PECHINEY PLASTIC PACKAGING INC., <br><br> Defendant/Counter-Plaintiff. | ) ) ) ) ) ) ) ) ) ) ) )  Civil Action No. 04-1278-KAJ <br><br> Honorable Kent A. Jordan <br><br> ~~FILED UNDER SEAL~~ |

## PLAINTIFF CRYOVAC'S REPLY TO DEFENDANT PECHINEY'S AMENDED COUNTERCLAIMS

Plaintiff and Counterclaim Defendant Cryovac, Inc. ("Cryovac") by and through its undersigned counsel, replies to the November 22, 2005, Amended Counterclaims of Defendant and Counterclaim Plaintiff Pechiney Plastic Packaging, Inc ("Pechiney") as follows:

1. Pursuant to Rule 13 of the Federal Rules of Civil Procedure, and for its counterclaims against Cryovac, Inc., Pechiney seeks (a) a judgment declaring that the claims of [U.S. Patent No. 4,755,419 ("the '419 patent")] are invalid and/or not infringed by any product made and/or sold by Pechiney and; (b) a judgment that each of the claims of the '419 patent are unenforceable.

**ANSWER:** Cryovac admits that Pechiney so alleges in Paragraph 1, but denies that the claims of the '419 patent are invalid, denies that at least claim 11 is not infringed by any product made and/or sold by Pechiney, and denies that each of the claims of the '419 patent are unenforceable.

2. Pechiney is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 8770 West Bryn Mawr Avenue, Chicago, IL 60631.

**ANSWER:** Cryovac admits upon information and belief the allegations of Paragraph 2.

3. Upon information and belief, Cryovac, Inc. is a Delaware corporation having a place of business at 100 Rogers Bridge Road, Bldg. A, Duncan, South Carolina 29334.

**ANSWER:** Cryovac admits the allegations of Paragraph 3.

4. This counterclaim arises under the patent laws of the United States of America, Title 35 of the United States Code, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02. Additionally, Pechiney's counterclaim to render the patent-in-suit unenforceable based on inequitable conduct arises under the patent laws of the United States of America, Title 35 of the United States Code, and the Declaratory Judgment Act, 28 U.S.C. §§2202-02. This court has subject matter jurisdiction of these counterclaims under 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:** Cryovac admits the allegations of Paragraph 4, but denies that its '419 patent is unenforceable and denies that any inequitable conduct occurred.

5. Cryovac is subject to personal jurisdiction in this judicial district by virtue of Cryovac filing its Complaint in this case in this judicial district.

**ANSWER:** Cryovac admits the allegations of Paragraph 5.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

**ANSWER:** Cryovac admits the allegations of Paragraph 6.

## COUNT I

7. Pechiney incorporates and realleges all allegations set forth in paragraphs 1-44 of its Answer, its Affirmative Defenses and paragraphs 1-6 of the Counterclaims as if fully set forth herein.

**ANSWER:** Cryovac repeats and realleges all allegations set forth in Paragraphs 1-44 of its Second Amended Complaint as though fully set forth herein. Cryovac denies all allegations set forth in Pechiney's Affirmative Defenses. Cryovac repeats and realleges its replies to Paragraphs 1-6 of the Counterclaims as though fully set forth herein.

8. Upon information and belief, Cryovac is the owner by assignment of the '419 patent, which issued July 5, 1988.

**ANSWER:** Cryovac admits the allegations set forth in Paragraph 8.

9. On September 20, 2004, Cryovac filed a Complaint against Pechiney alleging that Cryovac owns the '419 patent and alleging that Pechiney infringes the '419 patent.

**ANSWER:** Cryovac admits the allegations set forth in Paragraph 9.

10. There is an actual and justicable controversy between Pechiney and Cryovac concerning whether Pechiney infringes any valid and enforceable claim of the '419 patent.

**ANSWER:** Cryovac admits the allegations set forth in Paragraph 10.

11. Pechiney does not infringe any valid and enforceable claim of the '419 patent and therefore is entitled to a declaratory judgment that it has not infringed, contributed to the infringement of or induced the infringement of, and is not infringing, contributing to the infringement of or inducing the infringement of any valid and enforceable claim of the '419 patent asserted by Cryovac.

**ANSWER:** Cryovac denies the allegations set forth in Paragraph 11.

12. Upon information and belief, Pechiney is entitled to a declaratory judgment that the claims of the '419 patent are invalid because they fail to meet one or more of the conditions for patentability set forth in 35 U.S.C. 101 et seq.

**ANSWER:** Cryovac denies the allegations set forth in Paragraph 12.

## COUNT II

13. Pechiney incorporates and realleges all allegations set forth in paragraphs 1-44 of its Answer, its Affirmative Defenses and paragraphs 1-6 of the Counterclaims as if fully set forth herein.

**ANSWER:** Cryovac repeats and realleges all allegations set forth in Paragraphs 1-44 of its Second Amended Complaint as though fully set forth herein. Cryovac denies all allegations set forth in Pechiney's Affirmative Defenses. Cryovac repeats and realleges its replies to Paragraphs 1-6 of the Counterclaims as though fully set forth herein.

14. Upon information and belief, Cryovac is the owner by assignment of the '419 patent, which issued July 5, 1988.

**ANSWER:** Cryovac admits the allegations set forth in Paragraph 14.

15. On September 20, 2004, Cryovac filed a Complaint against Pechiney alleging that Cryovac owns the '419 patent and alleging that Pechiney infringes the '419 patent.

**ANSWER:** Cryovac admits the allegations set forth in Paragraph 15.

16. There is an actual and justiciable controversy between Pechiney and Cryovac concerning whether Pechiney infringes any valid and enforceable claim of the '419 patent.

**ANSWER:**   Cryovac admits the allegations set forth in Paragraph 16.

17. Upon information and belief, Pechiney is entitled to a declaratory judgment that the claims of the '419 patent are invalid because they fail to meet one or more of the conditions for patentability set forth in 35 U.S.C. 101 et seq.

**ANSWER:**   Cryovac denies the allegations set forth in Paragraph 17.

## COUNT III

18. Pechiney incorporates and realleges all allegations set forth in paragraphs 1-44 of its Answer, its Affirmative Defenses and paragraphs 1-6 of the Counterclaims as if fully set forth herein.

**ANSWER:**   Cryovac repeats and realleges all allegations set forth in Paragraphs 1-44 of its Second Amended Complaint as though fully set forth herein. Cryovac denies all allegations set forth in Pechiney's Affirmative Defenses. Cryovac repeats and realleges its replies to Paragraphs 1-6 of the Counterclaims as though fully set forth herein. Cryovac further replies to each paragraph of Defendant's Tenth Affirmative Defense as follows:

a) Examiner Thomas J. Herbert, the Examiner for [U.S. Patent Application No. 842,600 ("the '600 application")], issued an Office Action on May 8, 1987 ("May 8, 1987 Office Action") rejecting claims 1-23 of the '600 application under 35 U.S.C. § 103 as being unpatentable over Sheptak in view of Mueller.

**ANSWER:**   Cryovac admits that United States Patent and Trademark Office ("U.S. PTO") issued the May 8, 1987 Office Action, and that text of the May 8, 1987 Office Action is as reproduced at CR056-000142 to CR056-000144. Cryovac otherwise denies the allegations set forth in Paragraph (a) of Defendant's Tenth Affirmative Defense.

b) Mr. Mark B. Quatt, the prosecuting attorney for the '600 application, filed an Amendment on May 22, 1987 ("May 22, 1987 Amendment") in response to the May 8, 1987 Office Action. In the May 22, 1987 Amendment, Mr. Quatt argued:

> Claims 1, 6, and 14 have been amended to clarify that:
> (1)  at least seven layers are claimed; and that
> (2)  these layers are symmetrically arranged.

4

>       Sheptak only teaches five layers, symmetrically arranged (14) and
> the overall eight layer structure (S) of the reference is assymetric.
>       If, as the examiner has argued, it would be obvious to employ the outer
> layers of Mueller at the outer layers in Sheptak, one of two structures would
> result. In the first, the outer layers 15 of five-layer film 14 of Sheptak would have
> the blends disclosed in Mueller. The second possibility would be that one of the
> layers 15 (adjacent the porous mass of glass fibers comprising batt 13) and layer
> 20 would be the "outer" layers of Mueller.
>       In either hypothetical, an oriented coextruded film having at least seven
> layers arranged symmetrically is not achieved.

**ANSWER:** Cryovac admits that the May 22, 1987 Amendment was filed by Mark B. Quatt, an attorney, and includes the quoted recitation, and that the text of the Amendment is as reproduced at CR056-000152 to CR056-000155. Cryovac otherwise denies the allegations set forth in Paragraph (b) of Defendant's Tenth Affirmative Defense.

c) As the result of the May 22, 1987 Amendment and an agreement to cancel non-elected claims and to change the dependency of claim 5, the Examiner issued a Notice of Allowability on July 24, 1987 ("July 24, 1987 Notice of Allowability") allowing all the claims of the '600 application.

**ANSWER:** Cryovac admits that the U.S. PTO issued the July 24, 1987 Notice of Allowability, and that the text of the Notice of Allowability is as reproduced at CR056-000162 to CR056-000163. Cryovac otherwise denies the allegations of Paragraph (c) of Defendant's Tenth Affirmative Defense.

d) Prior to Cryovac filing the May 22, 1987 Amendment, Examiner Edith Buffalow, the Examiner for a copending Cryovac application, U.S. Serial No. 06/938,945 ("the '945 application"), issued an Office Action of May 12, 1987 ("May 12, 1987 Office Action for the '945 application") listing U.S. Patent No. 4,572,854 ("the '854 patent") to Dallmann as one of the references cited. The May 12, 1987 Office Action for the '945 application was addressed to Mark B. Quatt, the same attorney prosecuting the '600 application.

**ANSWER:** Cryovac admits that the text of the May 12, 1987 Office Action for the '945 application is as reproduced at PPPI 010313 to PPPI 010316, that the Office Action was addressed to Mark B. Quatt, and that it listed the '854 patent on a form of references cited but did not otherwise refer to or discuss the '854 patent. Cryovac denies that the Office Action was

5

received by Mr. Quatt or Cryovac on May 12, 1987, denies that the Office Action discussed or characterized the '854 patent in any way, and otherwise denies the allegations of Paragraph (d) of the Defendant's Tenth Affirmative Defense.

e) On August 12, 2005, Pechiney deposed Mr. Quatt. Mr. Quatt



**ANSWER:** Cryovac admits that Pechiney has reproduced a single deposition testimony excerpt that occurred when                              Cryovac denies that it received the Office Action bearing a May 12, 1987 mailing date on May 12, 1987, and otherwise denies the allegations of Paragraph (e) of Defendant's Tenth Affirmative Defense.

f) The '854 patent discloses an oriented coextruded film having at least seven layers arranged symmetrically.

i) The '854 patent discloses an oriented film:

> The biaxial stretching of the film may be performed simultaneously or in steps. In the preferred biaxial, step-wise stretching process, stretching is initially carried out longitudinally by means of heated rolls and transversely thereafter with a stenter [sic] and then the film is set.

('854 patent, col. 7, ll. 21-26.)

ii) The '854 patent discloses a coextruded film:

> The film according to the present invention produced by coextruding layers B, C, D, C, (B optional), or A, B, C, D, C, (B and A optional)...

('854 patent, col. 6, ll. 48-50.)

iii) The '854 patent discloses a film having at least 7 layers arranged symmetrically:

> The production of a seven-layer film is appropriately carried out with the use of a three-layer die. In the case of a symmetric film structure, the melts of the polymers for layers B, C, and D may be extruded through the center channel and the melts for the outer sealing layers A simultaneously through the outer channels onto a chill roll.

('854 patent, col. 7, ll. 10-16; see also Figure 6 of the '854 patent illustrating a seven layer film with corresponding layers A/A, B/B and C/C having the same thickness.)

**ANSWER:** Cryovac admits that Pechiney has reproduced excerpts taken out of context from the '854 patent, that the '854 patent fails to disclose the use of oriented polyamide intermediate layers, and that the '854 patent teaches away from orienting films produced from polyamides. Cryovac otherwise denies the allegations of Paragraph (f) of Defendant's Tenth Affirmative Defense.

g) Cryovac could not have made the argument "an oriented coextruded film having at least seven layers arranged symmetrically is not achieved" in it May 22, 1987 Amendment had Cryovac disclosed the '854 patent to Examiner Herbert.

**ANSWER:** Cryovac denies the allegations of Paragraph (g) of Defendant's Tenth Affirmative Defense, which crops the quote from and ignores the context of the May 22, 1987 Amendment.

h) Mr. Quatt disclosed the '854 patent in a copending Cryovac application, U.S. Serial No. 06/834,694 ("the '694 application") by filing an Information Disclosure Statement on January 12, 1988 ("January 12, 1988 IDS for the '694 application"). The '694 application resulted in the issuance of U.S. Patent No. 4,746,562 ("the '562 patent"). Cryovac alleges in this litigation that the '562 patent does not disclose an oriented film. Claim 11 of the '419 patent claims "An oriented coextruded film having at least seven layers arranged symmetrically..." Since the '854 patent discloses an oriented coextruded film having seven layers arranged symmetrically, the '854 patent is more material to the patentability of the claims of the '600 application than it was to the claims of the '694 application. Thus, Mr. Quatt's citation of the '854 patent during the prosecution of the '694 application is proof of the materiality of the '854 patent to the '600 application.

**ANSWER:**   Cryovac admits that Mr. Quatt disclosed the '854 patent in the '694 application in the January 12, 1988 IDS, and that the '562 patent does not disclose an oriented coextruded film having at least seven layers arranged symmetrically. Cryovac denies that the '854 patent is material to the '419 patent, and otherwise denies the allegations of Paragraph (h) of Defendant's Tenth Affirmative Defense.

   i) The '854 patent is not listed in the '419 patent as one of the "References Cited" and there is no indication in the prosecution history of the '600 application that Cryovac ever disclosed the '854 patent prior to the time the '419 patent issued.

**ANSWER:**   Cryovac admits that the '854 patent is not listed on the face of the '419 patent under the heading "References Cited." Cryovac otherwise denies the allegations of Paragraph (i) of Defendant's Tenth Affirmative Defense.

   j) Mr. Quatt, during his deposition, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

(Quatt Dep. Tr., pg. 217, ll. 8-13.) Based upon ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and in balance with the materiality of the reference, there is sufficient proof of intent so that the failure to cite the '854 patent in view of the arguments made during prosecution constitutes inequitable conduct.

**ANSWER:**   Cryovac admits that Pechiney has reproduced a single deposition testimony excerpt, and that Mr. Quatt further testified ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮





Cryovac further states that Mr. Quatt was not advised that Pechiney was asserting inequitable conduct prior to his deposition because of Pechiney's failure to timely plead this matter. Mr. Quatt, therefore, had no opportunity to look into issues related to the '854 patent, the file histories in which it was cited, or refresh his recollection related thereto prior to his deposition. Cryovac denies that the '854 patent is material, denies that there is any evidence of an intent to mislead the U.S. PTO, denies that there was any inequitable conduct, and otherwise denies the allegations set forth in Paragraph (j) of Defendant's Tenth Affirmative Defense.

19. On information and belief, Cryovac engaged in inequitable conduct before the USPTO during the prosecution of the '600 application. The prosecution of the '600 application resulted in the issuance of the '419 patent.

**ANSWER:** Cryovac admits that the prosecution of the '600 application resulted in the issuance of the '419 patent, but otherwise denies the allegations set forth in Paragraph 19.

20. Specifically, for the same reasons discussed above in Defendant's Tenth Affirmative Defense, Cryovac engaged in inequitable conduct during the prosecution of the '600 application.

**ANSWER:** Cryovac denies the allegations set forth in Paragraph 20.

21. Upon information and belief, Cryovac is the owner by assignment of the '419 patent, which issued July 5, 1988.

**ANSWER:** Cryovac admits the allegations set forth in Paragraph 21.

22. On September 20, 2004, Cryovac filed a Complaint against Pechiney alleging that Cryovac owns the '419 patent and alleging that Pechiney infringes the '419 patent.

> ANSWER: Cryovac admits the allegations set forth in Paragraph 22.

23. There is an actual and justiciable controversy between Pechiney and Cryovac concerning whether Pechiney infringes any valid and enforceable claim of the '419 patent.

> ANSWER: Cryovac admits the allegations set forth in Paragraph 23.

24. Upon information and belief, Pechiney is entitled to a declaratory judgment that the claims of the '419 patent are unenforceable by virtue of Cryovac's inequitable conduct before the [USPTO] during the prosecution of [the '600 application], which resulted in the issuance of the '419 patent, for the reasons discussed above in Defendant's Tenth Affirmative Defense to the Second Amended Complaint filed by Cryovac.

> ANSWER: Cryovac denies the allegations set forth in Paragraph 24.

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

*/s/ Michele Sherretta*

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Michele Sherretta (No. 4651)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
(302) 571-6600
*Attorneys for Plaintiff, Cryovac, Inc.*

Of Counsel:

Ford F. Farabow, Jr.
Joann M. Neth
Martin I. Fuchs
Courtney B. Meeker
Mark J. Feldstein
Rebecca D. Hess
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, NW
Washington, D.C. 20001-4413
(202) 408-4000

Dated: December 8, 2005

REDACTED -- Public Version, filed 12/15/05

## CERTIFICATE OF SERVICE

I, Michele Sherretta, hereby certify that on December 8, 2005, copies of the foregoing document were served upon the following counsel of record in the manner indicated:

**BY HAND DELIVERY**

N. Richard Powers, Esquire
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P. O. Box 2207
Wilmington, DE  19899

**BY FEDERAL EXPRESS**

Steven R. Trybus, Esquire
Jenner & Block LLP
One IBM Plaza
Chicago, IL  60611-7603

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Michele Sherretta*
John W. Shaw (No. 3362)
jshaw@ycst.com
Michele Sherretta (No. 4651)
msherretta@ycst.com
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600

Attorneys for Plaintiff Cryovac, Inc.