IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

CRYOVAC, INC., )
)
)
Plaintiff/Counter-Defendant, )
)
v. )        C.A. No.:  04-1278 (KAJ)
)
PECHINEY PLASTIC PACKAGING, INC., )
)        REDACTED
Defendant/Counter-Plaintiff. )

## PLAINTIFF CRYOVAC'S ANSWERING BRIEF IN OPPOSITION TO PECHINEY'S MOTION TO STRIKE THE AFFIDAVIT OF KARL DEILY

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Michele Sherretta (No. 4651)
YOUNG CONAWAY STARGATT &
   TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
(302) 571-6600
msherretta@ycst.com

Of Counsel:

Ford F. Farabow, Jr.
Joann M. Neth
Martin I. Fuchs
Courtney B. Meeker
Mark J. Feldstein
Rebecca D. Hess
FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, L.L.P.
901 New York Avenue, NW
Washington, D.C.  20001-4413
(202) 408-4000

Attorneys for Plaintiff Cryovac, Inc.

Dated:  December 15, 2005

Confidential and Subject to Protective Order

# TABLE OF CONTENTS

<u>Page</u>

TABLE OF AUTHORITIES ................................................................................................ ii

I.    INTRODUCTION AND NATURE AND STAGE OF THE PROCEEDINGS ................. 1

II.   SUMMARY OF ARGUMENT ................................................................................. 2

III.  STATEMENT OF FACTS ...................................................................................... 3

IV.   ARGUMENT ...................................................................................................... 5

    A.    The Affidavit of Karl Deily Fully Complies With Fed. R. Civ. P. 56(e) ............... 5

        1.    The Deily Affidavit is based on Mr. Deily's personal knowledge ............. 5

            a)    Statements in the Deily Affidavit are not speculative or conclusory but are facts corroborated by the record ........................ 6

        2.    The Deily Affidavit sets forth facts that would be admissible in evidence and Mr. Deily has shown that he is competent to testify as to those facts ................................................................................. 8

        3.    Case law cited by Pechiney is inapposite to the instant facts ..................... 8

    B.    Contrary to Pechiney's Assertion, Paragraph Nine of the Deily Affidavit Represents Permissible Lay Opinion Testimony .................................................. 10

        1.    The lay opinion in the Deily Affidavit is rationally based on the perception of Mr. Deily .......................................................................... 10

        2.    The Lay Opinion in Paragraph Nine of the Deily Affidavit is Helpful to the Determination of a Fact In Issue ......................................... 12

        3.    The Lay Opinion in Paragraph Nine of the Deily Affidavit is Not Based on Scientific Technical or Other Specialized Knowledge .............. 14

V.    CONCLUSION .................................................................................................. 15

Confidential and Subject to Protective Order

## TABLE OF AUTHORITIES

Page

Cases

*Aronson v. Peoples Natural Gas Co.,*
180 F.3d 558 (3d Cir. 1999) ................................................................................................... 9

*BIC Leisure Prods., Inc. v. Windsurfing Int'l, Inc.,*
1 F.3d 1214, (Fed. Cir. 1993) ................................................................................................ 13

*Carey v Beans,*
500 F.Supp. 580 (E.D. Pa. 1980) ............................................................................................ 8

*DePuy, Inc. v. Zimmer Holdings, Inc.,*
No. 02-4023 (N.D. Ill. 2005) .................................................................................................. 13

*Fireman's Ins. Co. of Newark, New Jersey v. DuFresne,*
676 F.2d 965 (3d Cir. 1982) ................................................................................................... 9

*Helfter v. UPS, Inc.,*
115 F.3d 613 (8th Cir. 1997) .................................................................................................. 9

*Hlinka v. Bethlehem Steel Corp.,*
863 F.2d 279 (3d Cir. 1988) ................................................................................................ 8, 9

*Joy Mfg. Co. v. Sola Basic Indus., Inc.,*
697 F.2d 104 (3d Cir. 1982) ........................................................................................... passim

*King Instruments Corp. v. Perego,*
65 F.3d 941 (Fed. Cir. 1995) ................................................................................................. 13

*Merritt Logan, Inc., v. Fleming Co.,*
901 F.2d 349 (3d Cir. 1990) .................................................................................... 6, 9, 11, 14

*Messina v. E.I. du Pont de Nemours & Co.,*
308 F.Supp. 2d 491  (D. Del. 2004) ......................................................................................... 9

*Olympic Junior, Inc., v. David Crystal, Inc.,*
463 F.2d 1141 (3d Cir. 1972) ................................................................................................. 10

*Rite-Hite Corp. v. Kelley Co.,*
56 F.3d 1538 (Fed. Cir. 1995) ............................................................................................... 13

*State Indus., Inc. v. Mor-Flo Indus., Inc.,* 883 F.2d 1573 (Fed. Cir. 1989) ........................... 12, 13

*Teen-Ed, Inc., v. Kimball Int'l, Inc.,*
620 F.2d 399 (3d Cir. 1980) .................................................................................................. 11

*United States v. Barber,*
442 F.2d 517 (3d Cir. 1971) ................................................................................................... 5

Confidential and Subject to Protective Order

*United States v. Leo,*
  941 F.2d 181 (3d Cir. 1991) ......................................................................................... 11

Rules

Fed. R. Civ. P. 56(e) .................................................................................................. 2, 5

Fed. R. Evid. 402 ......................................................................................................... 8

Fed. R. Evid. 601 ......................................................................................................... 8

Fed. R. Evid. 602 ......................................................................................................... 8

Fed. R. Evid. 701 .................................................................................................. passim

Fed. R. Evid. 702 .................................................................................................... 2, 14

Confidential and Subject to Protective Order

I.     **INTRODUCTION AND NATURE AND STAGE OF THE PROCEEDINGS**

Pursuant to the Court's Scheduling Order [D.I. 22 at ¶ 10], Defendant Pechiney Plastic Packaging, Inc. ("Pechiney") moved for partial summary judgment on lost profits [D.I. 193]. In opposing this motion [D.I. 244], Plaintiff Cryovac, Inc. ("Cryovac") submitted the Affidavit of Karl Deily [D.I. 245] ("Deily Affidavit"). The Deily Affidavit establishes that there are genuine issues of material fact in dispute dictating the denial of Pechiney's summary judgment motion. Recognizing this, Pechiney moved to strike the Deily Affidavit arguing that it was not based on personal knowledge and includes an inadmissible lay opinion. To the contrary, as explained herein, the Deily Affidavit is based on personal knowledge and includes an admissible lay opinion, which fully satisfies the requirements of Fed. R. Evid. 701.

Confidential and Subject to Protective Order

## II.     SUMMARY OF ARGUMENT

The Deily Affidavit fully complies with Fed. R. Civ. P. 56(e) because (a) all of the facts in the affidavit are made on the personal knowledge of Mr. Deily; (b) these facts would be admissible in evidence because REDACTED and do not fall under any rule limiting their admissibility; and (c) based on his personal knowledge, Mr. Deily has clearly shown that he is competent to testify as to those facts.

The opinion present in paragraph nine of the Deily Affidavit is permissible lay opinion testimony under Fed. R. Evid. 701 and is supported by the facts in the affidavit. The opinion is permissible because (a) it is rationally based on the perception of Mr. Deily; (b) the opinion is helpful for the determination of whether Cryovac lost sales of its bone-in packaging products as a result of Pechiney's sales of ClearShield®; and (c) the opinion is not based on scientific, technical, or other specialized knowledge within the scope of Fed. R. Evid. 702.

Confidential and Subject to Protective Order

## III.    STATEMENT OF FACTS

The facts pertinent to this motion are stated in the Deily Affidavit, wherein Mr. Deily

testifies as follows:

REDACTED

Confidential and Subject to Protective Order

REDACTED

[D.I. 245 at ¶¶ 1-9.]

Confidential and Subject to Protective Order

## IV.    ARGUMENT

### A.    The Affidavit of Karl Deily Fully Complies With Fed. R. Civ

Pechiney argues in its Memorandum that the Affidavit of Karl Deily should be stricken alleging that the affidavit is not based on personal knowledge and does not comply with Rule 56(e) of the Federal Rules of Civil Procedure. [D.I. 282 at pp. 11-14.] Cryovac opposes the motion because, contrary to Pechiney's assertion and as will be show below, the factual statements in the affidavit fully comply with Rule 56(e).

#### 1.    The Deily Affidavit is based on Mr. Deily's personal knowledge

All facts stated in the Deily Affidavit are based on Mr. Deily's personal knowledge in full conformity with Third Circuit requirements. The Third Circuit has explained that for testimony to be based on personal knowledge requires that "what the witness represents as his knowledge must be an impression derived from his own senses. And this impression must be gauged by the geographic proximity of the witness to the event, the length of time involved, and the existence of proper conditions for the exercise of powers of observation and perception." *Joy Mfg. Co. v. Sola Basic Indus., Inc.*, 697 F.2d 104, 111 (3d Cir. 1982), citing *United States v. Barber*, 442 F.2d 517, 526 (3d Cir. 1971).

In *Joy Mfg.*, the Third Circuit reversed a district court's decision to strike a witness's testimony regarding down time in one plant due to hearth problems. 697 F.2d at 111. The witness, in his capacity as supervisor of production control in one of Joy's plants, had extensive knowledge of the plants, was directly involved in the negotiation for the two furnaces involved in the hearth problems, and attended meetings where capacity problems, including those related to the two furnaces, were discussed. *Id.* at 111-12. The Third Circuit concluded that these facts

Confidential and Subject to Protective Order

showed that the witness had sufficient personal knowledge to testify by making an estimate as to the amount of downtime due to hearth problems. *Id.* at 112.

Just as in *Joy Mfg.*, Mr. Deily derived the facts stated in his affidavit from his own senses during the normal course of his employment at Cryovac, both in his current position as Vice President of Cryovac North America and in his previous position as Vice President of Cryovac's Food Products North America. [D.I. 245, ¶ 2.] Mr. Deily's geographic proximity to the events disclosed in his affidavit arises from his responsibility to be knowledgeable not only of Cryovac's bone-in packaging products but also those of Cryovac's competitors, as well as the product needs of the customers for these products. [*Id.*] Mr. Deily's regular involvement in matters related to bone-in packaging products for as long as he was Vice President of Cryovac's Food Products North America and currently as Vice President of Cryovac North America clearly created the proper conditions for the exercise of his "powers of observation and perception" that led to his knowledge of the facts stated in his affidavit

REDACTED

. *See Joy Mfg.*, 697 F.2d at 111-12; *see also Merritt Logan, Inc., v. Fleming Co.*, 901 F.2d 349, 360 (3d Cir. 1990) (finding that a business owner's personal knowledge of his business was sufficient personal knowledge to make the witness eligible to testify as to how lost profits could be calculated in that case.)

a)   **Statements in the Deily Affidavit are not speculative or conclusory but are facts corroborated by the record**

Pechiney alleges that "[t]he Deily Affidavit should be stricken because it is comprised of nothing more than speculative and conclusory statements completely lacking in foundation." [D.I. 282 at p. 11.] Pechiney has clearly ignored the citations to the record that corroborate the facts stated in the Deily Affidavit.

Confidential and Subject to Protective Order

The following table shows the facts and the corresponding citations in the Deily Affidavit [D.I. 245] to documents corroborating those facts.  The exhibits in the table correspond to exhibits in Plaintiff Cryovac's Brief in Opposition to Pechiney's Motion for Partial Summary Judgment of Lost Profits [D.I. 244].

REDACTED

---

[1] These citations do not appear in the Deily Affidavit, but they nonetheless corroborate the fact stated therein.

Confidential and Subject to Protective Order

2.   **The Deily Affidavit sets forth facts that would be admissible in evidence and Mr. Deily has shown that he is competent to testify as to those facts**

The facts in the Deily Affidavit would be admissible in evidence because they are

relevant to the issue of **REDACTED**

Fed. R. Evid. 402. Moreover, these facts do not fall under any rule

limiting their admissibility. Based on his personal knowledge [*see* § IV.A.1 *above*], Mr. Deily

has clearly shown that he is competent to testify as to those facts. Fed. R. Evid. 601, 602.

3.   **Case law cited by Pechiney is inapposite to the instant facts**

Pechiney cites several cases in support of its Motion [D.I. 282 at pp. 11-14]; however,

these cases are easily distinguishable from the instant facts and are not relevant to the issue at

hand. In *Carey v Beans*, 500 F.Supp. 580, 583 (E.D. Pa. 1980), the court struck several

paragraphs in an affidavit because the affiant prefaced his statements with the phrase "I believe

and therefore aver" and because the affidavit contained legal inferences and conclusions. Here,

however, Mr. Deily did not qualify his statements by prefacing them with the indication that they

were mere beliefs. Rather, Mr. Deily made unqualified statements of fact, which show that these

statements are based on his own personal knowledge and do not represent mere beliefs.

Moreover, none of Mr. Deily's statements represents a legal inference or legal conclusion, and

Pechiney does not argue otherwise. Therefore, Pechiney's reliance on *Carey* in support of its

motion to strike is unfounded.

As in *Carey*, the court in *Hlinka v. Bethlehem Steel Corp.*, 863 F.2d 279, 281-283 (3d

Cir. 1988), refused to consider an affidavit because the affiant used the phrase "I believe and

therefore aver" in various paragraphs, because he failed to establish that he was competent to

testify about the statements in the affidavit for lack of personal knowledge, and because affidavit

Confidential and Subject to Protective Order

contained hearsay. As explained above, the facts in the Deily Affidavit are not mere beliefs but are based on Mr. Deily's personal knowledge derived by Mr. Deily in his capacity as Vice President of Cryovac's Food Products of North America and as Vice President of Cryovac North America. Additionally, none of the statements in the Deily Affidavit would qualify as hearsay and Pechiney does not argue otherwise. Therefore, *Hlinka* is also inapposite.

Pechiney also cites *Aronson v. Peoples Natural Gas Co.,* 180 F.3d 558 (3d Cir. 1999), for the proposition that affidavits shall be made on personal knowledge. [D.I. 282 at p. 13, n.7.] In *Aronson,* however, the court rejected an affidavit because the affiant failed to show personal knowledge and competence to testify about the subject matter discussed, and because portions of the affidavit constituted hearsay. *Id.* at 563 n.2. As mentioned previously, none of these defects are present in the Deily Affidavit. Here, Mr. Deily is testifying as to impressions derived from his own senses in performing his managerial duties on behalf of Cryovac. Under Third Circuit precedent, such testimony is proper. *See Joy Mfg. supra; Merritt Logan supra.*

Pechiney cites three other cases [D.I. 282 at pp. 11, 14] where the respective courts did not consider affidavits because they contained unsupported assertions and conclusory allegations, and lacked specific facts demonstrating that a genuinely disputed factual issue existed. *See Helfter v. UPS, Inc.,* 115 F.3d 613, 616 (8th Cir. 1997); *Fireman's Ins. Co. of Newark, New Jersey v. DuFresne,* 676 F.2d 965, 969 (3d Cir. 1982); *Messina v. E.I. du Pont de Nemours & Co.,* 308 F.Supp.2d 491, 497-98 (D. Del. 2004). As explained in section IV.A.1.a) above, the statements in the Deily Affidavit are not only factual in nature but also corroborated by citations to the record. Moreover, the facts in the affidavit raise an issue of material fact as to

REDACTED

Confidential and Subject to Protective Order

REDACTED    . For these reasons, these three cases cited by Pechiney do not

apply to the facts of this case.

Finally, in the last case cited by Pechiney [D.I. 288 at p. 12], *Olympic Junior, Inc., v.*

*David Crystal, Inc.*, 463 F.2d 1141, 1146-47 (3d Cir. 1972), the affidavits at issue were

considered to be sufficient to show the existence of a genuine issue precluding the granting of

summary judgment. Thus, *Olympic Junior* cannot provide any legal support for Pechiney's

Motion.

**B.      Contrary to Pechiney's Assertion, Paragraph Nine of the Deily Affidavit Represents Permissible Lay Opinion Testimony**

In paragraph nine of his affidavit, Mr. Deily opines that

REDACTED

[D.I. 245.] This opinion is not an unsubstantiated conclusory

statement as Pechiney alleges. [D.I. 282 at pp. 13-14.] Rather, it is a lay opinion permissible

under Fed. R. Evid. 701, which provides that if a "witness is not testifying as an expert, the

witness' testimony in the form of opinions or inferences is limited to those opinions or inferences

which are (a) rationally based on the perception of the witness, (b) helpful to a clear

understanding of the witness' testimony or the determination of a fact in issue, and (c) not based

on scientific, technical, or other specialized knowledge within the scope of Rule 702."

**1.      The lay opinion in the Deily Affidavit is rationally based on the perception of Mr. Deily**

The same analysis discussed in section IV.A.1 above regarding what constitutes personal

knowledge is applied when determining whether a witness' opinion is rationally based on his

perception for the purpose of Rule 701. *Joy Mfg.*, 697 F.2d at 110-11. "The court is in essence

requiring that the best evidence available—first-hand knowledge versus second-hand

Confidential and Subject to Protective Order

knowledge—be presented" to the trier of fact. *Id.* at 111. As explained above, in *Joy Mfg.* the testimony of a witness regarding an estimate of downtime due to hearth problems was ruled to be rationally based on the witness perception when the witness, in his capacity as supervisor of production control in one of Joy's plants, had extensive knowledge of the plants, was directly involved in the negotiation for the two furnaces involved in the hearth problems, and attended meetings where capacity problems, including those related to the two furnaces, were discussed. *Id.* at 111-12. *See also United States v. Leo*, 941 F.2d 181, 193 (3d Cir. 1991) (A finance executive could testify about the conclusions he formed while investigating purchase orders in finance department files because his opinion was rationally based on conclusions formed from his perceptions of corporate documents.); *Teen-Ed, Inc., v. Kimball Int'l, Inc.*, 620 F.2d 399, 403 (3d Cir. 1980) (The personal knowledge of a party's accountant acquired upon review of that party's balance sheets was sufficient "to qualify him as a witness eligible under Rule 701 to testify to his opinion of how profits could be calculated and to inferences that he could draw from his perception of [the party's] books."); *Merritt Logan,* 901 F.2d at 359-360 (A business owner's personal knowledge of his business was sufficient personal knowledge to make the witness eligible to testify as to how lost profits could be calculated in that case.).

Similarly, here Mr. Deily's opinion in paragraph nine of his affidavit is rationally based on his perception because it is based on his personal knowledge obtained in his current position as Vice President of Cryovac North America and in his previous position as Vice President of Cryovac's Food Products North America. [D.I. 245 at ¶ 2.]

REDACTED

Confidential and Subject to Protective Order

REDACTED

These historical facts perceived by Mr. Deily logically support his opinion that

REDACTED

[*Id.* at ¶ 9.] Thus, Mr. Deily's opinion is

rationally based on his perceptions thereby satisfying the first requirement of Fed. R. Evid. 701.

2.   **The Lay Opinion in Paragraph Nine of the Deily Affidavit
is Helpful to the Determination of a Fact In Issue**

Fed. R. Evid. 701 also requires as a predicate to lay opinion testimony that it be helpful to

either "a clear understanding of the witness' testimony or the determination of a fact in issue."

Here, paragraph nine of the Deily Affidavit is helpful in the determination of a fact in issue,

REDACTED

To obtain lost profits Cryovac must demonstrate that "there was a reasonable probability

that, but for the infringement, it would have made the infringer's sales." *State Indus., Inc. v.*

Confidential and Subject to Protective Order

*Mor-Flo Indus., Inc.*, 883 F.2d 1573, 1577 (Fed. Cir. 1989). As Cryovac explained in its Brief in

Opposition to Pechiney's Motion for Partial Summary Judgment of Lost Profits [D.I. 244 at

p. 8], Cryovac, the patentee, is still entitled to lost profits for its sales of a competing product <u>not</u>

covered by the patent within the market. *King Instruments Corp. v. Perego*, 65 F.3d 941, 949

(Fed. Cir. 1995) (affirming the award of lost profits under the *State Industries* approach based on

patentee's sales of an unpatented product that it sold rather than a patented product); *see also*

*Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1546-47 (Fed. Cir. 1995) (agreeing with the district

court's determination that patentee's lost sales of a product not covered by the patent-in-suit but

in direct competition with the infringing product were reasonably foreseeable and, therefore,

were compensable). Pechiney's argument that only lost sales of the patented product are

relevant to a determination of lost profits is incorrect. [D.I. 282 at p. 9.] The holdings in the

cases Pechiney relies upon are not applicable to the present circumstances. *See BIC Leisure*

*Prods., Inc. v. Windsurfing Int'l, Inc.*, 1 F.3d 1214, 1219 (Fed. Cir. 1993) (Patentee was not

entitled to lost profits because the infringing product "differed significantly in terms of price,

product characteristics, and marketing channels" and thus did not compete with the product sold

by patentee for which lost profits was sought.); *DePuy, Inc. v. Zimmer Holdings, Inc.*, No. 02-

4023 (N.D. Ill. 2005) (Order Granting Def.'s Mot. In Limine, May 10, 2005) (holding that

patentee cannot substantiate its claim to lost profits where patentee did not even attempt to show

that its sales declined after the infringing product came on the market).

  Here,   REDACTED   . Moreover, Mr.

Deily's opinion in paragraph nine that

REDACTED

Confidential and Subject to Protective Order

REDACTED

; thus, Mr. Deily's opinion complies with

the second requirement of Fed. R. Evid. 701.

      3.    **The Lay Opinion in Paragraph Nine of the Deily Affidavit is Not Based on Scientific Technical or Other Specialized Knowledge**

Mr. Deily's lay opinion as set forth in paragraph nine of the Deily Affidavit is based on

his personal knowledge and perception of certain historical facts. Thus, his opinion is not based

on scientific, technical, or other specialized knowledge that otherwise should be the subject of

expert testimony within the scope of Fed. R. Evid. 702. *See Merritt Logan*, 901 F.2d at 360

(holding that store owner was not required to qualify as an expert to offer opinion testimony

concerning the calculation of lost profits based on facts he perceived). Therefore, Mr. Deily's

opinion in paragraph nine of his affidavit also satisfies the third requirements of Fed. R. Evid.

701.

Accordingly, because the lay opinion in paragraph nine of the Deily Affidavit fully

complies with all three requirements of Fed. R. Evid. 701, it constitutes permissible lay opinion

testimony.

Confidential and Subject to Protective Order

## V.　CONCLUSION

For all of the above reasons, Pechiney's Motion to Strike the Affidavit of Karl Deily

should be denied.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Michele Sherretta (No. 4651)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
(302) 571-6600
*msherretta@ycst.com*

Attorneys for Plaintiff Cryovac, Inc.

Of Counsel:

Ford F. Farabow, Jr.
Joann M. Neth
Martin I. Fuchs
Courtney B. Meeker
Mark J. Feldstein
Rebecca D. Hess
FINNEGAN, HENDERSON, FARABOW,
　GARRETT & DUNNER, L.L.P.
901 New York Avenue, NW
Washington, D.C.  20001-4413
(202) 408-4000

Dated:  December 15, 2005

## CERTIFICATE OF SERVICE

I, John W. Shaw, hereby certify that on December 15, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such document is available for viewing and downloading to the following counsel of record:

> N. Richard Powers, Esquire
> Connolly Bove Lodge & Hutz LLP
> The Nemours Building
> 1007 North Orange Street
> P. O. Box 2207
> Wilmington, DE  19899

I further certify that I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated.

**BY FEDERAL EXPRESS**

> Steven R. Trybus, Esquire
> Jenner & Block LLP
> One IBM Plaza
> Chicago, IL  60611-7603

YOUNG CONAWAY STARGATT & TAYLOR, LLP

John W. Shaw (No. 3362)
jshaw@ycst.com
Michele Sherretta (No. 4651)
msherretta@ycst.com
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600

Attorneys for Plaintiff Cryovac, Inc.

## CERTIFICATE OF SERVICE

I, Michele Sherretta, hereby certify that on December 22, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such document is available for viewing and downloading to the following counsel of record:

> N. Richard Powers, Esquire
> Connolly Bove Lodge & Hutz LLP
> The Nemours Building
> 1007 North Orange Street
> P. O. Box 2207
> Wilmington, DE 19899

> YOUNG CONAWAY STARGATT & TAYLOR, LLP

> *Michele Sherretta*

> John W. Shaw (No. 3362)
> jshaw@ycst.com
> Michele Sherretta (No. 4651)
> msherretta@ycst.com
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, Delaware 19801
> (302) 571-6600

> Attorneys for Plaintiff Cryovac, Inc.