## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CRYOVAC, INC., | ) | |
| | ) | |
| Plaintiff/Counter-Defendant. | ) | Civil Action No. 04-1278-KAJ |
| | ) | |
| vs. | ) | Hon. Kent A. Jordan |
| | ) | |
| PECHINEY PLASTIC PACKAGING, INC., | ) | |
| | ) | |
| Defendant/Counter-Plaintiff. | ) | |
| | ) | |

## PECHINEY'S MOTION FOR LEAVE TO FILE
## AN ADDITIONAL MOTION *IN LIMINE*

Defendant Pechiney Plastic Packaging, Inc. ("Pechiney") hereby moves for leave to file an additional motion *in limine* on the grounds that Pechiney was forced to use two of its five motions *in limine* on issues with which Cryovac, Inc. ("Cryovac") ultimately expressed no objection, but still to which refused to stipulate. In support of this motion, Pechiney states as follows:

1.      Pursuant to this Court's December 14, 2004 Scheduling Order, each party is entitled to file five motions *in limine*. (*See* D.I. 22 at ¶ 16.) These motions, and the opponent's responses are to be set forth in the pretrial order. (*Id.*)

2.      The parties agreed to exchange their five motions *in limine* on March 24, 2006.

3.      On March 22, 2006, prior to the parties' exchange of motions *in limine*, counsel for Pechiney contacted counsel for Cryovac to confirm that Cryovac would not assert infringement under the doctrine of equivalents, so that Pechiney would not have to use one of its motions *in limine* on evidence concerning this issue. It was Pechiney's belief that Cryovac did not intend to raise the issue of the doctrine of equivalents because Cryovac did not: (1) offer any

expert reports addressing this issue; or (2) raise any argument in response to Pechiney's motion for summary judgment of non-infringement under the doctrine of equivalents.

4.    On March 23, 2006, counsel for Cryovac responded to Pechiney's request and refused, without explanation, to stipulate to the exclusion of evidence relating to the doctrine of equivalents.

5.    On April 17, 2006, Cryovac provided Pechiney with its response to Pechiney's motions *in limine*. In this response, Cryovac claimed that Pechiney's motion to exclude evidence concerning the doctrine of equivalents was moot because, "as Cryovac explained in its summary judgment briefing, Cryovac does not intend to assert patent infringement under the doctrine of equivalents." (Pretrial Order, Ex. 15, at 16.) Thus, Cryovac had no grounds for refusing to stipulate, when asked to do so, that it would not introduce evidence on infringement under the doctrine of equivalents. Pechiney was therefore unfairly required to use one of its motions *in limine* on an issue concerning which there was no dispute.

6.    Similarly, on March 15, 2006, Pechiney asked for confirmation from Cryovac that, as indicated in its expert summaries, Dr. Kimmel and Dr. Wilkes would testify about separate subjects, and would not testify in a duplicate fashion. This was not apparent, Pechiney explained, from the experts' reports, which substantially overlapped, with both reports containing virtually identical opinions on both infringement and validity.

7.    On March 20, 2006, Cryovac responded, refusing to provide the requested confirmation that Dr. Kimmel and Dr. Wilkes would refrain from testifying on opinions that were contained in both of their reports. While Cryovac stated that was not its intent to offer duplicate testimony, it also repeated that it did not intend to limit its experts from testifying to all of the opinions expressed in their reports.

8.    As with the motion *in limine* on the doctrine of equivalents, Cryovac's response to Pechiney's motion to bar duplicative opinion testimony from Dr. Kimmel and Dr. Wilkes was that the motion was moot, since Cryovac had no objection to Pechiney's position.

9.    Because Pechiney was unnecessarily required to use two of its motions *in limine* to argue that Cryovac should not be permitted to introduce evidence that Cryovac had no intention of introducing, but nevertheless refused to stipulate, Pechiney should be allowed to file the attached motion *in limine*.

10.    An additional reason for permitting Pechiney to file this motion *in limine* is that if the issue is resolved now, rather than when Pechiney raises its objection at trial, Cryovac will be able to adjust its preparation and direct examination of Mr. Nawrocki before trial.

11.    Pursuant to Local Rule 7.1.1, Pechiney has conferred with counsel for Cryovac. Cryovac does not consent.

WHEREFORE, Pechiney respectfully requests that this Court:

(i)    Grant Pechiney's Motion for Leave to File an Additional Motion *in limine*; and

(ii)    Deem Pechiney's Motion *In Limine* to Bar Evidence Referring to American National Can as a Defendant in an Unrelated Patent Infringement Action attached hereto as Exhibit 1, as having been filed and served as of the date of this Court's decision to grant this motion.

-3-

Respectfully submitted,

PECHINEY PLASTIC PACKAGING, INC.

Dated: April 20, 2006

By:    /s/ N. Richard Powers
       One of its Attorneys

N. Richard Powers (#494)
Rudolf E. Hutz (#484)
CONNOLLY BOVE LODGE & HUTZ
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207
Tel: (302)888-6266

Donald R. Cassling (Admitted *pro hac vice*)
Steven R. Trybus (Admitted *pro hac vice*)
Shelley Smith (Admitted *pro hac vice*)
Patrick L. Patras (Admitted *pro hac vice*)
Brian P. O'Donnell (Admitted *pro hac vice*)
Gregory D. Bonifield
Joseph A. Schouten
Sara E. Tonnies
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL 60611
Telephone: (312)222-9350

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

CRYOVAC, INC.,                          )
                                        )       Civil Action No. 04-1278-KAJ
    Plaintiff/Counter-Defendant.    )
                                        )       Hon. Kent A. Jordan
    vs.                             )
                                        )
PECHINEY PLASTIC PACKAGING, INC.,       )
                                        )
    Defendant/Counter-Plaintiff.    )

**ORDER**

At Wilmington this ____ day of _____, 2006, having considered Pechiney

Plastic Packaging Inc.'s ("Pechiney's") Motion For Leave to File An Additional Motion *In*

*Limine*, IT IS HEREBY ORDERED that:

(i)       Pechiney's Motion for Leave to File An Additional Motion *In Limine* is granted.

(ii)     Pechiney's Motion *In Limine* to Bar Evidence Referring to American National

Can as a Defendant in an Unrelated Patent Infringement Action, in the form attached as Exhibit 1

to its motion, shall be deemed filed and served as of the date of this Order.

_____
United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify that I caused true and correct copies of Pechiney's Motion for Leave to

File an Additional Motion *In Limine* to be served on:

> John W. Shaw, Esq.
> Karen E. Keller, Esq.
> YOUNG, CONAWAY, STARGATT,
>  & TAYLOR, LLP
> The Brandywine Building, 17th Floor
> 1000 West Street
> Wilmington, Delaware 19801
> Fax: (302) 576-3334
>
> Ford F. Farabow, Esq.
> Joann M. Neth, Esq.
> Michael J. Flibbert, Esq.
> Courtney B. Meeker, Esq.
> FINNEGAN, HENDERSON, FARABOW,
>  & GARRETT & DUNNER, LLP
> 901 New York Avenue, N.W.
> Washington, D.C. 20001-4413
> Fax: (202) 408-4400

This 20th day of April, 2006 via e-mail and regular mail.

/s/ N. Richard Powers