**EXHIBIT 1**

Case 1:04-cv-01278-KAJ    Document 309-2    Filed 04/20/2006    Page 1 of 9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYOVAC, INC., ) | |
| ) | Civil Action No. 04-1278-KAJ |
| Plaintiff/Counter-Defendant. ) | |
| ) | Hon. Kent A. Jordan |
| vs. ) | |
| ) | |
| PECHINEY PLASTIC PACKAGING, INC., ) | |
| ) | |
| Defendant/Counter-Plaintiff. ) | |

## PECHINEY'S MOTION *IN LIMINE* TO BAR
## EVIDENCE REFERRING TO AMERICAN NATIONAL CAN AS A DEFENDANT
## IN AN UNRELATED PATENT INFRINGEMENT ACTION

N. Richard Powers (#494)
CONNOLLY BOVE LODGE & HUTZ
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207
Tel: (302) 888-0266

Donald R. Cassling (Admitted *pro hac vice*)
Steven R. Trybus (Admitted *pro hac vice*)
Shelley Smith (Admitted *pro hac vice*)
Patrick L. Patras (Admitted *pro hac vice*)
Brian P. O'Donnell (Admitted *pro hac vice*)
Gregory D. Bonifield
Joseph A. Schouten
Sara E. Tonnies
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL 60611
Tel: (312) 222-9350

Dated: April 20, 2006

**CRYOVAC SHOULD BE BARRED FROM REFERRING TO THE NAME OF PECHINEY'S PREDECESSOR AS THE DEFENDANT IN AN UNRELATED PATENT INFRINGEMENT ACTION.[1]**

In the reports submitted by Cryovac's damages expert, Mr. Nawrocki, Mr. Nawrocki relies in part on the royalty rate applied in a damages award in *Viskase Corp. v. Am. Nat'l Can Co.*, No. 93 C 7651 (N.D. Ill.), a patent infringement case against Pechiney's predecessor, American National Can Company ("ANC"). (*See* Nawrocki July 25, 2005 Rebuttal Report at 9; *see also* Nawrocki May 19, 2005 Report at 24.) Cryovac should not be permitted to identify the defendant in the *Viskase* matter because, while the identity of the defendant has no relevance or bearing on Mr. Nawrocki's opinion, or on any other issue in this case, naming Pechiney's predecessor as a prior patent infringer in a completely unrelated case would create unfair prejudice to Pechiney and would confuse the jury. If this evidence were introduced, the jury could improperly employ a "prior bad acts" analysis to conclude that Pechiney willfully infringed the '419 patent because it had previously been found liable by a jury for infringing another patent by selling other packaging products.

Accordingly, Cryovac should be prevented from introducing evidence that identifies ANC as the defendant in the *Viskase* litigation because 1) the evidence would not "make the existence of any fact that is of consequences to the determination of the action more probable or less probable than it would be without the evidence," under Fed. R. Evid. 401; and 2) any possible probative value the evidence may have, which in this case is none, would be

---

[1] As stated in Pechiney's Motion for Leave to File an Additional Motion *In Limine*, Pechiney intends to incorporate this document into the Pretrial Order as one of Pechiney's Motions *In Limine*. Also, Pechiney is seeking this relief to replace one of the motions *in limine* Pechiney was forced to use unnecessarily due to Cryovac's refusal to stipulate to certain issues, as described in the Motion for Leave to Amend. Cryovac has refused to consent to Pechiney's request to replace one of Pechiney's wasted motions with this document.

"substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury," under Fed. R. Evid. 403.

### A. The Identity of ANC as the Defendant in the *Viskase* Litigation Has No Possible Relevance to Any Issue in This Case.

Evidence that Pechiney's predecessor, ANC, was found to infringe unrelated patents in an unrelated lawsuit has no possible bearing on any of the issues in this case. The only reference Cryovac has made to the *Viskase* matter, through any of its witnesses or in any of its pleadings, is in Mr. Nawrocki's expert reports. In these reports, Mr. Nawrocki relies on the jury award in *Viskase* as one of two examples of royalty rates he relied on for his opinion that the proper royalty rate for calculating patent infringement damages in this case is between 17% to 20%

The identity of the defendant in the *Viskase* matter has no possible bearing on Mr. Nawrocki's use of the jury verdict in the case as a basis for his opinion on the appropriate royalty rate. Pechiney does not seek to prevent Cryovac from introducing evidence on the royalty rate, the type of products at issue or any other detail concerning the *Viskase* litigation other than that the defendant in the case was ANC. Thus, an order granting this motion will not prevent Cryovac from introducing evidence concerning any other aspect of the *Viskase* matter that it believes may support its claims.

Courts generally do not admit evidence relating to previous litigation involving a party to the lawsuit due to the danger of confusing the jury, especially when the prior litigation has minimal probative value. 2 *Weinstein's Federal Evidence* 403-66.2 (2006 ed.); *see also Int'l Surplus Lines Ins. Co. v. Fireman's Fund Ins. Co.*, 998 F.2d 504, 508 (7th Cir. 1993); *Brumley Estate v. Iowa Beef Processors, Inc.*, 704 F.2d 1351, 1357 (5th Cir. 1983). For example, in *Int'l Surplus Lines,* the court excluded evidence of the damages sought by the plaintiff in prior unrelated litigation on the grounds that this evidence "is not probative of any relevant issue" in

2

the current litigation. 998 F.2d at 508. Evidence of prior litigation "must pass muster, like any other evidence, as relevant and probative of an issue in the second case." *Mendenhall v. Cedarapids, Inc.,* 5 F.3d 1557, 1573 (Fed. Cir. 1993). Likewise, evidence that Pechiney's predecessor was the defendant in *Viskase* is not relevant or probative to any issue in the case, and should therefore be excluded.

Moreover, the narrow relief sought here, excluding reference to ANC as the defendant in the *Viskase* matter, will have no impact on Cryovac's ability to make its case for damages, and will cause no prejudice to Cryovac.

### B.  Evidence that the Defendant in the *Viskase* Matter was Pechiney's Predecessor Should Be Barred Under Rule 403.

Under the Federal Rules of Evidence, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury…." Fed. R. Evid. 403. Evidence can be unfairly prejudicial if it has "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Advisory Committee Notes, Fed. R. Evid. 403.

In this case, the identification of ANC as the defendant in the *Viskase* has zero probative value with respect to any issue in this case, but would create a significant danger that the jury would rely on the jury award against Pechiney's predecessor in an unrelated patent case to find that Pechiney committed willful infringement of Cryovac's '419 patent. Willful infringement is based on the defendant's conduct and knowledge with respect to the patent-in-suit, not on the conduct of the defendant, or its predecessor, regarding unrelated patents owned by other parties and based on the sales of other products. As the Federal Circuit has explained, "The test of willful infringement is 'whether, under all the circumstances, a reasonable person would prudently conduct himself with any confidence that a court might hold the patent invalid or not

3

infringed.'" *Hall v. Aqua Queen Mfg., Inc.,* 93 F.3d 1548, 1555 (Fed. Cir. 1996); *see also Garco, Inc. v. Blinks Mfg.,* 60 F.3d 785, 793-94 (Fed. Cir. 1995). This test focuses on the patent at issue, and on whether the defendant had a reasonable basis for believing a court would find the patent at issue was invalid or not infringed, and does not permit a finding of willful infringement based on "prior bad acts" of willful infringement of other patents in other cases.

The danger in this case is great that the jury would rely on evidence that Pechiney's predecessor was found liable for willful infringement in the past to find that Pechiney is liable for willful infringement of the '419 patent, given the strong influence evidence of past wrongdoing by a defendant exerts on jurors. Indeed, the impact of such evidence is the reason behind Rule 404(b), which bars evidence of "other crimes, wrongs or acts" that are introduced to "prove the character of a person in order to show action in conformity therewith." If Cryovac is not prevented from identifying Pechiney's predecessor as the party held liable for willful patent infringement in *Viskase*, the jury could easily conclude that Pechiney has a corporate practice and history of disregarding the patent rights of others. Because the identify of ANC as the defendant in *Viskase* has no relevance to Cryovac's damages claims, or to any other issue in the case, there is no balancing to be done, and the evidence must be excluded based on the danger it raises of "unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403.

Courts have frequently held that evidence concerning unrelated litigation involving one of the parties is inadmissible under Rule 403, even if relevant, due to the inherent danger such evidence poses of unfair prejudice and jury confusion. *See e.g., Mendenhall,* 5 F.3d at 1573-75; *Int'l Surplus Lines,* 998 F.2d at 508; *Agristor Leasing v. Meuli,* 865 F.2d 1150, 1152 (10th Cir. 1988); *Brumley Estate,* 704 F.2d at 1356-57. For example, in *Brumley Estate,* the court refused to allow the plaintiff to introduce evidence of the defendant's "prior acts" through prior

4

judgments against the defendant in other cases. 704 F.2d at 1356-57. The court found a "high possibility" that admission of evidence of these judgments against the defendant would cause undue prejudice and jury confusion because the jury could easily base its decision on the findings in the prior cases rather than "on the facts before it." *Id.* at 1357. The basis for excluding evidence under Rule 403 that Pechiney's predecessor was the defendant in *Viskase* is even stronger here, where this information has no conceivable probative value for any issue in this case, and may well cause the jury to decide the issue of willfulness based on the fact that a jury found Pechiney's predecessor liable for patent infringement in *Viskase*, rather than on the evidence presented in this case.

In sum, Pechiney's motion should be granted because: (1) evidence that Pechiney's predecessor was found to infringe unrelated patents in an unrelated case is irrelevant to this litigation; (2) allowing Cryovac to introduce such evidence would create a danger that the jury would find willful infringement on an improper basis; and (3) the relief Pechiney seeks is narrowly tailored to permit Cryovac to introduce any evidence relating to the *Viskase* litigation other than that the defendant was Pechiney's predecessor.

Respectfully submitted,

PECHINEY PLASTIC PACKAGING, INC.

Dated: April 20, 2006

By: /s/ N. Richard Powers
One of its Attorneys

N. Richard Powers (#494)
Rudolf E. Hutz (#484)
CONNOLLY BOVE LODGE & HUTZ
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207
Tel: (302)888-6266

Donald R. Cassling (Admitted *pro hac vice*)
Steven R. Trybus (Admitted *pro hac vice*)
Shelley Smith (Admitted *pro hac vice*)
Patrick L. Patras (Admitted *pro hac vice*)
Brian P. O'Donnell (Admitted *pro hac vice*)
Gregory D. Bonifield
Joseph A. Schouten
Sara E. Tonnies
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL 60611
Tel: (312)222-9350

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CRYOVAC, INC., | ) | |
| | ) | Civil Action No. 04-1278-KAJ |
| Plaintiff/Counter-Defendant. | ) | |
| | ) | Hon. Kent A. Jordan |
| vs. | ) | |
| | ) | |
| PECHINEY PLASTIC PACKAGING, INC., | ) | |
| | ) | |
| Defendant/Counter-Plaintiff. | ) | |

**ORDER**

At Wilmington this ____ day of _____, 2006, having considered Pechiney Plastic Packaging Inc.'s ("Pechiney's") Motion *In Limine* To Bar Evidence Referring to American National Can as a Defendant in an Unrelated Patent Infringement Action, IT IS HEREBY ORDERED that:

Pechiney's Motion *In Limine* To Bar Evidence Referring to American National Can as a Defendant in an Unrelated Patent Infringement Action is granted, and Cryovac will not be able to present evidence that American National Can was the Defendant in an Unrelated Patent Infringement Action.

_____
United States District Judge