IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYOVAC, INC., ) | |
| ) | |
| Plaintiff/Counter-Defendant. ) | Civil Action No. 04-1278-KAJ |
| ) | |
| vs. ) | Hon. Kent A. Jordan |
| ) | |
| PECHINEY PLASTIC PACKAGING, INC., ) | |
| ) | |
| Defendant/Counter-Plaintiff. ) | |
| ) | |

**PECHINEY'S MOTION FOR CLARIFICATION
OF THE COURT'S ORDER DATED APRIL 17, 2006**

Pechiney Plastic Packaging, Inc. ("Pechiney") hereby moves pursuant to Local Rule 7.1.5 for clarification of one aspect of this Court's Order dated April 17, 2006 (D.I. 307) ("04/17/06 Order"). This Court granted the motion of Cryovac Inc. ("Cryovac") (D.I. 199) to bar Pechiney's expert, Dr. Mount, from testifying that one particular prior art film, the Allied film, was oriented as the Court has construed that term based on the declaration of Seymour G. Gilbert, which was included in the Appendix to Pechiney's opening brief in support of its summary judgment motions (D.I. 213) ("Gilbert Declaration"). (04/17/06 Order at 1). The Court's language, however, could be misinterpreted to argue that the Court's Order is broader than even Cryovac requested and that the Court intended to prohibit Dr. Mount from testifying that *any* prior art film was oriented as the Court has construed that term. As a result, Pechiney respectfully requests clarification that the Court's Order of April 17, 2006, does not prohibit Dr. Mount from opining that any prior art is oriented as the Court has construed that term other than the Allied film or that the Allied film is so oriented based on additional factual evidence introduced at trial about the actual method of orientation that was not included in the Gilbert Declaration. In support of this motion Pechiney states as follows:

1. This Court's Order and accompanying Memorandum Opinion dated April 17, 2006, granted in part Cryovac Inc.'s ("Cryovac") Motion to Exclude Expert Testimony Pursuant to Principles Announced in *Daubert* (D.I. 199) ("Cryovac's Motion"). The language adopted by the Court in its Order, however, is more broad than Cryovac requested with respect to the limitations placed on Dr. Mount's testimony. As a result, Pechiney moves to clarify the Court's ruling on this point.

2. Local Rule 7.1.5 allows for a motion for re-argument following the filing of any opinion or decision by the Court. Pursuant to a motion for re-argument, "a court may alter or amend its judgment if the movant demonstrates… a need to correct a clear error of law or fact or to prevent manifest injustice." *Medtronic Ave., Inc. v. Lordes Corp.*, No. Civ. 03-402-SLR, 2003 WL 23112268,*1 (D. Del. Dec. 11, 2003), *rev'd on other grounds*, 100 Fed. Appx. 865 (3d. Cir. 2004) (attached at Tab A). The present motion is a motion for clarification rather than re-argument, and should therefore be granted even if the Court finds that the requirements for re-argument have not been satisfied. *See Makasa v. Balick & Balick*, No. L.A. 02-218-GMS, 2002 WL 31230813,*1, (D. Del. Sept. 26, 2002) (treating "Motion for Reargument/Clarification" solely as a motion for clarification because there was "no support for a motion for re-argument") (attached at Tab B). In the event, however, that this Court considers it to be a motion for re-argument, the requirements for re-argument are met and the motion should be granted because the ambiguity in the Court's Order of April 17, 2006, constitutes "clear error" requiring correction.

3. The language adopted by the Court's Order is broader than the limited relief Cryovac requested. In addition to moving to strike Dr. Mount's opinion on non-infringing alternatives, which this Court denied, Cryovac moved only to exclude portions of Dr. Mount's

2

opinion concerning one piece of prior art, the Allied film based on an alleged lack of corroboration: "Dr. Mount's opinion of invalidity based on the uncorroborated recollection of Mr. Gilbert that the film tested over twenty years ago was 'oriented' should be excluded under *Fed. R. Evid. 702*." (Cryovac's Opening Brief in Support of its Motion in Limine to Exclude Expert Testimony (D.I. 200) at 16) ("Cryovac's Brief") (Italics in original). The Court's Opinion did not adopt Cryovac's reasoning that Dr. Gilbert's testimony was uncorroborated; indeed, the Opinion states "It appears, therefore, that there is arguably some corroboration…" (04/17/06 Opinion (D.I. 306) at 29). However, the Court granted the motion in part because Dr. Mount's opinion did not use a definition of "oriented" that corresponded to the one entered by the Court in its Order of April 13, 2006 ("04/13/06 Order", setting forth the Court's *Markman* ruling. (D.I. 305).

4.  The language in the Court's Order, however, does not explicitly limit the Court's ruling to the Allied film. Instead, the Court granted Cryovac's motion "to the extent that Dr. Mount will not be permitted to opine that prior art ***films*** are oriented as that term is used in the patent." (04/17/06 Order (D.I. 307) at 1)(emphasis added). This language could be misinterpreted to bar Dr. Mount from testifying that ***any*** prior art film was oriented as the Court has construed that term, which is even broader than the ruling Cryovac requested and for which here is no jurisdiction and for which there is no jurisdiction.

5.  The Court's expansive language is not consistent with the reasoning set forth in its Memorandum and Opinion of April 17, 2006 ("04/17/06 Opinion") (D.I. 306). There the Court stated that Dr. Mount's testimony should be limited because "there is no evidence in the record that ***the Allied film*** was oriented in the manner stated in the patent." (04/17/06 Opinion (D.I. 306) at 29-30). Thus, the Court's reasoning indicates that the Court's ruling, like Cryovac's

3

motion, only intended to address Dr. Mount's opinions on the Allied film, and not to limit Dr. Mount's testimony concerning any other prior art film.

6. In addition to the Allied film, Dr. Mount has disclosed his opinion that multiple other prior art references also anticipate the '419 patent. For example, in his Expert Report dated May 19, 2005, Dr. Mount opined that the '419 patent was anticipated by U.S. Patent Nos. 4,746,562 and 5,055,355, the Blackwell article, and the Fant film, in addition to the Allied film. (Expert Report, Exhibit 1 to Cryovac's Brief (D.I. 200), at 2). In his Rebuttal Expert Report submitted June 17, 2005, Dr. Mount further opined that the '419 patent was anticipated by Japan Utility Model Application Publication Number 60-27000 and U.S. Patent No. 4,501,798. (Rebuttal Expert Report, Exhibit 2 to Cryovac's Brief (D.I. 200), at 2). Thus, Dr. Mount is prepared to testify that a number of prior art films other than the Allied film were oriented.

7. Furthermore, Dr. Mount should be permitted to testify within the scope of his expert reports that the Allied film was in fact oriented as the Court construed that term based on any additional factual evidence that may be presented at trial that goes beyond the evidence that was of record in the summary judgment context. Cryovac's brief requested that the Court preclude Dr. Mount's testimony "based on the uncorroborated testimony of Mr. Gilbert," referring to the Gilbert Declaration. (Cryovac's Brief (D.I. 200) at 16). As noted above, the Court did not find the Gilbert Declaration uncorroborated. The Court barred Dr. Mount's testimony because "there is no evidence in the record" to support his opinion. (04/17/06 Opinion (D.I. 306) at 29-30). The only evidence in the record to date was the Gilbert Declaration, which had been filed in support of summary judgment. At trial, however, based upon the Court's pretrial rulings, including its *Markman* ruling, additional evidence may be presented that provides further details concerning the method of orientation of the Allied film, details that were

not included in the Gilbert Declaration filed for summary judgment purposes prior to the Court's *Markman* ruling. Cryovac never sought to bar Dr. Mount from testifying based on such evidence and, the Court's reasoning in granting Cryovac's motion was based solely on the evidence in the record at that time.

8. Accordingly, Pechiney respectfully requests clarification that the April 17, 2006, Order only prohibits Dr. Mount from opining that the Allied film was oriented as the Court has construed that term based on the evidence in the Gilbert Declaration. In other words, Dr. Mount would not be precluded from testifying that prior art films other than the Allied film were oriented as the Court has construed that term. Dr. Mount would also not be precluded from testifying that the Allied film was so oriented so long as his testimony was based in part on evidence in addition to what was included in the Gilbert Declaration.

9. This motion should be granted because clarification on this point now, rather than in response to an objection at trial, would allow both parties to properly prepare their examinations of Dr. Mount before trial.

10. Pechiney reserves the right to challenge the Court's rulings construing "oriented" and barring Dr. Mount from testifying that the Allied film anticipates based on the Gilbert declaration on appeal or earlier if appropriate. Pechiney does not request that the Court reconsider those rulings at this time, but rather simply that the Court clarify the language of its Order.

11. The undersigned counsel certifies that he conferred with Plaintiff's counsel in a good faith effort to resolve this matter; however, the parties were unable to resolve the matter, and Plaintiff intends to respond to this request for clarification.

WHEREFORE, Pechiney respectfully requests that this Court:

(i)   Clarify the Court's Order Dated April 17, 2006;

(ii)  Order that the Court's Order of April 17, 2006, does not preclude Dr. Mount from opining that prior art films other than the Allied film are "oriented" as the Court has construed that term; and

(iii) Order that this Court's Order of April 17, 2006, does not preclude Dr. Mount from opining that the Allied film is "oriented" as the Court has construed that term based on any evidence that may be introduced at trial beyond the evidence contained in the Declaration of Seymour G. Gilbert (D.I. 213)

Respectfully submitted,

PECHINEY PLASTIC PACKAGING, INC.

Dated: May 1, 2006

By:   /s/ N. Richard Powers
      N. Richard Powers (#494)

N. Richard Powers (#494)
Rudolf E. Hutz (#484)
CONNOLLY BOVE LODGE & HUTZ
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207
Tel: (302)888-6266

Donald R. Cassling (Admitted *pro hac vice*)
Steven R. Trybus (Admitted *pro hac vice*)
Shelley Smith (Admitted *pro hac vice*)
Patrick L. Patras (Admitted *pro hac vice*)
Brian P. O'Donnell (Admitted *pro hac vice*)
Gregory D. Bonifield
Joseph A. Schouten
Sara E. Tonnies
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL 60611
Telephone: (312)222-9350