# B

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2002 WL 31230813 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Page 1

Only the Westlaw citation is currently available.
United States District Court, D. Delaware.
Michiko Tracy MUKASA, Plaintiff,
v.
BALICK & BALICK, Attorneys at Law, Sidney Balick, John Doe and John Doe, Esquire, Defendants.
No. C.A.02-218 GMS.

Sept. 26, 2002.

Client brought legal malpractice action against attorney and his firm, arising out of its handling of her underlying personal injury action. Following order denying defendants' motion to dismiss and staying legal malpractice action until underlying action was decided, 2002 WL 1971921, defendants moved for reargument/clarification. The District Court, Sleet, J., held that court's treatment of factual allegations in context of motion to dismiss ruling did not prejudice the parties' right to discovery of those issues in legal malpractice action, nor did it prevent them from developing related legal arguments if appropriate.

Motion granted.

West Headnotes

**Federal Civil Procedure 170A ⚖ 1831**

170A Federal Civil Procedure
    170AXI Dismissal
        170AXI(B) Involuntary Dismissal
            170AXI(B)5 Proceedings
                170Ak1827 Determination
                    170Ak1831 k. Fact Issues. Most Cited Cases
District court's treatment of factual allegations in context of motion to dismiss ruling did not prejudice the parties' right to discovery of those issues in legal malpractice action, nor did it prevent them from developing related legal arguments if appropriate; in ruling on motion, court accepted facts in light most favorable to non-moving party, but court would not, and did not, adopt findings of fact.

ORDER

SLEET, District J.

*1 On August 27, 2002, the court issued a Memorandum and Order which denied the defendants' motion to dismiss the complaint and stayed the plaintiff's legal malpractice claim until such time that the plaintiff's underlying action in the Superior Court of New Jersey, Mercer County, has concluded. Presently before the court is a "Motion for Reargument/Clarification" filed by the defendants Balick & Balick and Sidney Balick (collectively "Balick") and regarding the court's August 27, 2002 memorandum and order. The plaintiff does not oppose the defendants' Motion for Reargument/Clarification. The court grants the motion for clarification, and will now clarify the effect of the August 27, 2002 order.

> FN1. Because the defendants have offered no support for a motion for reargument, the court will treat the "Motion for Reargument/Clarification" as a motion for clarification only.

The defendants object to the court's apparent findings of fact regarding State Farm's possession of the plaintiff's vehicle; the availability of the plaintiff's vehicle for inspection by experts; and the ability of the Balick defendants to prevent the plaintiff's vehicle to be sold at auction on March 25, 1999.

As noted in the court's August 27, 2002 memorandum, it is the court's obligation when ruling on a motion to dismiss to accept as true the factual allegations of the complaint. See Graves v. Lowery, 117 F.3d 723, 726 (3d Cir.1997); Nami v. Fauver, 82 F.3d 63, 65 (3d Cir.1996). The court also must view all reasonable inferences that may be drawn from the complaint in the light most favorable to the non-moving party. See Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969); Schrob v. Catterson, 948 F.2d 1402, 1405 (3d Cir.1991). The court did just that in its August 27, 2002 memorandum and order. At this stage in the litigation, the court would not and did not adopt findings of fact. Accordingly, to the extent the parties may have interpreted the court's memorandum and order as containing findings of fact, the parties may be assured that the court merely accepted as true the plaintiff's allegations for purposes of determining the motion to dismiss. The court's treatment of factual allegations in the context of the motion to dismiss

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d    Page 2
Not Reported in F.Supp.2d, 2002 WL 31230813 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

ruling shall not prejudice the parties' right to discovery of those issues, nor shall it prevent them from developing related legal arguments if appropriate.

For the foregoing reasons IT IS HEREBY ORDERED that:

1. The Defendants' Motion for Clarification (D.I.15) is GRANTED.

D.Del.,2002.
Mukasa v. Balick & Balick
Not Reported in F.Supp.2d, 2002 WL 31230813 (D.Del.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.