IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYOVAC, INC., ) | |
| ) | |
| Plaintiff/Counter-Defendant. ) | Civil Action No. 04-1278-KAJ |
| ) | |
| vs. ) | Hon. Kent A. Jordan |
| ) | |
| PECHINEY PLASTIC PACKAGING, INC., ) | |
| ) | |
| Defendant/Counter-Plaintiff. ) | |
| ) | |

**DEFENDANT'S PROPOSED VERDICT FORM**

I. **PECHINEY'S PATENT INVALIDITY DEFENSES**

  A. **Anticipation**

  1. Did Pechiney prove by clear and convincing evidence that claim 11 of the '419 patent is invalid because it is anticipated by the *[to be inserted later]* prior art reference?

  **[The prior art to be inserted will be identified based on the proofs at trial. This paragraph will be repeated for each prior art reference relied on at trial by Defendant Pechiney Plastic Packaging, Inc. ("Pechiney").]**

  Yes: _____      No: _____
  (For Pechiney)    (For Cryovac)

  B. **Obviousness**

  2. Did Pechiney prove by clear and convincing evidence that the invention recited in claim 11 of the '419 patent is invalid because it would have been obvious to a person of ordinary skill in the field of the invention at the time the invention was made?

  Yes: _____      No: _____
  (For Pechiney)    (For Cryovac)

**C.** **Enablement**

3. Did Pechiney prove by clear and convincing evidence that claim 11 of the '419 patent is invalid because it does not contain a written description of the manner and process of making the invention in such full, clear, concise and exact terms as to enable one of ordinary skill in the art to practice the full scope of the claimed invention without undue experimentation?

Yes: _____   No: _____
(For Pechiney)   (For Cryovac)

**D.** **Written Description**

4. Did Pechiney prove by clear and convincing evidence that claim 11 of the '419 patent is invalid because the specification of the '419 patent does not provide a sufficiently detailed description of the claimed invention?

Yes: _____   No: _____
(For Pechiney)   (For Cryovac)

*If you answered "yes" to any of Questions 1, 2, 3, or 4 you have found in favor of Pechiney on patent invalidity, and you should skip the remaining questions on this form. If you answered "no" to each of Questions 1, 2, 3, or 4 proceed to Question No. 5.*

**II.** **CRYOVAC'S CLAIM OF WILLFUL INFRINGEMENT**

5. Did Cryovac prove by clear and convincing evidence that Pechiney's infringement of claim 11 of the '419 patent was willful?

No: _____   Yes: _____
(For Pechiney)   (For Cryovac)

*If you answered "no" to Question No. 5, you do not need to consider Cryovac's claims of tortious interference with contract or tortious interference with prospective contractual relations, and you should skip to Question No. 25. If you answered "yes" to Question No. 5, proceed to question No. 6.*

**III.     CRYOVAC'S TORTIOUS INTERFERENCE WITH CONTRACT CLAIM**

    **A.     Existence Of A Valid Contract Between Cryovac and National Beef**

6.     Did Cryovac prove by a preponderance of the evidence that the March 20, 2003 letter, standing alone, or the January 14, 2004 letter, standing alone, established a binding agreement between National Beef and Cryovac that Cryovac would exclusively supply National Beef with all of its packaging requirements?

                  No: _____          Yes: _____
                  (For Pechiney)     (For Cryovac)

7.     Did Cryovac prove by a preponderance of the evidence that the March 20, 2003 letter or the January 14, 2004 letter, as supplemented by Cryovac's and National Beef's course of performance, course of dealing and the usage of trade, established agreement between National Beef and Cryovac that Cryovac would exclusively supply National Beef with all its packaging requirements?

                  No: _____          Yes: _____
                  (For Pechiney)     (For Cryovac)

8.     Did Cryovac prove by a preponderance of the evidence that the March 20, 2003 letter or the January 14, 2004 letter, along with Cryovac's and National Beef's course of performance, course of dealing and the usage of trade, constituted a binding contract between Cryovac and National Beef?

                  No: _____          Yes: _____
                  (For Pechiney)     (For Cryovac)

*If you answered "no" to Question No. 8, you have found in favor of Pechiney on Cryovac's tortious interference with contract claim and you should skip to Question No. 14.  If you answered "yes" to Question No. 8, proceed to Question No. 9.*

9.     If you answered yes on any of questions 7, 8, or 9, identify whether the contract terminated on December 31, 2005 (pursuant to the March 2003 contract) or on December 31, 2007 (pursuant to the January 2004 contract).

3

      _____      _____
   (December 31, 2005)   (December 31, 2007)

**B.   Cryovac's Contention That Pechiney Tortiously Interfered With A Contract Between Cryovac And National Beef**

10.   Did Cryovac prove by a preponderance of the evidence that Pechiney knew or should have known of Cryovac's binding requirements contract with National Beef?

    No: _____    Yes: _____
    (For Pechiney)    (For Cryovac)

*If you answered "no" to Question No. 10, you have found in favor of Pechiney on Cryovac's tortious interference with contract claim and you should skip to Question No. 14. If you answered "yes" to Question No. 10, proceed to Question No. 11.*

11.   Did Cryovac prove by a preponderance of the evidence that Pechiney induced National Beef to breach its binding requirements contract with Cryovac and did so with the intent of causing National Beef to breach that contract?

    No: _____    Yes: _____
    (For Pechiney)    (For Cryovac)

*If you answered "no" to Question No. 11, you have found in favor of Pechiney on Cryovac's tortious interference with contract claim and you should skip to Question No. 14. If you answered "yes" to Question No. 11, proceed to Question No. 12.*

12.   Did Cryovac prove by a preponderance of the evidence that Pechiney acted with malice and also did not have a proper purpose in inducing National Beef to breach its binding requirements contract with Cryovac?

    No: _____    Yes: _____
    (For Pechiney)    (For Cryovac)

*If you answered "no" to Question No. 12, you have found in favor of Pechiney on Cryovac's tortious interference with contract claim and you should skip to Question No. 14. If you answered "yes" to Question No. 12, proceed to Question No. 13.*

13.   Did Cryovac prove by a preponderance of the evidence that National Beef breached its binding requirements contract with Cryovac and that Pechiney's infringement of claim 11 of the '419 patent was the direct and proximate cause of that breach?

        No: _____        Yes: _____
        (For Pechiney)     (For Cryovac)

*If you answered "no" to Question No. 13, you have found in favor of Pechiney on Cryovac's tortious interference claim and you should now proceed to Question No. 14. If you answered "yes" to Question No. 13, you should skip to Question No. 19 and consider what damages, if any, Cryovac should be awarded for tortious interference with contract.*

### IV.  CRYOVAC'S TORTIOUS INTERFERENCE WITH PROSPECTIVE CONTRACTUAL RELATIONS CLAIM

    **A.  Cryovac's Contention That Pechiney Tortiously Interfered With A Prospective Contractual Relationship Of Cryovac's**

14.    Did Cryovac prove by a preponderance of the evidence that Cryovac had a reasonable expectation that it would have had a binding four-year requirements contract with National Beef based on the January 14, 2004 letter from Cryovac to National Beef?

        No: _____        Yes: _____
        (For Pechiney)     (For Cryovac)

*If you answered "no" to Question No. 14, you have found in favor of Pechiney on Cryovac's tortious interference with prospective contractual relations claim and you should skip to Question No. 25. If you answered "yes" to Question No. 14, proceed to Question No. 15.*

15.    Did Cryovac prove by a preponderance of the evidence that Pechiney knew or should have known of this expected binding four-year requirements contract between Cryovac and National Beef at the time the acts complained of were committed?

        No: _____        Yes: _____
        (For Pechiney)     (For Cryovac)

*If you answered "no" to Question No. 15, you have found in favor of Pechiney on Cryovac's tortious interference with prospective contractual relations claim and you should skip to Question No. 25. If you answered "yes" to Question No. 15, proceed to Question No. 16.*

16.    Did Cryovac prove by a preponderance of the evidence that Pechiney improperly interfered with Cryovac's expected binding four-year requirements contract with National Beef with the intent of preventing Cryovac from entering into a contract with National Beef?

        No: _____        Yes: _____
        (For Pechiney)     (For Cryovac)

*If you answered "no" to Question No. 16, you have found in favor of Pechiney on Cryovac's tortious interference with prospective contractual relations claim and you should skip to Question No. 25. If you answered "yes" to Question No. 16, proceed to Question No. 17.*

17. Did Cryovac prove by a preponderance of the evidence that Pechiney's infringement of claim 11 of the '419 patent directly caused National Beef not to enter into the binding four-year requirements contract with Cryovac?

No: _____          Yes: _____
(For Pechiney)       (For Cryovac)

*If you answered "no" to Question No. 17, you have found in favor of Pechiney on Cryovac's tortious interference with prospective contractual relations claim and you should skip to Question No. 25. If you answered "yes" to Question No. 17, proceed to Question No. 18.*

    **B.    Pechiney's Contention That Pechiney's Conduct Was Covered By The Competitive Privilege**

18. Did Pechiney prove by a preponderance of the evidence that a purpose of its conduct was, at least in part, to advance Pechiney's own commercial interest in competing with Cryovac?

Yes: _____         No: _____
(For Pechiney)       (For Cryovac)

*If you answered "yes" to Question No. 18, you have found in favor of Pechiney on Cryovac's tortious interference with prospective contractual relations claim and you should skip to Question No. 25. If you answered "no" to Question No. 18, you have found for Cryovac, and you should skip to Question No. 22 to consider the amount of damages, if any, to award for tortious interference with prospective contractual relations.*

**V.    CRYOVAC'S CLAIMS FOR TORTIOUS INTERFERENCE DAMAGES**

    **A.    Damages For Tortious Interference With Contract**

19. Did Cryovac prove by clear and convincing evidence that all of the damages it seeks were directly caused by Pechiney's tortious interference with Cryovac's contract with National Beef?

No: _____          Yes: _____
(For Pechiney)       (For Cryovac)

6

*If you answered "no" to Question No. 19, you may not award Cryovac more than the amount of damages that were directly caused by Pechiney's tortious interference.*

20. Did Cryovac prove by a preponderance of the evidence that it made a reasonable effort to mitigate the damage caused by Pechiney's tortious interference with contract?

No: _____  Yes: _____
(For Pechiney)  (For Cryovac)

*If you answered "no" to Question No. 20, you must reduce the amount of damages awarded to Cryovac by the amount that would have been produced by a reasonable effort to mitigate damages.*

21. What sum of money, if any, do you find would fairly and reasonably compensate Cryovac for any injury directly and proximately caused by any tortious interference by Pechiney with Cryovac's contract with National Beef by Pechiney?

$_____

*If you answered Question No. 21, you have finished the verdict form. Please skip the remaining questions on this form.*

**B.    Damages For Tortious Interference With Prospective Contractual Relations**

22. Did Cryovac prove by a preponderance of the evidence that all the damages it seeks were directly caused by Pechiney's tortious interference with Cryovac's expected contract with National Beef?

No: _____  Yes: _____
(For Pechiney)  (For Cryovac)

*If you answered "no" to Question No. 22, you may not award Cryovac more than the amount of damages that were directly caused by Pechiney's tortious interference.*

23. Did Cryovac prove by a preponderance of the evidence that it made a reasonable effort to mitigate the damage caused by Pechiney's tortious interference with contract?

No: _____  Yes: _____
(For Pechiney)  (For Cryovac)

*If you answered "no" to Question No. 23, you must reduce the amount of damages awarded to Cryovac by the amount that would have been produced by a reasonable effort to mitigate damages.*

24.     What sum of money, if any, do you find would fairly and reasonably compensate Cryovac for any injury directly and proximately caused by any tortious interference by Pechiney with Cryovac's prospective contractual relations with National Beef by Pechiney?

$_____

*If you answered Question No. 24, you have finished the verdict form.  Please skip the remaining questions on this form..*

## VI.     CRYOVAC'S CLAIMS FOR PATENT DAMAGES

### A.     Marking

25.     Did Cryovac prove by a preponderance of the evidence that it marked its products covered by the '419 patent so as to give notice to the public that those products were patented by the '419 patent?

No: _____          Yes: _____
(For Pechiney)        (For Cryovac)

*If you answered "no" to Question No. 25, you may not award damages to Cryovac for sales made before September 20, 2004.*

### B.     Lost Profits

26.     What amount of profits, if any, did Cryovac prove that it lost because of Pechiney's infringement of claim 11 of the '419 patent?

$_____

**C.    Reasonable Royalty**

27.    For any portion of the actual infringement for which you find that Cryovac has not proven lost profits, what amount in reasonable royalty do you find that Pechiney owes Cryovac for infringing claim 11 of the '419 patent?  (You should not award both lost profits and a royalty on the same sale.)

$_____


DATED:_____

_____            _____

_____            _____

_____            _____

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of May, 2006 I electronically filed a copy of the foregoing with the Clerk of the Court using CM/ECF and served the following individuals in the manner indicated:

**BY ELECTRONIC MAIL**
**AND HAND DELIVERY**
John W. Shaw, Esquire
Karen E. Keller, Esquire
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE  19801

**BY ELECTRONIC MAIL**
**AND FEDERAL EXPRESS**

Ford F. Farabow, Jr., Esquire
Mark J. Feldstein, Esquire
Finnegan, Henderson, Farabow,
  Garrett & Dunner, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001

/s/ N. Richard Powers
N. Richard Powers