IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CRYOVAC, INC., | ) | |
| | ) | |
| Plaintiff/Counter-Defendant | ) | |
| | ) | |
| vs. | ) | Civil Action No. 04-1278-KAJ |
| | ) | |
| PECHINEY PLASTIC PACKAGING, INC. | ) | |
| | ) | |
| Defendant/Counter-Plaintiff. | ) | |
| | ) | |

**CRYOVAC'S OPPOSITION TO
PECHINEY'S MOTION FOR CLARIFICATION OF
THE COURT'S ORDER DATED APRIL 17, 2006**

YOUNG CONAWAY STARGATT &
   TAYLOR, LLP
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Michele Sherreta (No. 4651)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
(302) 571-6689
*jshaw@ycst.com*

*Of Counsel:*

*Attorneys for Plaintiff Cryovac, Inc.*

Ford F. Farabow, Jr.
Joann M. Neth
Martin I. Fuchs
Courtney Meeker
Mark J. Feldstein
Rebecca D. Hess
FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
(202) 408-4000

Dated  May 12, 2006

I.  **INTRODUCTION**

Defendant Pechiney Plastic Packaging, Inc.'s Motion for Clarification of the Court's Order Dated April 17, 2006 (D.I. 313, "Motion"), seeks license for Pechiney to change its position and to rely on opinions and bases not identified in any of its expert reports. Under the guise of seeking a "clarification" of the Court's ruling, Pechiney seeks the Court's approval for a course of action prohibited by this Court's Scheduling Order and the Rules of Civil Procedure. Pechiney seeks permission not to clarify that it can introduce previously and timely identified expert testimony, but rather to introduce new and previously unidentified expert testimony that certain prior art was "oriented" as the term has been construed by the Court. Granting Pechiney's Motion to allow changed and late opinions "would be unfairly prejudicial and would make a 'mockery of the Rules' requirements for discovery and expert disclosure.'" *Advanced Medical Optics, Inc. v. Alcon Inc.*, No. 03-1095-KAJ, 2005 U.S. Dist. LEXIS 5803, at *34 (D. Del. Apr. 7, 2005) (Exhibit A).

Prior to this Court's April 13, 2006 Claim Construction Opinion and Order (D.I. 304, 305), Pechiney maintained that the process used to orient a film "is completely irrelevant" to the claimed limitation "oriented" at issue in U.S. Patent 4,755,419 ("Shah '419 patent"). (D.I. 252, Pechiney's Opposition to Cryovac's Motion to Exclude Expert Testimony, at 16.) Pechiney's expert, Dr. Mount, similarly ignored the processes by which the prior art film was formed or opined that processes admittedly distinct from racking and blown bubble processes produced "oriented" films as claimed in the Shah '419 patent.

However, since receiving the Court's claim construction decision, Pechiney has been attempting to change its position. (*See* D.I. 308, Proposed Pretrial Order, Ex. 2 at 17.) Indeed,

Pechiney's present Motion is an attempt to get the Court's approval for Pechiney to offer new and changed testimony from Dr. Mount. This should not be permitted.

The Federal Rules of Civil Procedure prohibit an expert from offering at trial opinions differing from or beyond the opinions, bases, and reasons provided in his timely expert report. To the extent Dr. Mount's prior opinions were based on constructions of "oriented" inconsistent with the Court's, Dr. Mount should be precluded from changing his previous opinions or offering new opinions at trial that prior art films are "oriented" as the Court has construed that term. Thus, the April 17, 2006, Order from the Court in this regard needs no clarification or revision. Pechiney's Motion should be denied.

## II.    BACKGROUND

Under the Court's Scheduling Order, disclosure of expert testimony on issues as to which each party has the burden of proof were due May 19, 2005. (D.I. 22, §3(d).) Patent invalidity is an issue on which Pechiney has the burden of proof. 35 U.S.C. § 282; *Smith Indus. Med. Sys. Inc. v. Vital Signs, Inc.*, 183 F.3d 1347, 1356 (Fed. Cir. 1999). Thus, Dr. Mount's complete opinions addressing validity should have been submitted by May 19, 2005, and Pechiney did timely serve a report from Dr. Mount ("Initial Mount Report") addressing validity.

Thereafter, Pechiney served a second report from Dr. Mount on June 17, 2005. While termed on its face a "rebuttal," the report in fact presented new opinions and bases related to validity in view of a reference not previously addressed by Dr. Mount. Pechiney followed this with a third report from Dr. Mount on July 1, 2005, seeking to provide further new opinions related to validity. Then, on September 13, 2005, five weeks after his deposition and four weeks after the close of discovery, Pechiney submitted yet another expert report of Dr. Mount, providing still further new opinions and bases concerning validity. Pechiney never moved for

2

leave from the Court and never sought agreement from Cryovac to submit these additional reports on validity after the time provided in the Scheduling Order.

In Dr. Mount's various reports and deposition, he did not offer opinions based on the definition of "oriented" being "heated and stretched to realign the molecular configuration, this stretching accomplished by a racking or blown bubble process," as found by the Court (D.I. 305 at 1). Rather, Dr. Mount offered opinions that films were "oriented" by applying an inconsistent definition or by completely ignoring the method of stretching.

Now, one year after Pechiney should have produced "a complete statement of all opinions to be expressed and the basis and reasons therefore," Fed. R. Civ. P. 26 (a)(2)(B), Pechiney wants the Court to authorize Dr. Mount to opine at trial based on "evidence that may be introduced at trial" beyond what he relied upon in his four expert reports. (Motion at 6.)

Pechiney also asks the Court to authorize Dr. Mount to opine that films other than the Allied/Hatley film are oriented. (Motion at 6.) Noteworthy in this regard is that after the Court's Order on claim construction, Pechiney added two additional allegedly anticipatory references, Japanese Publication No. 60-27000 ("JP '000") and U.S. Patent No. 4,572,854 to Dallmann ("Dallman '854"), to the "Nature of the Case" section of the Proposed Pretrial Order. (See D.I. 308, Proposed Pretrial Order, Ex. 2 at 17.) While Dr. Mount had previously offered some opinions on these references, he never offered the opinion that films according to these references were oriented as the Court has construed the term, i.e., heated and stretched to realign the molecular configuration, this stretching accomplished by a racking or blown bubble process.[1] To the extent Pechiney is seeking leave for Dr. Mount to opine at trial that films according to

---

[1] Interestingly, in its motion Pechiney never states that Dr. Mount disclosed in his opinion that either of these films was oriented as construed by the Court. Rather, Pechiney states that Dr. Mount opined that references "anticipate" the '419 patent. What Pechiney fails to disclose is that Dr. Mount never opined that the films were oriented as that term has been construed.

3

these references are "oriented" as that term has been construed by the Court, Pechiney is seeking authorization for Dr. Mount to change his previously expressed opinions.

## III. ARGUMENT

### A. Dr. Mount Should be Precluded from Offering New Opinions not Contained in or Supported by his Expert Report

Pechiney's Motion seeks an order allowing Dr. Mount to opine that the Allied/Hatley film is "oriented" based on "evidence that may be introduced at trial <u>beyond</u> the evidence contained in the Declaration of Seymour G. Gilbert (D.I. 213)." (Motion at 6 (emphasis added).) While Pechiney does not identify the additional evidence in its Motion, the evidence is apparently beyond what has been considered by Dr. Mount. (*See* D.I. 252, Pechiney's Opposition to Cryovac's Motion to Exclude Expert Testimony, at 6-7.) In effect, Pechiney is asking the Court to authorize Dr. Mount to offer expert opinion testimony not contained in or supported by bases in his timely (or even untimely) expert reports.

Presenting new opinions from Dr. Mount at trial would violate the Court's Scheduling Order (D.I. 22, §3(d)) and the Federal Rules of Civil Procedure Rule 26(a)(2)(B). *Advanced Medical Optics, Inc. v. Alcon Inc.*, No. 03-1095-KAJ, 2005 U.S. Dist. LEXIS 5803, at *34 (D. Del. Apr. 7, 2005) (excluding expert testimony relying on bases not contained in expert report) (Exhibit A); *Cummins v. Lyle Indus.*, 93 F.3d 362, 371 (7th Cir. 1996) (affirming exclusion of expert testimony on basis not disclosed in expert report). Pechiney's Motion to allow Dr. Mount to offer opinions based on unspecified evidence at trial would further violate Federal Rule of Civil Procedure Rule 26(a)(2)(C), which requires the disclosure of expert opinions including all bases and reasons at least 90 days before the trial date.[2] Pechiney's proposal to ambush Cryovac at trial with new evidence and opinions would severely prejudice Cryovac.

---

[2] Trial is scheduled to begin on June 12, 2006, just one month from the present date.

4

The impropriety and untimeliness of Pechiney's Motion to allow Dr. Mount to provide new opinions on new bases is not negated by Pechiney's filing of this Motion under the reargument provisions of Local Rule 7.1.5.[3] Indeed, Pechiney never argued in the first place that it should be allowed to introduce at trial opinions from Dr. Mount based on evidence that may be introduced at trial beyond what he relied upon for his expert reports. To the contrary, Pechiney argued that the opinion of Dr. Mount's concerning the Hatley film was based on material Dr. Mount had previously considered. (DI 252, Pechiney's Opposition to Cryovac's Motion to Exclude Expert Testimony, at 6-7.)

### B. Dr. Mount Should be Precluded from Changing His Opinions

While Pechiney's Motion seeks the "clarification" that Dr. Mount is permitted to opine that films other than the Allied/Hatley film are oriented, Dr. Mount should not be permitted to change his opinion at trial. Just as the Court precluded Dr. Mount from testifying that the Allied/Hatley film is oriented because there was no basis for such an opinion, Dr. Mount should not be allowed to testify that prior art films are "oriented" where his previously disclosed opinions do not provide that the films were heated and stretched to realign the molecular configuration, this stretching accomplished by a racking or blown bubble process. In particular, Dr. Mount should not be able to change his position to opine that the JP '000 or Dallmann '854 references disclose such "oriented" films.

Dr. Mount never gave the opinion that the JP '000 reference disclosed films that had been heated and stretched to realign the molecular configuration, this stretching accomplished by a

---

[3] Pechiney's attempts to introduce new opinions and bases are also not justified by timing or content of the Court's April 13, 2006 Markman decision, which rejected Pechiney's improper construction of the claimed term "oriented." *Air Turbine Tech., Inc. v. Atlas Copco AB*, 410 F.3d 701, 713 (Fed. Cir. 2005) (affirming exclusion of new expert testimony in view of Markman decision, where Markman ruling was not finalized until 29 days before trial).

5

racking or blown bubble process. To the contrary, Dr. Mount opined that the product disclosed in JP '000 was oriented by "deep drawing orientation" or "deep draw molding." (Exhibit B, Initial Mount Report, pg. 36.) In his deposition, Dr. Mount further conceded that "deep draw molding" is not a racking or blown bubble process, and that there can be differences in orientation between products formed by deep draw molding compared with those formed by a blown bubble process. (Exhibit C, Mount. Depo. Tr. 201:8-203:5.)

Dr. Mount also never offered the opinion that the Dallmann '854 patent disclosed a film that had been heated and stretched to realign the molecular configuration, this stretching accomplished by a racking or blown bubble process. Indeed, although he opined that the film was "oriented" by stretching, Dr. Mount did not offer the opinion or cite any basis for contending that this stretching was accomplished by a racking or blown bubble process. (Exhibit B, Initial Mount Report, pg. 28.) Further, at his deposition, Dr. Mount testified variously that he was either "not sure" of Dallmann's definition of oriented or flatly disagreed with Dallmann's usage of the term. (Exhibit C, Mount Depo. Tr. 113:12-16, 204:2-208:3.)

Even though Dr. Mount never testified that either the JP '000 or the Dallmann '854 references disclosed films that had been heated and stretched to realign the molecular configuration, this stretching accomplished by a racking or blown bubble process, <u>after</u> the Court issued its opinion on claim construction Pechiney <u>added</u> these references as allegedly anticipatory to the "Nature of the Case" section in the Proposed Pretrial Order at 6:20 pm the night before the Proposed Pretrial Order was due. (*See* D.I. 308, Ex. 2, at 17.)

Dr. Mount should not be authorized to change his prior opinions as to how orientation was accomplished. *Voegeli v. Lewis*, 568 F.2d 89, 96-97 (5th Cir. 1977) (finding trial court's admission of changed expert opinion erroneous and prejudicial); *Licciardi v. TIG Ins. Group*,

6

140 F.3d 357, 366-7 (1st Cir. 1998) (granting new trial where prevailing party's expert had changed his opinion at trial relative to his expert report). Since Dr. Mount did not offer opinions or identify bases for opinions that the JP '000 and Dallmann '854 references disclosed "oriented" films as construed by the Court, the Court's Order barring Dr. Mount from opining that prior art films are "oriented" as that term is used in the patent is appropriate and precise. There is no "clear error" as alleged but unsubstantiated by Pechiney. (Motion at 2.)

Because Pechiney provided vague, catchall statements for the Proposed Pretrial Order regarding the prior art (D.I. 308 at 5), Cryovac cannot specifically address all the possible scenarios where Pechiney may seek to introduce new or changed opinions from Dr. Mount. Nevertheless, for the same reasons stated herein, Dr. Mount should also not be permitted to opine that other prior art films are "oriented," as that term has now been construed, where he did not previously opine that the prior art films were heated and stretched to realign the molecular configuration, this stretching accomplished by a racking or blown bubble process.

Denying Pechiney's Motion is consistent with the reasoning of the Court's Opinion concerning the Hatley film, where "there [was] no evidence in the record that the Allied [Hatley] Film was oriented in the manner stated in the patent...." (D.I. 306 at 30). Precluding Dr. Mount from changing his opinion as to why or how a prior art film is "oriented" is also proper under the Federal Rules of Civil Procedure Rule 26(a)(2)(B) and the Court's Scheduling Order requiring expert opinions on which the party has the burden of proof to have been served by May 19, 2005 (D.I.22, §3(d)).

IV. CONCLUSION

Pechiney's Motion seeking to allow Dr. Mount to offer at trial new or changed opinions is in violation of the Court's Scheduling Order, the Federal Rules of Civil Procedure, would be

highly prejudicial to Cryovac, and is not proper as a motion for reargument or clarification. Pechiney's Motion should, therefore, be denied.

Respectfully submitted,

Dated: May 12, 2006

John W. Shaw (No. 3362)
*jshaw@ycst.com*
Karen E. Keller (No. 4489)
*kkeller@ycst.com*
Michele Sherreta (No. 4651)
*msherretta@ycst.com*
YOUNG CONAWAY STARGATT &
   TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
(302) 571-6689

Of counsel:
Ford F. Farabow, Jr.
Joann M. Neth
Martin I. Fuchs
Mark J. Feldstein
Courtney B. Meeker
Rebecca D. Hess
FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
(202) 408-4000

Attorneys for Plaintiff Cryovac, Inc.