II.   Cryovac's Objections/Comments To Pechiney's Final Jury Instruction

### 14.2.1 Accused Infringer's Patents:

Pechiney's Instruction

**14.2.1 Accused Infringer's Patents**

One factor justifying a finding of non-willfulness is an accused infringer's good faith belief that it is practicing under its own patents and not infringing other patents.

Whether Pechiney applied for its own patents on its products is a relevant factor you should consider in your determination of willfulness.

AUTHORITY:   *King Instrument Corp. v. Otari Corp.*, 767 F.2d 853, 867 (Fed. Cir. 1985); *Union Carbide Corp. v. Tarancon Corp.* 742 F. Supp. 1565, 1576 (N.D. Ga. 1990); *Studiengesellschaft Kohle m.b.H. v. Dart Indus., Inc.*, 666 F. Supp. 674, 689, 694 (D. Del. 1987), *aff'd*, 862 F.2d 1564 (Fed. Cir. 1988).

**Cryovac's Objection**

*Cryovac objects to this instruction 14.2.1 because it is not applicable to the facts of this case and therefore is unnecessary and potentially confusing to the jury. See Proposed Pretrial Order, Exhibit 3 at pages 7-9 wherein Pechiney set forth its expected proofs regarding the willfulness issue. This section does not contain any proof regarding any Pechiney patents. Moreover, no legal opinion Pechiney obtained suggested that Pechiney was justified in believing that it was not infringing Cryovac's patent because Pechiney had its own patents covering the infringing product.*

*Pechiney's proposed instruction is also a misstatement of the law on this issue and is misleading. Pechiney states that: "Whether Pechiney **applied for** its own patents on its products is a relevant factor you should consider in your determination of willfulness." [emphasis added.] However, **all three** cases cited by Pechiney as authority for this proposed instruction*

Page 88

*only discuss an infringer's belief based on its own **issued patents** and "patentably distinct claims"--not merely patent **applications** that have only been filed. Contrary to the authority cited by Pechiney, in the present case Pechiney **abandoned** all of the patent applications it filed with the U.S. Patent Office that Pechiney argues covered its infringing product, and consequently none of those applications ever resulted in a valid, issued patent with any "patentably distinct claims." Therefore, the jury instruction is inapposite.*

*Pechiney's instruction is also inconsistent with Federal Circuit precedent, which focuses the willfulness inquiry on whether the infringer had a good faith basis for believing that its conduct would not violate another's patent and not how the infringer learned of the patent. <u>SRI Intern., Inc. v. Advanced Technology Laboratories, Inc.</u>, 127 F.3d 1462, 1464-65 (Fed. Cir. 1997) ("[T]he primary consideration is whether the infringer, acting in good faith and upon due inquiry, had sound reason to believe that it had the right to act in the manner that was found to be infringing.")*

II.   Cryovac's Objections/Comments To Pechiney's Final Jury Instruction

### 14.3   Notice of Infringement:

**Pechiney's Instruction**

**14.3   Notice of Infringement**

Other considerations relevant to willfulness are whether the patent owner notified the accused infringer about the alleged infringement, when that occurred, and how the accused infringer acted after receiving notice.

You can consider how vigorously Cryovac enforced its rights in the '419 patent against other potential infringers. You can also consider the timing of when the '419 patent issued, when Pechiney began making its infringing products, whether Cryovac notified Pechiney of the infringement of the '419 patent, and when Cryovac filed suit against Pechiney for infringement of the '419 patent.

AUTHORITY:   *Americal Original Corp. v. Jenkins Food Corp.*, 774 F.2d 459 (Fed. Cir. 1985); *Studiengesellschaft Kohle m.b.H. v. Dart Indus., Inc.*, 666 F. Supp. 674, 695 (D. Del. 1987), *aff'd*, 862 F.2d 1564 (Fed. Cir. 1988).

**Cryovac's Objection**

*Cryovac objects to this instruction 14.3 because it is not applicable to the facts of this case. See Proposed Pretrial Order, Exhibit 3 at pages 7-9 wherein Pechiney set forth its expected proofs regarding the willfulness issue. This section does not contain any proof regarding notice of infringement.*

*Furthermore, the authority Pechiney cites for this proposed instruction does not support such a jury instruction on "notice of infringement" because it does not state or suggest the type of language set forth in Pechiney's proposed jury instruction regarding "notice of infringement." Indeed, the only Federal Circuit authority Pechiney cites to support this jury*

instruction is <u>American Original Corp. v. Jenkins Food Corp.</u>, 774 F.2d 459 (Fed. Cir. 1985), a case wherein the infringer modified the infringing product after learning of the patent to avoid infringement. <u>Id.</u> at 465. This scenario is not applicable here. See Proposed Pretrial Order, Exhibit 3 at pages 7-9. The other case cited by Pechiney is also inapposite. In <u>Studiengesellschaft Kohle mbH v. Dart Industries, Inc.</u>, 666 F. Supp. 674, 695 (D. Del. 1987), unlike the present case, years passed between the start of the defendant's infringement and the filing of suit, and although the plaintiff was aware of the defendant's infringing activity the plaintiff did not contest the infringement for "several years." As the <u>Studiengesellschaft</u> court noted, that case was "not a case where the patentee was vigorously enforcing its patent rights." Id. Here, on the other hand, Cryovac brought suit within months of Pechiney launching its first ClearShield product.

    Pechiney's instruction is also inconsistent with Federal Circuit precedent, which focuses the willfulness inquiry on whether the infringer had a good faith basis for believing that its conduct would not violate another's patent and not how the infringer learned of the patent. <u>SRI Intern., Inc. v. Advanced Technology Laboratories, Inc.</u>, 127 F.3d 1462, 1464-65 (Fed. Cir. 1997) ("[T]he primary consideration is whether the infringer, acting in good faith and upon due inquiry, had sound reason to believe that it had the right to act in the manner that was found to be infringing.")

II.   Cryovac's Objections/Comments To Pechiney's Final Jury Instruction

### 14.4   Advice of Counsel:

**Pechiney's Instruction**

### 14.4   Advice of Counsel

Another consideration in your determination of whether or not Pechiney's infringement was willful is whether Pechiney obtained and followed the competent advice of a lawyer. The obtaining and following of a lawyer's advice can be evidence that infringement was not willful.

In evaluating Pechiney's reliance on the advice of a lawyer, you should consider when Pechiney obtained the advice, the quality of the information Pechiney provided to the lawyer, the competence of the lawyer's opinion, and whether or not Pechiney relied upon the advice.

Advice is competent if it was based upon a reasonable examination of the facts and law relating to validity and/or infringement issues, consistent with the standards and practices generally followed by competent lawyers. You should consider both the qualifications of the person giving the opinion and the content of the opinion.

Reliance on a lawyer's opinion was reasonable if the opinion provided the kind of analysis that would give the defendant confidence that a proper opinion had been reached. Because lawyers' opinions usually describe infringement in terms of probabilities rather than certainties, reliance on an opinion stating that a product might be found to infringe a patent would not necessarily be unreasonable.

That Pechiney's lawyer's opinion on infringement of the '419 patent turned out to be different from my determination on infringement does not make the lawyer's advice regarding the '419 patent incompetent. Whether or not the lawyer may have made errors in reaching the conclusion, or factors justifying the opinion may later have been shown to be incorrect, is not relevant to a determination that reliance on the lawyer's advice was or was not reasonable.

AUTHORITY: 1993 USDC Del. § 3.18 [generally]; 2004 IPAS Del. § 3.13 [generally]; ABA § 8 [generally]; *Jurgens v. CBK, Ltd.*, 80 F.3d 1566, 1572 (Fed. Cir. 1996); *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 829 n.9, 830 (Fed. Cir. 1992); *Studiengesellschaft Kohle m.b.H. v. Dart Indus., Inc.*, 666 F. Supp. 674 (D. Del. 1987), *aff'd*, 862 F.2d 1564 (Fed. Cir. 1988).

### Cryovac's Objection

*Cryovac objects to this instruction 14.4 because it is ambiguous as to the timeframe in which the jury should be determining the infringer's state of mind (first paragraph), which is at or just before the infringing activity began. Even the case law Pechiney* cites as authority for its jury instruction acknowledges that *"only the pre-infringement opinions were relevant for the purposes of determining willfulness". Studiengesellschaft Kohle mbH v. Dart Industries, Inc., 666 F. Supp. 674, 694 (D. Del. 1987). The last paragraph in Pechiney's instruction is also an incorrect statement of the law and is misleading. Pechiney's blanket statement that whether or not the lawyer made errors in reaching his conclusion "is not relevant to a determination that reliance on the lawyer's advice...was reasonable" is not accurate. Opinions that are not competent often contain errors and a lawyer's incorrectness on the basic facts and law relevant to the patent at issue are certainly relevant to a determination of whether the opinion possessed the requisite competence.*

*Cryovac's proposed jury instruction on advice of counsel, which is based on Federal Circuit decisions on this topic, is an accurate summary of the current law on this issue.*

## II. Cryovac's Objections/Comments To Pechiney's Final Jury Instruction

### 14.5   Copying or Designing Around a Patent:

**Pechiney's Instruction**

### 14.5   Copying or Designing Around a Patent

Another factor you should consider in determining willfulness is whether or not, in designing its ClearShield products, Pechiney tried to "design around" the '419 patent by designing products that Pechiney believed did not infringe the patent claims. Evidence that Pechiney attempted to avoid infringement by designing around the patent claims, even if that attempt was unsuccessful, is evidence that infringement was not willful.

The fact that Pechiney may have been wrong and that the '419 patent was infringed by Pechiney's products does not mean that Pechiney's infringement was willful. All that is required to avoid a finding of willful infringement is that Pechiney had a good faith belief that it did not infringe or that the patent was invalid, and that Pechiney's belief was reasonable under all of the circumstances.

AUTHORITY:   2004 IPAS Del. § 3.13 [generally]; ABA § 8 [modified for this case]; *Rolls-Royce, Ltd. v. GTE Valeron Corp.*, 800 F.2d 1101, 1109-10 (Fed. Cir. 1986); *State Indus. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985).

**Cryovac's Objection**

*Cryovac objects to this instruction 14.5 because it is not applicable to the facts of this case. See Proposed Pretrial Order, Exhibit 3 at pages 7-9 wherein Pechiney set forth its expected proofs regarding the willfulness issue. This section does not contain any mention of any proof regarding Pechiney designing around the '419 patent.*

*Cryovac also objects to this instruction because the first paragraph improperly implies that any attempt to design around a patent "is" evidence that infringement was not willful when*

Page 94

*a more accurate statement of the law is that such attempts **may** be evidence of good faith depending on the other circumstances surrounding the infringer's activities. The second paragraph also contains incorrect statements of the law. For example, it is not accurate to say, as Pechiney does, that "All that is required to avoid a finding of willful infringement is that Pechiney had a good faith belief that it did not infringe or that the patent was invalid, and that Pechiney's belief was reasonable". That is not "all that is required," since to avoid willful infringement Pechiney must have met its affirmative duty not to infringe the known patent rights of others, which includes obtaining competent legal advice and relying on that advice in good faith before beginning its infringing activities.*

*The second paragraph in Pechiney's proposed instruction also implies that if Pechiney was wrong about its belief that it would not infringe Cryovac's patent then Pechiney's infringement could not be willful, which is clearly not the case since other factors may prove that Pechiney's infringement was willful.*

*Cryovac's proposed jury instructions 2.2 (timing of advice), 2.3 (competency of advice), and 2.4 (good faith reliance) on advice of counsel do not suffer from any of the problems inherent in Pechiney's proposed instruction. Cryovac's instructions are based on the most applicable Federal Circuit authority and provide an accurate summary of the current law on willfulness.*

II.    Cryovac's Objections/Comments To Pechiney's Final Jury Instruction

15.    <u>Damages for Patent Infringement--in General:</u>

<u>Pechiney's Instruction</u>

15.    **Damages for Patent Infringement--in General**

If, after considering all of the evidence and the law as I have stated it, you find that claim 11 of the '419 patent was invalid, then your verdict should be for Pechiney and you need go no further in your deliberations on the patent issues.

You should not make any findings about damages in that situation.

If, however, you find that claim 11 was valid, then you must determine what damages Pechiney should pay to Cryovac for infringement. Remember, however, that you cannot award any damages to Cryovac for any infringement that occurred after the term of the '419 patent expired.

The fact that I am instructing you about damages does not mean that Cryovac is or is not entitled to recover damages. I am expressing no opinion one way or the other. These instructions are only to guide you in case you find that claim 11 was valid.

AUTHORITY:    1993 USDC Del. § 6.1 [modified]; ABA § 11.1 [generally].

<u>Cryovac's Objection</u>

*Cryovac objects to this instruction 15 because the third and fourth paragraphs contain incorrect statements on the law of damages. For example, the second sentence in the third paragraph of Pechiney's proposed instruction conflicts with the 1993 and 2004 Uniform Jury Instructions for Patent Cases in the U.S. District Court for the District of Delaware (Instructions 6.8 and 5.10, respectively) regarding "Lost Profits-Accelerated Entry/Head Start." Likewise, the last paragraph in this instruction implies that there is only a chance ("in case") Cryovac*

*could be awarded damages for Pechiney's infringement of Cryovac's patent, which conflicts with the patent statute. 35 U.S.C. § 284 states that "the court **shall** award the claimant damages adequate to compensate for the infringement." [emphasis added] Cryovac's instruction 6.1, on the other hand, conforms with the 2004 Uniform Jury Instructions for Patent Cases in the U.S. District Court for the District of Delaware, Instruction 5.1.*