# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BRUCE M. STARGATT
BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. McBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
JOSY W. INGERSOLL
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DiPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DiLIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS
RICHARD J.A. POPPER
TERESA A. CHEEK

NEILLI MULLEN WALSH
JANET Z. CHARLTON
ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
MAUREEN D. LUKE
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY
CHRISTIAN DOUGLAS WRIGHT
DANIELLE GIBBS
JOHN J. PASCHETTO
NORMAN M. POWELL

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

WWW.YOUNGCONAWAY.COM

DIRECT DIAL:  (302) 571-6689
DIRECT FAX:  (302) 576-3334
EMAIL: JSHAW@YCST.COM

LISA A. ARMSTRONG
GREGORY J. BABCOCK
JOSEPH M. BARRY
SEAN M. BEACH
DONALD J. BOWMAN, JR.
TIMOTHY P. CAIRNS
KARA HAMMOND COYLE
MARGARET M. DiBIANCA
MARY F. DUGAN
ERIN EDWARDS
KENNETH J. ENOS
IAN S. FREDERICKS
JAMES J. GALLAGHER
SEAN T. GREECHER
STEPHANIE L. HANSEN
DAWN M. JONES
RICHARD S. JULIE
KAREN E. KELLER
JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI
JOHN C. KUFFEL

KAREN E. LANTZ
TIMOTHY E. LENGKEEK
ANDREW A. LUNDGREN
MATTHEW B. LUNN
JOSEPH A. MALFITANO
ADRIA B. MARTINELLI
MICHAEL W. McDERMOTT
MARIBETH L. MINELLA
EDMON L. MORTON
D. FON MUTTAMARA-WALKER
JENNIFER R. NOEL
ADAM W. POFF
SETH J. REIDENBERG
MICHELE SHERRETTA
MONTÉ T. SQUIRE
MICHAEL P. STAFFORD
CHAD S.C. STOVER (SC ONLY)
JOHN E. TRACEY
MARGARET B. WHITEMAN
SHARON M. ZIEG

SPECIAL COUNSEL
JOHN D. McLAUGHLIN, JR.
ELENA C. NORMAN
KAREN L. PASCALE
PATRICIA A. WIDDOSS

SENIOR COUNSEL
CURTIS J. CROWTHER

OF COUNSEL
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND

May 24, 2006

**BY CM/ECF AND HAND DELIVERY**
The Honorable Kent A. Jordan
United States District Court
844 N. King Street
Wilmington, DE 19801

  Re: Cryovac, Inc. v. Pechiney Plastic Packaging, Inc., C.A. No. 04-1278-KAJ

Dear Judge Jordan:

  We submit this letter on behalf of plaintiff Cryovac, Inc., further to the Court's directive at the May 15, 2006, pre-trial conference that each party prepare a three-page submission stating its position regarding the issue of what is legally required to prove the "without justification" element of tortious interference, i.e., whether infringement is sufficient or whether proof of willful and malicious infringement is necessary.[1] As set forth herein, the American Bar Association *Model Jury Instructions,* the RESTATEMENT (SECOND) OF TORTS, and applicable case law all firmly support Cryovac's position that Pechiney's patent infringement standing alone satisfies the "without justification" element of tortious interference. Moreover, as set forth below, insofar as Pechiney submits that Cryovac is required to prove malice as part of its prima facie case because Kansas law applies,[2] under Kansas law any requirement that Cryovac prove malice is satisfied by proof of "wrongful means" alone – here Pechiney's patent infringement.

  1. <u>Pechiney's Infringement Constitutes Proof of the "Without Justification" Element for Tortious Interference.</u> RESTATEMENT (SECOND) OF TORTS § 767 cmt. c provides that "[c]onduct specifically in violation of statutory provisions or contrary to established public policy may for that reason make interference improper. . ." The American Bar Association *Model Jury Instructions*, upon which both parties' proposed instructions are based, are consistent and provide that where the fact finder determines a defendant violated a statutory provision, the fact finder also "must find that the defendant's conduct was improper, regardless of any justification that the defendant may claim."

---

[1] The references to "tortious interference" in this submission refer to claims for tortious interference with contract. Cryovac submits that the "improper interference" element is not part of the prima facie case for tortious interference with prospective relations. This dispute does not impact the proofs, however, and need not be resolved at this time.
[2] Pechiney hinted that Kansas law might be determinative at the May 15 Pre-Trial Conference, and out of an abundance of caution we will address Kansas law briefly herein. Pechiney's contention interrogatory responses and summary judgment briefing (Apr. 17 Opinion at n.11) did not hint or suggest that choice of law was determinative, and in framing the issue for this submission herein, Pechiney did not indicate that choice of law was determinative.

Young Conaway Stargatt & Taylor, LLP
The Honorable Kent A. Jordan
May 24, 2006
Page 2

*Id.* § 1.4.3 at 37 (4th ed. 2005). *See also id.* cmt. ("unlawful means on the part of the defendant destroys any claim of justification").

Extensive case law follows the Restatement and the ABA *Model Jury Instructions*. This case law demonstrates not only that unlawful acts are sufficient to satisfy the "without justification" element, but that this element does not require proof of bad or improper state of mind – the courts have held that antitrust violations and unfair competition violations suffice. The case law thus squarely refutes Pechiney's assertion that malicious and willful infringement must be found to satisfy the "without justification" element. *See, e.g., H.J., Inc. v. Int'l Tel. & Telegraph Corp.*, 867 F.2d 1531, 1548 (8th Cir. 1989) ("[Defendant's] attempted monopolization not only constituted wrongful means which deny it this 'special privilege for competitors,' but also was improper as required for tortious interference."); *Fun-Damental Too, Ltd v. Gemmy Indus., Corp.*, 1996 U.S. Dist. LEXIS 18653, at *13 (S.D.N.Y. Dec. 17, 1996) (holding that violations of the Lanham Act and proof of unfair competition in violation of statutory and common law "would constitute improper or unlawful means and meet the third requirement for stating a claim of tortious interference . . . ."); *Reading Int'l, Inc. v. Sutton Hill Capital, LLC*, 317 F. Supp. 2d 301, 334 (S.D.N.Y. 2003) ("It seems obvious that alleging violations of federal antitrust law and state statutory law should satisfy the pleading requirements for wrongful conduct. Indeed, . . . a competitor can be held liable for tortious interference with prospective contractual relations where 'unlawful restraint of trade is effected.'"); *Community Title Co. v. Roosevelt Fed. Sav. & Loan Assoc.*, 796 S.W.2d 369, 373 (Mo. 1990) ("Improper means, for purposes of intentional interference with contractual relations or business expectancy, are those means which are independently wrongful, notwithstanding injury caused by the interference."); *Briner Elec. Co. v. Sachs Elec. Co.*, 680 S.W.2d 737, 743 (Mo. Ct. App. 1984) ("Wrongful means would generally entail either an illegal act or an act that is actionable in and of itself.").

Pechiney's insistence that willful infringement is required to satisfy the "without justification" claim element likely stems from its failure to recognize that there are two distinct ways in which a plaintiff can prove that a defendant acted "without justification" – proof of improper motive *or* proof of improper means. *Top Serv. Body Shop, Inc. v. Allstate Insur. Co.*, 582 P.2d 1365, 1370 (Or. 1978) ("[E]ven when defendant's objectives are not improper, for instance the pursuit of competition or other legitimate interests, defendant may still be liable for using improper means to achieve these objectives….. Defendant's liability may arise from improper motives or from the use of improper means."); *Leigh Furniture & Carpet Co. v. Isom*, 657 P.2d 293, 307 (Utah 1982) ("Problems inherent in proving motivation or purpose make it prudent for commercial conduct to be regulated for the most part by the improper means alternative, which typically requires only a showing of particular conduct."). Accordingly, where wrongful means exist, defendant's motive need not be considered.

2. <u>Pechiney's Late Claim that Kansas Law Is Determinative Is Wrong</u>. At the May 15, 2006 pre-trial hearing, Pechiney mentioned for the first time that Kansas law applies and may be outcome determinative. We will therefore briefly address Kansas law, even though Pechiney has not disclosed its reasons for asserting that Kansas law applies.

While Kansas law identifies "malice" as an element of the tort, in practical terms this does change what Cryovac is required to prove because Kansas does not interpret the "without justification" element of the tort differently than the RESTATEMENT. Kansas courts applying the stated "malice" requirement only discuss proof by way of improper motive, not improper means, and these cases thus do not shed light on how Kansas law would deal with proof of the "without

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Kent A. Jordan
May 24, 2006
Page 3

justification" element by way of improper means (such as a patent infringement). The Kansas cases which address the "without justification" element in the context of proof by improper means are informative: the cases hold that, under Kansas law, proof of an unlawful act alone satisfies this claim element. *See Reazin v. Blue Cross and Blue Shield of Kansas, Inc.*, 663 F. Supp 1360, 1429 (D. Kan. 1987) (denying defendant's post-trial argument that jury instructions were erroneous because they permitted jury to find interference without finding intentional misconduct and noting that "[i]f anything, the instructions on tortious interference imposed on plaintiff [] a stricter burden of proof than is otherwise required, given the predicate findings of antitrust violations.") (citing RESTATEMENT § 767, cmt. d), *aff'd in part and rev'd in part on other grounds*, 899 F.2d 951 (10th Cir. 1990). Finally, Kansas cases cite RESTATEMENT 767 frequently, there is no reason to believe Kansas would reject RESTATEMENT § 767 cmt. c or the cases from other jurisdictions discussed above. *See OMB Police Supply, Inc. v. Elbeco, Inc.*, 2001 U.S. Dist. LEXIS 8310, at *13 (D. Kan. May 10, 2001) ("In *Turner*, the Kansas Supreme Court cited approvingly Section 767 of the RESTATEMENT. This Court predicts that the Kansas Supreme Court would similarly approve comment c to that section.") (holding that alleged antitrust violation satisfies without justification element).

Finally, it is not clear that Kansas law even applies, and without a detailed factual presentation it cannot be stated with any certainty which of five possible states' laws will govern. Illinois (Pechiney's principal place of business, where it developed ClearShield, and the origin of many or most of the communications leading to National's breach), South Carolina (location of the plants which lost the National business and Cryovac's principal place of business), Missouri (National's principal place of business and where National made the decision to breach), or Delaware (Cryovac's, Pechiney's state of formation, and the only state with a common tie to all parties) all may control; all are consistent with the RESTATEMENT analysis. Moreover, when choice of law is difficult to ascertain, the policies of RESTATEMENT (SECOND) OF CONFLICT OF LAWS indicate that selecting Delaware law is the best course of action. *See Bickling v. Kent Gen. Hosp.*, 872 F. Supp. 1299, 1306 & n.1 (D. Del. 1994) (ease of determination points to forum law and along with uniformity and certainty of result) and RESTATEMENT §6(g). Moreover, "the Restatement test does not authorize a court to simply add up the interests on both sides of the equation and automatically apply the law of the jurisdiction meeting the highest number of contacts . . . . " *Travelers Indem. Co. v. Lake*, 594 A.2d 38, 48 (Del. 1991).

Suffice it to say, the choice of law analysis is highly factual. In this circumstance, Kansas law does not appear to be different on the law of improper means as proof of the relevant tort element, and the interests of uniformity and judicial economy likely dictate that Delaware law applies in any event.

Respectfully submitted,

John W. Shaw
No. 3362

cc:   Clerk of the Court (by hand delivery)
      N. Richard Powers (by CM/ECF and hand delivery)