

**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington DE 19899
TEL (302) 658 9141
FAX (302) 658 5614

N. Richard Powers
Counsel

TEL (302) 888-6316
FAX (302) 658-5614
EMAIL npowers@cblh.com
REPLY TO Wilmington Office

WEB www.cblhlaw.com

May 24, 2006

***VIA HAND DELIVERY***
Honorable Kent A. Jordan
J. Caleb Boggs Federal Building
844 N. King Street, Room 6325
Wilmington, DE 19801

Re: *Cyrovac, Inc. v. Pechiney Plastic Packaging, Inc.*, No. 04-1278-KAJ

Dear Judge Jordan:

As you requested at our initial pre-trial conference, we are providing the following list of the outstanding items that Pechiney believes remain to be discussed at the continued pre-trial hearing conference tomorrow:

*Motions in Limine*

1. *Pechiney M-I-L No.1* -- Whether Karl Deily, a Cryovac executive, should be permitted to testify as to the alleged unacceptability to customers of the bone-in meat packaging products sold by its competitor, Curwood, and as to trade usage in the meat packaging industry. Cryovac's intent to introduce trade usage evidence was raised in a Cryovac pretrial order submission that was provided to Pechiney on the same day the parties exchanged their motions in limine (Pretrial Order, Ex. 2, Essential Facts in Issue and Cryovac's Expected Proofs Thereon, at 7). In Pechiney's response to this Cryovac submission on trade usage, provided on April 5, 2006, Pechiney notified Cryovac that if Cryovac intended to introduce trade usage testimony through Karl Deily Pechiney's motion in limine would also seek to bar this testimony: " To the extent that Cryovac seeks to introduce such evidence through Karl Deily, Pechiney has filed a motion in limine seeking to bar Mr. Deily from giving improper opinion testimony of this type. That motion should also be construed to bar similar testimony by any other Cryovac witness." (Pretrial Order, Ex. 3: Pechiney's Essential Facts at Issue and Expected Proofs Thereon, at 13-14). Two weeks later, on April 17, 2006, Cryovac provided Pechiney with its response to Pechiney's motions in limine, but did not include a discussion of Deily's testimony concerning trade usage.

2. *Pechiney M-I-L No. 2* -- Whether James Nawrocki, Cryovac's damages expert, should be permitted to give opinions which Pechiney contends were not previously disclosed in his expert reports.

Honorable Kent A. Jordan
May 24, 2006
Page 2

3. *Cryovac M-I-L No. 4* -- Whether extrinsic evidence should be admitted to determine whether Cryovac's alleged contracts with National Beef are binding and interpret the meaning of these alleged contracts and specifically a) whether evidence of National Beef's own understanding of the alleged contracts, as conveyed to Pechiney and Cryovac during negotiations, should be admitted; and b) whether evidence concerning representative contracts in the industry should be admitted on the grounds that Cryovac itself has proposed an instruction on trade usage as a method for deciding whether its alleged contracts with National Beef are binding and to interpret the meaning of these alleged contracts (Cryovac Instruction 3.3.5).

*Jury Instructions*

1. *Instructions Regarding Proof of Wrongful Conduct for Tortious Interference* -- Whether the "wrongful conduct" element of Cryovac's tortious interference claims requires (1) mere infringement, without more, as Cryovac claims (citing the Restatement (Second) of Torts, Section 767); (2) actual malice, as Pechiney claims (based on Kansas law); or (3) proof that defendant acted without justification and with illicit motives, a standard of proof that Pechiney claims in the alternative, assuming that the Court does not apply Kansas law, but instead applies the law of South Carolina or Delaware. [Instructions affected: Pechiney Instructions 16.8, 16.9, 18.4, 18.5, 18.6, 18.8; Cryovac Instructions 3.5.2, 3.6, 4.5.2, 4.6].

2. *Instructions regarding Causation* -- Whether Cryovac must prove that Pechiney's infringement was the cause of National Beef's decision to buy from Pechiney, as Pechiney contends, or whether even conduct of Pechiney's that was not wrongful or improper can be the cause, as Cryovac contends. [Instructions affected: Pechiney Instructions 16.1, 16.11, 18.1, 18.7; Cryovac Instructions 3.2, 3.5.3, 3.5.4, 4.2, 4.5.3, 4.5.4].

3. *Instructions regarding Marking* -- Whether Cryovac must prove as part of its case in chief the date on which it gave notice to Pechiney (through marking or otherwise) of Pechiney's infringement, as Pechiney contends; or whether marking is an affirmative defense that is waived unless first raised by Pechiney, as Cryovac contends. [Instructions affected: Pechiney Instruction 15.2].

Very truly yours,

N. Richard Powers

cc: John W. Shaw (via e-mail)
Ford F. Farabow (via e-mail)
466675