IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYOVAC INC., ) | |
| ) | |
| Plaintiff/Counter-Defendant, ) | |
| ) | |
| v. ) | Civil Action No. 04-1278-KAJ |
| ) | |
| PECHINEY PLASTIC PACKAGING, ) | |
| INC., ) | |
| ) | |
| Defendant/Counter-Plaintiff. ) | |

**MEMORANDUM ORDER**

**I.    INTRODUCTION**

Before me are two disputes brought by plaintiff Cryovac, Inc. ("Cryovac") and Pechiney Plastic Packaging, Inc. ("Pechiney") over the appropriate jury instructions to be used for Cryovac's tortious interference with contract and tortious interference with prospective contractual relations claims. (See Docket Item ["D.I."] 333, 335, 336, 337.) For the reasons that follow, Pechiney's Objections to Cryovac's proposed instruction on the standard for conduct without justification will be overruled, and Cryovac's Objections to Pechiney's proposed instruction on causation will be overruled.

**II.   DISCUSSION**

Pechiney asserts that Kansas law should apply to Cryovac's tortious interference claims, because Kansas is the state with the most contacts to this dispute. (D.I. 333 at 1-2.) Although Cryovac disputes this assertion, it claims that even if Kansas law does apply, Kansas law is not different than the law of other states on proof of the 'without justification' element of a tortious interference claim. I assume, without deciding, that Kansas law does apply. A claim for tortious interference with contract requires proof of

the following elements: "(1) the contract; (2) the wrongdoer's knowledge thereof; (3) his intentional procurement of its breach; (4) the absence of justification; and (5) damages resulting therefrom. *Dickens v. Snodgrass, Dunlap & Co.*, 872 P.2d 252, 257 (Kan. 1994).[1] The parties dispute whether, in proving that Pechiney acted without justification, Cryovac must prove that Pechiney acted with actual malice, as Pechiney contends, or whether proof of a statutory violation is sufficient, as Cryovac contends. (*See* D.I. 333, 336.) The parties also dispute whether Cryovac must show that Pechiney's wrongful conduct caused Cryovac's injury, as Pechiney contends, or whether it is sufficient for Cryovac to show that Pechiney's conduct as a whole caused Cryovac's injury. (*See* D.I. 335, 337.)

### A.     Without Justification

In *Turner v. Halliburton Co.*, 722 P.2d 1106 (Kan. 1986), the Kansas Supreme Court stated that a claim of tortious interference with contract is "predicated on malicious conduct by the defendant." *Id.* at 1115. Pechiney claims that this decision by the Kansas Supreme Court means that, for Cryovac to prove that Pechiney's conduct was done without justificiation, it must show that Pechiney acted with actual malice. (D.I. 333 at 2-3.) Cryovac, however, relies on comment c to the Restatement (Second) of Torts § 767, which states, in relevant part:

> Conduct specifically in violation of statutory provisions or contrary to established public policy may for that reason make an interference improper. This may be true, for example, of conduct that is in violation of antitrust provisions or is in restraint of trade or of conduct that is in

---

[1] Tortious interference with prospective contractual relations also requires proof of unjustified conduct by the defendant, and causation. *Turner v. Halliburton Co.*, 722 P.2d 1106, 1115 (Kan. 1986).

2

> violation of statutes, regulations, or judicial or administrative holdings regarding labor relations.

Thus, Cryovac argues, actual malice is not required, and a statutory violation, such as patent infringement, is sufficient to show that Pechiney acted without justification. (D.I. 336 at 1-2.)

The District Court for the District of Kansas, which is required to interpret Kansas law regularly, has dealt with the issue of whether the Kansas Supreme Court would find that comment c to § 767 is in line with Kansas law. *OMB Police Supply, Inc. v. Elbeco, Inc.*, No. CIV. A. 00-2518-KHV, 2001 WL 681575 (D.Kan. May 11, 2001). That court, found that "[i]n *Turner*, the Kansas Supreme Court cited approvingly Section 767 of the Restatement. This Court predicts that the Kansas Supreme Court would similarly approve comment c to that section. Accordingly, plaintiff's allegations of a violation of antitrust laws is sufficient to establish 'intentional misconduct' by defendants." *Id.* at *5. I agree with that reading of Kansas law, and find that Cryovac can establish that Pechiney acted without justification by showing that Pechiney engaged in "conduct specifically in violation of statutory provisions or contrary to established public policy."

### B.     Causation

Cryovac claims that, to prevail on its tortious interference claims, it must show only that Pechiney's conduct as a whole caused its injury. (D.I. 337.) Cryovac's proposed instruction 3.5.2 asserts that, because I have already determined that Pechiney infringes the '419 patent, the jury should therefore find causation has been established. (D.I. 326 at 64.) Pechiney, however, contends that Cryovac must show that Pechiney's unjustified conduct caused Cryovac's alleged injury. (D.I. 335.)

3

Essentially, Cryovac's instruction presumes causation as long as some wrongful conduct is shown. Cryovac's proposed instruction, however, is not supported by the cases that it cites. *See Conoco Inc. v. Inman Oil Co., Inc.*, 774 F.2d 895, 907 (8th Cir. 1985) (after finding that defendant's act of bidding against plaintiff interfered with plaintiff's contract, examining "whether [defendant]'s act of bidding against [plaintiff] to obtain for itself [plaintiff]'s pre-existing customer constitutes 'wrongful means.'"); *H.J., Inc. v. Int'l Tel. & Tel. Corp.*, 867 F.2d 1531, 1548 (8th Cir. 1989) (finding that "[t]here is no question that [defendant]'s lower price induced customers of [plaintiff] to buy hoists from [defendant]" and that "[defendant]'s attempted monopolization ... constituted 'wrongful means'"). In both of the cases relied on by Cryovac, the court analyzed whether the defendant's wrongful conduct caused the plaintiff's injury. *See also Fitzpatrick v. Catholic Bishop of Chicago*, 916 F.2d 1254, 1256 (7th Cir. 1990) (stating that tortious interference requires a "breach of contract caused by the defendant's wrongful conduct"). Furthermore, it would be unjust if a jury could find that an intervening or unrelated cause explained Cryovac's loss of business, and yet still find that, because Pechiney infringed Cryovac's patent, Pechiney is liable for damages for the lost business. In short, Cryovac must show that it was the infringement, i.e., the unjustified conduct, that caused the breakdown in Cryovac's contractual relationship.

## III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the "without justification" element of Cryovac's tortious interference claim requires proof only of "conduct specifically in violation of statutory provisions or contrary to established public policy," as is required

4

by Restatement (Second) of Torts § 767 cmt c, and that Pechiney's objections to that instruction are OVERRULED. IT IS FURTHER ORDERED that to prove causation, Cryovac must show that Pechiney's wrongful conduct caused Cryovac's injury, and that Cryovac's objections to this instruction are OVERRULED. By these rulings, I do not foreclose further discussion between the parties, or decisions by the court, on appropriate wording for the instructions in question.

/s/ Kent C. Jordan
UNITED STATES DISTRICT JUDGE

May 25, 2006
Wilmington, Delaware