IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYOVAC, INC., ) | |
| ) | |
| Plaintiff/Counter-Defendant. ) | Civil Action No. 04-1278-KAJ |
| ) | |
| vs. ) | Hon. Kent A. Jordan |
| ) | |
| PECHINEY PLASTIC PACKAGING, INC., ) | |
| ) | |
| Defendant/Counter-Plaintiff. ) | |
| ) | |

**PECHINEY'S MOTION FOR CLARIFICATION
OF THE COURT'S ORDER DATED MAY 25, 2006**

Pechiney Plastic Packaging, Inc. ("Pechiney") moves pursuant to Local Rule 7.1.5 for clarification of this Court's Order dated May 25, 2006. The Court's Order stated that: "By these rulings, I do not foreclose further discussion between the parties, or decisions by the court, on appropriate wording for the instructions in question." (*Id.*) In accordance with the Court's statement, Pechiney seeks, through this motion, to clarify Cryovac's burden of proof prior to the start of trial.[1] In support of this motion Pechiney states as follows:

1. Local Rule 7.1.5 allows for a motion for re-argument following the filing of any opinion or decision by the Court. Pursuant to a motion for re-argument, "a court may alter or amend its judgment if the movant demonstrates …. a need to correct a clear error of law or fact or to prevent manifest injustice." *Medtronic Ave., Inc. v. Lordes Corp.*, No. Civ. 03-402-SLR, 2003 WL 23112268,*1 (D. Del. Dec. 11, 2003). The present motion is a motion for clarification rather than re-argument, and should therefore be granted even if the Court finds that the requirements for re-argument have not been satisfied. *See Mukasa v. Balick & Balick*, No. L.A.

---

[1] This motion should not be construed as waiver of the arguments Pechiney made in its May 24, 2006 submission to the Court on this issue. *See* D.I. 333.

-2-

02-218-GMS, 2002 WL 31230813,*1 (D. Del. Sept. 26, 2006) (treating "Motion for Reargument/Clarification" solely as a motion for clarification because there was "no support for a motion for re-argument"). In the event, however, that this Court considers it to be a motion for re-argument, the requirements for re-argument are met and the motion should be granted because the ambiguity in the Court's Order of May 25, 2006, constitutes "clear error" requiring correction.

2. This Court's Order of May 25, 2006, held, in part, that "the 'without justification' element of Cryovac's tortious interference claim requires proof only of 'conduct specifically in violation of statutory provisions or contrary to established public policy,' as is required by Restatement (Second) of Torts § 767 cmt c, and that Pechiney's objections to that instruction are OVERRULED." (D.I. 342 at 5.)

3. As it is currently worded, this part of the Court's Order could be interpreted as allowing Cryovac to argue that it has already established both (a) the "without justification" element and (b) the wrongful or improper conduct elements of tortious interference as a matter of law. Indeed, the Cryovac proposed jury instructions[2] would foreclose the jury from even considering Pechiney's motive in determining satisfaction of either element. This result would directly contradict both Section 767 of the Restatement and Comment c. Furthermore, this result is not supported by any of the case law cited by Cryovac. As a result Pechiney moves for clarification on this point.

4. The Cryovac proposed jury instructions at issue incorrectly state that because the Court has already found that Pechiney had infringed the '419 patent, Cryovac has already satisfied its burden of proof with respect to the wrongful conduct elements of tortious

---

[2] *See* Cryovac Proposed Instructions 3.6, 3.5.2, 4.5.2 and 4.6.

-2-

-3-

interference as a matter of law. (*See* Cryovac Proposed Instruction 3.6 ("In this case, I have already determined that Pechiney infringes the '419 patent. You should therefore, find this element satisfied."); *see also* Cryovac's Proposed Instructions 3.5.2, 4.5.2 and 4.6 (containing identical or similar language).[3]

     5.     Contrary to Cryovac's proposed instructions, Restatement § 767 requires the jury to consider a number of factors in determining whether an actor's conduct is proper or improper, including the motives of the defendant. Specifically, the Restatement (Second) of Torts § 767 provides: "In determining whether an actor's conduct in intentionally interfering with a contract or a prospective contractual relation of another is improper or not, *consideration is given to the following factors*: (a) the nature of the actor's conduct, (b) *the actor's motive*, (c) the interests of the other with which the actor's conduct interferes, (d) the interests sought to be advanced by the actor, (e) the social interests in protecting the freedom of action of the actor and the contractual interests of the other, (f) the proximity or remoteness of the actor's conduct to the interference and (g) the relations between the parties. *Id.*(emphasis added).

     6.     Furthermore, Comment c to the Restatement, cited by Cryovac in support of its proposed instructions, is phrased permissively, not mandatorily: "Conduct specifically in violation of statutory provisions or contrary to established public policy ***may*** for that reason make an interference improper." Rest. 2d § 767, cmt. c (emphasis added).

     7.     Therefore, the Restatement requires that the jury consider a number of different factors in determining whether an actor's conduct is proper or improper and that the actor's violation of a statute ***may***, based on the consideration of those factors, amount to improper conduct. Cryovac's proposed jury instructions, stating that non-willful patent infringement *has*

---

[3] See D.I. 326 for Cryovac's Proposed Jury Instructions.

*already been determined to satisfy* the "without justification" and improper/wrongful conduct elements as a matter of law would improperly foreclose the jury from applying the factors that the Restatement explicitly states they should consider.

8.  Of these factors, "the actor's motive" is specifically listed as one of the primary factors the jury should consider in determining whether the actor's conduct was "wrongful" for purposes of proving a claim for tortious interference.. None of Cryovac's cases support an argument that a statutory violation such as patent infringement, which does not require proof of any improper motive or intent, is sufficient to establish wrongful conduct for tortious interference, as a matter of law. The court's decision in *OMB Police Supply, Inc. v. Elbeco, Inc.*, 2001 WL 681575 (D. Kan. May 11, 2001), relied upon by Cryovac during oral argument, demonstrates this point. In this case, the plaintiff alleged antitrust violations and tortious interference. On defendant's motion to dismiss, the court addressed the issue of whether the plaintiff properly pleaded malice, even though the plaintiff had also alleged antitrust violations. *Id.* at *4-5 (addressing the issues of malice and whether the antitrust violation alleged satisfied the requirement for "intentional misconduct" for tortious interference). The court found that the plaintiff had satisfied its burden of pleading malice by alleging that "defendants *intentionally conspired* to restrain trade and fix prices, which is sufficient to allege malice by implication." *Id.* at *4 (emphasis added). In contrast, the Court's finding of patent infringement in this case is not sufficient to satisfy the element of malice or wrongful conduct required to prevail on a claim of tortious interference because patent infringement, unlike a price-fixing conspiracy, does not require proof of intentional misconduct.

9.  Similarly, the other cases cited by Cryovac do not support an instruction that would prevent the jury from considering the actor's motive solely because the case involved a

statutory violation. *See, e.g., H.J., Inc. v. Int'l Telephone & Telegraph Corp.,* 867 F.2d 1531, 1548, 1540 (8th Cir. 1989) (citing a Restatement comment that states that an "actor's interference is improper under the Rule stated in this Section if his conduct *is intended illegally to restrain trade*" and involving antitrust claims of attempted monopolization which requires the defendant "specifically intended to control prices or destroy competition in some part of commerce….") (emphasis added); *Fun-Damental Too, Ltd. v. Gemmy Indus. Corp.,* 1996 U.S. Dist. LEXIS 18653 (S.D.N.Y. Dec. 16, 1996) (involving a motion to dismiss tortious interference claims based on Lanham Act and unfair competition allegations that the defendant produced a "knock off" of the plaintiff's product and where the court in a previous opinion had stated that "[t]here can be no doubt, despite Flaherty's occasional denials, that defendants' product was copied intentionally with plaintiff's as a model" *see Fun-Damental Too, Ltd. v. Gemmy Indus. Corp.,* 1996 WL 125641, * 10 (S.D.N.Y. Mar. 21, 1996)); *Reading Int'l, Inc. v. Oaktree Capital Mgmt.,* 317 F. Supp. 2d 301, 324 (S.D.N.Y. 2003) (deciding a motion to dismiss and involving antitrust violations including attempted monopolization, which requires "a specific intent to monopolize"); *Top Serv. Body Shop, Inc. v. Allstate Ins.,* 582 P.2d 1365, 1373-74 (D. Ore. 1978) (involving, among other things, claims of disparagement); *Leigh Furniture & Carpet Co. v. Isom,* 657 P.2d 293, 308-09 (Ut. 1982) (addressing situation where the defendant had "use[d] … civil litigation as a weapon to damage another's business").

  10. Pursuant to Local Rule 7.1.1, Pechiney has conferred with counsel for Cryovac. Cryovac does not consent.

  WHEREFORE, Pechiney respectfully requests that this Court:

  (i) Clarify the Court's Order Dated May 25, 2006; and

-5-

(ii)    Amend its Order of May 25, 2006, to clarify that although Cryovac may argue that patent infringement alone satisfies the without justification and the wrongful conduct element, Cryovac cannot argue that mere patent infringement establishes, as a matter of law, that Pechiney engaged in the improper conduct required to prove tortious interference.

Respectfully submitted,

PECHINEY PLASTIC PACKAGING, INC.

Dated: June 2, 2006         By:   /s/ N. Richard Powers
                                  N. Richard Powers

N. Richard Powers (#494)
Rudolf E. Hutz (#484)
CONNOLLY BOVE LODGE & HUTZ
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207
Tel: (302)888-6266


Donald R. Cassling (Admitted *pro hac vice*)
Steven R. Trybus (Admitted *pro hac vice*)
Shelley Smith (Admitted *pro hac vice*)
Patrick L. Patras (Admitted *pro hac vice*)
Brian P. O'Donnell (Admitted *pro hac vice*)
Gregory D. Bonifield (Admitted *pro hac vice*)
Joseph A. Schouten (Admitted *pro hac vice*)
Sara E. Tonnies (Admitted *pro hac vice*)
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL 60611
Telephone: (312)222-9350

CHICAGO_1410931_1

## CERTIFICATE OF SERVICE

I hereby certify that I caused true and correct copies of Pechiney's Motion for Clarification of the Court's Order Dated May 26, 2006 to be served on:

**VIA ELECTRONIC MAIL
AND HAND DELIVERY**
John W. Shaw, Esq.
Karen E. Keller, Esq.
YOUNG, CONAWAY, STARGATT,
 & TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
Fax: (302) 576-3334

**VIA ELECTRONIC MAIL
AND FIRST CLASS MAIL**
Ford F. Farabow, Esq.
Joann M. Neth, Esq.
Michael J. Flibbert, Esq.
Courtney B. Meeker, Esq.
FINNEGAN, HENDERSON, FARABOW,
 & GARRETT & DUNNER, LLP
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
Fax:  (202) 408-4400

This 2nd day of June, 2006.

/s/ N. Richard Powers

CHICAGO_1410931_1