# TAB 1



# ClearView
## YOUR SOURCE FOR ClearShield NEWS
CLEARLY SUPERIOR PUNCTURE PROTECTION

ISSUE 1    January 26, 2004

## In Development

### Countdown To Clearshield™

For Pechiney's packaging customers, October's AMI/WWF Expo marked the introduction of the revolutionary ClearShield bone-in shrink bag. But for Pechiney's Meat and Dairy Flexible Packaging Group, it represented an important step in its continuing commitment to meet and even anticipate the demands of the packaging market.

As Pechiney and meat processors count down to completion of the Tulsa manufacturing plant and commercial production of ClearShield bone-in shrink bags, the fresh meat industry can expect a breakthrough alternative to traditional bone protection patches.

Vice President and General Manager Bob Taylor explains the remarkable innovation behind the new patchless bags. "We've developed a new technology platform that will enable our customers to realize significant new benefits in bone-in bags."

ClearShield eliminates the drawbacks of patch bags, while providing total perimeter puncture resistance, even in the sealing area. A proprietary coextrusion technology uses no patches or additional lamination layer and results in a bone-in bag that saves labor and money.



Vice President and General Manager Bob Taylor

What's more important, in Taylor's mind, is the fact that ClearShield is meeting a real customer need. "For the first time, customers have a real competitive alternative to the bone-in bags they've been accustomed to," he says. "We're delivering real solutions to the marketplace."

### "For the first time, customers have a real competitive alternative to the bone-in bags they've been accustomed to."

Taylor says it is Pechiney's culture of innovation and its goal to stay close to its customers that helped Pechiney developers look at bone-in packaging in a new way. "We looked at what processors – and their customers – needed. And we built a better bone-in bag." ⌐

## Progress Report



# 56
# DAYS
**to Clearshield™ Production!**

*Pechiney is on target for a March 22, 2004, production launch.*

## Package Applications

### Ham, Butt And Shank Cuts

Ideal for a variety of bone-in beef and pork cuts, ClearShield patchless bags eliminate the need for costly caps and absorbent pads in ham packaging.



# TAB 2

LEXSEE 2004 BANKR. LEXIS 1027

**In re: AMES DEPARTMENT STORES, INC., et al.. Debtors. NWL HOLDINGS, INC., Plaintiff, v. EDEN CENTER, INC., Defendant.**

**Chapter 11, Case No. 01–42217 (REG) (Jointly Administered), Adv No. 04–3072(REG)**

**UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

*2004 Bankr. LEXIS 1027*

**June 25, 2004, Decided**

**SUBSEQUENT HISTORY:** Injunction granted at *NWL Holdings, Inc. v. Eden Ctr., Inc. (In re Ames Dep't Stores, Inc.), 317 B.R. 260, 2004 Bankr. LEXIS 1278 (Bankr. S.D.N.Y., 2004)*

**DISPOSITION:** [*1] Defendant's motion to quash subpoena served by plaintiff denied.

**LexisNexis(R) Headnotes**

*Civil Procedure > Pretrial Matters > Subpoenas*
[HN1] *Fed. R. Civ. P. 45* limitations on subpoenas on non-parties are not applicable when the subpoenaed person is a party, or an officer of one.

*Civil Procedure > Pretrial Matters > Subpoenas*
[HN2] See *Fed. R. Civ. P. 45(b)(2).*

*Civil Procedure > Pleading & Practice > Motion Practice > Time Limitations*
*Civil Procedure > Pretrial Matters > Subpoenas*
[HN3] See *Fed. R. Civ. P. 45(c)(3)(A)(ii).*

**COUNSEL:** For Eden Center, Inc., defendant: H. Jason Gold, Esq., Todd Bromberg, Esq., Dylan G. Trache, Esq., Wiley Rein & Fielding LLP, McLean, Virginia.

For NWL Holdings, Inc., plaintiff: Howard Schub, Esq., Kasowitz, Benson, Torres & Friedman LLP, New York, New York.

**JUDGES:** Robert E. Gerber, United States Bankruptcy Judge.

**OPINIONBY:** Robert E. Gerber

**OPINION:**

DECISION AND ORDER ON MOTION TO QUASH n1

n1 Subject to cite checking and technical corrections.

Eden Center, Inc., the defendant in this adversary proceeding under the umbrella of a case under chapter 11 of the Bankruptcy Code, moves to quash the subpoena served by plaintiff NWL Holdings, Inc., requiring the attendance of Eden Center's president, Norman Ebenstein, a resident of Florida, at trial here in New York. Eden Center's motion is denied.

Eden Center contends that NWL's subpoena requires Mr. Ebenstein to travel more than 100 miles to the trial, from without the district, and hence must be quashed. NWL responds by asserting [*2] that the 100-mile limitation pertains only to subpoenas on nonparties, and that the limitation is inapplicable where, as here, one party seeks to compel the attendance of an officer of another party.

The Court agrees with NWL. Though the caselaw and commentary are not uniform—in no small part by reason of reliance by courts and commentary on caselaw preceding 1991 amendments to the Federal Rules—this Court believes that the correct view is that [HN1] limitations on subpoenas on non-parties are not applicable when the subpoenaed person is a party, or an officer of one.

*Fed.R.Civ.P. Rule 45(b)* provides, in relevant part:

…

(2) [HN2] *Subject to the provisions of clause (ii) of subparagraph (c)(3)(A) of this rule,* a subpoena may be served at any place within the district of the court by which it is issued, or at any place without the district

that is within 100 miles of the place of the deposition, hearing, trial, production, or inspection specified in the subpoena … .

(Emphasis added).

That *subparagraph (c)(3)(A)*—which is part of a paragraph dealing generally with protection of persons subject to subpoenas—provides, in relevant [*3] part:

> [HN3] On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
>
> …
>
>> (ii) requires a person *who is not a party or an officer of a party* to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person… .

(Emphasis added).

*Rule 45(c)(3)(A)(ii)* grants the ability to quash, based on a travel obligation of more than 100 miles, where the subpoenaed person "is not a party or an officer of a party." Since that provision easily could have been drafted, if it had been the rulemaking intent, to simply omit the italicized language and make its provisions applicable to "a person" generally, the compelling interpretation is that its application is limited to those persons who are particularly described—*i.e.*, to non-parties or their officers.

Then, the ability to serve a subpoena in the first place—granted under *Rule 45(b)*—is expressly made subject to the provisions of subparagraph *(c)(3)(A)*. n2 The Court notes that *Fed.R.Civ.P. 45* was amended in 1991, at which time the present paragraph (c) was added, [*4] as was the qualifying condition in paragraph (b) that refers to subparagraph *(c)(3)(A)*. Eden Center properly observes, in its letter reply, that the Committee Notes to the 1991 amendments n3 say that subparagraph *(c)(3)(A)* "restates the former provisions with respect to the limits of mandatory travel that are set forth in the former paragraphs *(d)(2)* and *(e)(1)* with one important change," and that the change the Advisory Committee referred to was a different one, unrelated to this controversy. But it is noteworthy, in this Court's view, that the pre–1991 Rule did not by its terms make distinctions between parties and non–parties, and thereafter it did.

n2 One of the cases upon which Eden Center relies, *Johnson v. Land O' Lakes, Inc., 181 F.R.D. 388, 396–397 (N.D. Iowa 1998)* ("Land O' Lakes"), attaches a different meaning to the "subject to" language, and does not find it relevant to the subpoena power there granted, though it does find it relevant to motions to quash. This Court, with respect, cannot agree with its conclusion, and agrees instead with a later decision in the Northern District of Iowa that also disagreed with the *Land O' Lakes* conclusion. *See* below.

[*5]

n3 Eden Center's other point based on the Committee Notes—its reliance on the observation that the newly added subdivision (c) "is not intended to diminish rights conferred by *Rules 26–37* or any other authority" is not relevant, however, as this dispute does not involve either a discovery subpoena, which could in many cases involve *Rules 26–37* concerns, or reliance by either party on "other authority."

That suggests to this Court either that the Rule always contemplated such a distinction (and that the 1991 amendments confirmed or codified it), n4 or that it was an additional change not mentioned. In any event, it seems clear to this Court that the addition of the words "who is not a party or an officer of a party," as part of the 1991 amendments, to language that did not previously include it, was not inadvertent, and is significant.

n4 *See Mason v. Texaco, Inc., 741 F. Supp. 1472, 1504 (D. Kan. 1990)* (pre–1991 amendments case). On a motion for judgment N.O.V. or alternatively for a new trial, asserting error in the original trial, the court observed:

> Defendant also alleges error for compelling the attendance of Ron Richards, a Texaco employee, in plaintiff's case in chief… Although Mr. Richards resides more than 100 miles from this district, he is Texaco for purposes of this lawsuit, and thus a party to the action. The court does not believe that the limitation of *Fed. R. Civ. P. 45(e)* [where the 100 mile rule appeared at the time] applies to this situation, particularly considering defendant's stated intention to call this key witness in any event.

2004 Bankr. LEXIS 1027, *5

[*6]

As noted, the caselaw and commentary is mixed, and there is some that does indeed support Eden Center's position. But only one of Eden Center's cases or secondary authority sources even addresses the "who is not a party or an officer of a party" language. The others either predated the 1991 amendments, and thus had no opportunity to address the significance of the "who is not a party or an officer of a party" language, or failed to address it for unknown reasons. *In re Vienna Park Properties,* n5 relied on by Eden Center in its motion, is in the former category. As that decision (which quoted the relevant portion of *Rule 45* at the time) makes clear, the key language was not then in the Rule. Another case upon which Eden Center relies, *Smith v. Chason,* n6 while decided after the 1991 amendments, did not discuss the "who is not a party or an officer of a party" language, and relied only on pre-1991 authority. n7 Similarly, while *Wright & Miller,* n8 relied on by Eden Center in its motion, does indeed say that the 100-mile limit "applies to a party as well as to an ordinary witness," n9 it cites only a single 1967 case for that view, n10 and inexplicably fails to address either [*7] the "*who is not a party or an officer of a party*" language, or the later contrary caselaw, discussed above. Its observations in this respect cannot be regarded as persuasive for that reason. n11

n5 *120 B.R. 320 (Bankr. S.D.N.Y. 1990), vacated on other grounds, 125 B.R. 84 (S.D.N.Y. 1991)* (considering a motion to dismiss for improper venue, or in alternative, to transfer case to Eastern District of Virginia for convenience of parties).
n6 *1997 U.S. Dist. LEXIS 7996, 1997 WL 298254 (D. Mass. 1997)* (considering ability to compel witnesses in context of a transfer motion).
n7 *See. 1997 U.S. Dist. LEXIS 7996, [WL] at *9 n.4.*
n8 9A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2461 (1995 & 2003 Pocket Part) (which leaves the 1995 text in this respect unchanged).
n9 *1997 U.S. Dist. LEXIS 7996, [WL] at 61–62.*
n10 *See 1997 U.S. Dist. LEXIS 7996, [WL] at 61–62 n.3, citing Steel, Inc. v. Atchison, Topeka & Santa Fe Ry. Co., 41 F.R.D. 337 (D. Kan. 1967).*
n11 *Moore's Federal Practice,* which the Court has also consulted, does not really speak to the matter, or express a view one way or another. *See* 9 James W. Moore, *Moore's Federal Practice — Civil* § 45.04 [3][b][ii] (2004). But in each of the two places in which it refers to the person subject to the 100 mile limit, it makes reference to a "a

nonparty." *See id.*

[*8]

The one case cited by Eden Center that does address the new language of the 1991 amendments, *Land O' Lakes,* holds, as Eden Center says it does, that an officer of a party cannot be required to travel more than 100 miles under a trial subpoena, and it quashed a subpoena served upon such an officer on that basis. But with respect, the Court finds *Land O' Lakes* unpersuasive, as did a later decision in *Land O' Lakes'* district, n12 discussed below.

n12 *Ferrell v. IBP, Inc., 2000 WL 34032907 (N.D. Iowa 2000)* (*"Ferrell"*).

In parsing the language of *Rule 45,* n13 the *Land O' Lakes* court drew a distinction between the subject matter of *section (b),* discussing "Service" of subpoenas—and perhaps (though this Court doubts it) their legitimate geographic range—and *section (c),* addressing "Protection of Persons Subject to Subpoenas." In quashing a subpoena requiring an officer of a corporate party to travel more than 100 miles, the *Land O' Lakes* court regarded *subsection (b)* as [*9] "defining the court's subpoena power" (finding the corporate officer to be "beyond it"), and regarded *subsection (c)(3)(A)(ii)* as allowing for quashing a subpoena "otherwise within the court's subpoena power, but in circumstances not applicable here." n14 It found *that* to be the meaning of the "subject to" provisions of *Rule 45(c)(3)(A).*

n13 It did not analyze caselaw dealing with the issue.
n14 *181 F.R.D. at 397.*

But this Court cannot agree. This Court initially disagrees with the *Land O' Lakes* court's conclusion, reached without reference to authority, that *section (b)* did indeed have the purpose or effect of defining a kind of jurisdictional reach, in a section captioned "Service," and in each of whose subsections mechanical aspects of the service of process are discussed. But even assuming, *arguendo,* that *section (b)* did have the additional purpose or effect of defining jurisdictional reach, the asserted jurisdictional reach was made *expressly conditional* on a separate [*10] *subsection (c)(3)(A)(ii),* which had the very different subject matter, much more relevant here, of "Protection of Persons Subject to Subpoena," so that protective provisions, which granted substantive (or at least procedural) rights to some—but less than all—

of those required to travel more than 100 miles to testify, were incorporated into *Rule 45(b)*. And the *Land O' Lakes* court found no "negative implication" in *subsection (c)(3)(A)(ii)*'s drafting; this Court cannot agree. The drafting scheme, in this Court's view, is a classic example of what judges and lawyers think of under "*expressio unius*." n15 Finally, as noted, *Land O' Lakes* has been subsequently criticized and rejected, in its own court, by later authority, which, with lengthy citations, has observed that *Land O' Lakes* "does not follow the majority of courts which have addressed the issue." n16

> n15 "*Expressio unius est exclusio alterius*" and "*inclusio unius est exclusio alterius*"—which are interchangeable maxims of interpretation—hold that to include or express one thing implies the exclusion of the other, or of the alternative. Garner, *A Dictionary of Modern Legal Usage* (2d ed. 1995), at 432. "For example, a rule that 'each citizen is entitled ...' implies that noncitizens do not share in the entitlement." *Id*. The language of *Rule 45(c)(3)(A)(ii)*, providing that "a person who is not a party or an officer of a party" is entitled to an order to quash, implies that those outside that class do not share in the entitlement.

[*11]

> n16 *Ferrell, 2000 WL 34032907* at *1.

Many other cases—including several that have expressly focused on the language of *subsections (b)(2)* and *(c)(3)(A)(ii)*—are to the contrary, and hold or imply that the 100 mile limit is inapplicable to officers of parties. n17 Others do likewise, albeit with less express discussion of the Rules' language. In *Bennett Funding,* n18 a post-1999 amendments case, Judge Kahn in this Court's sister district expressly focused on the distinction between parties and non-parties. In the context of considering the ability to use process to compel the presence of witnesses (one of the factors used to determine § *1404(a)* transfer motions), he was well aware of the distinction. He noted, *inter alia*, that "if the case remains before this Court [in New York], *the Court will be able to compel all the party witnesses from California to appear before it.*" n19 The same reasoning is apparent in *Mason, supra*, though under a rule that, at the time, did not then expressly make distinctions between parties and non-parties.

> n17 *See Ferrell, 2000 WL 34032907* at *1 (citing these and other cases, and rejecting *Land O' Lakes* as inconsistent with them); *Younis v. American

*Univ. in Cairo, 30 F.Supp.2d 390, 395 n. 44 (S.D.N.Y. 1998)* (Kaplan, J.) (recognizing that officers of an Egyptian university which was a defendant in the action could be compelled to appear to testify in New York); *Prudential Sec. Inc. v. Norcom Dev., Inc., 1998 U.S. Dist. LEXIS 10569, 1998 WL 397889 at *5 (S.D.N.Y. 1998)* (Chin, J.) (noting *non-party* witnesses from Florida would "not likely be subject to the subpoena power of either a New York or North Carolina district court," citing *Fed. R. Civ. P. 45(b)(2) & (c)(3)(A)(ii)*); *Stone v. Morton Int'l, Inc., 170 F.R.D. 498, 500-501 (D. Utah 1997)* (in context of deposition subpoena, court noted, "*Rule 45 F.R.C.P.* allows a corporate officer of a party to be subpoenaed to appear beyond the 100 mile limitation... *Rule 45, F.R.C.P.* does extend the subpoena power *more broadly to a corporate officer than to a non-party* because the corporate officer of a party may be considered the corporate alter ego.") (emphasis added); *Venzor v. Chavez Gonzalez, 968 F.Supp. 1258, 1267 (N.D.Ill.1997)* (the 100-mile "limitation on a trial subpoena applies only to 'a person who is not a party,'" citing *Fed. R. Civ. P. 45(c)(3)(A)(ii)*)); *Nat'l Property Investors, VIII v. Shell Oil Co., 917 F.Supp. 324, 329 (D.N.J. 1995)* ("Unlike party witnesses, *Fed. R. Civ. P. 45(c)(3)(A)(ii)*, non-party witnesses [from North Carolina] cannot be compelled to testify before this Court....") (emphasis added); *Exxon Shipping Co. v. United States Dep't of Interior, 34 F.3d 774, 779 (9th Cir.1994)* (recognizing "special protection" afforded to "nonparties," citing *Fed. R. Civ. P. 45 (c)(3)(A)(ii)*); *M.F. Bank Restoration Co. v. Elliott, Bray & Riley, 1994 U.S. Dist. LEXIS 18465, 1994 W.L. 719731 at *8 (E.D.Pa. Dec. 22, 1994)* (quashing subpoenas served on employees residing more than 100 miles from trial "because none of these six employees is represented to be an officer of [the party corporation]....").

[*12]

> n18 *Breeden v. Aegis Consumer Funding Group Inc. (In re Bennett Funding Group, Inc.), 259 B.R. 243, 250 (N.D.N.Y. 2001)*.
> n19 *Id*. (emphasis added).

Finally, the observations of Professor David Siegel, in his commentary with respect to *Fed.R.Civ.P. 45*, also reinforce this Court's belief that it can compel the attendance at trial of a party's officer, whether or not he is more than 100 miles away. n20 He noted:

2004 Bankr. LEXIS 1027, *12

Among the parties themselves, there is the general assumption that each will appear at the trial, which relieves *Rule 45* of any special concern about that. If it should for any reason become necessary to have a party appear at the trial who it turns out will not appear voluntarily—including a person who is in the control of a party, which sweeps the corporation under this category as well—the court has all the leverage it needs to compel the party's appearance. If the court directs the attendance of the party, disobedience can be compelled with something the seeking party would enjoy even more than the invoking of the contempt penalty: a default judgment [*13] against the recalcitrant party. Hence *Rule 45* shows little tension when a party is involved.

It more than compensates for that relaxation by working hard, and often, on the *nonparty* witness, addressing at several points the protections erected for the convenience of nonparties and then adding a provision that allows even the nonparty to be directed to travel far to the courthouse, apparently even across the country if need be, but only on a very strong showing. n21

n20 *See* Commentary C45–16, after *Fed. R. Civ. P. 45*, in 28 U.S.C.A.
n21 *Id.* (emphasis added).

Eden Center's second major point—that because

NWL could take Mr. Ebenstein's deposition and, because of uncertainty as to whether it would prevail on this motion, even videotaped it—is insufficient to cause this Court to quash an otherwise permissible subpoena. NWL contends that Mr. Ebenstein's credibility is important, and the nature of the underlying issues—claims of pretext—is such [*14] that credibility may be important. The Court will not foreclose either side from putting credibility in issue, or, of course, responding to any contentions in that regard, and as in *Ferrell*, the fact that Mr. Ebenstein's deposition was taken, and indeed was videotaped, are not conclusive. n22

> n22 *See 2000 WL 34032907* at *1 ("The defendant further argues the subpoenaed individuals have testified in two depositions, at least one which was videotaped, and suggests the plaintiff can 'show the jury the videotaped depositions and suffer no prejudice.'" But enforcing subpoenas anyway).

Eden Center's final point—that the distinction between parties and non-parties cannot be invoked, because the subpoena served upon Mr. Ebenstein required his personal presence, and did not identify him, or require him to appear, as Eden Center's president—is frivolous.

The motion to quash is denied. So ordered.

Dated: New York, New York

June 25, 2004

*s/Robert E. Gerber*

United States Bankruptcy [*15] Judge

# TAB 3

Westlaw.

Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2000 WL 34032907 (N.D.Iowa)
**(Cite as: Not Reported in F.Supp.2d)**

Page 1

**H**
Only the Westlaw citation is currently available.
United States District Court,N.D. Iowa,Western
Division.
Michael D. FERRELL, Plaintiff,
v.
IBP, INC., Defendant.
**No. C98-4047-MJM.**

April 28, 2000.

Bruce L. Braley, Chad Andrew Swanson, David J.
Dutton, James R. Hellman, Thomas L. Staack,
Dutton Braun StaackHellman Iversen, Waterloo,
IA, for Plaintiff/Counter Defendant.
Robert D. Houghton, Shuttleworth & Ingersoll,
Cedar Rapids, IA, for Defendant/Counter Claimant.

**ORDER**
PAUL A. ZOSS, Magistrate Judge.
*1 On April 26, 2000, the defendant filed a Motion
to Quash Subpoenas Served on Peterson and Leman
(Doc. No. 115). The subpoenas would require the
attendance at trial of two "high-ranking officers of
IBP, Inc. with demanding professional
responsibilities." (Motion ¶ 3) The defendant
argues the subpoenas were not served in accordance
with Rule 45(b)(2), Federal Rules of Civil Procedure
, in that they were served beyond 100 miles of the
place of trial, and outside the district of this Court.
The defendant further argues the subpoenaed
individuals have testified in two depositions, at least
one of which was videotaped, and suggests the
plaintiff can "show the jury the videotaped
depositions and suffer no prejudice." (Motion ¶ 3)

The plaintiff filed his resistance on April 28, 2000
(Doc. No. 118). The plaintiff argues Rule
45(c)(3)(A)(ii) distinguishes between non-party
witnesses and witnesses who are 'a party or an
officer of a party.' " (Resistance ¶ 1) The plaintiff
asserts the rule exempts persons who are parties or
officers of parties from the 100-mile limitation. *Id.*

The burden is on the defendant to establish grounds
to quash the subpoenas in question.
Rule 45(c)(3)(A)(ii) demands that a subpoena be
quashed or modified if it "requires a person who is
not a party ... to travel to a place more than 100
miles from the place where that person resides, is
employed or regularly transacts business in person....
" Fed.R.Civ.P. 45(c)(3)(A)(ii). The burden to prove
that a subpoena is unreasonable or oppressive rests
upon the party seeking to quash or modify.
*Northrop Corp. v. McDonnell Douglas Corp.,* 751
F.2d 395, 403 (D.C.Cir.1984). Mere assertions that
compliance would be burdensome are insufficient to
satisfy such a burden. 9A Charles A. Wright &
Arthur R. Miller, Federal Practice and Procedure §
2459 (2d ed.1995).

*Rimsat, Ltd. v. Hilliard.* 207 B.R. 964, 969
(D.C.1997). This Court finds the witnesses' "
demanding professional responsibilities" to be an
insufficient basis upon which to quash the
subpoenas.

The defendant's argument that the subpoenas were
served improperly requires further analysis. The
defendant relies on *Johnson v. Land O' Lakes, Inc.,*
181 F.R.D. 388 (N.D.Iowa 1998) (Bennett, J.), in
which the court held that Rule 45(c)(3)(A)(ii),
Federal Rules of Civil Procedure, "simply does not
extend the range of this court's subpoena power" to
reach a witness who is an officer of a party. *Id.,* 181
F.R.D. at 396-97. However, *Johnson* does not
follow the majority of courts which have addressed
the issue. *See Archer Daniels Midland Co. v. Aon
Risk Servs., Inc.,* 187 F.R.D. 578, 587
(D.Minn.1999) (recognizing distinction between "
ordinary employees, and ... directors, officers, and
other high-level representatives" for purposes of
compelling appearance to testify); *Younis v.
American Univ. in Cairo,* 30 F.Supp.2d 390, 395 n.
44 (S.D.N.Y.1998) (recognizing that officers of an
Egyptian university which was a defendant in the
action could be compelled to appear to testify in
New York); *Prudential Securities, Inc. v. Norcom*

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                          Page 2

Not Reported in F.Supp.2d, 2000 WL 34032907 (N.D.Iowa)
**(Cite as: Not Reported in F.Supp.2d)**

*Devel., Inc.,* 1998 W.L. 397889 at *5 (S.D.N.Y. July 16, 1998) (mem.) (noting *non-party* witnesses from Florida would "not likely be subject to the subpoena power of either a New York or North Carolina district court," citing Fed.R.Civ.P. 45(b)(2) & (c)(3)(A)(ii)); *Stone v. Morton Int'l, Inc.,* 170 F.R.D. 498, 500-501 (D.Utah 1997) (in context of deposition subpoena, court noted, "Rule 45 F.R.C.P. allows a corporate officer of a party to be subpoenaed to appear beyond the 100 mile limitation.... Rule 45, F.R.C.P. does extend the subpoena power more broadly to a corporate officer than to a non-party because the corporate officer of a party may be considered the corporate alter ego." ); *Venzor v. Chavez Gonzalez,* 968 F.Supp. 1258, 1267 (N.D.Ill.1997) (the 100-mile "limitation on a trial subpoena applies only to 'a person who is not a party,' " citing Fed.R.Civ.P. 45(c)(3)(A)(iii)); *Nat'l Property Investors, VIII v. Shell Oil Co.,* 917 F.Supp. 324, 329 (D.N.J.1995) ("[U]nlike party witnesses, Fed.R.Civ.P. 45(c)(3)(A)(ii), non-party witnesses [from North Carolina] cannot be compelled to testify before this Court...."); *Exxon Shipping Co. v. U.S. Dept. of Interior,* 34 F.3d 774, 779 (9th Cir.1994) (recognizing "special protection" afforded to "nonparties," citing Fed.R.Civ.P. 45(c)(3)(A)(ii)); *M.F. Bank Restoration Co. v. Elliott, Bray & Riley,* 1994 W.L. 719731 at *8 (E.D.Pa. Dec. 22, 1994) (mem.) (quashing subpoenas served on employees residing more than 100 miles from trial "[b]ecause none of these six employees is represented to be an officer of [the party corporation]...."). *But cf. Comm-Tract Corp. v. Northern Telecom., Inc.,* 168 F.R.D. 4, 6 (D.Mass.1996) (time for determining whether witness must travel more than 100 miles from place of service is time when witness is to appear, not when witness was served).

**\*2** Moreover, in the present case, the equities fall in the plaintiff's favor. As the plaintiff points out, this case originally was scheduled for trial in Sioux City, Iowa, well within the 100-mile range for service of a subpoena pursuant to Rule 45(b)(2). At a telephonic status conference held January 26, 2000, between the parties' counsel and the Honorable Michael J. Melloy, the judge who will try this case, " it was agreed that the trial of this case will be held in Cedar Rapids, Iowa, as opposed to Sioux City,

Iowa." (Doc. No. 96, entered January 28, 2000) Although the order transferring venue for trial does not state the reasons for the parties' and the court's decision, the transfer undoubtedly will prove more convenient for both parties' counsel and the trial judge. The plaintiff's counsel offices in Waterloo, Iowa, and the defendant's counsel offices in Cedar Rapids, as does the trial judge.

It would seem inequitable, at best, to allow the defendant to stipulate to transfer of the trial, and then to rely on the trial location in an attempt to avoid the presence of its key officers at trial.

The defendant's Motion to Quash Subpoenas (Doc. No. 115) is **denied.** The subpoenaed witnesses are ordered to be present for trial.

**IT IS SO ORDERED.**

N.D.Iowa,2000.
Ferrell v. IBP, Inc.
Not Reported in F.Supp.2d, 2000 WL 34032907 (N.D.Iowa)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.