## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CRYOVAC, INC., )
)
    Plaintiff/Counter-Defendant. )    Civil Action No. 04-1278-KAJ
)
    vs. )    Hon. Kent A. Jordan
)
PECHINEY PLASTIC PACKAGING, INC., )
)
    Defendant/Counter-Plaintiff. )
)

## PROPOSED VERDICT FORM

### I.    PECHINEY'S PATENT INVALIDITY DEFENSES [DISPUTED]

1.    Did Pechiney prove by clear and convincing evidence that claim 11 of the '419 patent is invalid because it was anticipated by a [single][1] piece of prior art?

Yes: _____    No: _____
(For Pechiney)    (For Cryovac)

2.    Did Pechiney prove by clear and convincing evidence that claim 11 of the '419 patent is invalid because the subject matter thereof, considered as a whole, would have been obvious to a person having ordinary skill in the pertinent art at the time the invention was made?

Yes: _____    No: _____
(For Pechiney)    (For Cryovac)

3.    Did Pechiney prove by clear and convincing evidence that claim 11 of the '419 patent is invalid because the patent does not enable a person skilled in the pertinent art to make and use the [full scope of the] invention?

Yes: _____    No: _____
(For Pechiney)    (For Cryovac)

---

[1] Cryovac proposed language.

If you have answered "yes" to any of the above questions, please skip the remaining questions on this form.

**II.     CRYOVAC'S CLAIM OF WILLFUL INFRINGEMENT [AGREED]**

4.     Did Cryovac prove by clear and convincing evidence that Pechiney's infringement of claim 11 of the '419 patent was willful?

Yes: _____          No: _____
(For Cryovac)              (For Pechiney)

**III.     CRYOVAC'S CLAIMS FOR PATENT INFRINGEMENT DAMAGES [AGREED]**

5.     Do you find that Cryovac is entitled to any lost profit damages for any of Pechiney's infringing sales?

Yes: _____          No: _____
(For Cryovac)              (For Pechiney)

6.     If you answered "yes" to the preceding question, what is the total amount of lost profits damages to which Cryovac is entitled as a result of Pechiney's infringement of the '419 patent?

Amount: _____

7.     For all of Pechiney's infringing sales for which you did not award lost profit damages in the answer to Question 6, what is the amount of reasonable royalty damages to which Cryovac is entitled as a result of Pechiney's infringement of the '419 patent?

Amount: _____

*[DISPUTED—NUMBERS I-IV SET FORTH CRYOVAC'S PROPOSED QUESTIONS FOR TORTIOUS INTERFERENCE AND CORRESPONDING DAMAGES]*

## IV.    CRYOVAC'S TORTIOUS INTERFERENCE WITH CONTRACT CLAIM [DISPUTED]

8.    Did Cryovac prove by a preponderance of the evidence that Pechiney tortiously interfered with a contract between Cryovac and National Beef?

Yes: _____          No: _____
(For Cryovac)              (For Pechiney)

## V.    DAMAGES FOR TORTIOUS INTERFERENCE WITH CONTRACT CLAIM [DISPUTED]

9.    If you answered "yes" to Question 8, what is the total amount of damages to which Cryovac is entitled as a result of Pechiney's tortious interference with a contract between Cryovac and National Beef?

$ _____

## VI.    CRYOVAC'S TORTIOUS INTERFERENCE WITH PROSPECTIVE CONTRACTUAL RELATIONS CLAIM [DISPUTED]

10.    Did Cryovac prove by a preponderance of the evidence that Pechiney tortiously interfered with prospective contractual relations between Cryovac and National Beef?

Yes: _____          No: _____
    (For Cryovac)              (For Pechiney)


## VII.    DAMAGES FOR TORTIOUS INTERFERENCE WITH PROSPECTIVE CONTRACTUAL RELATIONS [DISPUTED]

11.    If you answered "yes" to Question 10, what is the total amount of damages to which Cryovac is entitled as a result of Pechiney's tortious interference with prospective contractual relations between Cryovac and National Beef?

$ _____

*[DISPUTED—NUMBERS IV-VII SET FORTH PECHINEY'S PROPOSED QUESTIONS FOR TORTIOUS INTERFERENCE AND CORRESPONDING DAMAGES]*

## IV.    CRYOVAC'S TORTIOUS INTERFERENCE WITH CONTRACT CLAIM [DISPUTED]

8.    Did Cryovac prove by a preponderance of the evidence that the March 20, 2003 letter or the January 14, 2004 letter, along with Cryovac's and National Beef's course of performance, course of dealing the usage of trade, and other evidence presented at this trial constituted a binding contract between Cryovac and National Beef?

Yes: _____          No: _____
      (For Cryovac)              (For Pechiney)

If you answered "no" to Question No. 8, you have found in favor of Pechiney on Cryovac's tortious interference claim and you should skip to Question No. 15.  If you answered "yes" to Question No. 8, proceed to Question No. 9.

9.    If you answered yes to Question No. 8, identify whether the contract terminated on December 31, 2005 (pursuant to the March 2003 contract) or on December 31, 2007 (pursuant to the January 2004 contract).

_____                          _____

(December 31, 2005)                  (December 31, 2007)

10.    Did Cryovac prove by a preponderance of the evidence that Pechiney knew or should have known of Cryovac's binding requirements contract with National Beef?

Yes: _____          No: _____
      (For Cryovac)              (For Pechiney)

If you answered "no" to Question No. 10, you have found in favor of Pechiney on Cryovac's tortious interference with contract claim and you should skip to Question No. 15.  If you answered "yes" to Question No. 10, proceed to Question No. 11.

5

11.    Did Cryovac prove by a preponderance of the evidence that Pechiney induced National Beef to breach its binding requirements contract with Cryovac and did so with the intent of causing National Beef to breach that contract?

Yes: _____          No: _____
(For Cryovac)              (For Pechiney)

If you answered "no" to Question No. 11, you have found in favor of Pechiney on Cryovac's tortious interference with contract claim and you should skip to Question No. 15.  If you answered "yes" to Question No. 11 proceed to Question No. 12.

12.    Did Cryovac prove by a preponderance of the evidence that Pechiney acted with improper conduct in inducing National Beef to breach its binding requirements contract with Cryovac?

Yes: _____          No: _____
(For Cryovac)              (For Pechiney)

If you answered "no" to Question No. 12, you have found in favor of Pechiney on Cryovac's tortious interference with contract claim and you should skip to Question No. 15.  If you answered "yes" to Question No. 12, proceed to Question No. 13.

13.    Did Cryovac prove by a preponderance of the evidence that National Beef breached its binding requirements contract with Cryovac and that Pechiney's improper conduct patent was the direct and proximate cause of that breach?

Yes: _____          No: _____
(For Cryovac)              (For Pechiney)

If you answered "no" to Question No. 13, you have found in favor of Pechiney on Cryovac's tortious interference claim and you should now skip to Question No. 15.  If you answered "yes" to Question No. 13, you should proceed to Question No. 14 and consider what damages, if any, Cryovac should be awarded for tortious interference with contract.

## V.    DAMAGES FOR TORTIOUS INTERFERENCE WITH CONTRACT

## [DISPUTED]

14.    If you answered "yes" to Question No. 13, what is the total amount of damages to which Cryovac is entitled as a result of Pechiney's tortious interference with a contract between Cryovac and National Beef?

$ _____

## VI.    CRYOVAC'S TORTIOUS INTERFERENCE WITH PROSPECTIVE CONTRACTUAL RELATIONS CLAIM

15.    Did Cryovac prove by a preponderance of the evidence that Cryovac had a reasonable expectation that it would enter into a binding supply contract with National Beef?

No: _____          Yes: _____
(For Pechiney)          (For Cryovac)

If you answered "no" to Question No. 15, you have found in favor of Pechiney on Cryovac's tortious interference with prospective contractual relations claim and you have completed this verdict form. If you answered "yes" to Question No. 15, proceed to Question No. 16.

16.    Did Cryovac prove by a preponderance of the evidence that Pechiney knew or should have known that Cryovac had a reasonable expectation of entering into a binding supply contract with National Beef at the time the acts complained of were committed?

No: _____          Yes: _____
(For Pechiney)          (For Cryovac)

If you answered "no" to Question No. 16, you have found in favor of Pechiney on Cryovac's tortious interference with prospective contractual relations claim and you have completed this verdict form. If you answered "yes" to Question No. 16, proceed to Question No. 17.

17.    Did Cryovac prove by a preponderance of the evidence that Pechiney acted with improper conduct in inducing National Beef not to enter into a binding supply contract with Cryovac?

No: _____          Yes: _____
(For Pechiney)            (For Cryovac)

If you answered "no" to Question No. 17, you have found in favor of Pechiney on Cryovac's tortious interference with prospective contractual relations claim and you have completed this verdict form.  If you answered "yes" to Question No. 17, proceed to Question No. 18.

18.    Did Cryovac prove by a preponderance of the evidence that Pechiney's improper conduct caused National Beef not to enter into a binding supply contract with Cryovac?

No: _____          Yes: _____
(For Pechiney)            (For Cryovac)

If you answered "no" to Question No. 18, you have found in favor of Pechiney on Cryovac's tortious interference with prospective contractual relations claim and you have completed this verdict form.  If you answered "yes" to Question No. 18, proceed to Question No. 19.

## VII.    DAMAGES FOR TORTIOUS INTERFERENCE WITH PROSPECTIVE CONTRACTUAL RELATIONS [DISPUTED]

19.    If you answered "yes" to Question No. 18, what is the total amount of damages to which Cryovac is entitled as a result of Pechiney's tortious interference with prospective contractual relations between Cryovac and National Beef?

$ _____