IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CRYOVAC, INC., | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-1278-KAJ |
| | ) | |
| PECHINEY PLASTIC PACKAGING INC., | ) | |
| | ) | |
| Defendant/Counter-Plaintiff. | ) | |

## JUDGMENT

This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict on June 22, 2006. A copy of the verdict sheet is attached.

Based on the jury's verdict,

IT IS HEREBY ORDERED and ADJUDGED that judgment is entered pursuant to Federal Rule of Civil Procedure 58 as follows:

1.     In favor of plaintiff Cryovac, Inc. and against defendant Pechiney Plastic Packaging Inc. as to Count 1 of plaintiff's Second Amended Complaint in the amount of $2,514,024;

2.     In favor of defendant Pechiney Plastic Packaging Inc. and against plaintiff Cryovac, Inc. as to Counts II, III, and IV of plaintiff's Second Amended Complaint;

3.     In favor of counter-defendant Cryovac, Inc. and against counter-plaintiff Pechiney Plastic Packaging Inc. as to Count I and II of counter-plaintiff's Counterclaims;

4.     Count III of counter-plaintiff Pechiney Plastic Packaging, Inc.'s Counterclaims was dismissed with prejudice by Order of the Court, D.I. 339;

5.    Prejudgment interest shall be awarded to plaintiff Cryovac, Inc. in the amount of $145,000; and

6.    Post judgment interest shall accrue from the date of entry of this judgment at the statutory rate.


Deputy Clerk

July 17, 2006
Wilmington, Delaware

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CRYOVAC, INC.,                              )
                                            )
    Plaintiff/Counter-Defendant.    )
                                            )
      vs.                       )       Civil Action No. 04-1278-KAJ
                                            )
PECHINEY PLASTIC PACKAGING, INC.,           )
                                            )
    Defendant/Counter-Plaintiff.    )
                                            )

REDACTED

## VERDICT FORM

### I.  PECHINEY'S PATENT INVALIDITY DEFENSES

1.  Did Pechiney prove by clear and convincing evidence that claim 11 of the '419 patent is invalid because it was anticipated by a single piece of prior art?

Yes: _____        No: ___✓___
(For Pechiney)       (For Cryovac)

2.  Did Pechiney prove by clear and convincing evidence that claim 11 of the '419 patent is invalid because the subject matter thereof, considered as a whole, would have been obvious to a person having ordinary skill in the pertinent art at the time the invention was made?

Yes: _____        No: ___✓___
(For Pechiney)       (For Cryovac)

3.  Did Pechiney prove by clear and convincing evidence that claim 11 of the '419 patent is invalid because the patent does not enable a person skilled in the pertinent art to make and use the full scope of the invention?

Yes: _____        No: ___✓___
(For Pechiney)       (For Cryovac)

If you have answered "yes" to any of the above questions, please skip the remaining questions on this verdict form.   The jury foreperson must sign and date the form.

II.    **CRYOVAC'S CLAIM OF WILLFUL INFRINGEMENT**

4.    Did Cryovac prove by clear and convincing evidence that Pechiney's infringement of claim 11 of the '419 patent was willful?

Yes: _____        No: ___✓____
(For Cryovac)          (For Pechiney)

III.    **CRYOVAC'S CLAIMS FOR PATENT INFRINGEMENT DAMAGES**

5.    Do you find that Cryovac is entitled to any lost profit damages for any of Pechiney's infringing sales?

Yes: ___✓____        No: _____
(For Cryovac)          (For Pechiney)

6.    If you answered "yes" to the preceding question, what is the total amount of lost profits damages to which Cryovac is entitled as a result of Pechiney's infringement of the '419 patent?

Amount: $ _2,514,024_

7.    For all of Pechiney's infringing sales for which you did not award lost profit damages in the answer to Question 6, what is the amount of reasonable royalty damages to which Cryovac is entitled as a result of Pechiney's infringement of the '419 patent?

Amount: $ _____

2

## IV.    CRYOVAC'S TORTIOUS INTERFERENCE WITH CONTRACT CLAIM

8.    Did Cryovac prove by a preponderance of the evidence that there was a contract

between Cryovac and National Beef?

Yes: ___✓___           No: _____
(For Cryovac)              (For Pechiney)

If you answered "no" to Question No. 8, skip to Question No. 14.  If you answered "yes"
to Question No. 8, proceed to Question No. 9.

9.    Did Cryovac prove by a preponderance of the evidence that Pechiney knew or

should have known that Cryovac had a contract with National Beef?

Yes: _____           No: ___✓___
(For Cryovac)              (For Pechiney)

If you answered "no" to Question No. 9, skip to Question No. 14.  If you answered "yes"
to Question No. 9, proceed to Question No. 10.

10.    Did Cryovac prove by a preponderance of the evidence that Pechiney's conduct

was improper based on evidence of misconduct beyond unintentional infringement?

Yes: _____           No: _____
(For Cryovac)              (For Pechiney)

If you answered "no" to Question No. 10, skip to Question No. 14.  If you answered
"yes" to Question No. 10 proceed to Question No. 11.

3

11.     Did Cryovac prove by a preponderance of the evidence that National Beef breached a contract with Cryovac and that Pechiney's improper conduct was the proximate cause of that breach?

Yes: _____          No: _____
(For Cryovac)            (For Pechiney)

If you answered "no" to Question No. 11, skip to Question No. 14. If you answered "yes" to Question No. 11, proceed to Question No. 12.

12.     Did Cryovac prove by a preponderance of the evidence that Pechiney's actions in inducing National Beef to breach the contract were intentional?

Yes: _____          No: _____
(For Cryovac)            (For Pechiney)

If you answered "no" to Question No. 12, skip to Question No. 14. If you answered "yes" to Question No. 12, proceed to Question No. 13.

## V.     DAMAGES FOR TORTIOUS INTERFERENCE WITH CONTRACT

13.     If you answered "yes" to Question No. 12, what is the total amount of damages to which Cryovac is entitled as a result of Pechiney's tortious interference with a contract between Cryovac and National Beef?

Amount:   $ _____

If you answered "yes" to Question No. 12, proceed to Question 14 only if you also find that, in addition to Pechiney having tortiously interfered with a contract, Pechiney also interfered with a separate prospective contractual relationship.

4

## VI.    CRYOVAC'S TORTIOUS INTERFERENCE WITH PROSPECTIVE CONTRACTUAL RELATIONS CLAIM

14.    Did Cryovac prove by a preponderance of the evidence that Cryovac had a

reasonable expectation that it would enter into a contract with National Beef?

Yes: ___✓___           No: _____
(For Cryovac)            (For Pechiney)

If you answered "no" to Question No. 14, please skip the remaining questions on this verdict form. The jury foreperson must sign and date the form. If you answered "yes" to Question No. 14 proceed to Question No. 15.

15.    Did Cryovac prove by a preponderance of the evidence that Pechiney knew or

should have known that Cryovac had a reasonable expectation of entering into a contract with

National Beef at the time the acts complained of were committed?

Yes: _____           No: ___✓___
(For Cryovac)            (For Pechiney)

If you answered "no" to Question No. 15, please skip the remaining questions on this verdict form. The jury foreperson must sign and date the form. If you answered "yes" to Question No. 15, proceed to Question No. 16.

16.    Did Cryovac prove by a preponderance of the evidence that Pechiney's conduct

was improper based on evidence of misconduct beyond unintentional infringement?

Yes: _____           No: _____
(For Cryovac)            (For Pechiney)

If you answered "no" to Question No. 16, please skip the remaining questions on this verdict form. The jury foreperson must sign and date the form. If you answered "yes" to Question No. 16, proceed to Question No. 17.

17.    Did Cryovac prove by a preponderance of the evidence that Pechiney's improper

conduct caused National Beef not to enter into a contract with Cryovac?

Yes: _____          No: _____
(For Cryovac)          (For Pechiney)

If you answered "no" to Question No. 17, please skip the remaining questions on this
verdict form. The jury foreperson must sign and date the form. If you answered "yes" to
Question No. 17, proceed to Question No. 18.

18.    Did Cryovac prove by a preponderance of the evidence that Pechiney's actions in

causing National Beef not to enter into a contract with Cryovac were intentional?

Yes: _____          No: _____
(For Cryovac)          (For Pechiney)

If you answered "no" to Question No. 18, please skip the remaining question on this
form. If you answered "yes" to Question No. 18, proceed to Question No. 19.

## VII.    DAMAGES FOR TORTIOUS INTERFERENCE WITH PROSPECTIVE CONTRACTUAL RELATIONS

19.    If you answered "yes" to Question No. 18, what is the total amount of damages to

which Cryovac is entitled as a result of Pechiney's tortious interference with prospective

contractual relations between Cryovac and National Beef?

Amount $ _____

If you answered "yes" to Question No. 18 and have filled in the amount under Question
No. 19, the jury foreperson must sign and date the form.

Date: June 22, 2006

6